# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JOYCELYNN BUSH,**
**parent and next friend of A.H., a minor**
**1116 Orren Street, NE**
**Washington, D.C. 20002**

**and**

**JULIA HUNTER,**
**parent and next friend of J.H., a minor**
**1303 Congress St. SE #1**
**Washington, D.C. 20032**

**and**

**CAROL COLEMAN,**
**parent and next friend of T.M., a minor**
**5225 Clay Street, NE**
**Washington, D.C. 20019**

**and**

**GRACIE MCMILLIAN,**
**parent and next friend of C.M., a minor**
**2701 Robinson, Pl. SE #102**
**Washington, D.C. 20020**

**and**

**SHEILA WASHINGTON,**
**parent and next friend of M.W., a minor**
**3677 Jay Street, NE**
**Washington, D.C. 20019**

**and**

**KATHLEEN WRIGHT,**
**parent and next friend of M.W., a minor**
**1443 Smith Place, SE #202**
**Washington, D.C. 20032**

**and**

Civil Action No.

BRENDA GASKINS,                                )
parent and next friend of J.H., a minor        )
1719 Lang Place, NE                             )
Washington, D.C.  20002                         )
                                                )
and                                             )
                                                )
MELODIA & TERRELL PHILLIPS,                     )
parents and next friend of T.P., a minor        )
1333 Queen Street, NE                           )
Washington, D.C.  20002                         )
                                                )
and                                             )
                                                )
CARLEEN CHALMERS &                              )
ANTONIO BAILEY,                                 )
parents and next friend of A.N., a minor        )
1200 North Capitol St. NW #A607                 )
Washington, D.C.  20002                         )
                                                )
and                                             )
                                                )
ALTHEA SCOTT,                                   )
parent and next friend of C.S., a minor         )
4283 Barnaby Road, SE #104                      )
Washington, D.C.  20032                         )
                                                )
and                                             )
                                                )
MARGARET HINES,                                 )
parent and next friend of J.H., a minor         )
2308 Good Hope Rd. SE #102                      )
Washington, D.C.  20020                         )
                                                )
and                                             )
                                                )
ANNETTE HAGENS,                                 )
parent and next friend of M.C., a minor         )
1436 Ives Place, SE                             )
Washington, D.C.  20003                         )
                                                )
and                                             )
                                                )
                                                )
                                                )
                                                )

DARRYL CANTY,                              )
parent and next friend of D.C., a minor    )
1436 Ivens Place, SE                        )
Washington, D.C.  20003                     )
                                            )
and                                         )
                                            )
DARRELL STEVENS                            )
parent and next friend of O.B., a minor    )
4609 Grant Street, NE                       )
Washington, DC 20019                        )
                                            )
and                                         )
                                            )
GLORIA BENBOW,                             )
parent and next friend of K.B., a minor    )
2830 Robinson Place, SE                     )
Washington, DC 20020                        )
                                            )
and                                         )
                                            )
CRYSTAL TAYLOR,                            )
parent and next friend of V.T., a minor    )
567 23rd Place NE,                     )
Washington, DC 20002                        )
                                            )
and                                         )
                                            )
MONIQUE WARR,                              )
parent and next friend of D.W., a minor    )
2104 32nd Street, SE                   )
Washington, DC 20020                        )
                                            )
and                                         )
                                            )
TERRY M. JOHNSON,                          )
parent and next friend of R.W., minor      )
737 Irving Street, NW                        )
Washington, D.C. 20020                      )
                                            )
                                            )
          v.                                )
                                            )
DISTRICT OF COLUMBIA                       )
A Municipal Corporation                     )
One Judiciary Square                        )
441 Fourth Street, N. W.                     )

Washington, D.C. 20001                              )
                                                    )
serve:                                              )
ADRIAN FENTY, Mayor                                 )
District of Columbia                                )
1350 Pennsylvania Avenue, N. W., 5th Fl.            )
Washington, D.C. 20002                              )
                                                    )
LINDA SINGER                                        )
Interim Attorney General                            )
1350 Pennsylvania Avenue,                           )
N. W., Ste. 409                                     )
Washington, D.C. 20004                              )
                   and                              )
                                                    )
MICHELLE RHEE (officially)                          )
Acting Chancellor, D.C. Public Schools             )
825 North Capitol St., N. E., Suite 9026            )
Washington, D.C. 20002                              )
                           Defendants.              )
                                                    )

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

**COMES NOW**, the Plaintiff, by and through their attorney, Tilman L. Gerald and the Law

Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as

follows that:

### PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs incurred by

        Plaintiffs in their claims against the Defendants pursuant to the Individuals with

        Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendants have failed

        to carry out their legal duty to fully reimburse those fees and costs to Plaintiffs, the

        prevailing parties, and without the Court's intervention, Plaintiffs in all likelihood

        will be unable to obtain the full reimbursement due them.

### JURISDICTION

2.     This Court has jurisdiction pursuant to:

     a.     The Individuals with Disabilities Education Improvement Act, 20 U.S.C.
§§1400-1461 ("IDEIA"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the
*Mills* decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§
3000.1 - 3701.3 (2003);

     b.     Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.     Plaintiffs are children eligible to receive special education from the District of
Columbia as defined by the IDEIA and Section 504, her parent or guardian, who, at
all times relevant to this action, were residents of the District of Columbia, and who
prevailed in administrative hearings held pursuant to the IDEIA.

5.     The parents bring this action on behalf of their minor children and in their own right.

6.     Defendant, District of Columbia Government is a municipal corporation that receives
federal funds pursuant to the Individuals with Disabilities Education Improvement Act
("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is
obligated to comply with the applicable federal regulations and statutes including but
not limited to the IDEIA.

7.     Defendant, Michelle Rhee, being sued in her official capacity as the Acting Chancellor
of the District of Columbia Public School System ("DCPS") which is the State
Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled
children in the District of Columbia receive access to a free and appropriate public
education "FAPE" and to ensure them equal protection and due process of law.

## FACTUAL BACKGROUND

1.    That Plaintiff A.H. is a child with disabilities, as defined by the IDEIA, who has

been resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on March 13, 2007, A.H. and his parent,

prevailed by Hearing Officer's Determination ("HOD") dated March 26, 2007. As

prevailing parties within the meaning of the IDEIA, A.H. and his parent are

entitled to attorneys' fees and costs for the administrative action. On April 27,

2007, Plaintiffs submitted all the necessary documentation and requested

reimbursement of attorneys' fees and cost from the District of Columbia for the

administrative action. To date, Defendant District of Columbia has not reimbursed

these Plaintiffs. *See Exhibit A (attached hearing request, hearing officer's*

*determination, and invoice).*

2.    Plaintiff J.H. is a child with disabilities, as defined by the IDEIA, who has  been

resident of the District of Columbia at all times relevant to this action. At an

administrative due process hearing held on March 5, 2007, J.H. and his parents,

prevailed by Hearing Officer's Determination ("HOD") dated April 2, 2007. As

prevailing parties within the meaning of the IDEIA, R.B and her parents are

entitle to attorneys' fees and costs for the administrative action. On April 27,

2007, Plaintiffs submitted all the necessary documentation and requested

reimbursement of attorneys' fees and cost from the District of Columbia for the

administrative action. To date, Defendant District of Columbia has not reimbursed

these Plaintiffs. *See Exhibit B (attached hearing request, hearing officer's*

*determination, and invoice).*

3.    Plaintiff T.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding T.M. was held on April 11, 2007, he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated April 13, 2007. As prevailing parties within the meaning of the IDEIA, T.M. and his parents are entitle to attorneys' fees and costs for the administrative action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit C (attached hearing request, hearing officer's determination, and invoice).*

4.    Plaintiff C.M. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding C.M. was held on March 16, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated March 30, 2007. As prevailing parties within the meaning of the IDEIA, C.M.. and his parents are entitle to attorneys' fees and costs for the administrative action. On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit D (attached hearing request, hearing officer's determination, and invoice).*

5.    Plaintiff M.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding M.W. was held on April 11, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated April 13, 2007.  As prevailing parties within the meaning of the IDEIA, M.W. and his parents are entitle to attorneys' fees and costs for the administrative action.  On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs.  *See Exhibit E (attached hearing request, hearing officer's determination, and invoice).*

6.    Plaintiff M.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.  An administrative due process hearing regarding M.W. was held on March 28, 2007 and she and her parents, prevailed by Hearing Officer's Determination ("HOD") dated April 6, 2007. As prevailing parties within the meaning of the IDEIA, M.W. and her parents are entitle to attorneys' fees and costs for the administrative action.  On April 27, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.  To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit F (attached hearing request, hearing officer's determination, and invoice).*

7.    Plaintiff J.H. is a child with disabilities, as defined by the IDEIA, who has been

resident of the District of Columbia at all times relevant to this action.    An

administrative due process hearing regarding J.H. was held on May 25, 2006 and

he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated

May 31, 2006.    As prevailing parties within the meaning of the IDEIA, E.C. and

his parents are entitle to attorneys' fees and costs for the administrative action. On

January 10, 2007, Plaintiffs submitted all the necessary documentation and

requested reimbursement of attorneys' fees and cost from the District of Columbia

for the administrative action. To date, Defendant District of Columbia has not

reimbursed these Plaintiffs. *See Exhibit G (attached hearing request, hearing*

*officer's determination, and invoice).*

8.    Plaintiff T.P. is a child with disabilities, as defined by the IDEIA, who has been

resident of the District of Columbia at all times relevant to this action. An

administrative due process hearing regarding T.P.. was held on November 22,

2006 and he and his parents, prevailed by Hearing Officer's Determination

("HOD") dated December 1, 2006. As prevailing parties within the meaning of

the IDEIA, T.P. and his parents are entitle to attorneys' fees and costs for the

administrative action. On January 10, 2007, Plaintiffs submitted all the necessary

documentation and requested reimbursement of attorneys' fees and cost from the

District of Columbia for the administrative action. To date, Defendant District of

Columbia has not reimbursed these Plaintiffs. *See Exhibit H (attached hearing*

*request, hearing officer's determination, and invoice).*

9.    Plaintiff A.N. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding A.N. was held on April 24, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 7, 2007. A.N. and his parents are prevailing parties as define in the IDEIA. As prevailing parties within the meaning of the IDEIA, A.N. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit I (attached hearing request, hearing officer's determination, and invoice).*

10.    Plaintiff C.S. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding C.S. was held on May 4, 2007 and he and his parent, prevailed by Hearing Officer's Determination ("HOD") dated May 4, 2007. As prevailing parties within the meaning of the IDEIA, C.S. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit J (attached hearing request, hearing officer's determination, and invoice).*

11.     Plaintiff J.H. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding J.H. was held on April 12, 2007 and he and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 4, 2007. As prevailing parties within the meaning of the IDEIA, J.H. and his parents are entitle to attorneys' fees and costs for the administrative action.   On May 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibits K (attached hearing request, hearing officer's determination, and invoice)*.

12.     Plaintiff M.C. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding M.C. was held on April 13, 2007 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated April 30, 2007. As prevailing parties within the meaning of the IDEIA, M.C. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action. To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit L (attached hearing request, hearing officer's determination, and invoice)*.

13.  Plaintiff D.C. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. An administrative due process hearing regarding D.C. was held on April 24, 2007 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated April 26, 2007. As prevailing parties within the meaning of the IDEIA, D.C. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.  To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit M (attached hearing request, hearing officer's determination, and invoice)*.

14.  Plaintiff O.B. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action. Administrative due process hearings regarding O.B. were held on March 9, 2007 and April 9, 2007 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated May 11, 2007. As prevailing parties within the meaning of the IDEIA, D.C. and his parents are entitle to attorneys' fees and costs for the administrative action. On May 31, 2007, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.  To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit N (attached hearing request, hearing officer's determination, and invoice)*.

15.   Plaintiff K.B. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding K.B. was held on March 31, 2006 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated April 10, 2006.  As prevailing parties within the meaning of the IDEIA, K.B. and his parents are entitle to attorneys' fees and costs for the administrative action. On April 28, 2006.    Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.  To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit O (attached hearing request, hearing officer's determination, and invoice).*

16.   Plaintiff V.T. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding V.T. was held on June 1, 2006 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated June 30, 2006.   As prevailing parties within the meaning of the IDEIA, V.T. and his parents are entitle to attorneys' fees and costs for the administrative action. On June 30, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit P (attached hearing request, hearing officer's determination, and invoice).*

17.   Plaintiff D.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding D.W. was held on April 4, 2006 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated April 14, 2006.  As prevailing parties within the meaning of the IDEIA, D.W. and his parents are entitle to attorneys' fees and costs for the administrative action. On April 28, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.   To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit Q (attached hearing request, hearing officer's determination, and invoice).*

18.   Plaintiff R.W. is a child with disabilities, as defined by the IDEIA, who has been resident of the District of Columbia at all times relevant to this action.   An administrative due process hearing regarding R.W. was held on August 14, 2006 and his parents, prevailed by Hearing Officer's Determination ("HOD") dated August 31, 2006.  As prevailing parties within the meaning of the IDEIA, D.W. and his parents are entitle to attorneys' fees and costs for the administrative action. On September 29, 2006, Plaintiffs submitted all the necessary documentation and requested reimbursement of attorneys' fees and cost from the District of Columbia for the administrative action.  To date, Defendant District of Columbia has not reimbursed these Plaintiffs. *See Exhibit R (attached hearing request, hearing officer's determination, and invoice).*

## FACTUAL ALLEGATIONS

19. Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

20. That in each matter Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

21. That according to Defendants' "Guidelines for the Payment of Attorney Fees in IDEIA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of submission.

22. That more than 60 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants, and Defendants have neither acknowledged the submissions nor remitted payment. Therefore, under the Guidelines established by the Defendants, Plaintiffs' invoices are considered denied by Defendants.

23. That Defendants have refused and/or failed to reimburse the Plaintiffs and have not provided an explanation.

24. That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEIA and this Court.

25. That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

26.  That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon*, 532 U.S. at 603-04).

27.  That the Plaintiffs herein are "prevailing parties" as this term is defined in *Selected Milk Producers, Inc.*

28.  That *Moore v. District of Columbia* stands for the proposition that the courts may award parents' attorneys' fees when they prevail against the schools system in administrative proceedings.  See *Moore v. District of Columbia*, 907 F. 2d 165 (D.C. Cir. 1990).

29.  That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

30.  That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

31.  That the current billing rates for the attorneys, as evidenced by the invoices attached as ***EXHIBITS 1 & A-R.*** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

32.  That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

33. That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

34. That IDEIA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

35. That Defendants have summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

## COUNT I

36. That Plaintiffs repeat and re-allege paragraphs 1 through 35, above.

37. That Defendant's violated Plaintiffs right to reasonable fees under the IDEIA when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1. Issue a declaratory judgment that Defendants have violated Plaintiffs' rights under the IDEIA and DCMR.

2. Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees.

3. Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $179,961.62 .

4. Award to Plaintiffs reasonable attorneys' fees and costs incurred in litigating this action.

5. Grant other such relief that the Court deems just and proper.

Respectfully Submitted,

Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorney for Plaintiffs*

# Exhibit 1

# Bush Attorney Fee Suit

| Name | Case No. | Date Submitted | Total |
|---|---|---|---|
| Hill | 07-115 | 4/27/2007 | $6,911.42 |
| Hunter | 07-116 | 4/27/2007 | $5,921.63 |
| Matthews | 07-118 | 4/27/2007 | $9,597.72 |
| McMillian | 07-120 | 4/27/2007 | $4,098.49 |
| Washington | 07-127 | 4/27/2007 | $12,589.62 |
| Wright | 07-129 | 4/27/2007 | $6,629.11 |
| Humphries | 07-001 | 1/10/2007 | $10,541.10 |
| Phillips | 07-002 | 1/10/2007 | $44,138.95 |
| North | 07-154 | 5/31/2007 | $4,186.75 |
| Scott | 07-157 | 5/31/2007 | $6,491.63 |
| Houck | 07-149 | 5/31/2007 | $6,898.77 |
| Canty. M | 07-142 | 5/31/2007 | $6,722.06 |
| Canty. D | 07-141 | 5/31/2007 | $9,266.73 |
| Barnes | 07-137 | 5/31/2007 | $9,368.36 |
| West | 06-458 | 9/26/2006 | $14,422.35 |
| Benbow | 06-0184 | 4/28/2006 | $8,800.33 |
| Tucker | 06-293 | 6/30/2006 | $7,393.99 |
| Warr | 06-200 | 4/28/2006 | $5,982.61 |
| | | | $179,961.62 |

# Exhibit A

CHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  **Student Information**
    Name:                               Hill, Adrian
    DOB:                                9/29/89
    Date Hearing Request Filed:         1/16/07
    Date(s) of Hearing:                 3/13/07
    Date of Determination (HOD/SA)      3/26/07
    Parent/Guardian Name:               Joycelynn Bush
    Parent/Guardian Address:            1116 Orren St., NE
                                        Washington, DC 20002

3.  **Invoice Information**
    Invoice Number:                     07-115
    Date Request Submitted:             4/27/07
    Date(s) of Services Rendered:       12/22/06 to 3/27/07
    Attorney Hourly Rate:               $    365.00
    Total Attorney Fees:                $  4,323.05
    Total Attorney Costs:               $    446.07
    Total Experts:                      $  2,142.30
    Total Invoice:                      $  6,911.42

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _James E. Brown_                    4/27/07
    Signature                           Date

                                        Revised Nov. 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## <u>CONFIDENTIAL</u>

### Charles R. Jones, Esq., Due Process Hearing Officer
### 825 North Capitol Street, N.E.  8th Floor
### Washington, D.C.  20002
### Facsimile:  (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| **ADRIAN HILL,**        **Student,** | ) | **HEARING OFFICER'S DECISION** |
| **Date of Birth:  09-29-89** | ) | |
| | ) | |
| **Petitioner,** | ) | **Hearing Date: March 13, 2007** |
| | ) | |
| **vs.** | ) | |
| | ) | Held at:  825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** | ) | Eighth Floor |
| **Attending: Spingarn Senior High School,** | ) | Washington, D.C.  20002 |
| **Respondent.** | ) | |

*2007 MAR 26  PM 2: 52*
*DC PUBLIC SCHOOL SYSTEM*

### <u>DECISION AND ORDER</u>

**Parent:**                                   Ms. Joycelynn Bush
                                              1116 Orren Street, N.E.
                                              Washington, D.C.  20002

**Counsel for Parent:**                       Domiento C.R. Hill, Esq.
                                              James E. Brown & Associates
                                              1220 L Street, N.W.
                                              Suite 700
                                              Washington, D.C.  20005

**Counsel for School:**                       Rashida J. Wilson, Attorney- Advisor
                                              Office of the General Counsel, DCPS
                                              825 North Capitol Street, N.E., 9th Floor
                                              Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I. INTRODUCTION

On January 16, 2006, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Domiento C.R. Hill, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination ("HOD") dated December 20, 2006.

A Due Process Hearing was convened on March 13, 2007, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Rashida J. Wilson, Esq., Attorney-Advisor represented DCPS. Domiento C.R. Hill, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated March 6, 2007: AH-1 through AH-46. On behalf of DCPS: No Disclosure Letter was entered into the record. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses on behalf of the parent: Kevin Carter. Witnesses on behalf of DCPS: DCPS did not call any witnesses to testify on its behalf.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to *Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004*, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

**Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination (HOD) dated December 20, 2006?**

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner alleges by and through parent's counsel that the District of Columbia Public Schools (hereinafter "DCPS") has failed to provide A.H. a free and appropriate public education (FAPE). According to parent's counsel, DCPS failed to comply with a Hearing Officer's Determination ("HOD") dated December 20, 2006. The HOD ordered DCPS, inter alia, to reconvene a MDT/IEP meeting on or before January 8, 2007 to review current evaluations of the student, review and revise the student's IEP as appropriate, and discuss and determine an appropriate educational placement and determine if compensatory education is warranted. Counsel for the parent asserts that the failure of DCPS to comply with the HOD falls within a category of relief outlined within the _Blackman/ Jones_ Consent Decree in that a right is established to those student's to receive compensatory education relief for DCPS' failure to timely implement HODs and SAs. Counsel for the respondent countered this argument with a motion to dismiss this case based upon the hearing officer's lack of jurisdiction to hear and review matters pertaining to a violation of a previous HOD. The hearing officer reserve his decision on the jurisdictional issue and moved forward with the substantive aspect of this case. Counsel for the parent requested a directed verdict in this matter; the hearing officer deferred rendering a judgment on this issue.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.      A. H. is a seventeen- (17) year old District of Columbia resident and a student enrolled at the Spingarn Senior High School for the 2006-2007 school years.

2.      On or about December 20, 2006 a HOD was issued concerning A.H. The HOD ordered DCPS to reconvene a MDT/IEP meeting on or before January 8, 2007 to review current evaluations of the student, review and revise the student's IEP as appropriate, and discuss and determine an appropriate educational placement and determine if compensatory education is warranted.[1]  DCPS did not dispute this fact.[2]

3.

---

[1] Exhibit: AH-4.
[2] Respondent's counsel did not response to the complaint, as this fact has not been rebutted

3.    Counsel for the respondent entered a motion to dismiss based upon the hearing officer's lack of jurisdiction to hear this matter. Parent's counsel objected to the motion, as he asserted that the motion had not been timely filed. The hearing officer deferred rendering judgment on this issue.

4.    This case has a substantially long history of activity and failures to comply with HODs[3].

5.    A.H. is eligible for special education and related services. According to the student's most recent Individualized Educational Plan ("IEP") dated October 11, 2005, the student's disability classification is multiple disabilities including: emotional disturbance (ED), learning disabled (ED) and other health impaired (OHI)[4]

6.    According to the student's IEP, the student's requires a combination setting with specialized instructions in the areas of reading, written language and mathematics in a small group setting including weekly counseling.[5]

7.    Kevin Carter, the student's Educational Advocate, testified and concluded that he had been the student's educational representative for approximately three- (3) years.

8.    According to Mr. Carter, DCPS failed to comply with the HOD dated December 20, 2006, as the deadline for the meeting was missed by DCPS. [6]

9.    Mr. Carter further testified that he held discussions with Ms. Johnson, the Special Education Coordinator at Spingarn SHS, concerning scheduling meetings to review independent evaluations, but DCPS was not able to move forward with these meetings.

4.

---

[3] Exhibit: AH-4, 9,10,14, 15, 16 & 17.
[4] Exhibit: AH-38.
[5] Exhibit: AH-38 page 4.
[6] Testimony of Kevin Carter at the Due Process hearing.

## VI. DISCUSSION AND CONCLUSION OF LAW

In this matter, petitioner by and through parent's counsel has sustained its burden of proof. The initial and fundamental issue is whether DCPS failed to comply with a Hearing Officer's Determination ("HOD") dated and issued on December 20, 2006. Undisputed evidence in the record support the contention of the parent that DCPS failed to comply with a HOD dated December 20, 2007, as DCPS failed to provide evidence to dispute this fact. In the alternative, DCPS entered a motion to dismiss this case based upon the lack of jurisdiction of the hearing officer to hear violations of previously issued HOD. DCPS strongly asserts that a hearing officer does not have jurisdictional authority to hear such matters. Upon a review of relevant case law, this conclusion is untenable; therefore, DCPS' motion to dismiss is denied.

In support of its *Motion to Dismiss*, DCPS cited 34 C.F.R. Section 300.507(a)(1) for the proposition that hearing officers lack the authority to enforce previously issued HODs. 34 C.F.R. Section 300.507(a) (1) provides that "A parent of a public agency may file a due process complaint on any of the matters described in 300.503(a)(1) and (2)." 34 C.F.R. Section 300.503(a)(1) and (2) provide as follows:

> (a) Notice. Written notice that meets the requirements of paragraph (b) of this section must be given to the parents of a child with a disability a reasonable time before the public agency—
>
> (1) Proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child; or
>
> (2) Refuses to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child.

Thus, DCPS contends that the Complaint must relate to the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education ("FAPE") to the child. Notwithstanding, DCPS fails to initiate discussion concerning the *Blackman/Jones* Consent Decree, which this hearing officer finds to be controlling.

On July 26, 2006, DCPS entered into a Consent Decree in *Blackman v. District of Columbia*.[7] In that Decree, DCPS agreed to the definition of a subclass, known as the "Jones class," that includes

5.

---

[7] Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006).

> All children, *now* [as of January 1, 1995] *and in the future*, who are entitled to have DCPS provide them with a free appropriate public education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with child's parent or education advocate.[8]

Thus, DCPS has agreed that the failure timely to implement an HOD constitutes a denial of FAPE, and that any student, "now and in the future," who's HOD has not been timely implemented, is a member of the class entitled to relief. DCPS also agreed that its failure to timely to comply with an HOD creates a rebuttable presumption of harm to the affected petitioner:

> This Consent Decree establishes a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs. Within (15) days of Final Approval of this Consent Decree, Defendants will revise their policies and the due process complaint request form to incorporate this rebuttable presumption of harm.[9]

In this jurisdiction, however, the *Blackman* Consent Decree is controlling, and the Decree explicitly provides that noncompliance with an HOD constitutes a denial of FAPE. Moreover, *Cox et al.* v *Jenkins et al.*, 878 F 2d 414, 278 U.S. App. D.C. 312 (1989) there the court concluded that any alleged noncompliance with the impartial due process hearing officer's previous determination was an issue that " ... could and should have been addressed through the administrative process... Id. at 420. Therefore in the event DCPS fails to comply with an HOD, the affected petitioner may seek compliance of the HOD in an administrative due process proceeding pursuant to 5 D.C.M.R. 3029.1. In sum, as a direct result of the *Blackman/Jones* Consent Decree, a petitioner has the right to obtain relief from a violation of a HOD.

### Based upon the foregoing, IT IS HEREBY ORDERED:

**1)  Petitioner's request for relief is GRANTED.**

6.

---

[8] Decree at 10, emphasis added.
[9] Decree, ¶ 74 at 39.

2)  Petitioner is the prevailing party.

3)  Petitioner's request to find a denial of FAPE for DCPS' failure to comply with a HOD is GRANTED.

4)  DCPS shall, within twenty- (20) calendar days of the issuance of the HOD, convene a MDT/IEP meeting to review all current evaluations, review and revise the student's IEP as warranted and discuss and determine an appropriate educational placement for the student to include the parent's private placement options.

5)  Parent's counsel /educational advocate shall be in attendance at the placement meeting, as the parties shall not change the time of the placement meeting.  In the event of any time conflict, the parties shall jointly provide a "STATUS REPORT" agreeing to a new date to this hearing officer.

6)  In the event DCPS fails to timely convene the placement meeting, the student shall be immediately placed, on an interim basis, at DCPS expense at the parent's choice of private placements to include transportation services.

7)  In the event the appropriate placement is to a public school, DCPS shall issue a prior notice of placement within five- (5) school days of the MDT/IEP team meeting. If the appropriate placement is to a non-public facility, DCPS shall issue a prior notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.

8)  All communications and notices shall be sent through the parent's counsel.

9) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VII.     APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within ninety- (90) days from the date this decision was issued.

Date Filed: _03-26-07_

Charles R. Jones, Esq., Hearing Officer

Date Issued: _3/26/2007_

8.

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  March 26, 2007


To:   D. Hill


Re:   Hill, Adrian


Total Number of Pages Including Cover: 9

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Adrian Hill




April 16, 2007

In Reference To:   Adrian Hill

Invoice #12417



          Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 12/22/2006 DH | Draft and send letter to DCPS responding to letter of invitation. | 0.25<br>365.00/hr | 91.25 |
| 12/27/2006 KC | Telephone call from DCPS staff (Janell Johnson; Spingarn SHS) re: discussion about student file. Ms. Johnson claims not to have any recent evaluations.  This office has previously faxed the student's recent evaluations to  Spingarn. Writer will again forward recent evaluations (clinical, neuropsych., psycho-ed & most recent IEP) | 0.58<br>185.00/hr | 107.30 |
| KC | Draft letter to Ms. Janell Johnson (Spingarn Spec. Ed. Coordinator), combined student's recent evaluations and IEP and forwarded to Ms. Johnson at Spingarn SHS. | 0.92<br>185.00/hr | 170.20 |
| KC | Draft letter to Ms. Jocelyn Bush (mother) regarding Spingarn's request for student's evaluations. Informed mother that MDT/IEP meeting has been confirmed for January 26, 2007.  Parent asked to contact writer asap to confirm attendance at meeting. Mailed and filed letter. | 0.75<br>185.00/hr | 138.75 |
| 1/2/2007 KD | Drafted letter to parent/enclosed copy of Atty's 12-22-06 Ltr to Spingarn SHS accptng mtng date/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| KD | Drafted case status letter to parent/copy to file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfrmtn/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 1/4/2007 KC | Phone call from Ms. Bush re: receipt of advocate's letter. Ms Bush concurs with writer's request that student be connected with RSA. Student is also exploring admission to Lincoln Tech. | 0.50<br>185.00/hr | 92.50 |

Adrian Hill                                                                              Page    2

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/16/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| | DH | Review the student's educational file to determine DCPS compliance with the most recent settlement agreement/order, discussion with the parent and educational advocate to determine compliance, conduct educational research to determine remedies available to the parent, draft and file administrative due process complaint notice. | 2.00 365.00/hr | 730.00 |
| 1/24/2007 | KC | Reviewed client file in preparation for MDT/IEP meeting. | 0.58 185.00/hr | 107.30 |
| 1/25/2007 | WB | Drafted letter to Spingarn Senior High School with an enclosed copy of the student's most current independent evaluations and correspondence previously faxed to the Special Education Coordinator's attention | 0.50 115.00/hr | 57.50 |
| | KC | Draft letter to Ms. J. Bush (parent) re: request for Letter of Invitation from Ms. Johnson (Spingarn) Ms. Johnson's proposal of February 15, 2007, earlier today isn't possible for advocate.  Mailed and filed letter. | 0.75 185.00/hr | 138.75 |
| | KC | Draft letter to Janelle Johnson (Spec. Ed. Coordinator -Spingarn SHS) re: request to forward Letter of Invitation containing meeting dates other than those proposed at today's meeting at Spingarn SHS. Faxed and filed letter. | 0.75 185.00/hr | 138.75 |
| | KC | Attended MDT/IEP @ Spingarn SHS. Ms. Johnson (Sped. Coord.) claims that she hasn't received student evaluations. JEB & Assoc. ( D. Hill & K. Carter) have faxed evaluations on 3 different occasions with fax confirmation.  Met with Ms. Johnson and Mr. White (DCPS Psychologist) about all evaluations to be reviewed at meeting.. Contacted office and had all evaluations faxed again.  Awaited Spingarn SHS receipt of evaluations. | 3.00 185.00/hr | 555.00 |
| | KC | Reviewed client file in preparation for MDT/IEP meeting | 1.25 185.00/hr | 231.25 |
| | KD | Drafted letter to parent/enclosed copy of 12-20-06 HOD/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 2/14/2007 | DH | Draft and send letter to DCPS regarding reconvening of the student's MDT Meeting. | 0.25 365.00/hr | 91.25 |
| 2/22/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 2-14-07 Ltr to Spingarn SHS accptng date/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfrmtn/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |

Adrian Hill                                                                                                          Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/6/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
| | DH | Review the student's educational file, prepare and send five-day disclosures to the DCPS Office of the General Counsel and the DCPS Office of Student Hearings. | 1.50 365.00/hr | 547.50 |
| 3/12/2007 | DH | Conduct preparation of the student's administrative due process hearing by reviewing the student's educational file, conduct educational research regarding issues in the case with respects to DCPS' noncompliance with the hearing officer's decision and DCPS' failure to conduct the student's psychiatric evaluation, prepare opening and closing statements for the student's administrative hearing, prepare questions for direct of parent witnesses, prepare questions for possible redirect of DCPS witnesses, and review parent's and DCPS' five-day disclosures. | 2.00 365.00/hr | 730.00 |
| 3/13/2007 | KC | Appearance to 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
| | KC | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
| | DH | Conduct final preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting final educational issues in the case regarding DCPS' noncompliance with the hearing officer's decision and DCPS' failure to conduct the student's psychiatric evaluation, review opening and closing statements for the student's administrative hearing, review questions for direct of parent witnesses, review questions for possible redirect of DCPS witnesses, review parent's and DCPS' five-day disclosures, and appearance at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
| 3/27/2007 | KD | Drafted letter to parent/enclosed copy of 3-26-07 HOD/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| | | For professional services rendered | 25.97 | $6,465.35 |
| | | Additional Charges : | | |
| 12/27/2006 | | Postage; Letter to parent. | | 0.39 |
| | | copied evals to Spingarn SHS | | 16.00 |
| 12/28/2006 | | Fax to school | | 41.00 |
| 1/2/2007 | | Postage; Letter to parent re: Attorney's letter. | | 0.63 |

Adrian Hill                                                                                          Page    4

|  |  | Amount |
|---|---|---|
| 1/2/2007 | Copy attorney's 12/22/06 letter to Spingarn SHS accepting date for parent and advocate | 2.50 |
|  | copied MDT mtg confirmation notice for parent and advocate | 1.50 |
| 1/5/2007 | copied status letter to parent | 0.50 |
|  | Postage: letter to parent | 0.39 |
| 1/12/2007 | Received fax from SHO re: HOD | 7.00 |
| 1/16/2007 | Messenger Service to and from DCPS (Due Process Complaint) | 20.00 |
|  | Fax HR to SHO | 8.00 |
|  | copied HR | 7.00 |
| 1/25/2007 | copied letter to parent and advocate re: HOD | 3.00 |
|  | copied letter | 1.00 |
|  | copied letter | 1.00 |
|  | Faxed doc to Spingarn SHS re: ltr + evals | 64.00 |
|  | Postage; Letter to parent | 0.39 |
| 1/26/2007 | Postage; HOD w/letter to parent. | 0.63 |
| 2/1/2007 | Rec'd faxed letter of invitation from Spingarn SHS | 2.00 |
| 2/22/2007 | Copied; letter for parent and advocates re: MDT meeting confirmation. | 1.50 |
|  | Copied; letter for parent and advocate re: Attorney's letter. | 2.50 |
|  | Postage; letter to parent re: MDT meeting confirmation. | 0.63 |
| 3/6/2007 | Messenger Service to and from DCPS (5 DAY) | 20.00 |
|  | Copied; Disclosure for SHO and OGC. | 121.50 |
| 3/13/2007 | Taxi Service to and from DCPS (hearing) | 16.00 |
| 3/26/2007 | Received fax from SHO re: HOD | 9.00 |
| 3/27/2007 | postage 3-26-07 HOD to parent | 0.63 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | copied letter to parent | 0.50 |

Adrian Hill                                                                                Page    5

|  | Amount |
|---|---|
| Total additional charges | $446.07 |
| Total amount of this bill | $6,911.42 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 10.00 | 365.00 | $3,650.00 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Kelly Dau, Paralegal | 3.31 | 115.00 | $380.65 |
| Kevin Carter, Advocate | 11.58 | 185.00 | $2,142.30 |
| Williams Bautista, Paralegal | 0.50 | 115.00 | $57.50 |

EXHIBIT
*AH-2*
ALL-STATE LEGAL

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Adrian Hill   Date of Birth: September 29th, 1989

Address: 1116 Orren Street, NE, Washington, DC 20002

Present School of Attendance: Spingarn Senior High School

Parent/Guardian of the Student: ___ Ms. Joycelynn Bush ___

## B.    Legal Representative/Attorney (if applicable):

Name: ___ Domiento C.R. Hill, Esq. ___

Address: ___ 1220 L Street, NW, Suite 700, Washington, DC 20005 ___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one) _____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts and Reasons for the Complaint:

### I.    Nature of the Problem.

**A.    DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Order of the Independent Hearing Officer Dated December 20, 2006, and do, Inter Alia, Reconvene the Student's MDT/IEP Meeting by January 8, 2007, to do, Among Other Things, Review the Student's Evaluations, Review and Revise the Student's IEP as Appropriate, Discuss and Determine Placement, and Discuss and Determine Compensatory Education.**

An administrative due process hearing was held for the student on or about November 27, 2006. As a result of that hearing, the impartial due process hearing officer presiding over that matter, issued a decision, on or about December 20, 2006, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, reconvene the student's MDT/IEP Meeting on or before January 8, 2007, and review the student's evaluations, review and revise the student's IEP as

2

necessary, discuss and determine placement, and discuss and determine compensatory education. See Impartial Due Process Hearing Officer's Order dated December 20, 2006. To date, DCPS has yet to make any attempts to reconvene the student's MDT/IEP Meeting. Indeed, this is no less than the tenth (10) Order or settlement agreement DCPS has violated with regards to this child.

### B. DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Provide the Student With Her Necessary Special Education Instruction and Related Services.

According to the Blackman, et al., v. District of Columbia, et al., 2006 WL 2456413 (D.D.C) Consent Decree [there] exists a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." As a result thereof, the Consent Decree establishes a right to those students to receive compensatory education. "Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985). Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, because DCPS failed to comply with the most recent administrative Order issued on or about December 20, 2006 and do, inter alia, convene the student's MDT/IEP Meeting on or before January 8, 2007, the student is entitled to receive compensatory education. Indeed, this is no less than the tenth (10) Order or settlement agreement DCPS has violated with regards to this child.

**II. Issues presented.**

1. DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the December 20, 200 Order; and

2. Whether or Not the Student, as a result of DCPS' failure to comply with the December 20, 2006 Order is entitled to compensatory education.

**Relief Sought.**

**WHEREFORE**, the parent, by and through counsel, pursuant to the Conciliation Agreement entered into on May 12th, 1981 between the U.S. Department of Education and the District of Columbia Public Schools, hereby requests the following relief:

1. A finding that DCPS Denied the Student a Free and Appropriate Public Education by Failing to Comply With the December 20, 2006 Order of the Impartial due process hearing officer;

2. A finding that the Student is entitled to compensatory education, pursuant to the Consent Decree issued in the Blackman/Jones Class Action lawsuit as a result of DCPS' continued noncompliance with the HODs and settlement agreements, the most recent one being the December 20, 2006 HOD;

3. DCPS agrees to fund the student, with transportation, for the remainder of the 2006-2007 School Year, at the Phillips School of Laurel, the Accotink Academy, the Rock Creek Academy, or the Florecent Bertil Academy;

5. DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting, at the student's current school, to review the student's evaluations, revise and update the student's IEP as necessary, and discuss and determine what amount of compensatory education, if any, the student is owed;

6. DCPS agrees to four (4) hours of individual tutoring a week, for three years, as well as fund a laptop computer for the student (cost not to exceed $1,000.00), as well as all necessary software for the student, as compensatory education;

7. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

11. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

12. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

13. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

14. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

15. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

16. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

18. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher; 2) a representative of the local education agency with decision making authority, 3) a person who can interpret the data, 4) any person(s) who conducted any assessments on the student, and 5) any service providers for the student at Johnson Junior High School;

19. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

20. A finding that the parent is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please                    specify                    the type)_____
- Special        Communication        (please        describe        the type)_____
- Special      Accommodations      for      Disability      (please      be specific)_____
- Other_____

**H.    Signature:**

_____    _____
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              1363
RECIPIENT ADDRESS    92024425556
DESTINATION ID
ST. TIME             01/16 13:37
TIME USE             01'08
PAGES SENT           8
RESULT               OK
```

## James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Covington

e-mail: Admin@Jcblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**     Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  January 17, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** A. Hill, DOB: 9/29/89

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 8

**COMMENTS:** Due Process Complaint Notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates. PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: _Adrian Hill_  Date of Birth: September 29th, 1989

Address: 1116 Orren Street, NE. Washington, DC 20002

Present School of Attendance: Spingarn Senior High School

# Exhibit B

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

2007 APR -2 AM 10:41
DC PUBLIC SCHOOL SYSTEM

## Confidential

| | | |
|---|---|---|
| JOSEPH HUNTER, STUDENT | ) | |
| | ) | |
| Date of Birth:  February 1, 1995 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: March 5, 2007 |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Julia Hunter<br>1303 Congress Street, SE<br>Apartment #1<br>Washington, D.C. 20032 |
| Counsel for Petitioner: | Domiento C. R. Hill, Esquire<br>James E. Brown & Associates<br>1220 L Street, N.W.<br>Suite 700<br>Washington, D.C. 20005<br>(202) 742-2000; Fax: (202) 742-2098 |
| Counsel for DCPS: | Rashida Wilson, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E.; 9th Floor<br>Washington, D.C. 20002 |

*In the Matter of J.H.*

**I.**        **JURISDICTION**

The Due Process Hearing was convened and this Order is written pursuant to Public Law 105-17, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

**II.**        **DUE PROCESS RIGHTS**

Parent's counsel waived a formal reading of the due process rights.

**III.**        **FIVE-DAY DISCLOSURE**

Petitioner Presented the mother, Julia Hunter as a witness and the educational advocate, Kevin Carter as witnesses without objection. Petitioner submitted disclosures labeled JH1-JH12 without objection.

Respondent: No witnesses were present or called to testify. Respondent submitted disclosure letter without objection.

**IV.**        **STATEMENT OF THE CASE**

On December 18, 2006 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to comply with November 6, 2006 Hearing Officer's Determination and that the Petitioner is entitled to compensatory education due to an alleged pattern of noncompliance with administrative orders and settlement agreements. The Student Hearing Office, DCPS, scheduled a Due Process Hearing for February 14, 2007 at 1:00pm at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. This hearing date was continued from February 14, 2007 to March 5, 2007 at 9:00am due to inclement weather. Attorney Advisor Rashida Wilson appeared in person for DCPS. Attorney Domiento Hill appeared in person on behalf of Petitioner.

The administrative record does not include a response from the Petitioner. At the hearing, DCPS made a Motion to Dismiss and argued that the Petitioner was precluded from pleading a claim related to the violation of a Hearing Officer's Determination for lack of jurisdiction. Petitioner asserted that *Cox v. DCPS* 878 F2nd 412 required the Petitioner to exhaust its administrative remedies in the due process hearing forum and that Hearing Officer Determinations are properly plead in an administrative due process hearing. The motion was held in abeyance in order to take testimony in the event the

2

*In the Matter of J.H.*

motion was overruled. DCPS argued in the alternative that its witness, Ms. Kisha McKinney was prepared to testify with respect to her efforts to comply with the order and that the Petitioner had suffered no harm since the meeting is scheduled.

V.          **FINDINGS OF FACT**

Respondent's motion is dismissed since DCPS regulations permit, "a parent of a LEA child or the LEA...to initiate a hearing, when there is a dispute about the eligibility, identification, evaluation, educational placement, or **the provision of FAPE to a child with a disability, in accordance with 20 U.S.C. § 1415 (f)."**[1] [Emphasis Added]

Moreover, 20 U.S.C. § 1415 (f) refers back to 20 U.S.C. § 1415 (b)(6), which requires school districts to provide "An opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child..." Thus, a party may seek compliance of a previous HOD in the District by filing a new IDEIA complaint when the non-compliance of DCPS constitutes a denial of FAPE.

Finally, when DCPS entered into a Consent Decree in *Blackman v. District of Columbia* on July 26, 2006 which the court approved on August 24, 2006, DCPS agreed to the establishment of a subclass referred to as the "Jones class," which was created to include,

All children, *now* [as of January 1, 1995] *and in the future*, who are entitled to have DCPS provide them with a free appropriate public education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with child's parent or education advocate.[2]

Hence, DCPS has agreed that the failure timely to implement an HOD constitutes a denial of FAPE, and that any student, "now and in the future," who's HOD has not been timely implemented, is a member of the class entitled to relief. DCPS also agreed that its failure timely to comply with an HOD creates a rebuttable presumption of harm to the affected Petitioner.

Petitioner's Educational Advocate, Mr. Kevin Carter, credibly testified that on January 3, 2007 at 9:30am he went to Sunrise Academy to attend a meeting for the

---

[1] 5 D.C.M.R. §3029.1.
[2] Decree p. 10

3

*In the Matter of J.H.*

Petitioner. He found that the LEA representative was out of the country and the staff of Sunrise Academy was out on break. See JH#5, a letter regarding the failure of the meeting to proceed as scheduled. On cross examination the educational advocate testified that no new letter of invitation had been forwarded to him.

No testimony was given by Ms. McKinney and there was no documentary evidence presented to support the Respondent's proffer that her testimony demonstrate that the Petitioner had suffered no educational harm and hence had not been denied FAPE.

## VI. ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 30th day of March 2007, it is hereby

**ORDERED,** that DCPS shall assure the convening a meeting not later than twenty school days after the issuance of this Order. The purpose of the meeting shall be to review evaluations, review and revise the Petitioner's IEP and determine if any compensatory education is warranted due to the delay in convening the meeting as scheduled on January 3, 2007.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

March 30, 2007
Date

Issued: 4/2/07

4

*In the Matter of J.H.*

Student Hearing Office, DCPS

Copies to:

Domiento C. R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Rashida Wilson, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

5

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  April 2, 2007

TO:  Domiento C. R. Hill

FROM:  STUDENT HEARING OFFICE

RE:  Hunter, Joseph

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6


COMMENTS:

*CONFIDENTIALITY NTOICE*:  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Joseph Hunter




April 17, 2007

In Reference To:   Joseph Hunter

Invoice #12420


      Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/30/2006 | DH | Draft and send letter to DCPS responding to Letter of Invitation and send notice of noncompliance. | 0.17 365.00/hr | 62.05 |
| 12/13/2006 | CMM | Drafted letter to parent/enclosed copy of attorney letter to DCPS Office of Special Education in regards of notice of noncompliance with order; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| | DH | Draft and file notice of noncompliance with the Executive Director of the DCPS Office of Compliance and Dispute Resolution. | 0.25 365.00/hr | 91.25 |
| | DH | Draft and file letter responding to letter of invitation. | 0.25 365.00/hr | 91.25 |
| 12/17/2006 | DH | Review the student's educational file to determine DCPS' compliance with the order of the impartial due process hearing officer, discussion with the parent and educational advocate to determine DCPS compliance, draft and file administrative due process complaint notice after conducting educational research to determine remedies available to the parent. | 2.75 365.00/hr | 1,003.75 |
| 1/17/2007 | DH | Draft and send notice of noncompliance to the DCPS Office of Mediation and Compliance for DCPS. | 0.42 365.00/hr | 153.30 |
| 1/24/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 1-17-07 Ltr to DCPS re HR to be filed/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 1/26/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |

Joseph Hunter

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/7/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00<br>115.00/hr | 115.00 |
| | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.00<br>365.00/hr | 365.00 |
| 2/13/2007 | DH | Conduct preparation for the student's administrative due process hearing be reviewing the student's educational file, reviewing five-day from the parent and DCPS; prepare opening and closing statements, prepare questions for direct examination of parent witnesses, prepare questions for possible cross examination fro DCPS witnesses, and conduct witness preparation for the student's administrative due process hearing. Hearing continued at the request of DCPS. | 2.00<br>365.00/hr | 730.00 |
| 2/23/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes and Desk Calendar | 0.25<br>115.00/hr | 28.75 |
| 2/26/2007 | DH | Review the student's educational file, prepare five-day disclosures for the student's continued upcoming administrative due process hearing | 1.00<br>365.00/hr | 365.00 |
| | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00<br>115.00/hr | 115.00 |
| 3/4/2007 | DH | Conduct preparation for the student's administrative due process hearing by reviewing the student's educational file, conducting educational issues in the case regarding DCPS' noncompliance with the most recent hearing officer's determination, prepare questions for direct of parent witnesses, prepare questions for possible redirect of DCPS witnesses, review parent's and DCPS' five-day disclosures, and prepare opening and closing statements for the student's administrative due process hearing. | 2.42<br>365.00/hr | 883.30 |
| 3/5/2007 | KC | Appearance to 825 North Capital for due process hearing | 2.00<br>185.00/hr | 370.00 |
| | DH | Conduct final preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting final educational issues in the case regarding DCPS' noncompliance with the most recent hearing officer's determination, review questions for direct of parent witnesses, review questions for possible redirect of DCPS witnesses, review parent's and DCPS' five-day disclosures, and appearance at the student's administrative due process hearing. | 3.00<br>365.00/hr | 1,095.00 |
| | | For professional services rendered | 19.08 | $5,649.20 |

Joseph Hunter                                                                                    Page     3

Additional Charges :

|  |  | Amount |
|---|---|---|
| 12/13/2006 | copied letter to parent | 0.50 |
|  | Postage; Letter to parent re: DCPS noncompliance of order. | 0.39 |
| 12/17/2006 | Facsimile; HR to SHO. | 8.00 |
|  | copied HR | 7.00 |
| 12/18/2006 | Messenger Service to and from DCPS (Due Process Complaint) | 20.00 |
| 1/5/2007 | copied status letter to parent | 0.50 |
| 1/24/2007 | Postage; Letter to parent re: Attorney's letter. | 0.87 |
|  | Copied; letter for parent and advocate re: attorney's letter. | 2.25 |
| 1/26/2007 | Postage; HN to parent. | 0.39 |
|  | copied letter to parent | 0.50 |
| 2/5/2007 | Postage; re mailed letter to parent | 0.39 |
| 2/7/2007 | Copied doc for SHO re: 5 day | 14.50 |
|  | Copied doc for OGC re: 5 day | 14.50 |
|  | Messenger Service to and from DCPS (5 day disclosure) | 20.00 |
| 2/8/2007 | Postage; letter to parent re: Attorney's letter. | 0.87 |
| 2/23/2007 | Copied; Revised HN w/letter for parent and advocate. | 1.50 |
|  | Postage; letter to parent | 0.39 |
| 2/26/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
|  | Copied; Disclosure for SHO and OGC. | 31.00 |
|  | Taxi Service to and from DCPS (resolution mtg) | 16.00 |
| 3/5/2007 | Taxi Service to and from DCPS (hearing) | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $272.43 |
|  | Total amount of this bill | $5,921.63 |

Joseph Hunter                                                                                    Page      4

## User Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Claudia M.Martinez, Paralegal | 0.58 | 115.00 | $66.70 |
| Domiento Hill, Attorney | 13.26 | 365.00 | $4,839.90 |
| Kelly Dau, Paralegal | 3.24 | 115.00 | $372.60 |
| Kevin Carter, Advocate | 2.00 | 185.00 | $370.00 |



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student:  <u>Joseph Hunter</u>   Date of Birth: <u>February 1, 1995</u>

Address: <u>1303 Congress Street, SE, #1, Washington, DC 20032</u>

Present School of Attendance:<u> The Sunrise Academy</u>

Parent/Guardian of the Student: _____Ms. Julia Hunter__

## B.    Legal Representative/Attorney (if applicable):

Name: __Domiento C.R. Hill, Esq.____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) ___ _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

## C.    Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐Charter    school    (name    of    the    charter    school    if    different    from    page one)_____    _____

☐Non-public    school    or    residential    treatment    facility    (name)

_____

☐Parent

## D.    Resolution Session Meeting Between Parent and LEA:

**X** I wish to waive the Resolution Session Meeting.

## E.    Mediation Process:

**I am requesting an administrative due process hearing only at this time.**

## F.    Facts

### A.  DCPS Denied the Student with a Free and Appropriate Public Education – By Failing to Comply with Expressed Written Terms of the August 23, 2006 Settlement Agreement, and do, Inter Alia, Reconvene the Student's MDT/IEP Meeting, within twenty (20) school days, to review the student's clinical psychological, psycho-educational, and speech and language evaluation, and Revise and Update the Student's IEP as Necessary, Discuss and Determine Placement, and Discuss and Determine the Student's Right to Compensatory Education.

1. A settlement agreement was reached between the parent and the District of Columbia Public Schools ("DCPS"), on or about August 23rd, 2006, in which DCPS agreed to do, among other things, fund the parent's independent clinical psychological, psycho-educational, and speech and language evaluations. See Settlement Agreement dated August 23rd, 2006. The settlement agreement went on to state that DCPS would reconvene the student's MDT/IEP Meeting, within twenty (20) school days upon receipt of the last of the evaluations. Id.

2

2. The student's psycho-educational and clinical psychological evaluations were completed on or about October 12, 2006.   See Clinical Psychological and Psycho-educational Evaluations.

3. The student's Speech and Language Evaluations were completed on or about October 20, 2006.  See Speech and Language Evaluation.

4. Copies of all evaluations were provided to DCPS on or about December 13, 2006, by counsel for the parent.  See Correspondence dated December 13, 2006.  Counsel for the parent, in that same letter, requested that DCPS take the necessary steps to reconvene the student's MDT/IEP Meeting. Id. DCPS did not respond.

5. On or about January 17, 2007, counsel for the parent wrote a letter of non-compliance to the DCPS Office of Mediation and Compliance informing them that DCPS has undertaken no steps to comply with the settlement agreement and that the parent intended to file a due process complaint notice.  See Correspondence dated January 17, 2007.  DCPS, for a second time did not respond.

6. To date, DCPS has yet to make any attempts to comply with the settlement agreement of August 23, 2006.

### B. The Student, as a result of DCPS' noncompliance with the most recent Settlement Agreement executed between the parent and DCPS on or about August 23, 2006, is Entitled to Receive Compensatory Education Services.

7. The parent re-alleges paragraphs 1-6.

8. According to the Blackman, et al., v. District of Columbia, et al., 2006 WL 2456413 (D.D.C), Consent Decree [there] exists a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." As a result thereof, the Consent Decree establishes a right to those students to receive compensatory education. "Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law.  While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir.  1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir.  1988); Lester H.  by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir.  1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No.  3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, because DCPS failed to comply with several administrative orders and settlement agreements, the most recent one being issued on or about November 6, 2006, the student is entitled to receive compensatory education.

## II. Issues presented.

1. DCPS Failed to Comply with the August 23, 2006 settlement agreement; and do, inter alia, reconvene the student's MDT/IEP Meeting within twenty (20) school days; and

2. The student, as a result of DCPS' noncompliance with several administrative orders and settlement agreements, the most recent one being a settlement agreement executed on August 23, 2006, creates a presumptive right, on behalf of the student, to compensatory education.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.  A finding that DCPS Failed to Comply with August 23, 2006 settlement agreement;

2.  A finding that the student is entitled to receive compensatory education services;

3.  DCPS, for the remainder of the 2006-2007 school year, agrees to place and fund the student, with transportation, at the Sunrise Academy

4.  DCPS agrees to issue a Prior Notice of Placement for the student to the Sunrise Academy;

5.  A finding that the student is entitled to compensatory education;

6. DCPS, within five (5) school days, agrees to reconvene the student's MDT/IEP Meeting to review the evaluations and revise/update the student's IEP as necessary;

7. DCPS, agrees to schedule all meetings through the parent's counsel, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and

the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

19. DCPS agrees to fund four (4) years of compensatory education, for four (4) hours a week in the form of after school tutoring in math and reading; and

20. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**H.**     **Signature:**

_____          January 22, 2007
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            1514
RECIPIENT ADDRESS   92024425556
DESTINATION ID
ST. TIME            01/22 20:14
TIME USE            01'15
PAGES SENT          8
RESULT              OK
```

## James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**   Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  January 22, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** J. Hunter, DOB: 2/1/95

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8**

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.





***State Education Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***

# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student: _Joseph Hunter_   Date of Birth: February 1, 1995

Address: 1303 Congress Street, SE, #1, Washington, DC 20032

Present School of Attendance: The Sunrise Academy

# Exhibit C



Case 1:07-cv-01110-RMC Document 1-5 Filed 06/20/2007 Page 2 of 20

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: James Brown & Assoc., PLLC
   Attorney: James Brown
   Federal Tax ID No: 52-1500760
   D.C. Bar No: 61622

2. **Student Information**
   Name: Matthews, Tony
   DOB: 1/17/90
   Date Hearing Request Filed: 2/7/07
   Date(s) of Hearing: 4/11/07
   Date of Determination (HOD/SA): 4/13/07
   Parent/Guardian Name: Carol Coleman
   Parent/Guardian Address: 5225 Clay St., NE
   Washington, DC 20019

3. **Invoice Information**
   Invoice Number: 07-118
   Date Request Submitted: 4/27/07
   Date(s) of Services Rendered: 6/26/06 to 4/20/07
   Attorney Hourly Rate: $ 365.00
   Total Attorney Fees: $ 7,207.25
   Total Attorney Costs: $ 475.72
   Total Experts: $ 1,914.75
   Total Invoice: $ 9,597.72

4. **Certification (must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _James E Brown_                    4/27/07
   Signature                           Date

                                        Revised Nov. 2006

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# ENFORCEMENT AND INVESTIGATION DIVISION
## SPECIAL EDUCATION DUE PROCESS HEARING
## CONFIDENTIAL

Seymour DuBow, Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
(202) 442-5432; (202) 442-5556 (fax)

## HEARING OFFICER'S DETERMINATION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| **Tony Matthews,** student | ) | |
| Date of Birth: 1/17/90 | ) | |
| | ) | |
| Petitioner, | ) | **DATE OF HEARING:** |
| | ) | **April 11, 2007** |
| v. | ) | |
| | ) | |
| **The District of Columbia Public Schools** | ) | Attending School: |
| | ) | **Woodson S.H.S.** |
| | ) | |
| Respondent | ) | |

**Counsel for Parent/Student:**         **Christopher West, Esq.**
                                        **1220 L Street, N.W.**
                                        **Washington, D.C. 20005**

**Counsel for DCPS:**                   **Rashida Wilson, Esq.**
                                        **825 N. Capitol Street, N.E.,**
                                        **Washington, D.C. 20002**

DC PUBLIC
SCHOOL SYSTEM
2007 APR 13 PM 12: 20

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on April 11, 2007, at the request of Christopher West, counsel for the parent and the student.   Rashida Wilson represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.    Did DCPS deny a FAPE to the student by failing to comply with the Hearing Officer's Determination of June 21, 2006 ordering DCPS to convene an MDT meeting to determine eligibility upon completion of evaluations?

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**TM-1-TM-15**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**Disclosure letter**

**FINDINGS OF FACT:**

1.    A Hearing Officer's Determination of June 21, 2006 ordered DCPS to convene an MDT meeting to review ordered evaluations within 15 school days of receipt of independent evaluations.  (TM-3)

2.    On December 21, 2006, counsel for the parent sent independent evaluations to DCPS and requested a convening of an MDT meeting pursuant to the June 21, 2006 HOD. (TM-6)

3.    To the date of this hearing, DCPS has not scheduled or convened an MDT meeting to review the above evaluations.

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent has met his burden of proof that DCPS has not complied with the June 21, 2006 HOD by not convening an MDT meeting. Counsel for DCPS concedes that DCPS did not schedule or convene an MDT meeting to this date. If the student is found eligible for special education services, DCPS would have denied a FAPE to the student.

It is hereby **ORDERED** that:

1.    **DCPS shall convene an MDT/Eligibility meeting within 10 school days of April 11, 2007 to review all evaluations and determine eligibility. If the student is found eligible for special education services, the MDT team shall develop an appropriate IEP and discuss and determine placement. All meetings shall be scheduled at a mutually agreeable time through counsel for the student. There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student. The MDT team shall discuss and determine if compensatory education is warranted. If so, a compensatory education plan shall be developed and implemented.**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.**

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: April 13, 2007

Date Issued: 4/13/07

3

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Tony Matthews
DOB: 1/17/90
5225 Clay St NE
Washington DC 20019

April 25, 2007

In Reference To:  Tony Matthews
                 DOB: 1/17/90

Invoice #12453

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/26/2006 CW | Conference with parent, via telephone, and reviewed HOD; discussed student's summer job program | 0.45 365.00/hr | 164.25 |
| 6/27/2006 CMM | Drafted letter to parent/enclosed HOD and evaluation referral letter | 0.58 115.00/hr | 66.70 |
| CMM | Prepared and sent evaluation referral to Interdynamics, Inc. | 1.00 115.00/hr | 115.00 |
| 6/28/2006 CMM | Phone call from parent regarding evaluation status | 0.25 115.00/hr | 28.75 |
| 7/5/2006 CM | Conference with parent re case status | 0.50 185.00/hr | 92.50 |
| 7/17/2006 CW | Conference with parent and discussed status of BASC assessment conducted by DCPS | 0.37 365.00/hr | 135.05 |
| 9/13/2006 CMM | Assist attorney in sending letter to Kelly MS requesting copies or evaluations | 0.17 115.00/hr | 19.55 |
| CW | Conference with parent, via telephone, and discussed status of assessments; drafted letter to Kelly Miller School requesting meeting be convened upon receipt of all completed assessments from DCPS and completion of independent assessments ; conference with paralegal re: letter to DCPS | 0.67 365.00/hr | 244.55 |
| 9/14/2006 CMM | Drafted letter to parent/enclosed copy of atty's 9-13-06 letter to school requesting copy of evaluation report | 0.58 115.00/hr | 66.70 |

Tony Matthews

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/8/2006 | CM | Reviewed psychological report by Hernandez | 0.50 185.00/hr | 92.50 |
| | CM | Conference with parent re status of requested evaluations; school progress | 0.58 185.00/hr | 107.30 |
| | CM | Reviewed 6/20/06 HOD | 0.25 185.00/hr | 46.25 |
| | CM | Reviewed OT evaluation by Putney | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed file correspondence for case update | 0.42 185.00/hr | 77.70 |
| | CM | Reviewed file correspondence for case update | 0.42 185.00/hr | 77.70 |
| | CMM | Phone call to phone to discuss evaluation | 0.17 115.00/hr | 19.55 |
| | CMM | Drafted letter to parent/enclosed evaluation referral evaluation referral | 0.58 115.00/hr | 66.70 |
| | CMM | Prepared evaluation referral to Interdynamics, Inc.; includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and faxed) | 1.00 115.00/hr | 115.00 |
| 12/5/2006 | CW | Reviewed independent functional behavior assessment; teleconference with parent and discussed status of IEP meeting; drafted letter to OGC and Office of Special Education providing copies of independent assessment; conference with paralegal re: letters to DCPS | 0.92 365.00/hr | 335.80 |
| | CMM | Assist attorney in sending letter with FBA report to Office of Mediation and Compliance and Woodson Senior High School | 0.25 115.00/hr | 28.75 |
| 12/6/2006 | CMM | Drafted letter to parent/enclosed copy of attorney letter to Office of Mediation and Compliance enclosing FBA | 0.58 115.00/hr | 66.70 |
| 12/12/2006 | CM | Discussion with parent re status of evaluations | 0.42 185.00/hr | 77.70 |
| | CM | Reviewed file correspondence for case update | 0.50 185.00/hr | 92.50 |
| 12/18/2006 | CMM | Discussion with attorney to discuss case status and request to send case status letter to parent | 0.08 115.00/hr | 9.20 |
| 12/21/2006 | CW | Reviewed independent clinical evaluation; drafted letter to Kelly Miller MS, Woodson HS, Office of Special Education and OGC providing copy of clinical evalaution and requested MDT meeting; teleconference with | 1.00 365.00/hr | 365.00 |

Tony Matthews                                                                                        Page      3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | parent and reviewed assessment; conference with paralegal re: letters to DCPS | | |
| 12/21/2006 | CMM | Drafted status letter to parent/inform of that we're in the process of obtaining independent assessments | 0.33 115.00/hr | 37.95 |
| 1/9/2007 | CM | Reviewed psychological evaluation report by Agard | 0.67 185.00/hr | 123.95 |
| | CM | Reviewed file correspondence for case update | 0.50 185.00/hr | 92.50 |
| 1/16/2007 | CM | Conference with parent to discuss progress in school and home; reviewed psychological, FBA and social history evaluations and discussed educational implications | 1.00 185.00/hr | 185.00 |
| | CM | Reviewed psychological evaluation and FBA | 1.00 185.00/hr | 185.00 |
| | CM | Reviewed social hisstosry by Moore | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed OT evaluation by Putney | 0.50 185.00/hr | 92.50 |
| 1/30/2007 | CM | Conference with parent to discuss status of IEP meeting | 0.42 185.00/hr | 77.70 |
| 2/5/2007 | CW | Drafted request for due process hearing to address DCPS' failure to conduct evaluations; DCPS' failure to convene IEP meeting; DCPS' failure to provide an appropriate IEP; and request for compensatory education services | 2.58 365.00/hr | 941.70 |
| 2/6/2007 | RN | Review of administrative hearing request for quality assurance. Provide feedback to attorney regarding case strategy | 1.50 365.00/hr | 547.50 |
| 2/7/2007 | CW | Filed request for due process hearing to DCPS; conference with paralegal re: filing complaint | 0.50 365.00/hr | 182.50 |
| | CMM | Discussion with attorney regarding hearing request/ assisted in sending HR to OGC | 0.33 115.00/hr | 37.95 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 2/13/2007 | CMM | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on 2-7-07; includes copying complaint and mailed | 0.58 115.00/hr | 66.70 |
| 3/1/2007 | CW | Conference with parent and discussed student's hospitalization for automobile accident; reviewed clinical evaluation and report card | 0.58 365.00/hr | 211.70 |

Tony Matthews

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/2/2007 | CW | Reviewed speech/language evaluation with parent; discussed status of hearing | 0.25 365.00/hr | 91.25 |
| 4/3/2007 | CMM | Review and draft letter to parent with a copy of the due process hearing notice date sent on 2-7-07 by the Student Hearing Office for due process hearing on 4-11-07; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| | CMM | Phone call to parent to notify of hearing date and confirm hearing attendance | 0.17 115.00/hr | 19.55 |
| 4/4/2007 | CW | Reviewed educational records and discussed status of case with educational advocate and paralegal | 0.17 365.00/hr | 62.05 |
| | CW | Prepare disclosure documents for SHO and OGC in preparation for due process hearing; conference with paralegal re: filing documents | 1.17 365.00/hr | 427.05 |
| | CMM | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retrieved documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 2.00 115.00/hr | 230.00 |
| | CM | Record reviewed and discussion with attorney and paralegal re case status | 0.17 185.00/hr | 31.45 |
| 4/5/2007 | CM | Prepared for due process hearing; reviewed complaint notice, psychological evaluation by Agard, FBA, social history by More, OT evaluation by Putney, file correspondence | 1.50 185.00/hr | 277.50 |
| 4/6/2007 | CMM | Phone call to parent to discuss hearing | 0.17 115.00/hr | 19.55 |
| 4/9/2007 | CW | Reviewed request for hearing, psychoeducational evaluation and speech/language evaluation; conference with Ms. Kaufman (National Rehabilitation Hospital and reviewed psychological summary and recommendations; reviewed witness questions in preparation for hearing; prepared and drafted supplemental disclosure document to be submitted to OGC and SHO | 2.00 365.00/hr | 730.00 |
| 4/11/2007 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Dubow; presented documentary and testimonial evidence in support of parent's complaint; conferences with DCPS Atty. Advisor | 2.42 365.00/hr | 883.30 |
| 4/12/2007 | CW | Teleconference with parent and Ms. Kaufman and discussed status of assessments; drafted letter to Ms. Phillips (Woodson HS) and requested copies of assessments, pursuant to testimony presented at hearing; conference with paralegal re: letter to DCPS | 1.17 365.00/hr | 427.05 |
| 4/13/2007 | CMM | Discussion with attorney/assisted attorney in sending correspondence with educational evaluation to Woodson HS | 0.08 115.00/hr | 9.20 |

Tony Matthews                                                                    Page    5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2007 | CMM | Drafted letter to parent/enclosed copy of attorney 4-12-07 letter sent to Woodson HS rqst. MDT meeting and status of assessments | 0.58 115.00/hr | 66.70 |
| 4/20/2007 | CMM | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on April 13th; includes copying and mailed | 0.58 115.00/hr | 66.70 |
| | | For professional services rendered | 37.32 | $9,122.00 |
| | | Additional Charges : | | |
| 6/27/2006 | | Postage; letter to parent re: HOD. | | 0.63 |
| | | Facsimile: evaluation referral to Interdynamics. | | 33.00 |
| | | Copied: HOD letter for parent & file. | | 5.00 |
| 8/10/2006 | | Facsimile Received from Interdynamics re: OT | | 8.00 |
| 9/8/2006 | | Facsimile; Notice from Miller MS. | | 2.00 |
| 9/11/2006 | | Facsimile; Letter from Kelly Miller ES | | 2.00 |
| 9/13/2006 | | Facsimile to Kelly Miller MS re: ltr | | 2.00 |
| 9/14/2006 | | copied letter to parent | | 0.50 |
| | | Postage; letter to parent re: case status. | | 0.39 |
| 11/8/2006 | | copied letter to parent | | 0.50 |
| | | Postage; Letter to parent re: evaluations referral | | 0.39 |
| | | Fax evaluation referral to Interdynamics | | 36.00 |
| 12/5/2006 | | Faxed doc to Woodson SHS re: ltr | | 6.00 |
| | | Faxed doc to OMC re: ltr | | 6.00 |
| 12/6/2006 | | Postage; letter to parent | | 0.63 |
| | | copied letter to parent | | 0.50 |
| 12/21/2006 | | Postage; Letter to parent re: Case status. | | 0.39 |
| | | Faxed doc to Woodson SHS re: ltr w/psycho + FBA | | 20.00 |
| | | Faxed doc to OMC re: ltr w/psycho + FBA | | 20.00 |
| | | Faxed doc to OGC re: ltr w/psycho + FBA | | 20.00 |

Tony Matthews                                                                    Page    6

|  |  | Amount |
|---|---|---|
| 12/21/2006 | Faxed doc to Kelly MS re: ltr w/psycho + FBA | 20.00 |
|  | Fax letter with psycho-ed and FBA to WoodsonSHS/OMC/OGC/Kelly MS | 80.00 |
|  | copied letter to parent | 0.50 |
| 1/4/2007 | Postage; Psychiatric evaluation and attorney's letter to parent. | 1.11 |
| 2/7/2007 | Faxed doc to SHO re: HR | 7.00 |
|  | Facsimile; HR to SHO. | 7.00 |
|  | Copied; HR for parent and advocate. | 3.50 |
| 2/13/2007 | Postage: letter to parent re: HR | 0.63 |
|  | copied letter to parent | 0.50 |
| 4/3/2007 | postage letter to parent with hnd | 0.39 |
|  | copied letter to parent | 0.50 |
| 4/4/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
|  | copied disclosure for ogc/sho/atty | 66.00 |
| 4/13/2007 | Rec'd faxed HOD from SHO | 3.00 |
|  | copied HOD | 3.00 |
| 4/19/2007 | Postage; Letter to parent re: case status. | 0.39 |
|  | copied letter to parent | 0.50 |
| 4/20/2007 | **Postage; Letter to parent re: HOD** | 0.39 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | **copied letter to parent** | 0.50 |
|  | Total additional charges | $475.72 |
|  | Total amount of this bill | $9,597.72 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Carolyn Monford, Advocate | 10.35 | 185.00 | $1,914.75 |
| Christopher West, Attorney | 14.25 | 365.00 | $5,201.25 |
| Claudia M.Martinez, Paralegal | 10.64 | 115.00 | $1,223.60 |

Tony Matthews                                                                 Page    7

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Roxanne Neloms, Attorney | 1.50 | 365.00 | $547.50 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   INFORMATION ABOUT THE STUDENT:

Name of the Student: _Tony Matthews __          Date of Birth: _January 17, 1990_

Address: ___ 5225 Clay Street, NE  DC 20019_

Present School of Attendance: _Woodson High School_

    Is this a charter school? No

Parent/Guardian of the Student: Ms. Carol Coleman

Address (if different from the student's above): ___

## B.   Legal Representative/Attorney:

Name: _Christopher West, Esq._

Address: _1220 L Street, NW, Suite 700, Washington DC, 20005_

Phone: (w) 202-742-2003     (Fax) 202-742-2098   (e-mail) ___

1

Will attorney / legal representative attend the resolution session?   **X** Yes        ☐ No

## C.   Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)_____

☐ Parent

## D.   Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

## E.   Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F.   Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

### Nature of the problem.

#### A.   Denial of a Free and Appropriate Public Education – Failure to Comply with the Hearing Officer's Determination, issued June 21, 2006.

Pursuant to the Hearing Officer's Determination, issued June 21, 2006, the District of Columbia Public Schools (DCPS) was ordered to convene a MDT/IEP meeting within fifteen (15) business days of receipt of the last completed evaluation. On December 21, 2006, the parent, through counsel, submitted the following independent evaluations to Woodson High School, Kelly Miller School, the Office of General Counsel and the Office of Special Education: comprehensive psychological evaluation, functional behavior assessment and occupational therapy evaluation. DCPS did not respond.

Tony is a seventeen-year old (17) 9th grader at Woodson High School. He continues to receive failing grades and exhibit behavior deficits in the classroom setting. In violation of the Hearing Office's Determination DCPS has yet to convene an MDT meeting, draft an IEP, provide special education services, and provide an appropriate educational placement.

#### B.   Denial of a Free and Appropriate Public Education For DCPS' Failure to Provide the Recommended Special Education Services.

2

SEID DPCN Rev'd. 7/01/05

Tony is a seventeen (17) year old 9th grader at Woodson High School. Currently, he exhibits academic and behavior deficits in the classroom setting. Pursuant to the Hearing Officer's Determination, issued June 21, 2006, the District of Columbia Public Schools (DCPS) was ordered to convene a MDT/Eligibility/IEP meeting within fifteen (15) business days of receipt of the following completed evaluations: occupational therapy evaluation, comprehensive psychological evaluation and functional behavior assessment.

The WISC IV found Tony's reading composite score significantly below grade level. Specifically, his level of functioning in reading was tested at a 9 year old or that of a 4th grader. The math reasoning and math computation scores found Tony to be functioning between 4th and 5th grade.

In addition, the comprehensive psychological evaluation diagnosed Tony with an emotional disability and recommended the classification of emotionally impaired. Moreover, the assessment recommended individual psychotherapy and special education services to address his academic and behavior deficits. Also, the assessment recommended a behavior intervention plan.

Consequently, Tony continues to receive failing grades and exhibit behavior deficits, however, DCPS has yet to convene the IEP meeting, draft an IEP, draft a behavior intervention plan and provide Tony with the much needed special education services.

## C.    DCPS Failed to Conduct A Vocational Assessment.
Under 34 CFR Sec.300.39(a) of the IDEIA, vocational education is included as a student's special education services. School districts may not ignore disabled student's needs, nor may they await parental demands before providing special instruction." *Reid v. District of Columbia*, 401 F.3d 515, 518 (D.C. Cir. 2005); *see also Branham v. District of Columbia*, 427 F.3d 7,8 (D.C. Cir. 2005).

Tony is a seventeen (17) year old 9th grader at Woodson High School. This student is of age in the District of Columbia to receive vocational education training. However, to date, DCPS has yet to conduct a vocational assessment to determine what vocational services are warranted. Consequently, the parent is requesting that DCPS fund an independent vocational assessment.

## D.    DCPS Failed to Conduct A Speech/Language Evaluation.
Under 34 CFR Sec.300.39(a) of the IDEIA, the school system must conduct a full and individual initial evaluation before the initial provision of special education services.

The parent obtained an independent comprehensive psychological evaluation. Accordingly, the assessment found Tony's (listening comprehension) ability to process language and respond correctly was significantly below age and grade level. Moreover, the psychological evaluation recommended a speech/language evaluation.

Accordingly, on December 21, 2006, the parent submitted correspondence to DCPS providing notice the parent will request a speech/language evaluation evaluation at the MDT meeting. DCPS did not respond. Consequently, the parent is requesting that DCPS fund an independent speech/language assessment.

3

**III.  To the extent known to you at this time, how can this problem be resolved?**

1. Issue a finding DCPS failed to comply with the Hearing Officer's Determination, issued June 21, 2006;

2. That DCPS shall fund an independent vocational assessment and speech/language evaluation;

3. That DCPS shall convene an MDT/IEP/Placement meeting, review current evaluations, draft an IEP, draft a behavior intervention plan, and provide an appropriate educational placement; appropriate IEP:

4. That DCPS fund an independent functional behavior assessment and behavior intervention plan;

5. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq, in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. DCPS shall pay counsel for the parents reasonable attorney's fees;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act, provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

4

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, and respond to the Complainant's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, and allege any insufficiency of the Complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

**H.    Signature/**

_____            February 7. 2007
Legal Representative / Advocate (if applicable)       Date
                    **Mail, fax or deliver this complaint notice to:**

5

SEID DPCN Rev'd. 7/01/05

**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

6

```
        ********************
        ***   TX REPORT   ***
        ********************


  TRANSMISSION OK

  TX/RX NO              2313
  CONNECTION TEL                        94425556
  CONNECTION ID
  ST. TIME             02/07 11:04
  USAGE T              01'03
  PGS. SENT               7
  RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez !+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| ------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------- |
| | | ! DC Bar Special Legal Consultant |
| | | + Admitted in Bolivia |

# FAX COVER SHEET

DATE:        February 7, 2007

TO:          Sharon Newsome, Student Hearing Officer

PHONE:       202-442-5432

FAX NO.:     202-442-5556   ·

FROM:        Christopher West, Esq. / Claudia Martinez, Legal Assistance

SUBJECT:     **Tony Matthews DOB: 1-17-90**

NUMBER OF PAGES INCLUDING COVER SHEET: <u>7</u>

COMMENTS:  Due Process Complaint Notice

# Exhibit D

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**

    | | |
    |---|---|
    | Law Firm: | James Brown & Assoc., PLLC |
    | Attorney: | James Brown |
    | Federal Tax ID No: | 52-1500760 |
    | D.C. Bar No: | 61622 |

2.  **Student Information**

    | | |
    |---|---|
    | Name: | McMillan, Cameron |
    | DOB: | 9/30/89 |
    | Date Hearing Request Filed: | 12/21/06 |
    | Date(s) of Hearing: | 3/16/07 |
    | Date of Determination (HOD/SA): | 3/30/07 |
    | Parent/Guardian Name: | Gracie McMillian |
    | Parent/Guardian Address: | 2701 Robinson Pl., SE, #102 |
    | | Washington, DC 20020 |

3.  **Invoice Information**

    | | |
    |---|---|
    | Invoice Number: | 07-120 |
    | Date Request Submitted: | 4/27/07 |
    | Date(s) of Services Rendered: | 12/14/06 to 4/7/07 |
    | Attorney Hourly Rate: | $ 365.00 |
    | Total Attorney Fees: | $ 5,988.10 |
    | Total Attorney Costs: | $ 296.18 |
    | Total Experts: | $ 847.30 |
    | Total Invoice: | $ 7,131.58 |

4.  **Certification (must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____  4/27/07
    Signature                         Date

    Revised Nov. 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Cameron McMillan  ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: September 30, 1989   ) | |
| ("Student")                         ) | **HEARING OFFICER'S DECISION** |
|                                     ) | |
|     Petitioner,             ) | Hearing Date: March 16, 2007 |
|                                     ) | |
|     v.                      ) | Held at: 825 North Capitol St. NE |
|                                     ) |     Washington, DC |
|                                     ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District")              ) | |
| Attending School: H.D. Woodson SHS) | |
|     Respondent.             ) | |
|                                     ) | |

| | |
|---|---|
| Counsel for Student: | Domiento C.R. Hill, Esq. |
| | 1220 L Street NW  #700 |
| | Washington, DC  20005 |
| | |
| Counsel for DCPS: | Aaron E. Price, Sr., Esq. |
| | Office of General Counsel |
| | 825 North Capitol St. NE |
| | Washington, DC  20002 |

## JURISDICATION:

A Due Process Hearing was convened on March 16, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed December 21, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (CM 1-20 and DCPS 1-2) which were admitted into the record.

## FINDINGS OF FACT [1]:

The student is currently age seventeen (17) and has been determined to be eligible for special education and related services with a disability classification of specific learning disability (SLD). The student attended H.D. Woodson Senior High School (Woodson). (CM 10)

A Hearing Officer's Determination (HOD) was issued on November 28, 2006, which required DCPS to convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting within fifteen (15) school days of the issuance of the HOD to discuss and determine the student's placement. Consequently, the MDT meeting was to be convened on or before December 22, 2006. (CM 5)

The student has had a severe attendance problem and does not usually attend class although he does usually show up to school. He often hangs out in the hallways of the school. The student is not certain of the all the classes he is supposed to attend or the name of all his teachers. (Student's testimony)

On December 11, 2006, the student was suspended from school for admittedly being under the influence of a controlled substance while at school. The student has a drug use problem that he is currently under probation for in DC Superior Court. (Student's testimony, CM 7, 9)

The student's most recent psychological evaluation was conducted in August 2005 when he was about to turn age sixteen his reading abilities was at the first grade level and math abilities at the fourth grade level. (CM 12).

On December 14, 2006, the parent's counsel notified DCPS that it had not yet complied with the HOD by convening the MDT meeting. (CM 6)

On February 26, 2007, Woodson's special education coordinator, Ms. Katie Philips, sent the parent's counsel a letter of invitation to convene the MDT meeting. The dates offered were March 8, 9, 12, 2007. (DCPS 2)

The student's educational advocate, Mr. Kevin Carter, did not have any direct communication with Ms. Philips prior to the letter of invitation being sent. (Mr. Carter's testimony)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

## ISSUE(S): [2]

Did DCPS deny the student FAPE by failing to comply with the November 28, 2006, HOD and not convening the MDT meeting to determine the student's placement?

## CONTENTIONS OF THE PARTIES:[3]

The parent's counsel asserted the following:

1. The complaint alleges a denial of FAPE and the Hearing Officer has jurisdiction to adjudicate the complaint.
2. DCPS has yet to convene the MDT meeting and the student's vocational assessment and placement needs to be reviewed.

DCPS counsel asserted the following:

1. There is no jurisdiction for the Hearing Officer to consider an allegation of a violation of a HOD.
2. The appropriate enforcement mechanism is through the state enforcement office or through the federal court.
3. There is no other remedy the Hearing Officer can grant other than what as already been granted in the prior HOD.

## CONCLUSIONS OF LAW:

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA § 1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [4] In this case the parent is seeking relief and has the burden of proof that the action

---

[2] The alleged violations and/or issues raised in the complaint may or may/not directly correspond to the issues outlined here. However, the issues listed here were reviewed during the hearing and clarified and agreed to by the parties as the issues to be adjudicated.

[3] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

[4] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

3

and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [5]

Did DCPS deny the student FAPE by failing to comply with the November 28, 2006, HOD and not convening the MDT meeting to determine the student's placement? Conclusion: The parent's counsel sustained the burden of proof.

The Hearing Officer concludes that he has jurisdiction to decide a due process complaint that alleges a violation of a HOD particularly if the substance of the complaint is an alleged denial of FAPE. In this instance, based upon the evidence that DCPS has yet to convene the student's MDT meeting to review his evaluations and re-determine his placement the Hearing Officer concludes the student's has been denied FAPE.

**ORDER:**

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, if has not already done so since the due process hearing, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, determine if additional evaluation are warranted including a vocational assessment, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan for the MDT meeting not being held timely.

2. DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

---

[5] Although the DC Board of Education has finalized rulemaking placing the burden of proof on the individual/entity filing the complaint and seeking relief, that rulemaking was not in effect at the time this complaint was filed.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: March 30, 2007**

Issued: 3/30/07

## In the MATTER OF Cameron McMillan V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| CM 1-20 | Parent's Disclosures | Yes |
| DCPS 1-2 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

6

(In the Matter of CM  HOD: March 30, 2007)

**In the MATTER OF Cameron McMillan V. DCPS**

**RECORD OF PROCEEDING**

| DATE | DESCRIPTION |
|---|---|
| 12/21/07 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 1/23/07 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

7

# INDEX OF NAMES

## In the MATTER OF Cameron McMillan V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Katie Philips |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | Mr. Cameron McMillan |
| Child's Parent(s) (specific relationship) | Ms. Grace A. McMillan (Mother) |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Aaron E. Price, Sr., Esq. |
| Parent's Educational Advocate | Mr. Kevin Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

8

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
# STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: MARCH 30, 2007

TO: Domiento C.R. Hill

FROM: STUDENT HEARING OFFICE

RE: Cameron McMillan

TOTAL NUMBER OF PAGES, INCLUDING COVER: 9

COMMENTS:

*CONFIDENTIALITY NOTICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Huff, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Cameron McMillan
DOB: 9/30/89




April 16, 2007

In Reference To:  Cameron McMillan
                  DOB: 9/30/89

Invoice #12414


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2006 | DH | Draft and file notice of noncompliance with the Executive Director of the DCPS Office of Compliance and Dispute Resolution. | 0.25 365.00/hr | 91.25 |
| 12/15/2006 | DH | Draft and send notice of noncompliance to DCPS. | 0.17 365.00/hr | 62.05 |
| 12/21/2006 | DH | Review the student's educational file to determine DCPS' compliance with the order of the impartial due process hearing officer, discussion with the parent and educational advocate to determine DCPS compliance, draft and file administrative due process complaint notice after conducting educational research to determine remedies available to the parent. | 2.00 365.00/hr | 730.00 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| 12/26/2006 | KD | Drafted letter to parent/enclosed copy of Atty's 12-14-06 Ltr to DCPS re HR to be filed/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
|  | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.17 115.00/hr | 19.55 |
| 12/29/2006 | KD | Drafted case status letter to parent/copy to file/added to case notes | 0.17 115.00/hr | 19.55 |
| 1/3/2007 | DH | Discussion with the mother regarding the student's suspension. | 0.25 365.00/hr | 91.25 |

Cameron McMillan                                                                                              Page    2

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 1/22/2007 KC | Phone call from Ms. McMillan regarding missed attendance sheets from HD Woodson. Writer comitted to contacting Ms. Phillips (Sped. Coordinator at Woodson) and ask that attendance slips be forwarded to this office.  Student requires  attendance slips for court (probation.) | 0.58 185.00/hr | 107.30 |
| 1/26/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 2/8/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
| DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing, give to paralegal for their completion. | 1.00 365.00/hr | 365.00 |
| 2/14/2007 DH | Prepare for the student's administrative due process hearing be reviewing the student's educational file, reviewing the parent's and DCPS' five-day disclosures, prepare questions for direct examination of parent witnesses, and possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation with the mother and educational advocates for the upcoming due process complaint notice hearing. Hearing was continued by DCPS until 3/16/07. | 2.00 365.00/hr | 730.00 |
| 2/23/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes and Desk Calendar | 0.25 115.00/hr | 28.75 |
| 2/26/2007 DD | Reviewed the students file for upcoming meeting | 1.50 185.00/hr | 277.50 |
| 2/27/2007 DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.33 365.00/hr | 120.45 |
| 3/2/2007 DH | Call to the mother's home to discussion the status of the student's case and to get permission to speak with court appointed attorney regarding her case.( 10:30 A.M. left message with woman, possible grandmother at the home). | 0.08 365.00/hr | 29.20 |
| 3/9/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 0.50 115.00/hr | 57.50 |
| DH | Review the student's educational file, prepare and send five-day disclosures to the DCPS Office of the General Counsel and the DCPS Office of Student Hearings. | 1.00 365.00/hr | 365.00 |
| 3/15/2007 DH | Conduct preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting educational issues in the case regarding, inter alia, DCPS' noncompliance with the most recent hearing officer's determination, prepare questions for direct of | 3.00 365.00/hr | 1,095.00 |

Cameron McMillan

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | parent witnesses, prepare questions for possible cross examination of DCPS witnesses, review parent's and DCPS' five-day disclosures, conduct witness preparation for the student's hearing, and prepare opening and closing statements for the student's administrative due process hearing. | | |
| 3/16/2007 | DH | Conduct final preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting final educational issues in the case regarding DCPS' noncompliance with the hearing officer's decision, review opening and closing statements for the student's administrative hearing, review questions for direct of parent witnesses, review questions for possible redirect of DCPS witnesses, review parent's and DCPS' five-day disclosures, and appearance at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
|  | KC | Appearance at 825 North Capital for due process hearing | 2.00 185.00/hr | 370.00 |
|  | KC | Prepared for Due Process Hearing | 0.50 185.00/hr | 92.50 |
| 3/17/2007 | DH | Draft and send letter to Ms. Phillips, Special Education Coordinator, at Woodson SHS. | 0.25 365.00/hr | 91.25 |
| 3/28/2007 | DH | Draft and send letter to DCPS responding to Letter of Invitation and reevaluations. | 0.25 365.00/hr | 91.25 |
| 3/30/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
|  |  | For professional services rendered | 22.66 | $6,835.40 |
|  |  | Additional Charges : | | |
| 12/14/2006 | | Facsimile; Notice to OMC. | | 2.00 |
| 12/21/2006 | | Facsimile; HR to SHO. | | 8.00 |
|  |  | Messenger Service to and from DCPS (Due Process Complaint) | | 20.00 |
|  |  | copied HR | | 7.00 |
| 12/26/2006 | | Postage; HR-Complaint notice and Attorney's letter to parent. | | 0.63 |
|  |  | copied letter to parent and advocate | | 1.50 |
|  |  | copied letter to parent and advocate | | 4.00 |
| 12/29/2006 | | Postage; Letter to parent re: Case status. | | 0.39 |

Cameron McMillan                                                                    Page     4

|  | Amount |
|---|---|
| 12/29/2006 Made copies for file re: case status | 0.25 |
| 1/26/2007 Postage; HN to parent. | 0.39 |
| Copied; HN and CVR w/letter for parent and advocate. | 1.00 |
| 2/8/2007 Copied doc for OGC re: 5 day | 18.50 |
| Copied doc for SHO re: 5 day | 18.50 |
| Messenger Service to and from DCPS (5 day disclosure) | 20.00 |
| 2/23/2007 Postage; Revised HN w/letter to parent. | 0.39 |
| Copied; Revised HN w/letter for parent and advocates. | 1.50 |
| 3/9/2007 copied disclosures | 37.50 |
| Messenger Service to and from DCPS (5 day) | 20.00 |
| 3/16/2007 Parking at DCPS for hearing | 8.00 |
| Taxi Service to DCPS for hearing (attorney) | 8.00 |
| 3/17/2007 Faxed doc to Woodson SHS re: ltr | 2.00 |
| 3/30/2007 Rec'd faxed HOD from SHO | 9.00 |
| copied HOD | 9.00 |
| 4/6/2007 Copied documents HR | 1.75 |
| File review preparation of bill and invoice audit | 96.88 |
| Total additional charges | $296.18 |
| Total amount of this bill | $7,131.58 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 14.58 | 365.00 | $5,321.70 |
| Donte Davis, Advocate | 1.50 | 185.00 | $277.50 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Kelly Dau, Paralegal | 2.59 | 115.00 | $297.85 |
| Kevin Carter, Advocate | 3.08 | 185.00 | $569.80 |



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student:  <u>Cameron McMilliam</u>   Date of Birth: <u>September 30th, 1989</u>

Address:  <u>2701 Robinson Place, SE #102, Washington, DC 20020</u>

Present School of Attendance: <u>H.D. Woodson Senior High School</u>

Parent/Guardian of the Student:  <u>Ms. Gracie McMillian</u>

Parent/Guardian of the Student: ___Ms. Gracie McMillian___

**B.** <u>**Legal Representative/Attorney (if applicable):**</u>

Name: ___Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?  **X** Yes  ☐ No

**C.** <u>**Complaint Made Against (check all that apply):**</u>

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one) _____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

**D.** <u>**Resolution Session Meeting Between Parent and LEA:**</u>

**X** I wish to waive the Resolution Session Meeting.

**E.** <u>**Mediation Process:**</u>

I am requesting an administrative due process hearing <u>only</u> at this time.

**F.** <u>**Facts and Reasons for the Complaint:**</u>

**I.  Nature of the Problem.**

**A. <u>DCPS Denied the Student with a Free and Appropriate Public Education – By Failing to Comply with the Impartial Due Process Hearing Officer's Settlement Order Issued on or about November 28, 2006, and do, *Inter Alia*, Reconvene the Student's MDT/IEP Meeting within fifteen (15) school days.</u>**

1. An administrative due process hearing was held for the student on or about November 28, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about November 28, 2006, issued an impartial due process hearing officer's decision in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, within fifteen (15) school days of the issuance of the HOD to develop a current IEP for the student and discuss and determine placement. <u>See</u> Order dated November 28, 2006.

2.  The Order went on to state that the MDT Team, at the student's MDT/IEP Meeting would also discuss the scheduling of the student's vocational assessment. Id.

3.  To date, the student's MDT/IEP Meeting has yet to be reconvened, nor has DCPS discussed the student's vocational assessment.

**B.  The Student, as a result of DCPS' noncompliance with the most recent Impartial Due Process Hearing Officer's Decision of November 30, 2006, as well as DCPS' Delays in Providing the Student with his Necessary Special Education Instruction, Entitles the Student to Receive Compensatory Education Services.**

4.  The parent re-alleges paragraphs 1-3.

5.  According to the <u>Blackman, et al., v. District of Columbia, et al.,</u> 2006 WL 2456413 (D.D.C), Consent Decree [there] exists a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." As a result thereof, the Consent Decree establishes a right to those students to receive compensatory education. "Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. <u>See, e.g.,</u> <u>Manchester Sch. Dist. v. Christopher B.,</u> 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In <u>Manchester,</u> the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, because DCPS failed to comply with several administrative orders and settlement agreements, the most recent one being issued on or about November 30,

2006, as well as for the delays in reviewing the student's evaluations, and revising the student's IEP as necessary, entitles the student to receive compensatory education.

## II. Issues presented.

1. DCPS Failed to Comply with the November 28, 2006 Order of the impartial due process hearing officer; and

2. The student, as a result of DCPS' noncompliance with several administrative orders and settlement agreements, the most recent one being issued on November 28, 2006, is entitled to compensatory education.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the November 28, 2006 Order of the impartial due process hearing officer;

2. DCPS, on an interim basis, agrees to place and fund the student, with transportation, at the Rock Creek Academy, the Phillips School of Laurel, the Sunrise Academy; the Monroe School, or other appropriate program;

3. DCPS agrees to fund the parent's independent educational, functional behavior assessment, vocational assessment, and any other evaluation the student may require;

4. DCPS, within five (5) business days upon receipt of the last of the student's evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, and discuss and determine placement;

5. DCPS agrees to provide the student with compensatory education, in the form of one-on-one tutoring, four (4) years of compensatory education, for four (4) hours a week, which shall be incorporated into the student's IEP;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without

further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq. via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later

date and time;

14.     That DCPS, pursuant to the Individuals with Disabilities Education
        Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B),
        within fifteen (15) calendar days of receiving the parent's administrative due
        process complaint, shall contact the parent's representative, in writing, via
        facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a
        Resolution Session Meeting;

15.     That DCPS, pursuant to the Individuals with Disabilities Education
        Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B),
        convene the Resolution Session Meeting, with the parent, the parent's
        representative, and all necessary/relevant members of the student's
        MDT/IEP Team that have specific knowledge about the child and the facts
        contained in the complaint;

16.     That DCPS' failure to timely schedule and convene the Resolution Session
        Meeting within the timeframe identified according to the Individuals with
        Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446,
        Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent
        to have such meeting and the forty-five (45) days timeline to schedule the
        student's administrative due process hearing and receive a timely decision will
        begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS
        Office of Student Hearings, by the parent's counsel; and

17.     A finding that the parent is the prevailing party in this action.

## G.     Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session
Meeting/Mediation Conference/Due Process Hearing.

## G.     Signature:

_____     12/20/06
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

6

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0767
RECIPIENT ADDRESS     92024425556
DESTINATION ID
ST. TIME              12/21 09:08
TIME USE              01'04
PAGES SENT            7
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Covington

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**     Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  December 21, 2006

**FAX NO:** 202-442-5556

**SUBJECT:** C. McMilliam, DOB: 9/30/89

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit E



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:               James Brown & Assoc., PLLC
   Attorney:               James Brown
   Federal Tax ID No:      52-1500760
   D.C. Bar No:            61622

2. **Student Information**
   Name:                       Washington, Muhammad
   DOB:                        1/8/95
   Date Hearing Request Filed: 2/5/07
   Date(s) of Hearing:         4/11/07
   Date of Determination (HOD/SA): 4/13/07
   Parent/Guardian Name:       Sheila Washington
   Parent/Guardian Address:    3677 Jay St., NE #101
                               Washington, DC 20019

3. **Invoice Information**
   Invoice Number:          07-127
   Date Request Submitted:  4/27/07
   Date(s) of Services Rendered: 10/11/05 to 4/11/07
   Attorney Hourly Rate:    $      365.00
   Total Attorney Fees:     $   10,853.15
   Total Attorney Costs:    $      659.77
   Total Experts:           $    1,076.70
   Total Invoice:           $   12,589.62

4. **Certification (must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____    4/27/07
   Signature                           Date

                                            Revised Nov. 2006

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION
### SPECIAL EDUCATION DUE PROCESS HEARING
### CONFIDENTIAL

Seymour DuBow, Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
(202) 442-5432; (202) 442-5556 (fax)

## HEARING OFFICER'S DETERMINATION

In the Matter of )

Muhammad Washington, student )
Date of Birth: 1/8/95 )

    Petitioner, )

    v. )

The District of Columbia Public Schools )

    Respondent )

DATE OF HEARING:
April 11, 2007

Attending School:
North Spring Healthcare Inc.

Counsel for Parent/Student:

Roberta Gambale, Esq.
1220 L Street, N.W.
Washington, D.C. 20005

Counsel for DCPS:

Tiffany Puckett, Esq.
825 N. Capitol Street, N.E.,
Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on April 11, 2007, at the request of Roberta Gambale, counsel for the parent and the student. Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

1.    Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to provide a step-down placement for the student?

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

MW-1-MW-18

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

DCPS-1

**TESTIFIED AT THE HEARING:**

| | |
|---|---|
| Michele Meyers* | Case Manager |
| Tammy Johnston* | Therapist |
| Sheila Washington | Legal Guardian |
| David Clarke* | Admissions Director, High Road School |
| Corey Hamilton | Educational Advocate |
| (* Testified by telephone) | |

**FINDINGS OF FACT:**

1.    The student is currently attending North Spring Behavioral Healthcare, Inc., a private full-time residential facility in Leesburg, Virginia. The

2

student is funded at this placement by DCPS. The student was placed at this facility in January 2006. The student is receiving educational benefits at North Spring. (Testimony of Ms. Washington, Ms. Meyers)

2.  On February 2, 2007, counsel for the student wrote to DCPS's Office of Residential Placements requesting a meeting to review the student's IEP and identify a full-time day therapeutic program. The letter also indicated that the social worker informed her that the student is ready to begin discharge process as soon as an alternate full-time placement is identified. (MW-5)

3.  On February 5, 2007, counsel for the student filed this due process complaint. (MW-2)

4.  On February 9, 2007, North Spring Behavioral Healthcare wrote a letter to counsel for the student recommending for planning of discharge of the student from North Spring. The letter signed by his case manager, therapist and doctor stated that upon discharge the student will continue to require a strong support system and recommended he receive his education in a therapeutic day school.(MW-7) The case manager's understanding was that this letter to counsel would result in counsel taking the steps in contacting DCPS to arrange for the student's discharge. North Spring did not contact DCPS. (Testimony of Ms. Meyers)

5.  Mr. Hamilton testified he first contacted the DCPS Residential Placement Office in August 2006 about the need for a meeting to discuss discharge steps. (Testimony of Mr. Hamilton)

6.  The student has been accepted at High Road Middle School of Washington. (MW-17) The High Road School can provide a full-time therapeutic day program with specialized instruction taught by a certified special education teacher in a class with six to eight students. The High Road School has a point system reward behavioral plan and has four clinically licensed social workers on staff. (Testimony of Mr. Clarke) The High Road Middle School offers a program that is reasonably calculated to provide educational benefits and is an appropriate placement.

7.  DCPS has not convened a meeting to discuss a step-down IEP and placement for this student upon discharge from North Spring.

## DISCUSSION AND CONCLUSIONS OF LAW:

Counsel for the student's complaint is that DCPS has not convened a meeting to develop a step down IEP and identify an alternative placement. Counsel for the parent wrote DCPS a letter on February 2, 2007 requesting a meeting to discuss an alternative setting for the student because of discharge from his residential placement. Three days

3

later, counsel filed this due process complaint.  On February 9, 2007 North Spring sent a letter to counsel for the parent informing her that the student was ready for discharge and alternative day therapeutic program was recommended.  While DCPS has not responded to the written request of February 2 2007, it did agree at the resolution meeting on this complaint held on February 27, 2007 to convene an MDT meeting within 20 school days for a step-down IEP meeting and identify a full-time therapeutic program upon release from the residential treatment placement.  Counsel for the student did not accept this resolution.  To this date, DCPS has not convened a step-down IEP meeting or identified an alternative full-time day therapeutic program.

The student is attending a private full-time therapeutic residential special education program at North Spring Behavioral Healthcare in Leesburg, Virginia that is funded by DCPS.  Counsel for the parent has not provided any evidence that the student is denied educational benefits in that program.  In *Kingsmore v. District of Columbia*, No. 05-7156, (September 29, 2006), The U.S. Court of Appeals for the District of Columbia has recently reiterated that procedural violations of IDEA that are harmless do not deny a FAPE.: "this Court joined the majority of other circuits in ruling that a claim based on a violation of IDEA's procedural requirements 'is viable only if those procedural violations affected the student's substantive rights.' *Lesesne v. District of Columbia*, 447 F.3d 828, 834 (D.C. Cir. 2006) This Court denied relief to the plaintiff in *Lesesne* because she failed to demonstrate 'that [the student's] education was affected by any procedural violations DCPS might have committed.' *Id.* The *2004 Improvement Act* and its Regulation at *34 C.F.R. Section 300.513* requires that "In matters alleging a procedural violation, a hearing officer may find that a child did not receive a FAPE only if the procedural inadequacies – (i) Impeded the child's right to a FAPE; (ii) Significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child; or (iii) Caused a deprivation of educational benefit."  None of those conditions have been met here.

The failure of DCPS to identify a day therapeutic placement has not resulted in a denial of a FAPE to this date since the student continues to receive educational benefits at North Spring.  This hearing officer concludes, however, that it is in the best interest of the student that an alternative day placement be found for this student who has been ready for discharge from North Spring since February 9th 2007.  This hearing officer has found that High Road Middle School of Washington is an appropriate placement for the student.  (See Findings of Fact #6)

It is hereby **ORDERED** that:

**DCPS shall place and fund the student at High Road Middle School of Washington from his date of enrollment including transportation.**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: April 13, 2007

Date Issued: 4|13|07

5

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: April 13, 2007

TO: Roberta Gambale

FROM: STUDENT HEARING OFFICE

RE: Muhammad Washington

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Muhammed Washington

April 25, 2007

In Reference To:  Muhammed Washington
Invoice #12458

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/11/2005 | YA | Phone call to Whisper Ridge regarding referral for placement | 0.25 115.00/hr | 28.75 |
|  | YA | Prepared and sent placement packages to Whisper Ridge Behavior Center | 1.00 115.00/hr | 115.00 |
| 10/14/2005 | RG | Conference with parent to folow up on student | 0.33 365.00/hr | 120.45 |
|  | YA | Filed back disclosure documents, placement documents and organize misfile documents from hearing held on October 7, 2005 | 1.00 115.00/hr | 115.00 |
|  | YA | Draft letter to parentre, Educational Evaluation | 0.58 115.00/hr | 66.70 |
| 10/21/2005 | YA | Phone call from parent re, incident at school | 0.25 115.00/hr | 28.75 |
| 10/28/2005 | RG | Discussion with Whisper Ridge | 0.25 365.00/hr | 91.25 |
| 11/2/2005 | YA | Draft letter to Office of General Counsel re, Hearing Officer's Determination | 0.17 115.00/hr | 19.55 |
| 11/3/2005 | YA | Telephone call to DCPS school staff re, placement | 0.17 115.00/hr | 19.55 |
|  | YA | Draft letter to Special Education, DCPS | 0.25 115.00/hr | 28.75 |

Muhammed Washington                                                                        Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/3/2005 | YA | Draft letter to Department of Special Education and Mediation and Compliance | 0.42 115.00/hr | 48.30 |
| 11/16/2005 | RG | Conference with parent re: status and conference with the school | 0.33 365.00/hr | 120.45 |
|  | RG | Prepared and file due process hearing request to DCPS | 2.00 365.00/hr | 730.00 |
|  | YA | Assisted attorney iwith complaint for hearing to Student Hearing Office | 0.58 115.00/hr | 66.70 |
|  | YA | tickled resolution meeting | 0.17 115.00/hr | 19.55 |
| 11/21/2005 | MM | Reviewed hr dated 11/16/05 | 0.25 185.00/hr | 46.25 |
| 11/23/2005 | MM | File review and developed  monthly case status report and developed a status report and documented the  most recent information and devleopments on the case. | 0.33 185.00/hr | 61.05 |
| 11/30/2005 | RG | Conference with parent | 0.58 365.00/hr | 211.70 |
|  | RG | Appearance to 825 North Capital for DRS | 2.00 365.00/hr | 730.00 |
| 12/1/2005 | RG | Discussion with Dr. Trout re: medical information needed | 0.25 365.00/hr | 91.25 |
| 12/2/2005 | RG | Discussion with Whisper Ridge | 0.25 365.00/hr | 91.25 |
| 12/5/2005 | RG | Discussion with admin coordinator at WR re: medical info obtained from DR. and status on IPCP | 0.25 365.00/hr | 91.25 |
|  | YA | Draft letter to Whisper Ridge enclosed medical records | 0.42 115.00/hr | 48.30 |
| 12/6/2005 | YA | File Review and sent letter to parent/student | 0.17 115.00/hr | 19.55 |
|  | YA | Drafted letter to parent re, Hearing Date Notice | 0.58 115.00/hr | 66.70 |
|  | RG | Discussion with CFSA | 0.25 365.00/hr | 91.25 |
| 12/7/2005 | RG | Conference with parent; call to R Pappy ICPC | 0.50 365.00/hr | 182.50 |

Muhammed Washington                                                                                      Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/12/2005 | RG | Discussion with Vn Pool at CFSA and letter to CFSA | 0.58<br>365.00/hr | 211.70 |
| 12/19/2005 | MM | Conference with parent | 0.33<br>185.00/hr | 61.05 |
|  | YA | Assisted attorney with letter and placement documents to DCPS | 0.42<br>115.00/hr | 48.30 |
|  | YA | Drafted letter to parent re, Hearing Date Notice | 0.58<br>115.00/hr | 66.70 |
| 12/29/2005 | MM | File review and developed  monthly case status report | 0.50<br>185.00/hr | 92.50 |
| 1/4/2006 | RG | Conference with parent; discussion with Whisper Ridge about start date | 0.50<br>365.00/hr | 182.50 |
| 1/5/2006 | YA | Prepared and sent to DCPS a withdrawal of hearing request to Student Hearing Office and Office of General Counsel | 0.58<br>115.00/hr | 66.70 |
| 1/6/2006 | RG | Reviewed and discussion with YA re: follow up | 0.25<br>365.00/hr | 91.25 |
| 1/10/2006 | RG | Conference with parent- call and returned call; instruct YA | 0.33<br>365.00/hr | 120.45 |
| 1/17/2006 | MM | Reviewed information for mdt | 0.50<br>185.00/hr | 92.50 |
| 1/19/2006 | RG | Discussion with WR re: status | 0.25<br>365.00/hr | 91.25 |
| 1/20/2006 | MM | Conference with parent | 0.33<br>185.00/hr | 61.05 |
| 2/8/2006 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 2/17/2006 | RG | Conference with parent; IEP meeting via telecofnerence and discussion with WR prior to meeting | 1.00<br>365.00/hr | 365.00 |
| 2/27/2006 | RG | Reviewed meeting notes from 2/06 meeting at Whisper Ridge. | 0.33<br>365.00/hr | 120.45 |
| 4/11/2006 | RG | Conference with parent Sheila Washington re: transportationand status; call to SW at WR and return call to parent | 0.58<br>365.00/hr | 211.70 |
| 4/12/2006 | RG | Conference with parent; discussion with socal worker; return call to parent | 0.50<br>365.00/hr | 182.50 |

Muhammed Washington                                                                 Page      4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/26/2006 RG | Discussion with WR re: dental Appointment | 0.25<br>365.00/hr | 91.25 |
| 7/6/2006 RG | Drafted letter to DCPS re: release date from WRTC; letter to parent; memo to advocate | 1.00<br>365.00/hr | 365.00 |
| 8/10/2006 CH | call - DCPS Erika Gray regarding Muhuammad Washington | 0.08<br>185.00/hr | 14.80 |
| 9/14/2006 RG | Conference with parent | 0.50<br>365.00/hr | 182.50 |
| 11/20/2006 RG | Conference with parent - telephone call re: concerns that MW is schizophrenic | 0.33<br>365.00/hr | 120.45 |
| 11/22/2006 RG | Conference with parent re: recent incident and health concerns | 0.33<br>365.00/hr | 120.45 |
| 11/29/2006 YA | photocopy evaluation for advocate and file | 0.33<br>115.00/hr | 37.95 |
| 1/31/2007 RG | Discussion with Beh Springs | 0.33<br>365.00/hr | 120.45 |
| 2/2/2007 YA | Discussion with the child's attorney | 0.08<br>115.00/hr | 9.20 |
| YA | Assist attorney with letter to Whisper Ridge Behavior Center | 0.33<br>115.00/hr | 37.95 |
| YA | Assist attorney with letter to Breona Harrison, Residential Placement DCPS and Mediation and Compliance | 0.42<br>115.00/hr | 48.30 |
| RG | Began to prepar due process hearing request to DCPS to address placement | 2.00<br>365.00/hr | 730.00 |
| 2/5/2007 JEB | Examined and certified hearing request filed by attorney | 0.58<br>405.00/hr | 234.90 |
| YA | Assisted attorney in preparation of request for hearing to the Student Hearing Office | 0.33<br>115.00/hr | 37.95 |
| RG | Prepared and file due process hearing request to DCPS- revise complaint and file | 0.42<br>365.00/hr | 153.30 |
| 2/6/2007 YA | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on (February 5, 2006); includes copying complaint and mailed | 0.58<br>115.00/hr | 66.70 |
| RG | Conference with parent re: complaint and status | 0.33<br>365.00/hr | 120.45 |

Muhammed Washington                                                                                          Page    5

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/7/2007 | YA | Prepared placement packet to Pathway School includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents/faxed) | 0.75 115.00/hr | 86.25 |
|  | YA | Prepared placement packet to High Roads includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents/faxed) | 0.75 115.00/hr | 86.25 |
|  | YA | Prepared placement packet to Accotink Academy includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents/faxed) | 1.00 115.00/hr | 115.00 |
|  | YA | Prepared placement packet to Sunrise  Academy includes reviewing file, retrieving evaluations, IEP , school records and draft letter; (copied and mailed documents/faxed) | 0.75 115.00/hr | 86.25 |
| 2/12/2007 | YA | Tickled resolution meeting deadline | 0.17 115.00/hr | 19.55 |
|  | CH | Phone call from mom in regards to receiving documents from school | 0.17 185.00/hr | 31.45 |
| 2/20/2007 | CH | Phone call from mom regarding transportation and call to DCPS | 0.17 185.00/hr | 31.45 |
| 2/21/2007 | YA | Phone call to parent to confirm attendance to resolution meeting | 0.17 115.00/hr | 19.55 |
| 2/27/2007 | YA | Phone call to parent regarding the meeting | 0.17 115.00/hr | 19.55 |
|  | RG | Attended Resolution meeting at 825 | 1.00 365.00/hr | 365.00 |
|  | YA | Draft letter to the Office of Residential with copy of the IEP and Evaluations | 0.42 115.00/hr | 48.30 |
| 3/20/2007 | YA | Conference with Admission Coordinator, High Road regarding status of placement | 0.25 115.00/hr | 28.75 |
|  | YA | Drafted letter to parent with copy of the response from placement referral | 0.42 115.00/hr | 48.30 |
| 3/22/2007 | YA | Conference with admission coordinator from The Pathway School regarding status | 0.25 115.00/hr | 28.75 |
|  | YA | Phone call from admission coordinator requesting additional documents to review for placement consideration | 0.17 115.00/hr | 19.55 |
| 3/23/2007 | RG | Reviewed and call from/to parent | 0.33 365.00/hr | 120.45 |

Muhammed Washington

Page    6

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 3/26/2007 | YA | Conference with parent regarding the status of visitation of private placement | 0.25<br>115.00/hr | 28.75 |
| 3/29/2007 | YA | Review and draft letter to parent with a copy of the due process hearing notice date sent on March 26, 2007 by the Student Hearing Office for due process hearing on (date); includes copying and mailed | 0.58<br>115.00/hr | 66.70 |
| 4/2/2007 | CH | Reviewed complaint, prior meeting notes, correspondence between advocate and call to DCPS to follow up on placement meeting | 0.33<br>185.00/hr | 61.05 |
| 4/3/2007 | YA | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 2.00<br>115.00/hr | 230.00 |
| | RG | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |
| 4/4/2007 | YA | Conference with case manager, North Spring Behavior Healthcare | 0.33<br>115.00/hr | 37.95 |
| | YA | Conference with Admission, High Road regarding hearing | 0.33<br>115.00/hr | 37.95 |
| | YA | Phone call to Pathways School regarding hearing | 0.17<br>115.00/hr | 19.55 |
| | YA | Sent out Disclosure to DCPS | 0.33<br>115.00/hr | 37.95 |
| 4/9/2007 | RG | Conference with parent | 0.17<br>365.00/hr | 62.05 |
| 4/10/2007 | RG | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |
| | CH | Prepared for Due Process Hearing | 1.00<br>185.00/hr | 185.00 |
| 4/11/2007 | RG | Appearance to 825 North Capital for due process hearing and post hearing discussion with parties | 2.00<br>365.00/hr | 730.00 |
| | CH | Appearance to 825 North Capital for due process hearing | 1.83<br>185.00/hr | 338.55 |
| | | For professional services rendered | 48.45 | $11,929.85 |

Muhammed Washington                                                                              Page    7

Additional Charges :

|  |  | Amount |
|---|---|---|
| 10/10/2005 | Facsimile Received from DCPS; HOD | 8.00 |
|  | Facsimile Received from DCPS; HOD | 8.00 |
|  | Copied documents; HOD | 6.00 |
| 10/11/2005 | Postage; letter to parent re: HOD. | 0.60 |
|  | Copied hearing officer determination+ status letter to parent | 1.25 |
|  | Copied status letter to parent+HOD | 2.00 |
| 10/14/2005 | Postage; letter to parent re: educational | 0.83 |
|  | Copied: educational evaluation for parent. | 0.25 |
| 11/2/2005 | Facsimile HOD to DCPS | 5.00 |
| 11/4/2005 | Postage; letter to parent re: case status. | 0.37 |
| 11/16/2005 | Postage; letter to parent re: HR. | 0.60 |
|  | Copied: HR letter for parent and advocate. | 4.75 |
| 11/30/2005 | Sedan taxi service to and from resolution meeting at DCPS. | 16.00 |
| 12/5/2005 | Facsimile: medical records to Whisper Ridge. | 14.00 |
| 12/6/2005 | Postage; letter to parent | 0.37 |
| 12/19/2005 | Facsimile placement documents to D.counsel | 21.00 |
|  | Facsimile placement documents for van pool. | 21.00 |
|  | Copied placement documents for parent/adv. | 11.50 |
|  | Copied letter and HDN for parent/ adv. | 1.00 |
| 12/20/2005 | Postage; letter to parent re: HDN placement doc. | 0.83 |
| 1/5/2006 | Facsimile withdrawal letter to SHO,OGC. | 2.00 |
| 2/7/2006 | Facsimile Received from DCPS re: HOD. | 4.00 |
| 7/6/2006 | Postage; letter to parent. | 0.39 |
| 7/20/2006 | Facsimile: placement letter to Whisper Ridge. | 2.00 |

Muhammed Washington                                                                Page     8

|  |  | Amount |
|---|---|---|
| 7/28/2006 | Copied: letter for parent re: placement. | 0.25 |
| 11/29/2006 | Copied; Evaluation for parent. | 4.00 |
| 12/7/2006 | Made copies for parent re: ltr | 0.50 |
| 2/2/2007 | copied letter to parent and advocate re: placement status | 2.00 |
|  | Faxed doc to Whisper Ridge re: placement status | 2.00 |
|  | Faxed doc to DCPS re: placement status | 2.00 |
|  | Faxed doc to Mediation + Compliance re: placement status | 2.00 |
| 2/5/2007 | Copied; HR for parent and advocate. | 4.00 |
| 2/6/2007 | Postage; letter to parent | 0.87 |
|  | Copied doc for parent re: HR | 0.25 |
| 2/7/2007 | Faxed doc to Pathways re: referral | 60.00 |
|  | Faxed doc to High Roads re: referral | 60.00 |
|  | Faxed doc to Sunrise re: referral | 60.00 |
|  | Faxed doc to Accotink re: referral | 60.00 |
| 2/27/2007 | Fax IEP and evals to Office of Residential | 34.00 |
| 3/20/2007 | postage letter to parent responce from school placement. | 0.39 |
|  | copied letter to parent | 0.50 |
| 3/29/2007 | postage letter to parent re: HDN | 0.39 |
|  | copies for parents HDN and letter | 0.50 |
| 4/4/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
|  | Copied documents 5 day disclosure | 109.50 |
| 4/11/2007 | Sedan taxi service to DCPS for hearing | 8.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $659.77 |
|  | Total amount of this bill | $12,589.62 |

Muhammed Washington

## User Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Corey Hamilton, Advocate | 3.58 | 185.00 | $662.30 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Michelle Moody, Advocate | 2.24 | 185.00 | $414.40 |
| Roberta Gambale, Attorney | 23.13 | 365.00 | $8,442.45 |
| Yamileth Amaya, Paralegal | 18.92 | 115.00 | $2,175.80 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Act 2004**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.   INFORMATION ABOUT THE STUDENT:**

Name of the Student: **Muhammad Washington**     Date of Birth: **January 8, 1995**
Address: **3677 Jay Street NE # 101, Washington, D.C. 20019**
Home School: **Neval Thomas Elementary School**
Present School of Attendance:  **North Spring Behavioral Helathcare Inc.**

Is this a charter school? No.       (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms.   Sheila Washington**

**B.    Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098      (e-mail)
Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?   **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

## RELEVANT FACTS

1. Muhammad Washington (hereinafter "M.W.") has resided with paternal aunt and legal guardian, Ms. Sheila Washington, in the District of Columbia since infancy.

2. M.W. was born with neurological impairments and has been diagnosed with significant emotional disturbance, learning disabilities and other health impairments during the 2002/2003 school year. He has been diagnosed with a psychotic disorder,

2

SEID DPCN Rev'd. 7/01/05

ADHD, Hemip.   esis of the right side, possible toxic eff.   .s of substance by mother,
asthma, allergies, psychosocial stressors both at home and at school .

3.  It was first recommended that he be placed in a residential program during the
    2004/2005 school year. He was subsequently placed at North Spring Behavioral
    Healthcare Inc. previously known as Whisper Ridge and located in Leesburg, VA.

4.  Prior to commencement of the 2006/2007 school year, the parent, through her
    representative, contacted District of Columbia Public Schools ("'DCPS") to advise
    them that a meeting should be held to address a possible step down of the student
    from residnetial to a full time therapeutic program. DCPS failed to respond to the
    parent's request for a meeting.

5.  Setbacks regarding M.W.'s treatment occurred and M.W. remained in treatment at
    North Spring at the commencement of the 2006/2007 school year.

6.  Re-evaluations were conducted in Fall 2006 at North Spring Behavioral Facility and
    the results have yet to be reviewed by a full MDT.

7.  On or about February 1, 2007 parent's counsel was again informed that M.W. was
    ready to be stepped down to a full time therapeutic day school.

### Issues

#### 1.  DISTRICT OF COLUMBIA PUBLIC SCHOOL ("DCPS") FAILED TO
     CONVENE A MEETING AND/OR IDENTIFY A FULL TIME
     THERAPEUTIC DAY PROGRAM FOR THE STUDENT TO ATTEND UPON
     RELEASE FROM RESIDNETIAL TREATMENT

District of Columbia Public Schools ("DCPS") failed to convene a meeting and
identify a full time therapeutic day program for this student who has been in a
residential facility since the commencement of the 2005/2006 school year. DCPS
was first notified prior to commencement of the 2006.2007 school year that the
residential facility was anticipating that M.W. would be ready for step down to a
full time day program that school year. The parent through her representative
requested a meeting and yet no further action was taken by the school. DCPS was
again notified of the imminent need for a meeting and the identification of an
alternate placement in February 2007. The student is ready to be exited from the
facility but has no alternate placement.

The Individuals with Disabilities Education Improvement Act of 2004 was
promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them
> a free and appropriate public education that emphasizes special
> education and related services designed to meet their unique
> needs and prepare them for further education, employment, and
> independent living"

3

Because DCPS ...s failed to identify a suitable and appro_,..late placement that can address and/or provide for this student's unique needs parent is requesting the funding of a private placement. [1]

In light of this student's disabilities and history, it was necessary to place him in a residential facility for a time because he was unable to succeed even in a full time day program setting. As this student    See Indep. Sch.Dist.No 284 v. A.C. 258 F.3d 769; Mrs. B. Milford Bd. Of Educ, 103 F.3d 1114 (2nd Cir. 1997). However, after a year of treatment service providers are recommending that is student be transitioned into a less restrictive setting. It is the policy of the public agency to place student's in the least restrict environment. See Paschal v. Seagren, 43 IDELR 136 (D. Minn. 2005).

It is the obligation of the public agency to ensure that disabled students are provided with a Free and Appropriate Public Education ("FAPE"). Even if the parent had not notified the agency of the student's needs, they would have had an obligation to act to ensure his needs were being met in an appropriate setting. See Scott v. District of Columbia 45 IDELR 16 ( March 2005); Reid v. District of Columbia, 365 U.S. App. D.C. 234, 401 F. 3d 516, 519 ( D..C. Cir 2005); Branham v. District of Columbia, 427 F. 3d 7, 8 (D.C. Cir. 2005),.

In the event that DCPS fails to identify a suitable full time therapeutic "step down" placement for student , DCPS should be obligated to fund the private placement of the student.  See Bd. Of Educ. Of Hendrick Hudson Central Sch. Dist., Westchester County v. Rowley, 458 U.S. 176, 73 L. Ed. 2d 690 (1982).

## II. Issues presented.

1.   District of Columbia Public Schools ("DCPS") failed to convene a meeting and/or identify a suitable "step-down" placement for the student, thereby denying his a FAPE.

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1.   A finding that DCPS denied M.. FAPE by failing to  identify an appropriate step-down placement for this student;

2.   That DCPS identify a full time, separate, therapeutic, special education placement for this student and/or fund the private placement of this student  with transportation;

---

[1] See: Burlington v. Dept  of Educ. 472 U.S. 359, 105 S Ct. 1996. Florence County School District v. Carter 510 U.S. 7,114 S. Ct. 361.

4

3. That DCPS shall convene an MDT meeting within 30 days of release from the residential facility so as to monitor progress;

4. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

5. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

9. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process

hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

G.    **Accommodations and Assistance Needed:**

   • N/A

6

Dated this 5th Day . February , 2007

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021


**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO              1916
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              02/05 17:09
TIME USE              01'14
PAGES SENT            8
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

----------------------------------
! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:       February 5, 2007

TO:         Sharon Newsome, Student Hearing Office Coordinator, DCPS

PHONE:      202-442-4800

FAX NO:     202-442-5556

FROM:       Yamileth Amaya, Paralegal

Subject:    Muhammad Washington
DOB: 1/8/95

NUMBER OF PAGES INCLUDING COVER SHEET: 8

COMMENTS: Please find attached Due Process Complaint.

**JA ES E. BROWN & ASSOCIATES, PLLC**

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

--------------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# *FAX COVER SHEET*

DATE:       February 5, 2007

TO:         Sharon Newsome, Student Hearing Office Coordinator, DCPS

PHONE:      202-442-4800

FAX NO:     202-442-5556

FROM:       Yamileth Amaya, Paralegal

Subject:    Muhammad Washington
DOB: 1/8/95

NUMBER OF PAGES INCLUDING COVER SHEET: 8

COMMENTS:  Please find attached Due Process Complaint.

# Exhibit F



DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                                  James Brown & Assoc., PLLC
    Attorney:                                  James Brown
    Federal Tax ID No:                         52-1500760
    D.C. Bar No:                               61622

2.  **Student Information**
    Name:                                      Wright, Monee
    DOB:                                       2/14/97
    Date Hearing Request Filed:                1/26/07
    Date(s) of Hearing:                        3/28/07
    Date of Determination (HOD/SA):            4/6/07
    Parent/Guardian Name:                      Kathleen Wright
    Parent/Guardian Address:                   1443 Smith Pl., SE, #202
                                               Washington, DC 20032

3.  **Invoice Information**
    Invoice Number:                            07-129
    Date Request Submitted:                    4/27/07
    Date(s) of Services Rendered:              7/28/06 to 4/19/07
    Attorney Hourly Rate:                      $     365.00
    Total Attorney Fees:                       $   4,856.50
    Total Attorney Costs:                      $     229.71
    Total Experts:                             $   1,542.90
    Total Invoice:                             $   6,629.11

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

    I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _James E. Brown_                           4/27/07
    Signature                                  Date

                                               Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Monee Wright ("Student") | ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: February 14, 1997 | ) | |
| Petitioner, | ) | Hearing Date: |
| | ) | March 28, 2007 |
| v. | ) | Held at: 825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | Attending School: |
| Washington, DC 20002 | ) | Malcolm X ES |
| ("DCPS" or "District") | ) | |
| | ) | Due Process Complaint Notice: |
| Respondent. | ) | January 26, 2007 |

Counsel for Parent:                 Omar Karram, Esq.
                                    1220 L Street, NW
                                    Suite 700
                                    Washington, DC. 20005

Counsel for DCPS:                   Karen Jones Herbert, Esq.
                                    District of Columbia Public Schools,
                                    9th Floor
                                    825 North Capitol Street, NW
                                    Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

1

**INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**IMPARTIAL DUE PROCESS HEARING**

**INTRODUCTION:**

A Due Process Hearing was convened on March 28, 2007. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a Due Process Complaint Notice submitted by counsel for the parent dated January 26, 2007.

**ISSUES:**

Whether DCPS failed to conduct evaluations and convene a meeting to determine the student's eligibility for special education.

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Improvement Act* (I.D.E.I.A.), 20 U.S.C. 1400, et. seq. and the *Rules of the Board of Education of the District of Columbia.*

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

1.    The student is 10 years old and attends the Malcolm X Elementary School.  Her mother, through counsel, wrote a letter to DCPS on September 27, 2006[2] requesting that the student evaluate the student for eligibility for special education.

2.    Notwithstanding the request that the student be evaluated, as of the filing of the Complaint on January 26, 2007, more that 120 days have passed without DCPS conducting any evaluations and holding an eligibility meeting.[3]

3.    Mr. Mark Hohman , the student's educational advocate, observed the student in class and reviewed the student's records as well as discussing the student's needs with a teacher. The student's progress was poor and is in danger of failing,[4] even though her attendance has been good.[5]

4.    While visiting the school, Mr. Hohman spoke with a teacher named Mr. Anthony who acknowledged receiving the request for the student to be evaluated and said that the school would do the

---

[2]    MW-5
[3]    MW-2
[4]    Testimony of Mr. Holman and MW-4 and 6
[5]    MW-3

3

evaluations. Mr. Hohman testified that he had reviewed the student's file at the school and noticed that the request for the student to be evaluated had been received.

5.    The mother testified that as of the date of the hearing, she had not received any invitation from the school to attend a meeting to discuss the student's needs.

**DECISION AND CONCLUSIONS OF LAW:**

1.    This matter is before this Hearing Officer as the result of the parent filing a complaint contending that DCPS failed to offer the student a Free and Appropriate Public Education ("FAPE") in accordance with 34 C.F.R. §300.300. The Motion was submitted in accordance with the IDEIA that obligates DCPS to ensure that all children with disabilities receive FAPE. This obligation includes identifying, locating and evaluating children in all areas of suspected disabilities 34 C.F.R. §300.125, developing an IEP, 34 C.F.R. §300.340, convening a meeting to develop, review and revise the IEP of a student with a disability, 34 C.F.R. §300.340 and determining an appropriate placement 34 C.F.R. §300.552, et. seq.

2.    The Petitioner filed the Complaint on January 26, 2007 contending that notwithstanding a written request to have the student evaluated dated September 27, 2006, DCPS had failed to conduct any evaluations and had failed to convene an eligibility meeting to discuss and determine the student's eligibility for special education services

6.    The Rules of the D.C. Board of Education, Section 3030.3, Petitioner had the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is inadequate to meet the educational needs of the student and to provide the student with FAPE. Based on the record, Petitioner has met its burden that DCPS failed to conduct evaluations within 120 days of receiving the request.

**ORDER:**

1.    Within 30 days of the issuance of this HOD, DCPS shall conduct a psycho-educational, clinical-psychological, social history, classroom observation. In the event that DCPS fails to conduct the evaluations, or if DCPS notifies the parent that it does not intend to conduct the evaluations, the parent may obtain independent evaluations, funded by DCPS in accordance with the superintendent's guidelines.

2.    Within 15 days of the completion or receipt of the last evaluation, DCPS shall convene an MDT/eligibility meeting, to review the evaluations, discuss whether additional evaluations are warranted and discuss and determine the student's eligibility for special education. In the event the student is determined to be eligible for special educations services, DCPS shall develop an IEP and discuss and determine an appropriate placement.

3.    All meeting are to be scheduled through parent's counsel and any delay in any timeline caused by the parent, student or parent's counsel shall extend the applicable timeline by one day for each day of delay.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: _4 - 6 - 07_
Issued: _4/6/09_

**INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**IMPARTIAL DUE PROCESS HEARING**

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| Monee Wright ) | |
|    Petitioner, ) | |
| ) | |
|      v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | |
|      Respondent. ) | |

    I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

                EXECUTED this _6th_ day of _April_, 2007

                _____

                DUE PROCESS HEARING OFFICER

## MATTER OF MONEE WRIGHT V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 1-26-07 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 3-1-07 | Notice of Hearing |
| | DCPS Disclosure Exhibits: |
| 3-28-07 | Audio recordings of hearings |
| 3-21-07 | Parent Disclosure Exhibits: MW-1 through MW-6 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INDEX OF NAMES

Monee Wright v. DCPS

| | |
|---|---|
| Parent/Student's Representative | Omar Karram, Esq. |
| Parent: | Ms. Kathleen Wright |
| Student | Monee Wright |
| Advocate | Mr. Mark Hohman |
| School System's Representative | Karen Jones-Herbert, Esq. |
| | |
| Observer | Jane Dalkart, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 6, 2007

TO: Omar Karram

FROM:  STUDENT HEARING OFFICE

RE: Monee Wright

TOTAL NUMBER OF PAGES, INCLUDING COVER: 8

COMMENTS:

*CONFIDENTIALITY NOTICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Moneé Wright
DOB: 2/14/97
#202
1443 Smith Pl SE
Washington DC 20032

April 20, 2007

In Reference To:    Moneé Wright
                    DOB: 2/14/97

Invoice #12439

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/28/2006 | MH | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
|  | GMH | Conference with parent to discuss opening case and child's educational needs. | 1.50 185.00/hr | 277.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
| 7/31/2006 | BC | Drafted letter to parent prepared file jacket | 0.58 130.00/hr | 75.40 |
|  | GMH | Records review | 0.78 185.00/hr | 144.30 |
| 8/28/2006 | GMH | Records review , new case | 0.78 185.00/hr | 144.30 |
| 9/27/2006 | WB | Telephone call to DCPS school staff @ Malcolm X ES for records and initial evaluations inquries | 0.17 115.00/hr | 19.55 |
|  | WB | Drafted letter requesting records from Malcolm X ES and DCPS | 0.67 115.00/hr | 77.05 |
|  | WB | Requested evaluations from Malcolm X ES and DCPS | 0.67 115.00/hr | 77.05 |
|  | WB | Drafted letter to parent re: records & initial evaluations requested from Malcolm X ES and DCPS on 9/27/06, and case status | 0.58 115.00/hr | 66.70 |

Moneé Wright                                                                                            Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/12/2006 WB | | Drafted letter to parent with MDT Meeting Notice Letter of Invitation received from Malcolm X Elementary School dated 10/4/06 enclosed | 0.58 115.00/hr | 66.70 |
| 10/20/2006 WB | | Conference with parent re: choosing proposed meeting of October 27, 2006, @ 10:00 AM from MDT Meeting Notice Letter of Invitation received from Malcolm X Elementary School on October 4, 2006, advocate's availability/participation, and case status | 0.33 115.00/hr | 37.95 |
| 1/26/2007 OK | | Prepared and file due process hearing request to DCPS addressing DCPS' failure to conduct evaluations and hold eligibility meeting | 2.00 365.00/hr | 730.00 |
| | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| | WB | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on 1/26/07; includes copying complaint and mailed | 0.58 115.00/hr | 66.70 |
| | WB | Conference with parent re: Administrative Due Process Complaint Notice filed on 1/26/07 | 0.17 115.00/hr | 19.55 |
| 2/13/2007 BC | | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 2/28/2007 GMH | | Records review in prep for hearing | 1.78 185.00/hr | 329.30 |
| 3/8/2007 WB | | Review and draft letter to parent with a copy of the hearing notice date sent on 3/1/07 by the Student Hearing Office for due process on 3/28/07 @ 3:00 PM; includes copying and mailing | 0.58 115.00/hr | 66.70 |
| 3/21/2007 WB | | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.50 115.00/hr | 172.50 |
| | WB | Conference with parent re: upcoming hearing on 3/28/07 @ 3:00 PM | 0.17 115.00/hr | 19.55 |
| | OK | review of records and discussion with parent and advocate and prepartion of 5 day disclosure | 1.00 365.00/hr | 365.00 |
| 3/26/2007 WB | | Conference with parent re: upcoming due process hearing and about school meeting that was held last week without her participation due to untimely notification | 0.33 115.00/hr | 37.95 |
| 3/28/2007 OK | | preperation for due process hearing, drafting of direct questions, cross, opening, closing and preperation with advocate and parent | 2.50 365.00/hr | 912.50 |
| | OK | attended due process hearing | 2.50 365.00/hr | 912.50 |

Moneé Wright                                                                                    Page      3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/28/2007 | GMH | Prepared for hearing and appearance to 825 North Capital for due process hearing | 3.50 185.00/hr | 647.50 |
| 4/6/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
|  |  | For professional services rendered | 27.33 | $6,399.40 |
|  |  | Additional Charges : |  |  |
| 7/28/2006 |  | Copied documents; intake documents |  | 7.50 |
| 7/31/2006 |  | Postage; letter to parent |  | 0.39 |
|  |  | Copied documents letter |  | 0.50 |
| 9/27/2006 |  | Postage; Records and evals to parent. |  | 0.39 |
|  |  | copied status letter to parent |  | 0.50 |
|  |  | Fax request for records and evals to Malcolm X ES, OSE, OGC |  | 21.00 |
| 10/6/2006 |  | Rec'd fax from DCPS Records Department: letter |  | 2.00 |
|  |  | Rec'd fax from DCPS Records Department: letter |  | 2.00 |
| 10/12/2006 |  | Postage; Letter to parent re: MDT meeting notice. |  | 0.39 |
|  |  | copied letter to parent |  | 0.75 |
| 1/26/2007 |  | copied HR |  | 7.00 |
|  |  | copied letter to parent |  | 0.50 |
|  |  | Faxed doc to OGC re: HR |  | 7.00 |
|  |  | Postage; letter to parent re: HR. |  | 0.63 |
|  |  | Faxed doc to SHO re: HR |  | 7.00 |
| 2/13/2007 |  | Postage; Letter to parent re: case status. |  | 0.39 |
| 3/8/2007 |  | Postage; Letter to parent re: HDN |  | 0.39 |
|  |  | copied letter to parent |  | 0.50 |
| 3/21/2007 |  | Messenger Service to and from DCPS (5 day) |  | 20.00 |
|  |  | copied disclosure |  | 20.00 |

Moneé Wright                                                                                   Page      4

| | | Amount |
|---|---|---:|
| 3/28/2007 | Taxi service to and from DCPS for hearing | 18.00 |
| 4/6/2007 | Rec'd faxed HOD from SHO | 8.00 |
| | copied HOD | 8.00 |
| 4/19/2007 | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $229.71 |
| | Total amount of this bill | $6,629.11 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---:|---:|---:|
| Blair Copeland, Paralegal | 2.25 | 130.00 | $292.50 |
| Garield M Hohman, Advocate | 8.34 | 185.00 | $1,542.90 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Miguel Hull, Attorney | 1.50 | 365.00 | $547.50 |
| Omar Karram, Attorney | 8.00 | 365.00 | $2,920.00 |
| Williams Bautista, Paralegal | 6.33 | 115.00 | $727.95 |



*State E̲.....ation Agency for the District of Colu......ia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  Monee Wright  Date of Birth: 02/14/97

Address: 1443 Smith Place SE, Apt 202, Washington DC 20032

Present School of Attendance: Malcolm X Elementary School

Is this a charter school? No.        (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Stu   .: <u>Kathleen Wright</u>

Address (if different from the student's above): <u>Same as above</u>

**B.**    **Legal Representative/Attorney:**

Name: <u>Omar Karram, Esq.</u>

Address: <u>James E. Brown and Associates</u>

    <u>1220 L. Street NW, #700, Washington, DC 20005</u>

Phone: (w) <u>202.742.2098</u>  (Fax) <u>202.742.2098</u>    (e-mail) _____

Will attorney / legal representative attend the resolution session?   <u>**X**</u> Yes              ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X**   DCPS    school    (name    of    the    school    if    different    from    page
one)_____

☐Charter    school    (name    of    the    charter    school    if    different    from    page
one)_____

☐Non-public    school    or    residential    treatment    facility    (name)
_____

☐Parent

**D.**    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also
understand that I may voluntarily waive this right if I choose. (Note:  All parties must agree
to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this
process.

**E.**    **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be
offered at no cost to the parent.  Both parties can request mediation as an alternative to the
Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all
that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA),
please complete the following questions (attach additional pages if needed):

**I. <u>Nature of the problem.</u>**

2

SEID DPCN Rev'd. 7/01/05

A. **Denial of a Free and Appropriate Public Education and Violation of 34 C.F.R. §300.533 refusal/ failure to conduct Evaluations and hold a meeting to determine eligibility in a timely manner**.

Monee Wright (hereinafter M.W.) is a 10-year-old student who attends Malcolm X in the District of Columbia. She is not in special education. The parent, through counsel, on September 27, 2006 made a formal written request to District of Columbia Public Schools ("DCPS"), the Principal of Malcolm X, and the Office Of General Counsel and the Division of Special Education. A fax confirmation evidences that the record and evaluation requests were received.

To date, however, over a reasonable time (e.g. 120 days) have passed since this request was made and DCPS has inappropriately failed / refused to conduct the reevaluations requested and hold an eligibility meeting. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (a) (1) (B) (parent of child "may initiate a request for an initial evaluation to determine if the child is a child with a disability."); Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, §614 (c) (4) (B) (even if team determines that additional assessments are not required, public agency is still required to conduct assessments upon parental request to determine whether child continues have a disability and to determine the child's educational needs); 34 C.F.R. Sec. 300.125 (public agency must identify, locate and evaluate all students in the school district who may need special education services); 34 C.F.R. § 300.300(a); 34 C.F.R. § 300.320 ("Each public shall ensure that a full and individual evaluation is conducted for each child being considered for special education"); 34 C.F.R. §300.533 (even if team determines that additional assessments are not required, public agency is still required to conduct assessments upon parental request to determine whether child continues have a disability); D.C. Mun. Regs. tit. 5 § 3004.1 (parent can make referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 ("The IEP team **shall** conduct an initial evaluation of a child within a reasonable time of receiving a **written referral and parental consent** to proceed and within timelines consistent with Federal Law and D.C. Code § 38-2501(a)"); D.C. Code § 38-2501 (DCPS must complete initial evaluations within 120 days of referral); DCPS Special Education Handbook (parent can forgo TAT process and demand evaluations); See also Cartwright v. District of Columbia, 267 F. Supp.2d 83, 87 (D.D.C. 2003) (holding that public agency must conduct reevaluations upon parental request and parent's not required to show justification for reevaluations and condition precedent); and Herbin vs. District of Columbia, 362 F. Supp2d. 254 (D. D.C. 2005) (holding that DCPS plain reading of IDEA regulation requires that DCPS conduct reevaluations upon parental request).

## II. Issue(s) presented.

1. DCPS failed/refused to conduct evaluations for M.W. in a timely manner;

2. DCPS failed to timely hold an eligibility meeting.

## III.    Relief Sought.

3

1) A finding that DCPS in    ropriately failed/refused to conduct e\    ations for M.W. within a timely manner;

2) A finding that DCPS failed to timely hold an eligibility meeting;

3) That DCPS be ordered to:
   a) Fund comprehensive independent reevaluations including but not limited to:
      i) Psychological-educational;
      ii) Clinical-psychological;
      iii) Social history;
      iv) Formal Classroom Observation
      v) Speech and language; and
      vi) Any other reevaluations recommended.

   b) Convene an MDT meeting within ten business days of receiving the last of the parent's independent evaluations to:
      i) Review the assessments;
      ii) Determine eligibility and if eligible to develop and IEP, determine compensatory education, and determine appropriate placement with placement to be made within five business days if for a public school or within 30 calendar days if for a non-public school.

4) A finding that DCPS denied the student a free and appropriate public education and failing to comply with 34 C.F.R. § 300.347 (a) (2) by failing to develop an appropriate IEP for the student;

5) A finding that DCPS denied the student a free and appropriate public education by failing to secure the parents as required by and 34 C.F.R. § 300.322(d)

6) A finding that DCPS denied the student a free and appropriate public education by failing to provide the student with all of his special education instruction and related services;

7) DCPS, within five (5) business days upon receipt of the last of the evaluations, agrees to reconvene the student's MDT/IEP Meeting to review all evaluations, revise the student's IEP as necessary, discuss and determine if a change in placement is necessary;

8) If a change in placement is necessary, DCPS shall have five (5) school days to issue a Prior Notice of Placement to a DCPS public school, and thirty (30) calendar days to issue a Prior Notice of Placement to a non-public or private school;

9) DCPS agrees to fund individualized tutoring as compensation for the unfulfilled hours set out in the IEP and ESY;

10) Provide the student with a due process hearing within 20 calendar days of request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and

4

unilateral placement in. interim school or educational prog . until such time the
DCPS can come into compliance and properly assess, program and/or participate;

12) The DCPS shall ensure that this student has available a Free and Appropriate Public
Education including special education, transportation (5 DCMR 3000.3), and Other
related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education
of Children with Disabilities</u>, designed to meet this student's unique needs and
preparation for employment and independent living;

13) Send all notices to counsel for the parent with copies of such to the parent and in
the parent's native language;

13) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant
to the Individuals with Disabilities Education Improvement Act of 2004,
provide the parents' representative and 34 C.F.R. 300.508 (e)
Omar Karram, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the
following: i) an explanation of why DCPS proposed or refused to take the
action raised in the complaint; ii) a description of other options that the IEP
team considered and the reasons why those options were rejected, iii) a
description of each evaluation procedure, assessment, record, or report the
agency used as the basis for the proposed or refused action, and iv) a
description of the other factors that are relevant to the agency's proposed or
refused action;

14) That DCPS, in the event they fail to answer/respond to the issues alleged in the
parent's administrative due process hearing complaint, within ten (10) calendar
days, the arguments and facts as averred by the parent in this administrative due
process complaint will be deemed true and accurate and act as a waiver, on
the part of DCPS, for their desire to have a Resolution Session Meeting, and
the parent's administrative due process hearing will be scheduled pursuant to
the applicable timelines contained in the IDEIA, furthermore, DCPS' failure
to provide a response or prior written notice as required will result in the
parent's being awarded a default judgment;

15) That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint,
pursuant to  the Individuals with Disabilities Education Improvement Act of 2004 and 34
C.F.R. 300.508 (d), respond to the parent's request alleging any insufficiency of notice;

16) That DCPS' failure to comply with the Individuals with Disabilities Education
Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and
allege any insufficiency of the parent's administrative due process complaint,
will constitute waiver on the part of DCPS to make such argument at any later
date and time;

17) That DCPS, pursuant to the Individuals with Disabilities Education
Improvement Act of 200434 C.F.R. 300.508 (d),within fifteen (15) calendar days of
receiving  the parent's administrative due  process complaint, shall contact the parent's
representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule
and convene a Resolution Session Meeting;

5

18) That DCPS, pursuant    the Individuals with Disabilities Educa    . Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

19) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, constitute joint waiver between DCPS and the Parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receives a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

20) *Harris v. District of Columbia* states that students with disabilities are entitled to compensatory services where they have been "deprived of special education in violation of the IDEA." DCPS shall provide 1:1 tutoring for each day of services the student missed due to DCPS' failure to evaluate the student in a timely manner until she demonstrates academic performance commensurate with her age; and

21) A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

**F.    Signature:**

_____
Legal Representative/ Advocate (if applicable)

Jan 26, 2007

Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

6

SEID DPCN Rev'd. 7/01/05

```
                    **********************
               ***     TX REPORT     ***
                    **********************


    TRANSMISSION OK

    TX/RX NO              2010
    CONNECTION TEL                        94425556
    CONNECTION ID
    ST. TIME             01/26 16:39
    USAGE T              01'15
    PGS. SENT            7
    RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |
| ------------------------- | e-mail: Admin@Jeblaw.biz | ---------------------------- |
| | | ! DC Bar Special Legal Consultant |
| | | + Admitted in Bolivia |

# FAX COVER SHEET

DATE:            January 26, 2007

TO:              Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:         202-442-5556

FROM:            Williams Bautista

SUBJECT:         **Moneé Wright / DOB: 2-14-97**

NUMBER OF PAGES INCLUDING COVER SHEET:     **7**

COMMENTS:        **DUE PROCESS COMPLAINT NOTICE**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2009
CONNECTION TEL                    94425098
CONNECTION ID
ST. TIME              01/26 16:42
USAGE T               01'04
PGS. SENT                7
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine-Covington

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:            January 26, 2007

TO:              Office of the General Counsel

FAX NO.:         202-442-5097 / 202-442-5098

FROM:            Williams Bautista

SUBJECT:         **Moneé Wright / DOB: 2-14-97**

NUMBER OF PAGES INCLUDING COVER SHEET:        <u>**7**</u>

COMMENTS:        **DUE PROCESS COMPLAINT NOTICE**

# Exhibit G



# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendent**
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                         James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C. Bar No:                       61622

2.  **Student Information**
    Name:                              Humphries, Jerrell
    DOB:                               10/24/90
    Date Hearing Request Filed:        2/15/06
    Date(s) of Hearing:                5/25/06
    Date of Determination (HOD/SA):    5/31/06
    Parent/Guardian Name:              Brenda Gaskins
    Parent/Guardian Address:           1719 Lang Pl., NE
                                       Washington, DC 20002

3.  **Invoice Information**
    Invoice Number:                    07-001
    Date Request Submitted:            1/10/07
    Date(s) of Services Rendered:      8/3/05 to 5/25/06
    Attorney Hourly Rate:              $    365.00
    Total Attorney Fees:               $  9,548.00
    Total Attorney Costs:              $    406.65
    Total Experts:                     $    586.45
    Total Invoice:                     $ 10,541.10

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
    - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
    - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____    1/10/07
    Signature                          Date

    Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

### Confidential

| | | |
|---|---|---|
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| Petitioner, | ) | Hearing Date: May 25, 2006 |
| | ) | Complaint Filed: February 15, 2006 |
| v. | ) | |
| | ) | |
| JERRELL HUMPHIES, | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Date of Birth: October 24, 1990 | ) | |
| | ) | |
| Student Attending: | ) | |
| Browne Junior High School | ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Brenda Gaskins, Mother |
| | 1719 Lang Place, N.E. |
| | Washington, D.C. 200102 |
| | |
| **Counsel for Petitioner:** | Miguel A. Hull, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Stephanie Ramjohn Moore, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

2006 MAY 31 PM 3: 18
DC PUBLIC SCHOOL SYSTEM

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

| Child's Name | Jerrell Humphries |
| --- | --- |
| Child's Parent(s) (specific relationship) | Brenda Gaskins, Mother |
| Child/Parent's Representative | Miguel A. Hull, Esquire |
| School System's Representative | Stephanie Ramjohn Moore, Esquire |
| Special Education Coordinator | Brenda Latimer, Browne J.H.S. |

2

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

On February 15, 2006, the District of Columbia Public Schools ("DCPS") filed a Due Process Complaint ("*Complaint*") alleging that Respondent has not made himself available for special education services due to truancy. Respondent is a fifteen year-old student attending Browne Junior High School ("Browne"). On May 23, 2006, Respondent filed a *Motion to Dismiss* ("*Motion*") on the grounds that the matter had been resolved at the Resolution Session meeting. The due process hearing was convened on May 25, 2006. The parties' Five-Day Disclosure Notices were admitted into evidence. After hearing the parties' arguments on Respondent's *Motion*, the hearing officer granted the motion.

## Witnesses for DCPS

Brenda Latimer, Special Education Coordinator, Browne J.H.S.

## Witnesses for Respondent

None

## Findings of Fact

1. Respondent is a fifteen year-old student attending Browne.[1]

2. On March 2, 2006, DCPS convened a Resolution Session meeting. The team noted that Petitioner's absences had caused him to be "dropped from the school roster," but that he remained eligible for special education services. Respondent's mother agreed with the team that Respondent required grief counseling, sanctions for educational neglect, and psychiatric services. Respondent's mother also agreed that Respondent would report to school on March 6, 2006. The team then indicated that the *Complaint* was "Resolved."[2]

---

[1] *Complaint* at 1.
[2] DCPS Exh. No. 6.

3. Respondent did not return to school on March 6, 2006. On Marcy 8, 2006, DCPS completed a *Due Process Complaint Disposition* indicating that the matter had not been resolved at the Resolution Session meeting.[3] DCPS did not give Respondent's parent a copy of the *Due Process Complaint Disposition.*[4]

**Conclusions of Law**

DCPS invoked the clause in its *Due Process Complaint Disposition* providing that "The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed." However, DCPS did not void the agreement until the fourth business day after it was signed, and did not notify Respondent's mother of its intent to void the agreement. The hearing officer concludes that the parties' agreement to resolve the *Complaint* at the Resolution Session meeting is enforceable, and that the proceeding should not have been scheduled for a due process hearing.

**ORDER**

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, Respondent's *Motion to Dismiss*, the testimony presented at the hearing, and the representations of the parties' counsel, this 31st day of May 2006 it is hereby

**ORDERED,** that the *Complaint* is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

Terry Michael Banks
Hearing Officer

Date:  May 31, 2006          Issued: 5/31/06

---

[3] *Id.*
[4] Testimony of Ms. Latimer.

4

Copies to:

Miguel A. Hull, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Stephanie Ramjohn Moore, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Jerrell Humphries

April 13, 2007

In Reference To:     Jerrell Humph
Invoice #10006

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/3/2005 | BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
| | BDL | Drafted letter to parent. | 0.33 115.00/hr | 37.95 |
| | MH | Consultation with parent and legal assistant, research and case preparation. | 1.50 290.00/hr | 435.00 |
| 8/5/2005 | JF | File research. Reviewed all educational documentation brought in by parent, such as IEP's, evaluations, report cards, progress reports, etc. Contacted parent to introduce myself and discussed strategy from now on. | 0.92 185.00/hr | 170.20 |
| | CF | Reviewed case | 0.17 185.00/hr | 31.45 |
| | MH | Conference with advocate and attorney to review status and discuss strategy. | 0.17 290.00/hr | 49.30 |
| 8/12/2005 | MH | Conference with parent regarding No Child Left Behind Act and right to receive services under that act. | 0.42 290.00/hr | 121.80 |
| 8/16/2005 | HR | Drafted letter requesting records at Options Public Charter School, sent letter to the school, the Office of the General Counsel, and the Office the General Counsel. | 0.83 115.00/hr | 95.45 |
| 8/17/2005 | HR | Draft letter to parent informing them of records requested | 0.42 115.00/hr | 48.30 |

Jerrell Humphries                                                                                              Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/24/2005 | HR | Phone call from mom regarding phone call from school concerning revising the IEP | 0.25 115.00/hr | 28.75 |
| 8/25/2005 | HR | Draft letter to Deal Junior High School regarding IEP and evaluations | 0.58 115.00/hr | 66.70 |
| 8/30/2005 | JF | Prepared for MDI/IEP Placement meeting by reviewing all educational information in file, contacted parent to discuss strategy on the case | 1.50 185.00/hr | 277.50 |
| 8/31/2005 | JF | Attended MDT/IEP @ Options PCS | 3.00 185.00/hr | 555.00 |
| | CF | Attended MDT/IEP @ school | 3.00 185.00/hr | 555.00 |
| 9/1/2005 | JF | Examine all the ed. info. in prep. for classroom observation; contacted parent | 0.92 185.00/hr | 170.20 |
| 9/7/2005 | HR | Prepared and sent placement package to Francis Junior High School | 0.67 115.00/hr | 77.05 |
| | HR | Draft letter to parent informing them of placement package sent out | 0.50 115.00/hr | 57.50 |
| | MH | Reviewed file to determine case status and plan for change in placement. | 0.17 290.00/hr | 49.30 |
| 9/8/2005 | JF | School visit; assisted parent in registration process at Deal JHS, contacted child's attorney | 3.17 185.00/hr | 586.45 |
| | JF | Attended SEP meeting with parent, contacted child's attorney | 1.08 185.00/hr | 199.80 |
| | MH | Discussion with advocate | 0.25 290.00/hr | 72.50 |
| 9/16/2005 | HR | Prepared and sent placement package to Rock Creek Academy, sent via facsimile | 0.50 115.00/hr | 57.50 |
| | HR | Prepared and sent placement package to Foundations School in PG County, sent via facsimile | 0.50 115.00/hr | 57.50 |
| | HR | Prepared and sent placement package to Pathways School, sent via facsimile | 0.50 115.00/hr | 57.50 |
| | HR | Prepared and sent placement package to Florence Bertell Academy | 0.50 115.00/hr | 57.50 |

Jerrell Humphries

Page   3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/16/2005 | HR | Draft letter to parent informing them of placement packages sent out | 0.50 115.00/hr | 57.50 |
| 9/22/2005 | MH | Conference with parent regarding possible schools for placement. | 0.25 290.00/hr | 72.50 |
| | JF | School visit; classroom observation at Deal JHS, observation was conducte in preparation of upcoming 30 day review meeting. Contacted parent with results of observation and discussed stratefy to follow with child's attorney | 1.33 185.00/hr | 246.05 |
| | JF | Discussion with paralegal regarding contacting parent for status and informing her of attendances | 0.25 185.00/hr | 46.25 |
| | HR | Discussion with educational advocate regarding contacting parent for status and informing her of attendances | 0.25 115.00/hr | 28.75 |
| | HR | Sent placement packet via first class mail to Florence Bertell Academy | 0.17 115.00/hr | 19.55 |
| | HR | Phone call to parent regaridng placement, school visit, and attendance at current school | 0.25 115.00/hr | 28.75 |
| 10/3/2005 | HR | Draft memo to attorney and advocate regarding correspondence from Pathways School concerning placement | 0.25 115.00/hr | 28.75 |
| | HR | Draft letter to parent regarding correspondence received from Pathways School concerning placement | 0.50 115.00/hr | 57.50 |
| 10/4/2005 | HR | Phone call from Florence Bertell Academy regarding IEP | 0.25 115.00/hr | 28.75 |
| 10/14/2005 | HR | Draft letter to Florence Bertell Academy regarding IEP | 0.42 115.00/hr | 48.30 |
| 11/17/2005 | HR | File Review and sent letter to parent/student | 0.17 115.00/hr | 19.55 |
| 2/9/2006 | HR | Phone call from Ms. Norwood at Florence Bertell Academy regarding status of placement and updated case notes. | 0.25 115.00/hr | 28.75 |
| 3/1/2006 | CMM | Drafted letter to parent regarding tutoring services | 0.42 115.00/hr | 48.30 |
| 3/5/2006 | MH | Reviewed file with advocate and attorney. Discussed status and developed strategy for future of case. Discussed problems with truancy and placement. | 0.17 290.00/hr | 49.30 |

Jerrell Humphries                                                                                    Page    4

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/5/2006 JF | Reviewed file with advocate and attorney.  Discussed status and developed strategy for future of case.  Discussed problems with truancy and placement. | 0.17 185.00/hr | 31.45 |
| 3/13/2006 JF | Discussion with paralegal regarding meeting scheduled | 0.17 185.00/hr | 31.45 |
| HR | Discussion with educational advocate regarding meeting scheduled | 0.17 115.00/hr | 19.55 |
| HR | Draft letter to parent regarding letter sent to DCPS requesting a MDT meeting | 0.50 115.00/hr | 57.50 |
| HR | Draft letter to Browne Junior High School requesting for an MDT Meeting | 0.50 115.00/hr | 57.50 |
| 3/15/2006 HR | Phone call to parent regarding MDT meeting scheduled and sent memo to advocate | 0.25 115.00/hr | 28.75 |
| 3/28/2006 HR | Phone call from Kendra Hill at Rock Creek Academy regarding case status and placement | 0.25 115.00/hr | 28.75 |
| MH | Conference with parent and file review to determine case status and plan future strategy. | 0.33 290.00/hr | 95.70 |
| 5/1/2006 HR | Draft letter to parent regarding the Notice of Hearing | 0.50 115.00/hr | 57.50 |
| 5/8/2006 HR | Phone call from Ms. Norwood at Florence Bertell Academy regarding referral | 0.25 115.00/hr | 28.75 |
| 5/18/2006 HR | Assisted attorney to prepare disclosure to DCPS | 1.00 115.00/hr | 115.00 |
| MH | Prepare disclosure to DCPS | 1.17 290.00/hr | 339.30 |
| 5/23/2006 MH | Prepared Motion to Dismiss DCPS's complaint against the parent.  Includes legal research, discussion with parent, and drafting and revising of Motion. | 1.83 290.00/hr | 530.70 |
| 5/24/2006 MH | Prepared for Due Process Hearing.  Includes review of DCPS and parent's discolure materials, legal research on issues raised by DCPS, discussion with parent regarding issues and possible testimony, and preparation of possible witness questions and legal arguments for hearing. | 1.58 290.00/hr | 458.20 |
| 5/25/2006 MH | Appearance to 825 North Capital for due process hearing | 1.42 290.00/hr | 411.80 |

Jerrell Humphries                                                                    Page    5

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 38.87 | $7,188.15 |
| | Additional Charges : | | |
| 8/3/2005 | Copied documents; letter to parent | | 0.50 |
| | Copied documents; intake documents | | 10.50 |
| | Postage; letter to parent. | | 0.37 |
| 8/16/2005 | Facsimile: records request to school, OSE, and OGC. | | 15.00 |
| | Facsimile: records request to school, OSE, and OGC. | | 15.00 |
| 8/17/2005 | Copied: records request letter for parent. | | 0.75 |
| 8/18/2005 | Postage; letter to parent. | | 0.60 |
| 8/25/2005 | Facsimile(Deal,Prinespel-letter w/IEP and evals) | | 16.00 |
| | Facsimile(Deal JHS-SEP letter w/IEP and evals) | | 16.00 |
| 9/7/2005 | Copied documents; letter to parent | | 0.50 |
| | Copied documents; placement packet to Francis JHS | | 7.50 |
| 9/8/2005 | Postage; letter to parent. | | 0.37 |
| 9/9/2005 | Postage; placement packet to Francis. | | 1.52 |
| 9/16/2005 | Postage; letter to parent re: case status. | | 0.37 |
| | Copied documents(Parent-Placement letter w/case status) | | 1.25 |
| | Facsimile(RCA-Placement Package) | | 30.00 |
| | Facsimile(Pathways-Placement Package) | | 30.00 |
| | Facsimile(Fonadation-placement package) | | 30.00 |
| | Facsimile(Flornec Bertell Academy) | | 30.00 |
| 9/23/2005 | Postage; Placement packages. | | 5.25 |
| 10/3/2005 | Copied documents(Parent-letter from Pathways w/case status) | | 0.75 |
| 10/11/2005 | Postage; letter to parent. | | 0.37 |
| 10/14/2005 | Facsimile IEP and letter to Florence Bertell Academy | | 11.00 |

Jerrell Humphries                                                                          Page    6

|  |  | Amount |
|---|---|---|
| 3/1/2006 | Copied documents; letter to parent | 0.50 |
| 3/2/2006 | Postage; letter to parent re: tutoring services | 0.39 |
| 3/13/2006 | Facsimile: MDT mtg. request to Browne JHS. | 2.00 |
|  | Copied ltr to DCPS req. MDT mtg. with ltr for parent. | 0.50 |
|  | Postage; letter to parent. | 0.39 |
| 4/19/2006 | Facsimile Received from Slowe ES re: records. | 9.00 |
| 5/1/2006 | Copied NOH with ltr for parent. | 0.50 |
|  | Copied  NOH with ltr for parent. | 0.50 |
|  | Postage; letter to parent re: NOH. | 0.39 |
| 5/18/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: Disclosure for SHO & OGC. | 20.00 |
| 5/23/2006 | Facsimile Received from DCPS re: disclosure from OGC. | 16.00 |
| 5/25/2006 | Sedan taxi service to and from  DCPS for hearing.(attny.) | 16.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $406.65 |
|  | Total amount of this bill | $7,594.80 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blanca De La Sancha, Paralegal | 1.83 | 115.00 | $210.45 |
| Carlos Fernandez | 3.17 | 185.00 | $586.45 |
| Claudia M.Martinez, Paralegal | 0.42 | 115.00 | $48.30 |
| Heidi Romero, Paralegal | 11.68 | 115.00 | $1,343.20 |
| Juan Fernandez, Attorney | 12.51 | 185.00 | $2,314.35 |
| Miguel Hull, Attorney | 9.26 | 290.00 | $2,685.40 |

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. The Student Hearing Office does NOT schedule resolution meetings.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Student Name: _Jerrell Humphries_     Birth Date: _10/24/1990_

Address: _1719 Lang Place, NE, Washington, DC 20002_

Home School: _Browne Jr. High_

Present School of Attendance: _Browne Jr. High_

Is this a charter school? _No_     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: _Brenda Haskins_

Address (if different from the student's above): _____
(202) 806-7729(work)

Phone/Contact Number: _(202) 352-8384 (cell)_ fax Number (if applicable): _____
(202) 396-7172 (home)

SEID DPCN Rev'd. Dec. 2005
1

**B.** **Individual Making the Complaint/Request for Due Process Hearing:**

Name: BRENDA LATimer

Complete Address: Browne Jr. High School - 850 26th St. NE  Route 4
WAshington, DC 20002

Phone: (h) _____  (w) 724-4547  (Fax) 724-1530  (e-mail) _____

Relationship to the Student:

☐   Parent                    ☐   Legal Guardian              ☐   Parent Surrogate
☐   Self/Student              ☑   Local Education Agency (LEA)  ☐   Parent Advocate

**C.** **Legal Representative/Attorney (if applicable):**

Name: OFFice of the General Counsel (OGC)

Address: _____

_____

Phone: (w) _____  (Fax) _____  (e-mail) _____

Will attorney / legal representative attend the resolution session?   ☐ Yes    ☐ No

**D.** **Complaint Made Against (check all that apply):**

☐ DCPS   school   (name   of   the   school   if   different   from   page one)_____

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☑ Parent

**E.** **Resolution Session Between Parent and LEA:**

I understand that it is my right to have a resolution session to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution session to avoid having this meeting.)

☐ I wish to waive the Resolution Session.

**F.** **Mediation Process:**

IDEA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session. Mediation is also available prior to a due process hearing, but mediation may not be used to deny or delay a parent's right to a hearing on the parent's due process complaint. Please check all that apply:

☐   I am requesting mediation as an alternative to the resolution session meeting.

☐   I am requesting mediation services only.

☑   I do not wish to use a mediator at this time.

SEID DPCN Rev'd. Dec. 2005

2

## G. Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1. What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

The student, Jerrell Humphries, was enrolled into Browne, after parent withdrew her out of Browne (by special permission) to attend Aleal Jr. High. Jerrell had only attended Aleal for 2 days. Registered at Browne on 10/19/2005; first date of attendance 11/07/2005. Parent was contacted daily about Jerrell's absences by special education coordinator until matter was turned over to attendance officer at Browne. Jerrell has not returned to school and has been dropped from the school's enrollment poster. Parent claims that she was unaware of his truancy.

2. To the extent known to you at this time, how can this problem be resolved?

Jerrell needs to be ordered to attend school and/or parent fined for each day he does not attend. Also consider educational placement where his services can be met and where he will attend school as required by law.

3. Issues presented:

DCPS is unable to address the special education services required in Jerrell's IEP, in compliance with IDEIA, due to his truancy.

## H. Estimated amount of time needed for the hearing: _____

Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed.

## I. Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____

SEID DPCN Rev'd. Dec. 2005

3

▼ Other_____

## J. Waiver of Procedural Safeguards:

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

## K. Requirement to Consider Compensatory Education:

If a hearing is held on a date that is past the date on which the Hearing Officer's Decision was required to be issued, there is a rebuttable presumption of harm and compensatory education must be an issue considered by the Hearing Officer during the hearing.

## L. Parent Signature and Affirmation:

I affirm that the information provided on this form is true and correct.

_____          _____
Signature of Parent or Guardian                          Date

## M. Signature of Attorney/ Legal Representative:

_____          _____
Legal Representative / Advocate                          Date

## N. Signature of LEA Representative (if hearing requested by LEA):

_____          02/13/2006
Representative of LEA                                     Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

SEID DPCN Rev'd. Dec. 2005

4

# Exhibit H

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: **James Brown & Assoc., PLLC**
   Attorney: **James Brown**
   Federal Tax ID No: **52-1500760**
   D.C. Bar No: **61622**

2. **Student Information**
   Name: **Phillips, Jr., Terrell**
   DOB: **1/6/01**
   Date Hearing Request Filed: **2/14/06**
   Date(s) of Hearing: **11/22/06**
   Date of Determination (HOD/SA): **12/1/06**
   Parent/Guardian Name: **Melodia & Terrell Phillips**
   Parent/Guardian Address: **1333 Queen St., NE**
   **Washington, DC 20002**

3. **Invoice Information**
   Invoice Number: **07-002**
   Date Request Submitted: **1/10/07**
   Date(s) of Services Rendered: **8/5/05 to 12/14/06**
   Attorney Hourly Rate: **$ 365.00**
   Total Attorney Fees: **$ 30,965.10**
   Total Attorney Costs: **$ 2,027.60**
   Total Experts: **$ 11,146.25**
   Total Invoice: **$ 44,138.95**

4. Certification (must be signed by principal attorney)

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _James E. Brown_                                    1/10/07
   Signature                                           Date

   *Revised Nov. 2004*

# District of Columbia Public Schools

## *State Enforcement and Investigation Division*
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | **IMPARTIAL** |
| | ) | DUE PROCESS HEARING |
| **TERRELL  PHILLIPS, Jr.,** student | ) | |
| Date of Birth:  January 6, 2001 | ) | |
| | ) | **DECISION & ORDER** |
| Petitioner, | ) | |
| | ) | |
| versus | ) | Request Dates:  February 14, 2006- DCPS |
| | ) | August 28, 2006- Parent |
| **The District of Columbia Public Schools,** | ) | Hearing Date:   November 22, 2006 |
| Home School: not listed, | ) | |
| Attending: Katherine Thomas School, | ) | Held at:   825 North Capitol Street, NE |
| | ) | Eighth Floor, Hearing Room 3 |
| Respondent. | ) | Washington, D.C. 20002 |
| | ) | |

| | |
|---|---|
| **Parents:** | Melodia & Terrell Phillips |
| | 1333 Queen Street, NE |
| | Washington, D.C. 20002 |
| | |
| **Counsel for the Parents/Student:** | Domiento C.R. Hill, Esq. |
| | **JAMES E. BROWN & Associates** |
| | 1220  **L**  Street, NW     Suite 700 |
| | Washington, D.C. 20005 |
| | |
| **District of Columbia Public Schools:** | Tiffany S. Puckett, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE - 9th Floor |
| | Washington, D.C. 20002 |

An <u>INDEX of NAMES</u> is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this <u>DECISION & ORDER</u> as a public record.

i

## **INDEX of NAMES** for **Terrell Phillips, Jr.**

**Hearing Date:** November 22, 2006

Appearing on behalf of DCPS:

1. Denise White-Jennings, Clinical Psychologist, DCPS
2. Gloria T. Everett, Social Worker, DCPS
3. Judith Edghill, Speech Pathologist, DCPS

Appearing on behalf of the parents/student:

1. Melodia Phillips, mother
2. Kevin Carter, educational advocate
3. Donte Davis, educational advocate

No testimony was received.

ii

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE and DISPOSITION

On February 14, 2006, the District of Columbia Public Schools (DCPS) filed a Complaint in this a matter complaining that the student was not eligible for special education services. On August 28, 2006, Counsel for the Parents filed a Complaint in this matter on behalf of the parents and student complaining DCPS denied a Free Appropriate Public Education (FAPE) to the student: that DCPS had not reevaluated the student as the parent requested. By ORDER dated October 18, 2006 the herein Complaints were consolidated.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Wednesday, November 22, 2006 at DCPS Headquarters, 825 North Capitol Street, NE - 8th Floor, Hearing Room 3, Washington, D.C. 20002. The hearing convened as scheduled.

In consideration of the documents and arguments herein, the hearing officer found the following facts:

1. As a result of the Parent's Motion for Preliminary Injunction filed December 2, 2005 under the *Blackman case[1]*, the student was placed at the Katherine Thomas School in December 2005.

2. The Katherine Thomas School was the student's "stay put" placement.

3. On December 21, 2005, DCPS issued a Notice of Ineligibility for special education services for the student that, to date, was effective.

4. On February 14, 2006, DCPS filed the first herein Complaint.

5. On August 25, 2006, Counsel for the Parents filed the second herein Complaint.

The hearing officer determined that, as the student was placed at the Katherine Thomas School during the hearing on the Motion for Preliminary Injunction, the Katherine Thomas School became the student's "stay put" placement under 34 CFR 300.518(d); that within the herein DCPS Complaint, the hearing officer was unable to find an alleged violation of *IDEIA 2004* as required at 34 CFR 300.507(a)(2); and that, as to the parents' herein Compliant, it was determined that 34 CFR 300.303(a) permits a reevaluation of "a child with a disability" only and

1 of 2 pages

---

[1] Mikeiska Blackman v. District of Columbia CA No. 97-1629 (PLF)

that the December 21, 2005 Prior Notice was to the effect that the student was not "a child with a disability."

In consideration of the foregoing, the hearing officer made the following

## ORDER

WITH PREJUDICE the herein
Complaints are DISMISSED.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: _December 1, 2006_

H. St. Clair, Esq., Hearing Officer

Issued: __12·01·06__
Student Hearing Office, DCPS

2 of 2 pages

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  December 1, 2006

TO:  Domiento C. R. Hill

FROM:  STUDENT HEARING OFFICE

RE:  Phillips, Terrell Jr.

TOTAL NUMBER OF PAGES, INCLUDING COVER: **3**


COMMENTS:


***CONFIDENTIALITY NTOICE***: The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

```
                    TRANSMISSION VERIFICATION REPORT

                                        TIME  : 12/01/2006 16:43
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : BROE6J471573


    DATE,TIME                   12/01  16:42
    FAX NO./NAME                92027422098
    DURATION                    00:00:47
    PAGE(S)                     04
    RESULT                      OK
    MODE                        STANDARD
                                ECM
```

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: December 1, 2006

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Phillips, Terrell Jr.

TOTAL NUMBER OF PAGES, INCLUDING COVER: **5**

COMMENTS:

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracely A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Terrell Phillips

January 09, 2007

In Reference To:   Terrell Phillips
Invoice #12127

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/5/2005 | KC | Reviewed Psychological evaluation report (psycho-ed) | 0.92 185.00/hr | 170.20 |
|  | KC | Reviewed Speech / Language report | 0.67 185.00/hr | 123.95 |
|  | KC | Reviewed Occupational Therapy assessment. | 0.58 185.00/hr | 107.30 |
|  | KC | Reviewed pre resolution meeting complaint. | 0.50 185.00/hr | 92.50 |
| 8/9/2005 | KC | Reviewed client file; prep for MDT meeting. | 0.83 185.00/hr | 153.55 |
|  | DH | Discussion with the mother regarding the upcoming MDT/IEP Meeting and administrative due process hearing. | 0.33 350.00/hr | 115.50 |
| 8/10/2005 | KC | Reviewed client file and evaluations in prep for MDT meeting. | 1.50 185.00/hr | 277.50 |
| 8/11/2005 | KC | Reviewed client file (all evaluations) & Kennedy Inst. IEP in prep for MDT | 1.50 185.00/hr | 277.50 |
|  | KC | Attended MDT/IEP @ (Shaw Care Center) | 4.00 185.00/hr | 740.00 |
|  | KC | Discussion with the child's attorney re: outcome of MDT meeting. | 0.25 185.00/hr | 46.25 |

Terrell Phillips

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/11/2005 | KC | Prepared for Due Process Hearing re: drafted summary of MDT meeting & points of dissention. | 0.75 185.00/hr | 138.75 |
| | DH | Discussion with the mother regarding the MDT/IEP Meeting, and status of the student's case for the fall. | 0.17 350.00/hr | 59.50 |
| | DH | Discussion with the advocate re: outcome of MDT meeting. | 0.25 365.00/hr | 91.25 |
| 8/12/2005 | KC | Drafted letter to parent re: summer camp at which compensatory education can be redeemed and related services are provided. | 0.92 185.00/hr | 170.20 |
| | KD | Drafted letter to parent/enclosed copy of HN for 8-26/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.50 115.00/hr | 57.50 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 7-28-05 Ltr to CARE at Shaw accptng MDT date/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| 8/17/2005 | KD | Drafted letter to parent/enclosed copy of PT and OT evals w/Atty's 8-17-05 Ltr to DCPS/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| | DH | Draft and send letter to Ms. Everett regarding the updated assessments for the student. | 0.33 350.00/hr | 115.50 |
| | DH | Receive and review the student's speech and language evaluations and updated physical therapy reports from the Hospital for Sick Children. | 0.42 350.00/hr | 147.00 |
| 8/18/2005 | DH | Review the student's educational file, prepare the student's five-day disclosures for the upcoming administrative due process hearing. | 1.67 350.00/hr | 584.50 |
| | RN | Review the student's educational file, prepare the student's five-day disclosures for the upcoming administrative due process hearing. | 0.33 365.00/hr | 120.45 |
| 8/19/2005 | KD | Assist attorney to prepare disclosure to DCPS | 2.33 115.00/hr | 267.95 |
| | DD | Reviewed speech and language as well as his physical therapy evaluation. | 0.83 185.00/hr | 153.55 |
| 8/22/2005 | DH | Draft and send Motion to Strike for the upcoming MDT/IEP Meeting. | 2.00 350.00/hr | 700.00 |
| 8/24/2005 | DH | Draft Motion for Continuance. | 0.25 350.00/hr | 87.50 |
| 8/26/2005 | KD | Drafted letter to parent/enclosed copy of HN/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.58 115.00/hr | 66.70 |
| 8/29/2005 | KD | Drafted letter to parent/enclosed copy of Atty's 8-24-05 Ltr to DCPS rqstng Continuance of Hearing/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |

Terrell Phillips                                                                                   Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/6/2005 | RN | Review the student's five-day disclosures prepared by Mr. Hill. | 0.25 365.00/hr | 91.25 |
| | DH | Draft and send letter to DCPS responding to the Letter of Invitation received by this office. | 0.25 350.00/hr | 87.50 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 9-6-05 Ltr to CARE w/MDT dates/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |
| | KD | Assist attorney prepare disclosure to DCPS | 2.00 115.00/hr | 230.00 |
| | DH | Review the student's educational file, prepare five-day disclosures. | 1.00 350.00/hr | 350.00 |
| 9/8/2005 | DH | Discussion with the parent regarding the status of the student's case. | 0.17 350.00/hr | 59.50 |
| | DH | Draft and send letter to DCPS regarding the outstanding evaluations for the student. | 0.25 350.00/hr | 87.50 |
| 9/9/2005 | KD | Phone call to parent re no hearing or date for MDT Mtng yet | 0.08 115.00/hr | 9.20 |
| 9/13/2005 | DD | Reviewed file and evaluations and confirmations of meeting notice | 0.50 185.00/hr | 92.50 |
| | KD | Drafted letter to parent/enclosed copy of correspondence and evals sent to DCPS on 8-17 by Atty/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| | KD | Phone call to parent re MDT Mtng | 0.08 115.00/hr | 9.20 |
| | KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfmrtn/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.50 115.00/hr | 57.50 |
| | KD | faxed MDT Mtng Cnfrmtn to Kennedy Pre-School Program per Atty Hill/filed confirmation in case file and added to case notes | 0.17 115.00/hr | 19.55 |
| 9/21/2005 | KD | Drafted letter to parent/enclosed copy of Revised HN/copy to advc and file/added to case notes/posted same to Outlook and Desk Calendars | 0.50 115.00/hr | 57.50 |
| 9/22/2005 | KC | Reviewed client file in preparation for MDT/IEP meeting. | 1.25 185.00/hr | 231.25 |
| | KC | Attended MDT/IEP @ Kennedy Institute | 4.00 185.00/hr | 740.00 |
| | KC | Draft letter to D.Hill & R. Neloms re: summary of issues discussed at MDT meeting & possible questions to ask at the administrative hearing on 9/30/05. | 1.00 185.00/hr | 185.00 |

Terrell Phillips

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/23/2005 | KD | Assist attorney prepare disclosure to DCPS | 2.00 115.00/hr | 230.00 |
| | RN | Review the student's five-day disclosures prepared by Mr. Hill. | 0.50 365.00/hr | 182.50 |
| | DH | Review the student's educational file, prepare five-day disclosures for the student's continued administrative due process hearing, give to Ms. Neloms for her review, send to the DCPS Office of Student Hearings and Office of the General Counsel. | 2.00 350.00/hr | 700.00 |
| 9/28/2005 | KD | Drafted letter to parent/enclosed copy of Atty's 9-23-05 Ltr to DCPS re Notice to Compel Witness/copy to advc and file/added to case notes | 0.50 115.00/hr | 57.50 |
| 9/29/2005 | DH | Prepare for the student's administrative due process hearing. | 3.00 350.00/hr | 1,050.00 |
| | RN | Prepare for the student's administrative due process hearing. | 1.00 365.00/hr | 365.00 |
| 9/30/2005 | KC | Reviewed student file (i.e., resolution meeting notes, MDT notes, IEP and evaluations.) | 1.50 185.00/hr | 277.50 |
| | KC | Appearance to 825 North Capital for due process hearing | 4.00 185.00/hr | 740.00 |
| | DH | Prepare for the student's administrative due process hearing. | 2.00 350.00/hr | 700.00 |
| | RN | Prepare for the student's administrative due process hearing. | 2.00 365.00/hr | 730.00 |
| | DH | Appear at the student's administrative due process hearing. | 4.00 350.00/hr | 1,400.00 |
| | RN | Appear at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
| 11/8/2005 | DH | Review the student's educational file, prepare and send in five-day disclosures. | 0.50 350.00/hr | 175.00 |
| 11/15/2005 | KC | Prepared for Due Process Hearing with attorneys and advocate. | 1.00 185.00/hr | 185.00 |
| | MH | Prepared for Due Process Hearing. Reviewed parent's and DCPS's disclosure materials, research on issues raised, reviewed potential witness questions and legal arguments for hearing. | 2.42 365.00/hr | 883.30 |
| | DH | Prepare for the student's administrative due process hearing. | 3.17 350.00/hr | 1,109.50 |

Terrell Phillips

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/16/2005 | DH | Appear and participate in the student's administrative due process hearing. | 6.00 350.00/hr | 2,100.00 |
| | DH | Prepare for the student's administrative due process hearing. | 3.00 350.00/hr | 1,050.00 |
| | DD | Appearance to 825 North Capital for due process hearing | 6.00 185.00/hr | 1,110.00 |
| | MH | Appearance to 825 North Capital for due process hearing | 6.00 365.00/hr | 2,190.00 |
| | KC | Appearance to 825 North Capital for due process hearing | 4.00 185.00/hr | 740.00 |
| | KC | Reviewed client files, med reports and meeting summaries. Prep for Due Process Hearing. | 0.75 185.00/hr | 138.75 |
| 11/17/2005 | DH | Review the student's educational file, draft and send letter to DCPS responding to their letter of invitation and send letter with accompanying documents. | 1.25 350.00/hr | 437.50 |
| 11/18/2005 | DH | Receive and review the student's occupational therapy evaluation from DCPS. | 0.50 350.00/hr | 175.00 |
| 12/5/2005 | DH | Discussion with the mother regarding the status of the student's case. | 0.25 350.00/hr | 87.50 |
| 12/6/2005 | DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.33 350.00/hr | 115.50 |
| | WB | Drafted letter to parent w/ copy of correspondence sent to Gloria T. Everett on 12/16/05 | 0.50 115.00/hr | 57.50 |
| 12/13/2005 | DH | Draft and send letter to DCPS offering additional dates and times to reconvene. | 0.33 350.00/hr | 115.50 |
| | DH | Draft and send letter to DCPS requesting that DCPS responding to DCPS' Letter of Invitation and offer additional dates and times to meet. | 0.50 350.00/hr | 175.00 |
| 12/14/2005 | WB | Assisted attorney to prepare disclosure to DCPS | 1.67 115.00/hr | 192.05 |
| | WB | Drafted letter to parent w/ HDN enclosed for hearing on 12/21/05 and 12/22/05 @ 9:00 am, 11:00 am, 1:00 pm, and 3:00 pm | 0.50 115.00/hr | 57.50 |
| | WB | Conference with parent re: case status and upcoming hearing on 12/21/05 and 12/22/05 @ 9:00 am, 11:00 am, 1:00 pm, and 3:00 pm | 0.17 115.00/hr | 19.55 |
| | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.50 350.00/hr | 525.00 |

Terrell Phillips

Page    6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/15/2005 | BDL | Drafted letter to parent with copy of the Occupational Therapy Evaluation | 0.50<br>115.00/hr | 57.50 |
| 12/16/2005 | BDL | Drafted letter to parent with copy of the letter sent to David Smith, Esq. | 0.50<br>115.00/hr | 57.50 |
| | KC | Reviewed client file and MDT notes; Prep for court hearing. | 2.00<br>185.00/hr | 370.00 |
| 12/20/2005 | DH | Discussion with the educational advocate regarding the MDT/IEP Meeting. | 0.33<br>350.00/hr | 115.50 |
| 12/21/2005 | KC | Attended MDT/IEP @ Kennedy Institute. | 3.00<br>185.00/hr | 555.00 |
| | KC | Reviewed client file in prep for MDT/IEP meeting. | 1.00<br>185.00/hr | 185.00 |
| 12/22/2005 | DH | Discussion with the mother regarding the recent MDT/IEP Meeting. | 0.33<br>350.00/hr | 115.50 |
| 12/27/2005 | KD | Phone call from Katherine Thomas School re placement order | 0.08<br>115.00/hr | 9.20 |
| 1/18/2006 | DH | Discussion with the mother regarding the status of the student's case. | 0.17<br>365.00/hr | 62.05 |
| 1/26/2006 | DH | Draft and send letter to Debbie Lourie regarding the status of the student's case, provide a copy of the order and transcripts from the hearing. | 0.50<br>365.00/hr | 182.50 |
| | DH | Draft and send letter to Gloria Everett, LICSE, regarding her need to complete the student's transportation and arrangements. | 0.50<br>365.00/hr | 182.50 |
| 2/1/2006 | DH | Discussion with the mother regarding the status of the student's placement at the Katherine Thomas School. | 0.25<br>365.00/hr | 91.25 |
| 2/7/2006 | DH | Discussion with the parent regarding the status of the student's case. | 0.08<br>365.00/hr | 29.20 |
| 3/10/2006 | KC | Telephone call to private school (D. Lourie) re: verification of date and time of MDT meeting. Katherine Thomas is about to fax student's IEP to Dom Hill, Esq. for review. | 0.33<br>185.00/hr | 61.05 |
| | KC | Reviewed student IEP from Katherine Thomas School | 1.00<br>185.00/hr | 185.00 |
| 3/16/2006 | KC | Attended MDT/IEP @ Katherine Thomas School | 4.00<br>185.00/hr | 740.00 |

Terrell Phillips

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/16/2006 KC | Reviewed student's proposed IEP in preparation for MDT/IEP meeting at Katherine Thomas School. | 0.75<br>185.00/hr | 138.75 |
| 3/17/2006 KC | Draft letter to Ms. Valdivia re: Preliminary Injunction transcript and Dr. Taylor-Davis' determination about student's OHI disability classification. Prepared, forwarded and filed letter. | 0.92<br>185.00/hr | 170.20 |
| 4/7/2006 DH | Draft and file letter motion seeking a continuance. | 0.17<br>365.00/hr | 62.05 |
| DH | Draft and file the parent's notice of stay-put. | 0.33<br>365.00/hr | 120.45 |
| 4/10/2006 WB | Drafted letter to parent w/ Memorandum of Points and Authorities sent to David Smith, Chief Hearing Officer, Student Hearing Office on 4/8/06; and copy of correspondence sent to Paula Perelman, Director of Compliance, Office of Mediation and Compliance on 4/7/06 | 0.58<br>115.00/hr | 66.70 |
| 4/19/2006 WB | Drafted letter to parent w/ Impartial Due Process Hearing Officer's Decision issued on 4/18/06 | 0.58<br>115.00/hr | 66.70 |
| 4/28/2006 KD | Assist attorney prepare disclosure to DCPS | 3.00<br>115.00/hr | 345.00 |
| DH | Prepare disclosure to DCPS | 3.00<br>365.00/hr | 1,095.00 |
| 7/18/2006 WB | Drafted letter to parent w/ copy of correspondence sent on 7/8/06 to the Office of Special Education | 0.58<br>115.00/hr | 66.70 |
| 8/29/2006 HR | Draft case status letter to parent regarding the Due Process Hearing Complaint | 0.58<br>115.00/hr | 66.70 |
| 8/30/2006 DH | Conduct educational research, prepare, draft and file the parents' Opposition to DCPS' Motion to Schedule the Student's Adminisitrative Due Process Hearing. | 1.00<br>365.00/hr | 365.00 |
| 9/19/2006 KD | Drafted letter to parent re: HN | 0.58<br>115.00/hr | 66.70 |
| 10/3/2006 DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming due process hearing. | 2.00<br>365.00/hr | 730.00 |
| KD | Assisted attorney to prepare disclosure to DCPS (review of document duplicates, etc.) | 2.00<br>115.00/hr | 230.00 |
| 10/6/2006 DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 2.00<br>365.00/hr | 730.00 |
| 10/12/2006 DH | Prepare for the student's upcoming administrative due process hearing by reviewing the student's educational file, reviewing the parent's and DCPS' five-day disclosures, discussion with the parent and educational advocate | 2.08<br>365.00/hr | 759.20 |

Terrell Phillips                                                                                          Page     8

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | regarding their testimony, prepare questions for direct examination, prepare questions for possible cross-examination of DCPS witnesses, and prepare opening statements. |  |  |
| 11/15/2006 | KD | Assist attorney prepare disclosure to DCPS (includes researching address and telephone numbers for witnesses, making copies of exhibits, tabbing and binding for hand delivery)/added to case notes | 2.50 115.00/hr | 287.50 |
| 11/16/2006 | DH | Review the student's educational file, prepare and file five-day disclosures for the student's upcoming administrative due process hearing. | 2.08 365.00/hr | 759.20 |
|  | KC | Draft letter to Katherine Thomas School (Program Coordinator--Sylvia Valdivia) re: request for phone participation at upcoming hearing on 11/22/06 at 1:00 p.m. Faxed and filed letter. | 0.83 185.00/hr | 153.55 |
|  | KC | Telephone call to private school (Judy Owens--Dep. Director) re: attempting to reach Ms. Valdivia to request phone participation in administrative due process hearing on 11/22/06. | 0.42 185.00/hr | 77.70 |
| 11/21/2006 | DD | Reviewed the students file for upcoming hearing | 1.50 185.00/hr | 277.50 |
|  | KC | Reviewed client file in preparation for due process hearing. | 1.00 185.00/hr | 185.00 |
|  | DH | Conduct review of the student's educational file, conduct review of the parent's and DCPS' five-day disclosures, conduct educational research, prepare opening and closing statements, prepare questions prepared for direct and possible cross examination of DCPS witnesses, and conduct witness preparation for the student's upcoming administrative due process hearing. | 4.50 365.00/hr | 1,642.50 |
| 11/22/2006 | DD | Appearance to 825 North Capital for due process hearing | 2.50 185.00/hr | 462.50 |
|  | DH | Conduct review of the student's educational file, conduct review of the parent's and DCPS' five-day disclosures, conduct educational research, prepare opening and closing statements, prepare questions prepared for direct and possible cross examination of DCPS witnesses, and conduct witness preparation for the student's upcoming administrative due process hearing, appear at the student's administrative due process hearing. | 6.33 365.00/hr | 2,310.45 |
|  | KC | Appearance to 825 North Capital for due process hearing | 2.50 185.00/hr | 462.50 |
| 11/27/2006 | KC | Reviewed client file in preparation for D.P. Hearing | 1.25 185.00/hr | 231.25 |
| 12/13/2006 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 385.00/hr | 127.05 |

Terrell Phillips                                                                                    Page    9

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/14/2006 | KD | Drafted letter to parent/enclosed copy of 12-1-06 HOD/copy to advc and file/added to case notes | 0.58 115.00/hr | 66.70 |
| | | For professional services rendered | 164.78 | $42,111.35 |
| | | Additional Charges : | | |
| 8/5/2005 | | Copied: evaluations for advocate. | | 15.25 |
| 8/10/2005 | | Copied: file for advocate. | | 35.50 |
| 8/11/2005 | | Postage; letter to parent. | | 0.60 |
| | | Copied documents; copies of MDT notes | | 4.00 |
| | | Copied documents; copies of letters | | 1.50 |
| | | Copied: MDT and HN letter for parent and advocate. | | 2.50 |
| 8/12/2005 | | Postage; letter to parent. | | 0.37 |
| | | Postage; letter to parent re: HN. | | 0.60 |
| | | copied letter to parent re: HN | | 0.50 |
| | | Copied documents(Atty/File-letter copies) | | 0.50 |
| 8/17/2005 | | Copied: PT and OT evaluations for parent and advocate. | | 4.00 |
| | | Postage; letter to parent re: PT and OT evaluation. | | 0.60 |
| | | Facsimile: Letter to OSE. | | 6.00 |
| 8/19/2005 | | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |
| | | Copied: Disclosure for SHO and OGC. | | 131.50 |
| 8/24/2005 | | Facsimile(SHO/OGC-letter) | | 4.00 |
| 8/26/2005 | | Postage; letter to parent re: HN. | | 0.60 |
| | | Copied: continuance request and HN for parent and advocate. | | 4.00 |
| 8/29/2005 | | Postage; letter to parent | | 0.37 |
| | | copied letter to parent | | 0.50 |
| 9/6/2005 | | Copied documents; LOI, attorney's 9/6/05 letter to CARE w/ MDT dates and cvr ltr | | 3.50 |

Terrell Phillips                                                                                    Page    10

|  |  | Amount |
|---|---|---:|
| 9/6/2005 | Postage; letter to parent re: MDT dates. | 0.60 |
|  | Facsimile; letter to CARE | 2.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied documents; disclosures | 141.50 |
| 9/8/2005 | Facsimile: Letter to OSE. | 10.00 |
| 9/13/2005 | Postage; letter to parent re: MDT conf. and evals sent to DCPS. | 0.83 |
|  | Copied: MDT conf. and evals sent to DCPS for parent and advocate. | 8.00 |
| 9/21/2005 | Copied: Revised HN letter for parent and advocate. | 1.00 |
|  | Postage; letter to parent re: revised HN. | 0.37 |
| 9/22/2005 | Copied documents<br>MDT/IEP meeting notes | 7.00 |
| 9/23/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: Disclosure for SHO and OGC. | 152.50 |
| 9/28/2005 | Postage; letter to parent re: notice to compel witness to DCPS. | 0.37 |
|  | Copied: letter for parent and advocate re: notice to compel witness. | 2.00 |
| 11/8/2005 | Facsimile: Disclosure to SHO and OGC. | 14.00 |
| 11/16/2005 | Parking at DCPS for hearing (advocate) | 5.00 |
| 11/17/2005 | Copied: evaluations for parent and advocate. | 31.50 |
|  | Facsimile: evaluations. | 63.00 |
| 12/6/2005 | Facsimile letter to OSE. | 3.00 |
|  | Postage; letter to parent | 0.37 |
| 12/13/2005 | Facsimile motion to SHO. | 10.00 |
|  | Facsimile motion to OGC. | 10.00 |
|  | Facsimile lettter to CARE Center. | 2.00 |
|  | Facsimile lettter to OSE. | 2.00 |
| 12/14/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |

Terrell Phillips

| | | Amount |
|---|---|---|
| 12/14/2005 | Copied disc. for DCPS. | 115.00 |
| | Postage; letter to parent | 0.37 |
| | copied letter to parent | 0.50 |
| 12/15/2005 | Copied documents | 1.25 |
| | Postage; letter to parent | 0.37 |
| 12/16/2005 | copied letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| | Copied: letter for parent. | 0.75 |
| 12/20/2005 | Facsimile: referral to Katherine Thomas, McLean and Commonwealth. | 125.00 |
| 1/26/2006 | Copied:  letter for parent. | 12.25 |
| | Facsimile: letter to CARE center and Katherine Thomas. | 58.00 |
| | Facsimile: letter to CARE center and Katrine Thomas. | 57.00 |
| 2/14/2006 | Facsimile Received from DCPS re: Disclosure. | 5.00 |
| 2/27/2006 | Messenger Service to and from DCPS (Memorandum of Points and Authorities) | 20.00 |
| | Copied motion for SHO/OGC. | 42.00 |
| 4/7/2006 | Messenger Service to and from DCPS (Letter from Mr. Hill) | 20.00 |
| 4/18/2006 | Facsimile Received from DCPS re: HOD from SHO. | 3.00 |
| 4/20/2006 | Postage; letter to parent re: HOD. | 0.39 |
| 4/28/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: disclosure for SHO & OGC. | 153.50 |
| 7/8/2006 | Facsimile: HR to OSE. | 2.00 |
| 7/18/2006 | copied letter to parent | 0.50 |
| | Postage; letter to parent | 0.39 |
| 8/29/2006 | Copied; DMP-Complaint w/letter for parent. | 2.00 |
| | Postage; HOD and complaint w/letter to parent. | 0.63 |

Terrell Phillips

Page   12

| | | Amount |
|---|---|---|
| 9/14/2006 | Facsimile Received from SHO re: HN | 1.00 |
| 9/19/2006 | Postage; HN to parent. | 0.39 |
| | copied doc for parent re: HN | 0.50 |
| 10/3/2006 | copied 5 day disclosures | 171.00 |
| 10/5/2006 | messenger service to and from DCPS (5 day disclosure) | 20.00 |
| 11/15/2006 | Facsimile; Disclosure from OGC. | 3.00 |
| | Copied; Disclosure for SHO and OGC. | 174.00 |
| | Messenger Service to and from DCPS ( 5 day disclosure) | 20.00 |
| 11/16/2006 | Facsimile; Letter to Katherine Thomas. | 3.00 |
| | Copied; Letter for Attorney and file. | 0.75 |
| 11/20/2006 | Rec'd fax from Katherine Thomas School; OT | 5.00 |
| 11/21/2006 | Copied; Disclosure for Advocate. | 117.00 |
| 12/1/2006 | Received faxed from SHO re: (HOD) | 5.00 |
| 12/14/2006 | Postage; HOD to parent. | 0.63 |
| | Copied; HOD for parent and advocates. | 5.25 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $2,027.60 |
| | Total amount of this bill | $44,138.95 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blanca De La Sancha, Paralegal | 1.00 | 115.00 | $115.00 |
| Domiento Hill, Attorney | 25.24 | 365.00 | $9,212.60 |
| Domiento Hill, Attorney | 35.83 | 350.00 | $12,540.50 |
| Donte Davis, Advocate | 11.33 | 185.00 | $2,096.05 |
| Heidi Romero, Paralegal | 0.58 | 115.00 | $66.70 |
| James E. Brown, Attorney | 0.33 | 385.00 | $127.05 |
| Kelly Dau, Paralegal | 20.47 | 115.00 | $2,354.05 |
| Kevin Carter, Advocate | 48.92 | 185.00 | $9,050.20 |
| Miguel Hull, Attorney | 8.42 | 365.00 | $3,073.30 |
| Roxanne Neloms, Attorney | 8.08 | 365.00 | $2,949.20 |
| Williams Bautista, Paralegal | 4.58 | 115.00 | $526.70 |

# Exhibit I

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. Attorney Information
   Law Firm:                        James Brown & Assoc., PLLC
   Attorney:                        James Brown
   Federal Tax ID No:               52-1500760
   D.C Bar No:                      61622

2. Student Information
   Name:                            North, Antoine
   DOB:                             4/14/89
   Date Hearing Request Filed:      2/20/07
   Date(s) of Hearing:              4/24/07
   Date of Determination (HOD/SA):  5/7/07
   Parent/Guardian Name:            Carleen Chalmers & Antonio Bailey
   Parent/Guardian Address:         1200 North Capitol St., NW, #A607
                                    Washington, DC 20002

3. Invoice Information
   Invoice Number:                  07-154
   Date Request Submitted:          5/31/07
   Date(s) of Services Rendered:    1/16/07 to 5/10/07
   Attorney Hourly Rate:            $    365.00
   Total Attorney Fees:             $  3,953.55
   Total Attorney Costs:            $    233.20
   Total Experts:                   $      0.00
   Total Invoice:                   $  4,186.75

4. Certification (must be signed by principal attorney)

I certify that all of the following statements are true and correct:

- All services listed on the enclosed invoices were actually performed;
- The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
- No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

_____    5/31/07
Signature                          Date

Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Antoine North | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: April 14, 1989 | ) | |
| ("Student") | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: April 24, 2007 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| School: Cardozo SHS | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Counsel for Student:  Domiento C.R. Hill, Esq.
1220 L Street, NW #700
Washington, DC 20005

Counsel for DCPS:  Karen Jones Herbert, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on May 4, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed February 20, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (AN 1-20 and DCPS 1) which were admitted into the record.

## FINDINGS OF FACT [1]:

1. The student has been determined to be eligible for special education and related services with a disability classification of mental retardation (MR). The student attends Cardozo Senior High School (Cardozo). (AN 19)

2. On January 9, 2007, DCPS and the parent's counsel entered into a settlement agreement in which DCPS agreed to reconvene a multidisciplinary team (MDT) meeting to review the student's vocational evaluation within twenty (20) school days of the date of the agreement. (AN 4)

3. The MDT meeting should have been reconvened on or about February 9, 2007. The parent counsel sent letters to DCPS prompting DCPS to reconvene the MDT meeting for the student which has yet to be convened. (AN 6, 7, Stipulation)

## ISSUE(S): [2]

Did DCPS deny the student FAPE by failing to comply with the January 9, 2007, settlement agreement a review the student's vocational evaluation?

## CONCLUSIONS OF LAW:

Pursuant to IDEIA §1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA §1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [3] In this case the student/parent is seeking relief and has the burden of proof that

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

Did DCPS deny the student FAPE by failing to comply with the January 9, 2007, settlement agreement a review the student's vocational evaluation?  Conclusion: The parent sustained the burden of proof.

The settlement agreement indicates DCPS was to convene a MDT meeting on or about February 9, 2007. The parent's counsel notified DCPS as agreed in the settlement agreement that the MDT meeting had not been held.  To date the MDT has not been convened and the student's vocational evaluation has not been reviewed by the MDT. The Hearing Officer concludes that the failure to timely review the student's vocational evaluation impeded the student's right to FAPE and caused a deprivation of educational benefits.

## ORDER:

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP as appropriate, and discuss compensatory education and develop a compensatory education plan if warranted for any delay in the vocational evaluation not being reviewed timely.

2. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

3. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: May 4, 2007**

Issued: 5|7|07

---

[3] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

**In the MATTER OF Antoine North V. DCPS**

**INDEX OF EXHIBITS**

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AN 1-20 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4

## In the MATTER OF Antoine North V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 2/20/07 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 4/2/07 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# INDEX OF NAMES

## In the MATTER OF Antoine North V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | |
| Child's Parent(s) (specific relationship) | |
| | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Parent's Educational Advocate | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: May 7, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: North, Antonie

TOTAL NUMBER OF PAGES, INCLUDING COVER: 7

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Antoine North
DOB: 4/14/89

May 22, 2007

In Reference To:   Re: Antoine North
                   DOB: 4/14/89

Invoice #12520

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 1/16/2007 WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 1/16/07 to Ms. McClain, Special Education Coordinator, Cardozo Senior High School | 0.58 115.00/hr | 66.70 |
| 1/25/2007 KD | Drafted letter to parent/enclosed copy of 1-10-07 SA/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 2/7/2007 DH | Draft and send letter to DCPS infomring them of their noncompliance. | 0.17 365.00/hr | 62.05 |
| 2/9/2007 DH | Draft and send second notice of noncompliance to the DCPS Office of Student Hearings. | 0.25 365.00/hr | 91.25 |
| 2/20/2007 DH | Review the student's educational file to determine DCPS compliance with the terms of the recent administrative order, discussion with the parent and educational advocate, conduct educational research to determine relief available to the parent and student in the event of noncompliance by DCPS, draft and file administrative due process complaint notice. | 2.67 365.00/hr | 974.55 |
| 3/22/2007 KD | Drafted letter to parent/enclosed copy of Atty's 2-7-07 and 2-9-07 Ltrs to DCPS re noncompliance/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 3/30/2007 BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
| 4/3/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.33 115.00/hr | 37.95 |

Antoine North

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/17/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.25 115.00/hr | 143.75 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing and give to paralegal for her completion. | 1.00 365.00/hr | 365.00 |
| 4/23/2007 | DH | Conduct preparation for the student's administrative due process hearing be reviewing the student's educational file, conducting educational research regarding issues contained in the complaint, conduct a review of the parent's and DCPS' five-day disclosures, prepare questions for direct examination of the parent's witnesses, and for possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation for the student's administrative due process complaint notice hearing. | 2.50 365.00/hr | 912.50 |
| 4/24/2007 | DH | Conduct last minute preparation for the student's administrative due process hearing be reviewing the student's educational file, conducting last minute educational research, conducting review of the parent's and DCPS' five-day disclosures, review questions for direct examination of the parent's witnesses, and for possible cross examination of DCPS witnesses, review opening and closing statements, and appearance at the student's administrative due process hearing. | 3.00 365.00/hr | 1,095.00 |
| 5/7/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.17 405.00/hr | 68.85 |
| 5/10/2007 | KD | Drafted letter to parent/enclosed copy of the 5-7-07 HOD/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
|  |  | For professional services rendered | 13.08 | $3,953.55 |
|  |  | Additional Charges : |  |  |
| 1/16/2007 | | Postage; Letter to parent re: Manifestation meeting request. | | 0.39 |
|  |  | copied letter to parent | | 0.50 |
| 1/25/2007 | | copied letter to parent and advocate re: SA | | 3.50 |
| 1/26/2007 | | Postage; SA w/letter to parent. | | 0.63 |
| 2/8/2007 | | Fax notice of noncompliance to OMC | | 2.00 |
| 2/20/2007 | | copied HR | | 9.00 |
|  |  | Faxed HR to SHO | | 10.00 |

Antoine North                                                                                    Page     3

|            |                                                                          | Amount |
|------------|--------------------------------------------------------------------------|--------|
| 3/22/2007  | copied atty's 2/7/07 and 2/9/07 ltr to DCPS for parent and advocates      | 3.75 |
|            | postage Atty's 2-7-07 +2-9-07 letters to DCPS re noncompliance with SA to parent | 0.39 |
| 3/30/2007  | Postage; letter to parent                                                 | 0.39 |
| 4/3/2007   | copied letter to parent and advocate re: HN                               | 1.50 |
|            | postage HN to parent                                                      | 0.39 |
| 4/17/2007  | Messenger Service to and from DCPS (5-day Disclosures)                     | 20.00 |
|            | copied disclosures for OGC/SHO                                            | 57.00 |
| 4/24/2007  | taxi to DCPS for hearing                                                  | 8.00 |
| 5/7/2007   | Rec'd faxed HOD from SHO                                                  | 7.00 |
|            | copied HOD                                                               | 7.00 |
| 5/9/2007   | copied HR                                                                | 2.25 |
| 5/10/2007  | Postage; Letter to parent.                                               | 0.63 |
|            | Copied; HOD for parent.                                                   | 2.00 |
|            | File review preparation of bill and invoice audit                         | 96.88 |
|            | Total additional charges                                                  | $233.20 |
|            | Total amount of this bill                                                 | $4,186.75 |

User Summary

| Name                        | Hours | Rate   | Amount |
|-----------------------------|-------|--------|--------|
| Blair Copeland, Paralegal   | 0.17  | 130.00 | $22.10 |
| Domiento Hill, Attorney     | 9.59  | 365.00 | $3,500.35 |
| James E. Brown, Attorney    | 0.17  | 405.00 | $68.85 |
| Kelly Dau, Paralegal        | 2.57  | 115.00 | $295.55 |
| Williams Bautista, Paralegal| 0.58  | 115.00 | $66.70 |



*2079*

**EXHIBIT**
**AN-2**

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS
# COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:  _Antoine North_   Date of Birth: April 14, 1989

Address: 1200 North Capitol Street, NW #A607, Washington, DC 20002

Present School of Attendance:  Cardozo Senior High School

Parent/Guardian of the Student:   Ms. Carleen Chalmers and Antonio Bailey

**B.    Legal Representative/Attorney (if applicable):**

Name:    Domiento C.R. Hill, Esq.

Address:       1220 L Street, NW, Suite 700, Washington, DC 20005

Phone: (w)  202-742-2000   (Fax)  202-742-2097    (e-mail) _____

Will attorney / legal representative attend the resolution session?       **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public    school    or    residential    treatment    facility    (name)

_____

☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.    Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

### I.    Procedural and Background Information.

1.  The adult student's name is Antoine North (hereinafter "Student" or "A.N.").

2.  The student currently attends Carozo Senior High School located in the District of Columbia.

3.  The student's home address is 1200 North Capitol Street, NW #A607, Washington, DC 20002.

4.  Ms. Carleen Chalmers and Mr. Antonio Bailey are the student's parents.

5.  The student, according to his most recent IEP, is eligible to receive special education and its related services, as a result of his being mentally retarded.  *See* Individualized Educational Program dated February 7, 2006.

2

6. The student's most recent IEP expired on February 7, 2007. *Id.*

7. An MDT Meeting was held for the student on or about February 7, 2006. See MDT Meeting Notes dated February 7, 2006.

8. At the MDT Meeting, the MDT Team recommended that the student be receive his triennial reevaluations. *Id.*

9. On or about February 21, 2006, the parent, by and through counsel, as a follow-up to the MDT Team's decision of February 7, 2006, made a second request that the student receive his triennial reevaluations. *Id.*

10. A speech and language reevaluation was completed on the student on or about March 10, 2006. See Speech and Language Reevaluation.

11. An educational evaluation was completed on the student on or about April 5, 2006. *See* Educational Evaluation dated April 5, 2006.

12. The student, according to the educational evaluation, had academic functioning, according to grade, from a low of 2.4 in his spelling, to a high of 7.0 in his math. *Id.*

13. An MDT Meeting was held for the student on or about May 23, 2006. See MDT Meeting Notes.

14. At the MDT Meeting, the MDT team stated that the student's classification would be changed from mentally retarded to learning disabled, however, no new IEP was completed.

15. Additionally, there was a disagreement between the parent and the school regarding the student's appropriate placement setting.

16. An administrative due process hearing was held for the student on or about June 5, 2006. *See* Hearing Officer's Memorandum of Settlement Agreement dated June 6, 2006.

17. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about June 6, 2006, in which DCPS was ordered to do, inter alia, complete or fund the parents' independent vocational assessment, and reconvene the student's MDT/IEP/Placement Meeting, within fifteen (15) school/business days to, review and revise the student's IEP as necessary, discuss placement, and discuss and determine what amount of compensatory education, if any, the student was owed.. *Id.*

18. The parents, by and through counsel, on or about July 8th, 2006, wrote to DCPS requesting a copy of the student's vocational assessment, pursuant to the order, or

3

risked having the parents obtain a vocational assessment independently. *See* Correspondence dated July 8th, 2006. DCPS did not respond.

19. As a result the parents begin the process of securing an evaluation independently. *See* Correspondence dated July 10, 2006.

20. A copy of the parents' independent vocational assessment was provided to DCPS on or about September 13, 2006, by counsel for the parents. *See* Correspondence dated September 13, 2006. Counsel for the parents, in that same letter wrote to DCPS requesting that the vocational evaluation be reviewed, and the student's MDT Meeting be reconvened. *Id.* DCPS did not respond.

21. On or about September 28, 2006, the parents, by and through counsel, notified the Director of Compliance within the DCPS Office of Special Education of the parents intention to file a due process complaint as a result of DCPS' noncompliance. *See* Correspondence dated September 28, 2006. DCPS did not respond.

22. On or about November 12, 2006, the parents, by and through counsel, notified the Director of Compliance within the DCPS Office of Special Education, for a second time, of the parents intention to file a due process complaint as a result of DCPS' noncompliance. *See* Correspondence dated November 12, 2006. DCPS did not respond.

23. As a result, the parents, by and through counsel, filed an administrative due process complaint notice on or about November 13, 2006. *See* Due Process Complaint Notice dated November 13, 2006.

24. The student, shortly, thereafter, received an involuntary safety transfer, to Cardozo Senior High School.

25. On or about January 9, 2007, prior to the convening of the student's due process hearing, a settlement agreement was reached between the parents and DCPS in which DCPS agreed to do, inter alia, reconvene the student's MDT/IEP/Placement Meeting, to review the student's vocational assessment, update the student's IEP as necessary, discuss placement, and discuss compensatory education. *See* Settlement Agreement dated January 9, 2007.

26. On or about January 3, 2007, the student was suspended for disorderly conduct at school.

27. On or about February 7 and February 9, 2007, DCPS wrote to the Office of Mediation and Compliance informing them of the parents' intent to file a due process complaint notice as a result of DCPS' failure to reconvene the student's MDT Meeting to review the student's evaluations, and revise and update his IEP, and discuss and determine placement, and compensatory education. *See* Correspondence dated February 9, 2007. DCPS, for a third time, did not respond.

4

## II.  Nature of the Problem.

### 1.  DCPS denied the student with a Free and Appropriate Public Education by failing to comply with the January 9, 2007 Settlement Agreement.

28. The parents re-allege paragraphs 1-27.

29. DCPS failed to convene an MDT/IEP/Placement meeting to review the student's vocational evaluation, failed to revise and update the student's IEP as appropriate, discuss and determine placement, and discuss the student's right to compensatory education services.

### 2.  DCPS denied the student a free and appropriate public education by failing to review the parents' independent vocational evaluation.

30. The parents re-allege paragraphs 1-29.

31. Pursuant to 34 C.F.R. § 300.502(c)(1) , "if the parent obtains an independent educational evaluation at public expense or shares with the public agency an evaluation obtained at private expense, the results of the evaluation must be considered by the public agency…in any decision made with respect to the provision of FAPE to the child." In the instant matter, it is clear DCPS failed to comply with the requirements of the statute.

32. Here, on September 13, 2007, the parents, through counsel, provided DCPS with copies of the student's vocational evaluation. To date, DCPS has yet to make any attempt to review any of the student's vocational assessment as the IDEIA requires.

### 3.  DCPS failed to develop an appropriate IEP.

33. The parent re-alleges paragraphs 1-32.

34. DCPS, as the local and state education agency, is to make certain that the educational programs or IEP are developed, reviewed, and revised for each student within its jurisdiction that may require one.  In the instant matter, it is clear DCPS has failed to comply with the requirements of the statute.

35. In the instant matter, a vocational assessment was conducted on the student, on or about August 21, 2006.  To date DCPS has yet to incorporate any of the findings of the vocational assessment into the student's IEP.

### 4.  DCPS failed to comply with 34 C.F.R. §§ 300.323-300.324(b) of the IDEIA and review and revise the student's IEP annually.

36. The parent re-alleges paragraphs 1-35.

37. DCPS, as the local and state education agency, that at the beginning of each school year, "have in effect, for each child with a disability within its jurisdiction, an IEP . . . " *See* 34 C.F.R. § 300.323 of the IDEIA; *See also* 34 C.F.R. § 300.324(b) of the IDEIA ("Each public agency must ensure that, subject to paragraphs (b)(2) and (b)(3) of this section, the IEP Team reviews the child's IEP periodically, but not less than annually, to determine the annual goals for the child.)

38. In the instant matter, the student's last IEP expired on February 7, 2007. A new IEP is due.

### III. Issues presented.

1.     DCPS denied the student FAPE by failing to comply with the January 9, 2007;

2.     DCPS denied the student FAPE by failing to comply with 34 C.F.R. § 300.502(c)(1) of the IDEIA and review the parents independent vocational assessment;

3.     DCPS denied the student FAPE by failing to develop an appropriate IEP; and

4.     DCPS denied the student FAPE by failing to have a current IEP in effect for the student.

### III.     Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS denied the student FAPE by failing to comply with the January 9, 2007 settlement agreement;

2. A finding that DCPS denied the student FAPE by failing to comply with 34 C.F.R. § 300.502(c)(1) of the IDEIA and review the parents independent vocational assessment;

3. A finding that DCPS denied the student FAPE by failing to develop an appropriate IEP;

4. A finding that DCPS denied the student FAPE by failing to have a current IEP in effect;

5. DCPS, for the 2006-2007, and if necessary 2007-2008 school year, agrees to place and fund the student at the Rock Creek Academy; or the Phillips School, or the Florence Bertil Academy, with transportation and stay-put protection;

6

6. DCPS, within five (5) business, agrees to convene the student's MDT/IEP
   Meeting to review all evaluations, develop an appropriate IEP,

7. DCPS agrees to fund the parent's compensatory education program;

8. Provide the student with a due process hearing within 20 calendar days of a
   request on any issue arising out of the noncompliance with the DCPS'
   obligation hereunder, or any disagreement with the assessment, programming
   or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under
   the Conciliation Agreement, the parents shall have the authority to use self help
   without further notice to the DCPS, and initiate an IEP with the DCPS' invited
   participation, and unilateral placement in an interim school or educational
   program until such time the DCPS can come into compliance and properly assess,
   program and/or participate;

10. The DCPS shall ensure that this student has available a Free and Appropriate
    Public Education including special education, transportation (5 DCMR 3000.3),
    and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States
    for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June
    21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's
    unique needs and preparation for employment and independent living;

11. Send all notices to counsel for the parent with copies of such to the parent and in
    the parent's native language;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant
    to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.
    No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative,
    Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the
    following: i) an explanation of why DCPS proposed or refused to take the
    action raised in the complaint; ii) a description of other options that the IEP
    team considered and the reasons why those options were rejected, iii) a
    description of each evaluation procedure, assessment, record, or report the
    agency used as the basis for the proposed or refused action, and iv) a
    description of the other factors that are relevant to the agency's proposed or
    refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the
    parent's administrative due process hearing complaint, within ten (10) calendar
    days, the arguments and facts as averred by the parent in this administrative due
    process complaint will be deemed true and accurate and act as a waiver, on
    the part of DCPS, for their desire to have a Resolution Session Meeting, and
    the parent's administrative due process hearing will be scheduled pursuant to
    the applicable timelines contained in the IDEIA, furthermore, DCPS' failure

to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action, thereby entitling them to reasonable reimbursement of their attorneys' fees not to exceed $4,000.00.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

8

**H.**  <u>Signature:</u>

Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

# Exhibit J

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:                         James Brown & Assoc., PLLC
   Attorney:                         James Brown
   Federal Tax ID No:                52-1500760
   D.C. Bar No:                      61622

2. **Student Information**
   Name:                             Scott, Charles
   DOB:                              3/13/92
   Date Hearing Request Filed:       3/6/07
   Date(s) of Hearing:               5/4/07
   Date of Determination (HOD/SA):   5/4/07
   Parent/Guardian Name:             Althea Scott
   Parent/Guardian Address:          4283 Barnaby Rd., SE, #104
                                     Washington, DC 20032

3. **Invoice Information**
   Invoice Number:                   07-157
   Date Request Submitted:           5/31/07
   Date(s) of Services Rendered:     10/24/06 to 5/7/07
   Attorney Hourly Rate:             $     365.00
   Total Attorney Fees:              $   4,972.35
   Total Attorney Costs:             $     314.93
   Total Experts:                    $   1,204.35
   Total Invoice:                    $   6,491.63

4. **Certification (must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;

   I understand that the making of a false statement to an agency of the D.C. Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____          5/31/07
   Signature                                 Date

   Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| Charles Scott ("Student") | ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: March 13, 1992 | ) | |
| Petitioner, | ) | Hearing Date: |
| | ) | May 4, 2007 |
| v. | ) | Held at: 825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | Attending School: |
| Washington, DC 20002 | ) | Woodson SHS |
| ("DCPS" or "District") | ) | |
| | ) | Due Process Complaint Notice: |
| Respondent. | ) | March 6, 2007 |

Counsel for Parent:

Roberta Gambale, Esq.
James E. Brown, & Associates
1200 L Street, NW
Suite 700
Washington, DC. 20005

Counsel for DCPS:

Tiffany Puckett, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1]     An index of names is attached hereto for the benefit of the parties. The index will permit
the parties to identify specific witnesses and other relevant persons. The index is
designed to be detached before release of this Hearing Officer's Determination as a
public record.

1

## INDEX OF NAMES

Charles Scott v. DCPS

| Parent/Student's Representative | Roberta Gambale, Esq. |
|---|---|
| School System's Representative | Tiffany Puckett, Esq. |
| Parent | Ms. Jacqueline Waddy-Lewis |
| Advocate | Mr. Corey Hamilton |
| Special Education Coordinator | Ms. Jacqueline Brooks |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

### INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

A Due Process Hearing was convened on May 4, 2007, 2007 and continued and concluded on March 1, 2007. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a Due Process Complaint Notice submitted by counsel for the parent dated March 6, 2006.

**ISSUES:**

Whether DCPS failed to provide the student with FAPE

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Improvement Act* (I.D.E.I.A.), 20 U.S.C. 1400, et. seq. and the *Rules of the Board of Education of the District of Columbia.*

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**PRELIMINARY MATTERS**

1.    Prior to the hearing going forward on the merits, the parent presented a Motion for Default that had been filed on April 27, 2007. Since all parties were present and ready to proceed, the Motion was denied.

2.    DCPS then presented a Motion to take the case off the calendar because a Resolution Session meeting had not been held. Ms. Brooks, the Special Education Coordinator at Deal testified that all evaluations had been completed, but she did not have physical possession of the reports. The reports were in the possession of the school psychologist, who is only at Deal on Wednesday. The purpose of the meeting is to determine the student's eligibility for special education.

3.    Ms. Brooks also testified that she had attempted to schedule a meeting to review the evaluations; however, no dates have been confirmed.

3

**ORDER**:

1.    The parties shall engage in a Resolution Session meeting at Deal at a mutually convenient date and time, but no later than May 23, 2007. The parties are to notify the Student Hearing Office of the disposition of the case following the meeting.

2.    DCPS shall provide the parent through her attorney, with a copy of all completed evaluations by May 10, 2007.

3.    All meetings are to be scheduled through parent's counsel and any delay in any timeline caused by the parent, student or parent's counsel shall extend the applicable timeline by one day for each day of delay.


David R. Smith, Esq.
Impartial Hearing Officer

Date: 5-4-0)
Issued: 5/4/2007

4

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8^(TH) Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: MAY 4, 2007

TO: Roberta Gambale

FROM: STUDENT HEARING OFFICE

RE: Charles Scott

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Charles Scott
DOB: 3/13/92


May 17, 2007

In Reference To:   Charles Scott
                   DOB: 3/13/92

Invoice #12499


        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2006 | RG | Consultation with parent and legal assistant, research and case preparation. | 1.50<br>365.00/hr | 547.50 |
|  | BC | Drafted letter to parent | 0.25<br>130.00/hr | 32.50 |
|  | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50<br>130.00/hr | 195.00 |
| 10/25/2006 | BC | Prepared file jacket, disseminated information to various members of the legal team | 0.33<br>130.00/hr | 42.90 |
| 10/26/2006 | RG | Reviewed records and initial evaluation request to be sent to school | 0.25<br>365.00/hr | 91.25 |
| 10/30/2006 | RG | Discussion with paralegal re: letters to be sent | 0.08<br>365.00/hr | 29.20 |
|  | BDL | Draft letter requesting records to Deal Junior High School DCPS' Special Education Supervisor, Records Department, and Office of General Counsel; includes research of student's school information, gathering General Authorization and TAT form; fax to parties. | 0.58<br>115.00/hr | 66.70 |
|  | BDL | Draft letter requesting evaluations to Deal Junior High School, DCPS' Special Education Supervisor, and Office of General Counsel; includes discussion with attorney on specific evaluations to request, gathered General Authorization and TAT form; fax to parties | 0.67<br>115.00/hr | 77.05 |
|  | BDL | Telephone call to DCPS school staff @ Deal JHS for records and evaluations inquiries. | 0.17<br>115.00/hr | 19.55 |

Charles Scott                                                                                Page    2

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 10/31/2006 | BDL | Draft letter to parent regarding request for records and evaluations were made on 10-30-06 to Deal Junior High School and DCPS administrative offices; includes copying and mailed | 0.58<br>115.00/hr | 66.70 |
| 2/2/2007 | CH | Draft letter to SEC confirming meeting date | 0.42<br>185.00/hr | 77.70 |
| 2/14/2007 | CH | Prepared for MDT/IEP meeting | 0.33<br>185.00/hr | 61.05 |
| 3/1/2007 | CH | Discussion with team | 0.17<br>185.00/hr | 31.45 |
| | RG | Reviewed w team and discussed follow up | 0.17<br>365.00/hr | 62.05 |
| 3/2/2007 | RG | Prepared and file due process hearing request to DCPS to address evals | 2.00<br>365.00/hr | 730.00 |
| | CH | Draft letter to SEC proposing dates | 0.42<br>185.00/hr | 77.70 |
| 3/6/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58<br>405.00/hr | 234.90 |
| | YA | Review and draft letter to parent regarding the due process hearing complaint notice that was filed by the attorney on March 6, 2007; includes copying complaint and mailed | 0.58<br>115.00/hr | 66.70 |
| | YA | Assisted attorney in preparation of request for hearing to the Student Hearing Office | 0.17<br>115.00/hr | 19.55 |
| 3/7/2007 | BC | File Review and sent letter to parent/student | 0.17<br>130.00/hr | 22.10 |
| 3/8/2007 | YA | Discussion with the child's attorney regarding deadline | 0.17<br>115.00/hr | 19.55 |
| 3/23/2007 | CH | Draft letter to SEC proposing meeting dates | 0.42<br>185.00/hr | 77.70 |
| 4/9/2007 | CH | Draft letter to SEC requesting records and observation | 0.42<br>185.00/hr | 77.70 |
| 4/12/2007 | RG | Reviewed dates and deadlines and instructions to YA | 0.25<br>365.00/hr | 91.25 |
| 4/13/2007 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |

Charles Scott                                                                                    Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/18/2007 | YA | Review and draft letter to parent with a copy of the due process hearing notice date sent on April 2007 by the Student Hearing Office for due process hearing on April 2007; includes copying and mailed | 0.58<br>115.00/hr | 66.70 |
| 4/19/2007 | YA | Sent completed Notice to Appear Ms. Simpsom, teacher | 0.42<br>115.00/hr | 48.30 |
|  | YA | Draft letter to Office of General Counsel regarding witnesses | 0.42<br>115.00/hr | 48.30 |
|  | YA | Sent completed Notice to Appear Ms. Waddy, teacher | 0.42<br>115.00/hr | 48.30 |
| 4/25/2007 | YA | Sent signed Notice to Appear to Deal Junior High School regarding Ms. Simpson-Wayne | 0.33<br>115.00/hr | 37.95 |
|  | YA | Sent signed Notice to Appear to Deal Junior High School regarding Ms. Waddy-Lewis | 0.33<br>115.00/hr | 37.95 |
| 4/27/2007 | RG | Prepare disclosure to DCPS | 1.50<br>365.00/hr | 547.50 |
|  | RG | Conference with parent - telephone calls re: hrg | 0.17<br>365.00/hr | 62.05 |
|  | YA | Assist attorney Motion to Default | 0.17<br>115.00/hr | 19.55 |
|  | YA | Assist attorney Motion to Default to the Student Hearing Office | 0.17<br>115.00/hr | 19.55 |
|  | YA | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.83<br>115.00/hr | 210.45 |
| 5/3/2007 | CH | Prepared for Due Process Hearing | 1.00<br>185.00/hr | 185.00 |
|  | RG | Prepared for Due Process Hearing and call from school | 1.50<br>365.00/hr | 547.50 |
|  | YA | Draft letter to attorney and advocate regarding hearing confirmation with parent | 0.25<br>115.00/hr | 28.75 |
|  | YA | Phone call to parent regarding hearing | 0.17<br>115.00/hr | 19.55 |
| 5/4/2007 | CH | Appearance to 825 North Capital for due process hearing | 1.83<br>185.00/hr | 338.55 |

Charles Scott                                                                           Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/4/2007 | MT | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>130.00/hr | 42.90 |
|  | RG | Appearance to 825 North Capital for due process hearing | 1.50<br>365.00/hr | 547.50 |
|  | CH | Appearance to 825 North Capital for due process hearing | 1.50<br>185.00/hr | 277.50 |
| 5/7/2007 | YA | Research educational needs for complaint | 0.33<br>115.00/hr | 37.95 |
|  | YA | Review and draft letter to parent with a copy of the HOD issued by the Student Hearing Office on May 2007; includes copying and mailed | 0.58<br>115.00/hr | 66.70 |

For professional services rendered           27.84    $6,176.70

Additional Charges :

| 10/24/2006 | Copied documents; intake documents | 5.50 |
|---|---|---|
|  | copied letter to parent | 0.50 |
|  | Postage; letter to parent | 0.39 |
| 10/31/2006 | Facsimile; records and evaluations request to OSE, OGC and Deal JHS. | 21.00 |
|  | Facsimile; records request to Hart MS and Moten ES. | 10.00 |
|  | Postage; Letter to parent. | 0.87 |
|  | Copied; Records and evaluations request for parent. | 3.50 |
| 11/16/2006 | Facsimile; Letter from DCPS. | 2.00 |
| 11/20/2006 | Fax request for reeval. and records to Deal JHS | 3.00 |
| 11/22/2006 | Rec'd fax from Deal JHS; report card | 6.00 |
| 2/5/2007 | Fax confirming mtg to Deal JHS | 2.00 |
| 3/2/2007 | Fax letter proposing mtg dates to Deal JHS | 1.00 |
| 3/6/2007 | Postage; Letter to parent re: HR. | 0.63 |
|  | copied letter to parent | 0.50 |
|  | copied letter to parent and advocate with HR | 4.00 |

Charles Scott                                                                                          Page     5

|  |  | Amount |
|---|---|---|
| 3/6/2007 | Fax HR to SHO | 7.00 |
| 3/7/2007 | Postage; Letter to parent re: case status. | 0.39 |
| 4/9/2007 | Fax requesting records to Deal JHS | 1.00 |
| 4/18/2007 | Postage; Letter to parent re: HDN | 0.39 |
|  | copied letter to parent re: HDN | 0.75 |
| 4/25/2007 | Facsimile; Notice to Appear to Deal JHS - Simpson. | 4.00 |
|  | Facsimile; Notice to Appear to Deal JHS - Lewis. | 4.00 |
| 4/27/2007 | copied disclosures for OGC, SHO, Attorney | 93.75 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Faxed motion default to OGC and SHO | 8.00 |
| 5/4/2007 | Rec'd faxed HOD from SHO | 5.00 |
|  | copied HOD | 5.00 |
| 5/7/2007 | Postage; Letter to parent. | 0.63 |
|  | Copied; HR for Admin. | 2.00 |
|  | Copied; Letter for parent re: HOD. | 0.25 |
|  | copied HOD | 5.00 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $314.93 |
|  | Total amount of this bill | $6,491.63 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 2.26 | 130.00 | $292.50 |
| Blanca De La Sancha, Paralegal | 2.00 | 115.00 | $230.00 |
| Corey Hamilton, Advocate | 6.51 | 185.00 | $1,204.35 |
| James E. Brown, Attorney | 0.58 | 405.00 | $234.90 |
| Michele Torry, Paralegal | 0.33 | 130.00 | $42.90 |
| Roberta Gambale, Attorney | 9.25 | 365.00 | $3,376.25 |
| Yamileth Amaya, Paralegal | 6.92 | 115.00 | $795.80 |

*Sta... Education Agency for the District of C...umbia*
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: **Charles A. Scott Jr.**    Date of Birth: **3/13/92**
Address: **4283 Barnaby Rd SE, #104, Washington, DC 20032**
Home School: **Charles Hart Middle School**
Present School of Attendance: **Deal Junior High School**

Is this a charter school? <u>No.</u>    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Althea Scott**
Address (if different from the student's above): same

**B.**   **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
 Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098   (e-mail)
Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session?   **X** Yes          ☐ No

**C.**   **Complaint Made Against (check all that apply):**

X District of Columbia Public Schools ("DCPS")

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. <u>Nature of the problem.</u>**
### RELEVANT FACTS

1. Charles Scott (hereinafter "C.S.") is a 9th grade student who resides with his parents in the District of Columbia.

2. C.S.'s home school is Charles Hart Middle School, but during the 2006/2007 School year he attended Deal Junior High School as an out of boundary student.

3. On or about October 30, 2006, a request for records and evaluations was sent District of Columbia Public Schools ("DCPS") along with a signed consent for evaluation form, authorizing DCPS to complete testing for C.S.

2

4.  A meeting was not scheduled to address parent's request for evaluations until February 14, 2007, over 3 months after the initial written request was made.

5.  On or about February 14, 2007 a meeting was to be held, however, due to inclement weather the meeting never went forward on behalf of this student.

6.  The DCPS failed to reconvene the meeting scheduled for February 14, 2007.

7.  The parent has not been provided with completed evaluation results and/or a meeting has not been held to review such evaluations.

8.  The student continues to struggle academically particularly in the area of math where he was demoted from Algebra I to a more fundamental math course.

9.  The parent has concerns regarding the student's social emotional functioning.

10. The evaluations requested by the parent, included but were not limited to the following: a) clinical psychological; b) psycho educational; c) speech and language evaluation; d) social history; e) formal classroom evaluation; f) vision and hearing screening.

## ISSUES/ARGUMENTS

### 1.   DISTRICT OF COLUMBIA PUBLIC SCHOOLS ("DCPS") FAILED TO CONDUCT EVALUATIONS FOR THIS STUDENT IN A TIMELY MANNER AND/OR WITHIN 120 DAY OF PARENT'S WRITTEN REQUEST.

District of Columbia Public Schools ("DCPS") failed to conduct requested evaluations for his student in a timely manner. Over one hundred twenty (120) days has passed since the parent's written request was initially submitted to DCPS. Parent has not received a copy of completed reports, nor has a meeting been schedule to review valuations, discuss eligibility and develop an IEP for this student. and they haven not been completed, provided to parent and/or reviewed in an appropriate team meeting.

According to Individuals with Disabilities Education Improvement Act of 2004, the local education agency must ensure that a student is evaluated so as to "gather relevant functional, developmental and academic information .... To assist in developing the content of the child's indivualized education program". The public agency is required to evaluate the student upon written request of the parent and/or teachers.

Furthermore, re-evaluations are required to be conducted not less than every 3 years. Pursuant to the IDEA, re-evaluations are required to be conducted within sixty (60) calendar days. See 20 U.S.C. 1414(a); 1414(a)(1)(e), [1] Furthermore there is an obligation to ensure that a child is "assessed in all areas of suspected disability" Further, the public Agency has an obligation to re-evaluation upon the request of the parent and/or the recommendations of teachers or service providers. See 20 U.S.C.

---

[1] See 300.301

3

1414(b)(1)-(3), .+12 (a)(6)(B).[2] DC Municipal Regula...ns place the obligation to conduct comprehensive evaluations of the student upon the LEA. (30 DCMR Sec 3005)

In the instant matter, DCPS has failed to evaluate. As a result, this student is not receiving the academic assistance he requires. He continues to struggle academically. DCPS has failed to act in accordance with his rights to testing and C.S. has been denied a Free and Appropriate Public Education ("FAPE").

## II. Issues presented.

1. District of Columbia Public Schools ("DCPS") failed to conduct evaluations for this student within 120 calendar days in violation of this student's rights under the IDEA and DC Municipal Regulations.

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. A finding that C.S. has been denied a FAPE and/or his rights to evaluations under the law:

2. DCPS shall conduct/fund the following evaluations to include but not limited to the following: a) clinical psychological; b) psycho educational; c) speech and language evaluation; d) social history; e) formal classroom evaluation; f) vision and hearing screening., as well as, any additional evaluations recommended by these

3. That upon receipt of the evaluations the MDT shall convene to review completed evaluations, to discuss eligibility, develop and IEP, discuss placement, discuss compensatory education, and issue a Notice of Placement to a suitable program with parent participation;

4. Parent reserves the right to address compensatory education and request that compensatory education plan that addresses the individual needs of this student and remediation for denials of FAPE be drafted that includes but is not limited to individualized tutoring, make up services, and/or counseling;

5. That at the afore mentioned meeting DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

6. In the event that MHPCS determines that they cannot meet this student's needs, MHPCS shall promptly notify DCPS in writing with copies to be provided to the parent;

---

[2] 300.304

4

7. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

8. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

9. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 20 U.S.C. 1415(b)(7),[3] provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. DCPS in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the guardian will be deemed true and accurate and act as a waiver, on the part of DCPS for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS within fifteen (15) calendar days of receiving the parent's complaint, pursuant to 20 U.S.C. 1415(c)(2)[4] respond to the parent's request alleging any insufficiency of notice.

15. That MHPCS failure to comply with the Individuals with Disabilities Education Improvement Act of 2004 and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of MAPCS to make such argument at any later date and time.

---

[3] 300.508(e)
[4] 300.508(d)

5

16. That MHPCS, pursuant to 20 U.S.C. 1415(f)(1)(B)[5] ...thin fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That MHPCS convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student and/or would be qualified to conduct the  evaluations requested in the parent's complaint.

18. That MHPCS failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified in 20 U.S.C. 1415(f)(1)(B) constitute joint waiver between MHPCS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

**Accommodations and Assistance Needed:**

- N/A

Dated this 2nd Day of March, 2007

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

---

[5] 300.510

6

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              2795
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              03/06 11:11
TIME USE              01'15
PAGES SENT            7
RESULT                OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Fontaine |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:           **March 5, 2007**

TO:             **Ms. Sharon Newsome,  DCPS Student Hearing Coordinator**

FAX NO.:        **(202)442-5556**

FROM:           **Roberta L. Gambale, Esq.**

SUBJECT:        **Due Process Hearing Complaint for  Charles Scott, DOB 3/13/92**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Fontaine

-----------------------------

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

-----------------------------

# FAX COVER SHEET

**DATE:**          **March 5, 2007**

**TO:**          **Ms. Sharon Newsome,  DCPS Student Hearing Coordinator**

**FAX NO.:**          **(202)442-5556**

**FROM:**          **Roberta L. Gambale, Esq.**

**SUBJECT:**          **Due Process Hearing Complaint for  Charles Scott, DOB 3/13/92**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above.  If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited.  Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

# Exhibit K



Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000       Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                      James Brown & Assoc., PLLC
    Attorney:                      James Brown
    Federal Tax ID No:             52-1500760
    D.C. Bar No:                   61622

2.  Student Information
    Name:                          Houck, Jamal
    DOB:                           8/17/99
    Date Hearing Request Filed:    2/7/07
    Date(s) of Hearing:            4/12/07
    Date of Determination (HOD/SA): 5/4/07
    Parent/Guardian Name:          Margaret Hines
    Parent/Guardian Address:       2308 Good Hope Rd., SE, #102
                                   Washington, DC 20020

3.  Invoice Information
    Invoice Number:                07-149
    Date Request Submitted:        5/31/07
    Date(s) of Services Rendered:  10/31/06 to 5/4/07
    Attorney Hourly Rate:          $    365.00
    Total Attorney Fees:           $  5,568.10
    Total Attorney Costs:          $    298.37
    Total Experts:                 $  1,032.30
    Total Invoice:                 $  6,898.77

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    •  All services listed on the enclosed invoices were actually performed;
    •  The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
    •  The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
    •  No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
    •  I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          5/31/07
    Signature                                 Date

                                              Revised Nov 2004

# District of Columbia Public Schools

## State Enforcement and Investigation Division

**Terry Michael Banks, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| **JAMAL HOUCK, STUDENT** | ) | |
| | ) | |
| **Date of Birth: August 17, 1999** | ) | Hearing Date: April 12, 2007 |
| | ) | |
| **v.** | ) | Complaint Filed: February 8, 2007 |
| | ) | |
| **THE DISTRICT OF COLUMBIA** | ) | |
| **PUBLIC SCHOOLS** | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| **Respondent.** | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| **Student Attending:** | ) | |
| **The Episcopal Center for Children** | ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Margaret Hines, Mother<br>2308 Good Hope Road, S.E.: 102<br>Washington, D.C. 20020 |
| **Counsel for Petitioner:** | Domiento C.R. Hill, Esquire<br>James E. Brown & Associates<br>1220 L Street, N.W.; Suite 700<br>Washington, D.C. 20005<br>(202) 742-2000, x2021; Fax: (202)742-2098 |
| **Counsel for DCPS:** | Stephanie Ramjohn Moore, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E.; 9th Floor<br>Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

| Child | Jamal Houck |
|---|---|
| Parents | Margaret Hines |
| Child/Parent's Representative | Domiento C.R. Hill, Esquire |
| School System's Representative | Stephanie Ramjohn Moore, Esquire |
| Educational Advocate | Kevin Carter, James E. Brown & Associates |

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a seven year-old student attending The Episcopal Center for Children ("ECC"). On February 8, 2007, Petitioner filed a Due Process Compliant Notice ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to comply with the terms of an October 17, 2006 Hearing Officer's Decision ("HOD"). The due process hearing was convened on April 12, 2007. The parties' Five-Day Disclosure Notices were admitted into evidence at the hearing.

## Witnesses for Petitioner

Kevin Carter, Educational Advocate, James E. Brown & Associates

## Witnesses for DCPS

None

## Findings of Fact

1. Petitioner is a seven year-old student attending Episcopal.[1]

2. On October 17, 2006, an HOD was issued that required, *inter alia*, that (1) DCPS convene a Multidisciplinary Team ("MDT") meeting within fifteen days of receipt of two independent evaluations. Petitioner's counsel forwarded the two independent evaluations to DCPS on January 16, 2007 along with a request to convene the MDT meeting.[2]

3. DCPS has not convened an MDT meeting since January 16, 2007.

---

[1] *Complaint* at 1.
[2] Petitioner's Exhibit ("P.Exh.") No. 6.

**Conclusions of Law**

1. DCPS denied Petitioner a free appropriate public education ("FAPE") by failing to convene an MDT meeting within fifteen days of receipt of Petitioner's independent evaluations, as ordered in the October 17, 2006 HOD.

2. Petitioner is the prevailing party in this proceeding.

## ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 4th day of May 2007 it is hereby

**ORDERED**, that on or before May 25, 2007, DCPS shall convene an MDT meeting. DCPS shall coordinate scheduling the meeting, and any meeting in which Petitioner's placement is discussed or determined, through Petitioner's counsel, Domiento C.R. Hill, Esquire. The MDT shall review all current evaluations, update Petitioner's Individualized Education Program ("IEP"), and discuss placement alternatives.

**IT IS FURTHER ORDERED**, that DCPS shall afford Petitioner's parent an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parent of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parent. DCPS shall provide Petitioner's parent in an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED**, that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact the appropriate DCPS Placement Specialist and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply. [3]

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

---

[3] If DCPS fails to contact Petitioner's counsel to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, Petitioner's counsel shall initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

4

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

Terry Michael Banks
Hearing Officer

Date:   May 4, 2007

Issued:  5/4/07

Copies to:

Domiento C.R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Stephanie Ramjohn Moore, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

5

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: MAy 4, 2007

TO: Domiento Hill

FROM: STUDENT HEARING OFFICE

RE: JAmal Houck

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Jamal Houck

May 10, 2007

In Reference To:   Jamal Houck
Invoice #12476

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/31/2006 | KD | Drafted letter to parent/enclosed copy of MDT Mtng Cnfrmtn/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| | KD | Drafted letter to parent/enclosed copy of 10-18-06 HOD/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| | KD | Requested evaluations (Psych and Psycho-Ed) to Interdynamics (includes reviewing case file and pulling current evaluations, IEP, Consent Form, and funding order) / added to case notes | 0.67<br>115.00/hr | 77.05 |
| | KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst to Interdynamics/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 12/11/2006 | KD | Phone call from parent re Eval reports to Episcopal before MDT Mtng | 0.08<br>115.00/hr | 9.20 |
| 12/14/2006 | KC | Reviewed client file in preparation for MDT/IEP meeting at Episcopal Center. | 0.83<br>185.00/hr | 153.55 |
| | KC | Attended MDT/IEP @ Episcopal Center | 3.75<br>185.00/hr | 693.75 |
| 12/21/2006 | DH | Draft and send letter to DCPS providing a copy of the student's neuropsychological evaluation and request to reconvene the student's MDT/IEP Meeting. | 0.33<br>365.00/hr | 120.45 |
| 1/9/2007 | DH | Draft and send letter to DCPS regarding the student's neuropsychological evaluation. | 0.75<br>365.00/hr | 273.75 |

Jamal Houck                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/16/2007 | WB | Drafted letter to parent with an enclosed copy of the correspondence sent on 1/16/07 to Ms. Keisha McKitty, Placement Specialist/Monitor for the Episcopal Center for Children, Office of Special Education | 0.58 115.00/hr | 66.70 |
|  | DH | Receive and review the student's neuropsychological evaluation, psycho-educational evaluation, and draft and send letter to DCPs providing a copy of the reports and send letter to DCPS requesting that the student's meeting be reconvened. | 1.42 365.00/hr | 518.30 |
| 2/7/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
|  | DH | Receive the student's file, review the student's educational records, discussion with the mother regarding issues affecting the student's case, conduct educational research regarding, inter alia, DCPS' obligation to comply with the recent order and draft due process hearing complaint with DCPS | 2.42 365.00/hr | 883.30 |
| 2/9/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 2/22/2007 | KD | Drafted letter to parent/enclosed copy of Resolution Meeting Confirmation/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 2/27/2007 | DH | Draft and send letter to DCPS regarding compliance. | 0.25 365.00/hr | 91.25 |
| 3/23/2007 | KD | Drafted letter to parent/enclosed copy of Complaint Disposition/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 3/30/2007 | DH | Receive and review the student's neuropsychological evaluation. | 0.50 365.00/hr | 182.50 |
| 4/3/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.42 115.00/hr | 48.30 |
| 4/5/2007 | KD | Assist attorney to prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing. | 1.00 365.00/hr | 365.00 |
| 4/6/2007 | DD | Reviewed complaint and file | 1.00 185.00/hr | 185.00 |
| 4/11/2007 | DH | Conduct educational research, conduct review of the student's educational file, conduct review of DCPS' and the parent's five-day disclosures, conduct witness prepration, prepare questions for direct examination of the parent and her witnesses, prepare questions for | 2.00 365.00/hr | 730.00 |

Jamal Houck

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | possible cross examination of DCPS witnesses for the student's upcoming administrative due process hearing. | | |
| 4/12/2007 | DH | Conduct last minute review of the student's educational file, conduct last minute review of DCPS' and the parent's five-day disclosures, conduct final review of questions prepared for the parent, educational advocate and all other witnesses the parent intends to rely upon, conduct last minute educational research, review opening and closing statements, and appearance at the student's administrative due process complaint notice hearing. | 4.00 365.00/hr | 1,460.00 |
| 5/4/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| | | For professional services rendered | 24.16 | $6,600.40 |

Additional Charges :

| | | |
|---|---|---|
| 10/31/2006 | Copied; MDT meeting confirmation for parent and advocates. | 1.50 |
| | Copied; HOD w/letter for parent and advocates. | 2.50 |
| | Copied; Independent evaluation request w/letter for parent and advocates. | 2.00 |
| | Copied; Independent evaluation request for Interdynamics. | 18.00 |
| | Postage; MDT confirmation, HOD and Independent evaluation request to parent. | 0.87 |
| | Postage; Independent evaluation request to Interdynamics to parent. | 3.27 |
| | Facsimile; Independent evaluation request to OSE and Mediation & Compliance. | 6.00 |
| 11/15/2006 | Copied; Letter for parent and advocate re: Attorney's letter. | 1.50 |
| 11/20/2006 | Postage; HN to parent. | 0.39 |
| | Copied; HN w/letter for parent and advocate. | 1.00 |
| 12/21/2006 | Copied; Independent evaluation request for Interdynamics. | 13.50 |
| | Copied; Independent evaluation request for parent and advocate. | 4.50 |
| | Postage; HOD and Independent evaluation request to parent. | 0.63 |
| | Postage; Independent evaluation request to Interdynamics. | 2.55 |
| 1/16/2007 | Postage; Psycho-educational, neuropsychological evaluations and HOD w/letter to parent. | 1.35 |
| | Fax letter and evals. to OSE/OGC | 38.00 |

Jamal Houck                                                                                          Page    4

|  |  | Amount |
|---|---|---|
| 1/16/2007 | copied letter and neurophsychological, psycho-ed and HOD dated 10/17/06 to parent | 0.50 |
| 2/7/2007 | Faxed doc to SHO re: HR | 6.00 |
|  | copied HR | 5.00 |
| 2/9/2007 | Postage; Letter to parent re: HR-Complaint notice. | 0.63 |
|  | copied letter to parent and advocate re: HR | 3.50 |
| 2/14/2007 | Postage: letter to parent | 0.63 |
| 2/22/2007 | Postage; Letter to parent re: RMC. | 0.39 |
|  | Copied; RMC w/letter for parent and advocates. | 1.50 |
| 3/13/2007 | copied HOD | 6.00 |
| 3/23/2007 | postage complaint disposition to parent. | 0.39 |
|  | copied letter to parent and advocates | 3.00 |
| 4/3/2007 | copied letter to parent and advocate re: HN | 1.50 |
|  | postage to hn to parent | 0.39 |
| 4/5/2007 | messenger service to and from DCPS (5 day) | 16.00 |
|  | Copied documents 5 day disclosure | 39.50 |
| 4/12/2007 | taxi service from DCPS | 8.00 |
| 5/4/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Rec'd faxed HOD from SHO | 6.00 |
|  | copied HOD | 5.00 |
|  | Total additional charges | $298.37 |
|  | Total amount of this bill | $6,898.77 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 12.67 | 365.00 | $4,624.55 |
| Donte Davis, Advocate | 1.00 | 185.00 | $185.00 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Kelly Dau, Paralegal | 4.42 | 115.00 | $508.30 |
| Kevin Carter, Advocate | 4.58 | 185.00 | $847.30 |

Jamal Houck

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Williams Bautista, Paralegal | 0.58 | 115.00 | $66.70 |



**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   Jamal Houck   Date of Birth: August 17th, 1999

Address:   2308 Good Hope Road, SE, #102, Washington, DC 20020

Present School of Attendance: The Episcopal Center

Parent/Guardian of the Student: ____Ms. Margaret Hines___

**B.    Legal Representative/Attorney (if applicable):**

Name: __Domiento C.R. Hill, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.    Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.    Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.    Facts and Reasons for the Complaint:**

I.    Nature of the Problem.

1.  DCPS denied the student with a Free and Appropriate Public Education by Failing to Comply with the Hearing Officer's Determination of October 17, 2006, and do, *Inter Alia*, Reconvene the Student's MDT/IEP Meeting to Review the Student's Psycho-educational and Neuropsychological Evaluations and Revise and Update the Student's IEP as Necessary. An administrative due process hearing was held for the student on or about September 27, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about October 17, 2006, issued a decision and order in which DCPS was ordered to do, *inter alia*, fund the parent's independent neuropsychological and psycho-educational evaluations and convene an MDT Meeting within fifteen (15) calendar days of receipt of the evaluations. *See* Decision and Order dated October 17, 2006.

The student's neuropsychological evaluation was completed on or about November

2

17, 2006. *See* Neuropsychological Evaluation dated November 17, 2006.

The student's psycho-educational evaluation was completed on or about December 20, 2006. *See* Psycho-educational evaluation dated December 20, 2006.

Copies of the aforementioned evaluations were provided to DCPS on or about January 16, 2007 by counsel for the parent. *See* Correspondence dated January 16, 2007. Counsel for the parent, in that same letter wrote to DCPS requesting that DCPS comply with the Order of October 17, 2006, and reconvene the student's MDT Meeting. *Id.* DCPS did not respond. To date, DCPS has yet to reconvene the student's MDT/IEP Meeting.

## II. Issues presented.

1. DCPS denied the student FAPE by failing to comply with the October 17, 2006 Order of the impartial due process hearing officer.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS failed to comply with the October 17, 2006 Order of the impartial due process hearing officer;

2. DCPS, within five (5) business days, agrees to reconvene the student's MDT/IEP Meeting, with the appropriate persons present, to review the student's most current evaluations, revise and update the student's IEP as necessary, and develop a compensatory education plan;

3. DCPS agrees to fund eleven hundred (1,100) hours of compensatory education services for the student to include specialized instruction, speech and language therapy, psychological counsel, and occupational therapy services;

4. DCPS, forty-eight (48) hours prior to the reconvening of the MDT/IEP Meeting, agrees to fax to counsel for the parent, Domiento C.R. Hill, copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports, prior to the MDT/IEP Meeting;

5. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6. In the event that the DCPS shall fail to comply with the terms herein, then under

the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; <u>Assistance to States for the Education of Children with Disabilities</u>, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

8. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

11. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint,

will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

16. A finding that the parent is the prevailing party in this action.

## G.  Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**H.  Signature:**

Legal Representative / Advocate (if applicable)                          Date  2/7/07

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
**********************
***   TX REPORT   ***
**********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2035 |
| RECIPIENT ADDRESS | 92024425556 |
| DESTINATION ID | |
| ST. TIME | 02/07 18:27 |
| TIME USE | 00'58 |
| PAGES SENT | 6 |
| RESULT | OK |

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

<table>
<tr><td>

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

</td><td>

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

</td><td>

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram
Christie Covington

! Admitted in Bolivia Only

</td></tr>
</table>

# FAX COVER SHEET

**To:**   Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:** February 7, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** J. Houck, DOB: 8/17/99

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit L

Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000      Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                             James Brown & Assoc., PLLC
    Attorney:                             James Brown
    Federal Tax ID No:                    52-1500760
    D.C Bar No:                           61622

2.  Student Information
    Name:                                 Canty, Marquis
    DOB:                                  1/6/90
    Date Hearing Request Filed:          1/17/07
    Date(s) of Hearing:                  4/13/07
    Date of Determination (HOD/SA)       4/30/07
    Parent/Guardian Name:                Annette Hagens
    Parent/Guardian Address:             1436 Ives, Pl., SE
                                          Washington, DC 20003

3.  Invoice Information
    Invoice Number:                      07-142
    Date Request Submitted:              5/31/07
    Date(s) of Services Rendered:        1/17/07 to 5/10/07
    Attorney Hourly Rate:            $      365.00
    Total Attorney Fees:             $    5,899.25
    Total Attorney Costs:            $      462.50
    Total Experts:                   $      360.31
    Total Invoice:                   $    6,722.06

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    •  All services listed on the enclosed invoices were actually performed;
    •  The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
    •  The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
    •  No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
    •  I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _James Brown (signature)_                    5/31/07
    Signature                                    Date

                                                 Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Marquis Canty    ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: January 6, 1990    ) | |
| ("Student")    ) | **HEARING OFFICER'S DECISION** |
|    ) | |
| Petitioner,    ) | Hearing Date: April 13, 2007 |
|    ) | |
| v.    ) | Held at: 825 North Capitol St. NE |
|    ) | Washington, DC |
|    ) | |
| District of Columbia Public Schools  ) | |
| ("DCPS" or "District")    ) | |
| School: High Road Upper    ) | |
| Respondent.    ) | |
|    ) | |

Counsel for Student:                      Domiento C.R. Hill, Esq.
                                          1220 L Street, NW  #700
                                          Washington, DC  20005

Counsel for DCPS:                         Daniel McCall, Esq.
                                          Office of General Counsel
                                          825 North Capitol St. NE
                                          Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on April 13, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed January 17, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (MC 1-16 and DCPS 1-2) which were admitted into the record.

## FINDINGS OF FACT [1]:

1.  The student is currently age seventeen and has been determined eligible for special education services with a disability classification of learning disability (LD). The student attends High Road Upper School (High Road) in a full time special education placement. The student individualized educational program (IEP) contains transition goals but there is no indication the goals were ever based on any assessment. (MC 15)

2.  A Hearing Officer's Determination (HOD) was issued December 11, 2006, directing DCPS to convene a multi-disciplinary team (MDT) meeting within twenty (20) school days of the issuance of the HOD to review the student's vocational assessment, review and revise if necessary the student's individualized educational program (IEP) and discuss compensatory education. (MC 11)

3.  The parent's counsel provided DCPS the vocational assessment on September 22, 2006, and sent DCPS correspondence relative to the assessment on December 7, 2006, and on January 9, 2007, to convene a MDT to review the assessment. (MC 12, 13, 14)

## ISSUE(S): [2]

Did DCPS deny the student FAPE by failing to convene the MDT and review the student's vocational assessment as directed by the December 11, 2006, HOD?

## CONTENTIONS OF THE PARTIES: [3]

The parent's counsel asserted DCPS' failure to convene the MDT and review the student's vocational assessment is a denial of FAPE. The student's IEP transition goals were not based on a valid assessment and are therefore not in compliance with IDEIA.

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

[3] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

DCPS counsel asserted the complaint alleges a HOD violation and seeks enforcement of the HOD. The due process complaint before a hearing officer is an inappropriate enforcement mechanism and the Hearing Officer lacks jurisdiction. Even though the assessment was not reviewed there is no harm to the student.

## CONCLUSIONS OF LAW:

Pursuant to IDEIA §1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA §1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [4] In this case the parent is seeking relief and has the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

The complaint alleges, in addition to claim that DCPS did not comply with the HOD, DCPS failed to convene a MDT to review the student's vocational assessment. The claims made in the complaint relate to an alleged continuing violation by DCPS and in the Hearing Officer's opinion amounts to a separate and distinct allegation of a denial of FAPE. It is within a Hearing Officer's express authority to determine whether there has been a denial of FAPE. The Hearing Officer concludes the due process hearing is a valid forum for adjudicating a violation of a HOD and continuing violations arising there from. In addition, a complaint alleging a failure to comply with a HOD is a legitimate forum in which a party can perhaps seek an additional and distinct form of relief than was granted by an original HOD. It is within in a Hearing Officer's inherent authority to fashion a remedy for an alleged denial of FAPE. Therefore, the due process hearing should have and did proceed.

Did DCPS deny the student FAPE by failing to convene the MDT as directed by the December 11, 2006, HOD? Conclusion: the parent's counsel sustained the burden of proof.

IDIEIA and its implementing regulations[5] require that a student have transition goals by age sixteen that are based on age appropriate transition assessments related to "training,

---

[4] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

[5] 34 CFR 300.320(b)

3

education, employment...". The evidence presented indicates the student's IEP and transition goals were not based on such assessments. The fact that the student's IEP lacked transition goals based on such assessments and DCPS has not convened a MDT meeting to review the student's current vocational assessment and not reviewed and/or revised the transition goals in the IEP in consideration of the assessment is a denial of FAPE.

**ORDER:**

1. DCPS shall, within thirty (30) days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations and review and revise the student's IEP as appropriate.
2. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
3. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: April 30, 2007**

Issued: 4/30/07

(In the Matter of MC   HOD: April 30, 2007)

## In the MATTER OF Marquis Canty V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| MC 1-15 | Parent's Disclosures | Yes |
| DCPS 1-2 | DCPS Witness List | Yes |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(In the Matter of MC   HOD: April 30, 2007)

### In the MATTER OF Marquis Canty V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/17/07 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 2/21/07 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

6

(In the Matter of MC   HOD: April 30, 2007)

# INDEX OF NAMES

## In the MATTER OF Marquis Canty V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Daniel McCall, Esq. |
| Parent's Educational Advocate | Mr. Kevin Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 30, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Canty, Marquis

TOTAL NUMBER OF PAGES, INCLUDING COVER: 8

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Canty, Marquis

May 10, 2007

In Reference To:   Canty, Marquis
Invoice #12480

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/17/2007 | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
| | DH | Review the student's educational file to determine DCPS compliance with the most recent settlement agreement/order, discussion with the parent and educational advocate to determine compliance, conduct educational research to determine remedies available to the parent, draft and file administrative due process complaint notice. | 2.00 365.00/hr | 730.00 |
| 1/23/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| | KD | Drafted letter to parent/enclosed copy of Atty's 1-9-07 Ltr to DCPS re HR to be filed for noncompliance/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 2/21/2007 | KD | Drafted letter to parent/enclosed copy of Complaint Disposition/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 2/23/2007 | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes and Desk Calendar | 0.42 115.00/hr | 48.30 |
| 3/7/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery the SHO and OGC)/added to case notes | 1.33 115.00/hr | 152.95 |
| | DH | Review the student's educational file, prepare and send five-day disclosures to the DCPS Office of the General Counsel and the DCPS Office of Student Hearings. | 1.00 365.00/hr | 365.00 |

Canty, Marquis

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/8/2007 | DH | Draft and file the parent's opposition to DCPS' Motion to Dismiss. | 1.00<br>365.00/hr | 365.00 |
| 3/13/2007 | DH | Conduct preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting educational issues in the case regarding, inter alia, DCPS' noncompliance with the most recent hearing officer's determination, prepare questions for direct of parent witnesses, prepare questions for possible cross examination of DCPS witnesses, review parent's and DCPS' five-day disclosures, conduct witness preparation for the student's hearing, and prepare opening and closing statements for the student's administrative due process hearing. | 2.00<br>365.00/hr | 730.00 |
| 3/22/2007 | KD | Drafted letter to parent/enclosed copy of Interim Order granting continuance of hearing/copy to advc and file/added to case notes | 0.42<br>115.00/hr | 48.30 |
| 4/6/2007 | KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand-delivery to the SHO and OGC)/added to case notes | 2.00<br>115.00/hr | 230.00 |
| | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming hearing, give to paralegal for her completion. | 1.00<br>365.00/hr | 365.00 |
| 4/12/2007 | DH | Conduct review of the student's educational file, conduct review of DCPS' and the parent's five-day disclosures, prepare questions for direct examination of the parent, educational advocate and all other witnesses the parent intends to rely upon, conduct educational research, and prepare opening and closing statements for the student's administrative due process hearing. | 2.00<br>365.00/hr | 730.00 |
| | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>405.00/hr | 133.65 |
| 4/13/2007 | KC | Appearance to 825 North Capital for due process hearing | 2.00<br>185.00/hr | 370.00 |
| | KC | Prepared for Due Process Hearing | 0.50<br>185.00/hr | 92.50 |
| | DH | Conduct last minute review of the student's educational file, conduct last minute review of DCPS' and the parent's five-day disclosures, conduct final review of questions prepared for the parent, educational advocate and all other witnesses the parent intends to rely upon, conduct last minute educational research, review opening and closing statements, transportation to and appearance at the student's administrative due process complaint notice hearing. | 4.00<br>365.00/hr | 1,460.00 |
| 4/30/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33<br>405.00/hr | 133.65 |

Canty, Marquis                                                                                    Page    3

|            |    |                                                                                          | Hrs/Rate | Amount |
|------------|----|------------------------------------------------------------------------------------------|----------|--------|
| 5/1/2007   | KD | Drafted letter to parent/enclosed copy of the 4-30-07 HOD/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
|            |    | For professional services rendered                                                       | 22.41    | $6,361.75 |
|            |    | Additional Charges :                                                                     |          |        |
| 1/17/2007  |    | Messenger Service to and from DCPS (Due Process Complaint)                                |          | 20.00  |
|            |    | Faxed doc to SHO re: HR                                                                   |          | 7.00   |
| 1/23/2007  |    | Postage; letter to parent re: attorney's letter.                                         |          | 0.63   |
|            |    | Copied; HR-Complaint Notice for parent and advocate.                                     |          | 4.00   |
|            |    | Copied; Letter for parent and advocate re: attorney's letter.                            |          | 1.50   |
| 1/30/2007  |    | rec'd fax from OSE re: resolution conf. notes                                            |          | 2.00   |
| 2/21/2007  |    | Copied; Complaint Disposition for parent and advocates.                                  |          | 2.00   |
|            |    | Postage; Complaint disposition w/letter to parent.                                       |          | 0.39   |
| 2/23/2007  |    | Postage; HN w/letter to parent.                                                          |          | 0.39   |
|            |    | Copied; HN w/letter for parent and advocates.                                            |          | 1.50   |
| 3/7/2007   |    | Copied; Disclosure for SHO and OGC.                                                      |          | 20.50  |
|            |    | Messenger Service to and from DCPS (5 day)                                                |          | 20.00  |
| 3/8/2007   |    | Messenger Service to and from DCPS (Memorandum of Points)                                 |          | 20.00  |
|            |    | Copied; motion opposition to OGC and SHO.                                                |          | 5.50   |
| 3/21/2007  |    | Faxed opposition to amended motion to SHO/OGC                                            |          | 8.00   |
|            |    | copied IO and letter for parent and advocates                                            |          | 1.50   |
| 3/22/2007  |    | postage interim order granting continuance to parent                                     |          | 0.39   |
|            |    | copied letter to parent                                                                  |          | 0.50   |
| 4/6/2007   |    | messenger service to and from DCPS (5 day)                                               |          | 20.00  |
|            |    | Copied documents 5 day disclosure                                                        |          | 48.50  |
|            |    | Copied documents 5 day disclosure                                                        |          | 48.50  |

Canty, Marquis

Page    4

| | | Amount |
|---|---|---|
| 4/13/2007 | Sedan taxi service from  DCPS for hearing | 8.00 |
| 4/30/2007 | Rec'd faxed HOD from SHO | 8.00 |
| | copied HOD | 10.00 |
| 5/1/2007 | Postage; Letter to parent. | 0.63 |
| | Copied; Letter for parent re: HOD. | 2.25 |
| 5/2/2007 | copied HR | 1.75 |
| 5/10/2007 | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $360.31 |
| | Total amount of this bill | $6,722.06 |

## User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 13.00 | 365.00 | $4,745.00 |
| James E. Brown, Attorney | 1.24 | 405.00 | $502.20 |
| Kelly Dau, Paralegal | 5.67 | 115.00 | $652.05 |
| Kevin Carter, Advocate | 2.50 | 185.00 | $462.50 |



**EXHIBIT**
*MC-4*

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child.  **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street. NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.  Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.  You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: _Marquis Canty_   Date of Birth: January 6, 1990

Address: 1436 Ives Place, SE, Washington, DC 20003

Present School of Attendance: The High Roads Academy

Parent/Guardian of the Student: _____ Ms. Anette Hagens _____

**B.**    **Legal Representative/Attorney (if applicable):**

Name: ___ Domiento C.R. Hill, Esq. ___

Address: _____ 1220 L Street, NW, Suite 700, Washington, DC 20005 _____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.**    **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page one)_____

☐ Non-public    school    or    residential    treatment    facility    (name) _____

☐ Parent

**D.**    **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**    **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.**    **Facts and Reasons for the Complaint:**

1.  DCPS Failed to Comply with the Order of the Impartial Due Process Hearing Officer of December 11, 2006, and do, Inter Alia, Reconvene the Student's MDT/IEP Meeting Within Twenty (20) School to Review the Student's Vocational Assesment and Review and Revise the Student's IEP as Necessary, and Determine an Appropriate Amount of Compensatory Education Services. An administrative due process hearing was held for the student on or about December 11, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter, on or about December 11, 2006, issued an impartial due process hearing officer's determination in which DCPS was ordered to do, among other things, the following: reconvene the student's MDT/IEP ". . . Meeting within twenty (20) school days of the issuance of the HOD, DCPS will convene an MDT meeting to review the student's vocational assessment and review and if necessary revise the student's IEP. Additionally the MDT will determine if the student is entitled to compensatory education and if so, develop a compensatory education plan." See Order issued December 11, 2006.

2

On January 9, 2007, the parent, by and through counsel, wrote to Director of Compliance and Dispute Resolution informing DCPS that DCPS had taken no steps as of yet, to comply with the Order of the impartial due process hearing issued on December 11, 2006. See Correspondence dated January 9, 2007. Furthermore, the parent informed DCPS that she intended to file a due process complaint notice in the event DCPS failed to comply. Id. DCPS never responded. To date, the student's MDT/IEP Meeting has yet to be reconvened.

2.  DCPS Denied the Student FAPE by Failing to Comply with 34 C.F.R. § 300.305 of the IDEIA and Review the Student's Vocational Evaluation. According to 34 C.F.R. § 300.305 of the IDEIA, DCPS as the state and local education agency responsible for ensuring the special education needs of students residing within its jurisdiction is to make certain that the IEP Team and other qualified professionals review existing data on the child, including, evaluation and information provided by the parents of the child. In the instant matter, it is clear DCPS failed to do this.

Here, the parent, by and through counsel, pursuant to a hearing officer's determination, September 11, 2006, conducted a vocational evaluation on the student. See Vocational Evaluation dated September 11, 2006. A copy of the vocational evaluation was provided to DCPS on or about September 22, 2006. See Correspondence dated September 22, 2006. Counsel for the parent, in that same letter, requested that DCPS reconvene the student's MDT/IEP Meeting within fifteen (15) school days. DCPS did not respond. To date, DCPS has yet to make any attempts to reconvene the student's MDT/IEP Meeting to review the student's vocational evaluation.

### II. Issues presented.

1.  Whether or Not DCPS Denied the Student FAPE By Failing to Comply with the December 11, 2006, Order of the Impartial Due Process Hearing Officer; and

2.  Whether or Not DCPS Failed to comply with 34 C.F.R. § 300.305 of the IDEIA and Reconvene the Student's MDT/IEP Meeting to review the student's vocational evaluation.

### III.     Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1.  A finding that DCPS Failed to comply with the December 11, 2006 Order of the impartial due process hearing officer and do, inter alia, Reconvene the student's MDT/IEP Meeting within twenty (20) School Days;

2.  A finding that DCPS Denied the Student FAPE by Failing to Review the Student's Vocational Evaluation as required under 34 C.F.R. Sec. 300.305 of the IDEIA;

3

3.  DCPS, within five (5) school days upon receipt of the parent's independent evaluations, agrees to reconvene the student's MDT/IEP Meeting to review the evaluations and revise/update the student's IEP as necessary;

4.  DCPS, agrees to schedule all meetings through the parent's counsel, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097;

5.  Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

6.  In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

7.  The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

8.  Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

9.  That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following:  i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and

4

the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

11. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel;

16. DCPS agrees to fund four (4) years of compensatory education, for four (4) hours a week in the form of after school tutoring in math and reading; and

17. A finding that the parent is the prevailing party in this action.

## G.    **Accommodations and Assistance Needed:**

5

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**H.**     **Signature:**

_(signature)_ _____     1/19/07

Legal Representative / Advocate (if applicable)     Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

6

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                1396
RECIPIENT ADDRESS       92024425556
DESTINATION ID
ST. TIME                01/17 15:22
TIME USE                01'02
PAGES SENT              7
RESULT                  OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Covington |
| ----------------------- | | ----------------------- |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# *FAX COVER SHEET*

**To:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  January 17, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** M. Canty, DOB: 1/6/90

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 7

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit M



Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                          James Brown & Assoc., PLLC
    Attorney:                          James Brown
    Federal Tax ID No:                 52-1500760
    D.C Bar No:                        61622

2.  Student Information
    Name:                              Canty, Darryl
    DOB:                               5/6/88
    Date Hearing Request Filed:        4/4/07
    Date(s) of Hearing:                4/24/07
    Date of Determination (HOD/SA)     4/26/07
    Parent/Guardian Name:              Darryl Canty
    Parent/Guardian Address.           1436 Ives Pl., SE
                                       Washington, DC 20003

3.  Invoice Information
    Invoice Number:                    07-141
    Date Request Submitted:            5/31/07
    Date(s) of Services Rendered:      9/7/06 to 5/10/07
    Attorney Hourly Rate:              $    365.00
    Total Attorney Fees:               $  6,458.95
    Total Attorney Costs:              $    419.43
    Total Expents:                     $  2,388.35
    Total Invoice:                     $  9,266.73

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    •  All services listed on the enclosed invoices were actually performed;
    •  The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
    •  The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
    •  No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
    •  I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _signature_                        5/31/07
    Signature                          Date

                                                    Revised Nov 2004

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
## CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Darryl Canty | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: May 6, 1988 | ) | |
| ("Student") | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: April 24, 2007 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| School: City Lights PCS | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Counsel for Student:                    Domiento C.R. Hill, Esq.
                                        1220 L Street, NW  #700
                                        Washington, DC  20005

Counsel for DCPS:                       Tiffany Puckett, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on April 24, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed February 20, 2007. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DC 1-8 and DCPS 1) which were admitted into the record.

## FINDINGS OF FACT [1]:

The student has been determined to be eligible for special education and related services with disability classifications of learning disability (LD) and emotional disturbance (ED). The student attends City Lights Public Charter School (City Lights).[2]  (DC 8)

A Hearing Officer's Determination (HOD) was issued August 11, 2006, directing DCPS to conduct the following evaluations: psycho-educational, audiological and vocational. The HOD authorized the parent to obtain independent evaluations if DCPS failed to conduct the evaluations timely, and directed DCPS to convene a multi-disciplinary team (MDT) meeting within fifteen (15) school days of the completion or receipt of the evaluations.  (August 11, 2006, HOD)

The independent psycho-educational evaluation was completed on October 11, 2006. The vocational assessment was completed October 20, 2006.  The audiological evaluation was completed February 23, 2007.   On March 3, 2007, the student's counsel sent DCPS copies of all the evaluations and requested that a MDT meeting be convened within fifteen (15) school days to review the evaluations.  (DC 6)

Prior the three evaluations being completed and sent to DCPS, Mr. Kevin Carter, the student's educational advocate, who is a member of the staff of the student's counsel, requested, on January 31, 2007, that City Lights convene an "emergency" MDT meeting as soon as possible to review the student's disability classification and the possibility that the student could benefit from a less restrictive placement than City Lights.  (DC 4)

Mr. Carter and the parent believed a meeting was urgent based on comments by City Lights staff at the student previous IEP meeting that the student's behavior had improved such that another placement would be appropriate. The parent believed the student's academic performance was being detrimentally affected as a result.  (DC 4)

On February 9, 2007, Mr. Carter sent a second request to City Lights for a meeting to discuss the student's disability and least restrictive environment (LRE).  Mr. Carter indicated in this letter that if he got no response from City Lights by February 14, 2007, the matter would be pursued administratively.  (DC 5)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] City Lights is not its own local educational agency (LEA).   DCPS stands as the LEA in this matter.

Neither Mr. Carter, nor the parent's counsel received a response to the request for the MDT meeting prior to the complaint being filed on February 20, 2007.    A MDT has not yet been held to review the student's evaluations.  (Stipulation)

**ISSUE(S):** [3]

Did DCPS deny the student FAPE by failing to convene a MDT following a parental request?

**CONTENTIONS OF THE PARTIES:**[4]

The parent's counsel asserted that City Lights' and therefore, DCPS' failure as LEA, to convene the student's MDT/IEP meeting in response to the request is a denial of FAPE.

DCPS counsel asserted the failure to convene a MDT meeting in response to the advocate's request is not a denial of FAPE.

**CONCLUSIONS OF LAW:**

Pursuant to IDEIA §1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA §1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [5] In this case the parent is seeking relief and has the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

**Did DCPS deny the student FAPE by failing to convene a MDT following a parental request?  Conclusion: The parent's counsel sustained the burden of proof.**

---

[3] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

[4] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

[5] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

3

34 CFR 300.324(b) provides that each public agency must ensure an IEP team reviews the child's IEP periodically, but not less than annually, to determine the annual goals for the child.

The educational advocate made an urgent requested for a MDT meeting to review the student's disability classification and placement. Although, the due process complaint was filed in less than thirty days following the initial request for a MDT meeting, there has of the date of due process hearing been no MDT meeting to convene in response to the request on in response the May 3, 2007, request by parent's counsel. The Hearing Officer concludes, because the student's evaluations, IEP and placement have not been reviewed in response to the requests in well over sixty days, impeded the student's right to FAPE and caused him deprivation of educational benefits.

## ORDER:

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review the student's disability classification, review and revise the student's IEP as appropriate and discuss and determine placement.
2. If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: April 25, 2007**

Issued: _4/25/07_

4

## In the MATTER OF Darryl Canty V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| DC 1-8 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

5

**In the MATTER OF Darryl Canty V. DCPS**

**RECORD OF PROCEEDING**

| DATE | DESCRIPTION |
|------|-------------|
| 2/20/07 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 4/2/07 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

6

(In the Matter of DC  HOD: April 25, 2007)

## INDEX OF NAMES

### In the MATTER OF Darryl Canty V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Parent's Educational Advocate | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: April 26, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Canty, Darryl

TOTAL NUMBER OF PAGES, INCLUDING COVER: 8

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Canty, Darryl

May 10, 2007

In Reference To:   Canty, Darryl
Invoice #12479

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 9/7/2006 KC | Phone call from Daryl Canty re:  request to transition from City Lights School.  Informed writer that he wanted to leave after junior year and now wants a vocationally oriented program. | 0.42<br>185.00/hr | 77.70 |
| 9/15/2006 WB | Conference with parent re: case status and vital records update for independent evaluations referral | 0.17<br>115.00/hr | 19.55 |
| WB | Prepared and sent referral packet to Interdynamics for independent Psychoeducational, Audiological, and Vocational Evaluations/Assessments | 1.00<br>115.00/hr | 115.00 |
| WB | Drafted letter to parent re: case status and referral to Interdynamics for independent evaluations/assessments | 0.58<br>115.00/hr | 66.70 |
| 10/18/2006 KC | Draft letter to Ms. Hagan (mother) re: inquiry into student's current placement interest. Writer proposed having student remain in high school as a full time ED/LD student for a few more years to get academic levels up.  Proposed having student look at nonpublics that continue to express interest. Mailed and filed letter. | 0.83<br>185.00/hr | 153.55 |
| 10/26/2006 DH | Receive and review the student's vocational assessment. | 0.42<br>365.00/hr | 153.30 |
| 11/1/2006 BDL | Drafted letter to parent with copy of the Vocational Evaluation, including coping and Mail. | 0.50<br>115.00/hr | 57.50 |
| 11/14/2006 KC | Draft letter to Ms. Hagen re: inquiry about how parent desires to handle placement. Mailed and filed letter. | 0.75<br>185.00/hr | 138.75 |

Canty, Darryl                                                                    Page    2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/14/2006 | KC | Reviewed October 2006 Vocational Assessment for student. | 0.50<br>185.00/hr | 92.50 |
| | DH | Receive and review the student's psycho-educational evaluation. | 0.50<br>365.00/hr | 182.50 |
| 11/22/2006 | KC | Phone call to Ms. Hagens.(parent) & Darryl Canty re: recent psycho-ed evaluations results and vocational school prospects beyond high school graduation. | 0.67<br>185.00/hr | 123.95 |
| 11/27/2006 | KC | Phone call from Ms. Hagens re: inquiry about placement at Wilson and post-graduation educational opportunities.  Writer advised parent that psycho-ed results strongly suggusts that student may need to pursue vocational programming/training after graduation. | 0.42<br>185.00/hr | 77.70 |
| 11/28/2006 | KC | Reviewed Psychological evaluation report (Interdyamics, Inc.) | 0.67<br>185.00/hr | 123.95 |
| 12/7/2006 | DH | Draft and send letter to DCPS responding to Letter of Invitation. | 0.17<br>365.00/hr | 62.05 |
| 12/8/2006 | KC | Draft letter to Ms. Hagens (mother) and student regarding most recent psycho-ed performance and implications for college matriculation.  Letter advises student to strongly consider matriculation into trade/vocational schools (a list of such schools is supplied) and a contact person with RSA who should be phoned ASAP. Student's current cognitive level via psycho-ed isn't indicative of college success. Mailed and filed. | 0.83<br>185.00/hr | 153.55 |
| 1/8/2007 | KC | Phone call from Ms. Canty re: inquiry about when meeting can be set up at City Lights School to discuss facilitation of linkage with Rehabilitation Services Administration (RSA) and  vocational options beyond high school graduation.  Writer will schedule Lincoln Tech visit on any Saturday.  Parent will escort student to school for campus visit and aptitude test.   Inquiries to be made at brick masonry, painting and sheet metal mechanic school. | 0.58<br>185.00/hr | 107.30 |
| 1/17/2007 | KC | Conference with Darryl Canty re: reconvening MDT meeting at City Lights PCS. Discussion with client about school prospects after high school. Student's core academic levels are between 1st and 5th grade. Writer has advised student to attend vocationally oriented day school for two years (e.g., Lincoln Tech, ITT, Devry or Excel Institute,) and take evening remediation courses at UDC to raise basic academic competencies before tackling Community College or Colleges for students with Learning Disabilities. | 0.75<br>185.00/hr | 138.75 |
| 1/19/2007 | KD | Requested independent evaluation (Audiological) to Dr. Lucker at NFTA (includes reviewing file and pulling most current IEP, evaluations, funding order, and Consent Form)/faxed copy to the OSE and Office of Mediation and Compliance at DCPS/added to case notes | 0.58<br>115.00/hr | 66.70 |

Canty, Darryl                                                                                    Page     3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/19/2007 | KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst (Audiological) to Dr. Lucker/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 1/22/2007 | KC | Phone call from Ms. Hagans regarding meeting with student about desire to transition back into Wilson SHS and graduate. Additional discussion about student's need for remediation prior to attempts to gain college admissions. Student advised to pursue vocational school initially while taking courses which provide academic remediation. | 0.58<br>185.00/hr | 107.30 |
| 1/31/2007 | KC | Phone call from Ms. Hagans. Inquiry about status of Mr. Hill's efforts to pursue student's re-entry into Wilson SHS. Writer informed parent that Mr. Hill is willing to pursue student's re-entry at Wilson SHS if student is willing to commit to spending an additional year in high school.  Student's academic present levels range from high 1st grade through 5th grade. | 0.42<br>185.00/hr | 77.70 |
| | KC | Phone call from Annette Hagan regarding projected timeframe for getting student out of City Lights School.  Parent again inquired about prospects for re-entering Wilson SHS. | 0.58<br>185.00/hr | 107.30 |
| 2/1/2007 | KC | Draft letter to Ms. Hagens (parent) re: advocate's written request to Ms. Rashid (City Lights SPED Coord.) to discuss disability classification, school placement and post graduation plans. Mailed and filed letter. | 0.83<br>185.00/hr | 153.55 |
| | KC | Draft letter to Ms. Rashid (Spec. Ed. Coordinator; City Lights PCS) re: request to convene an emergency MDT/IEP meeting to discuss appropriate disability classification, placement and post graduation plans. Faxed and filed letter. | 0.83<br>185.00/hr | 153.55 |
| 2/9/2007 | KC | Draft letter to Ms. Rashid re: 2nd request for MDT/IEP meeting to revisit discussion about inappropriateness of disability classificiation at City Lights School. Faxed and filed letter. | 0.75<br>185.00/hr | 138.75 |
| | KC | Draft letter to Ms. Hagans re: repeated efforts to schedule MDT/IEP meeting at City Lights Public Charter School. Mail and file letter. | 0.75<br>185.00/hr | 138.75 |
| 2/19/2007 | DH | Review the student's educational file to determine DCPS compliance with the parent's request to reconvene the student's MDT/IEP Meeting, discussion with the parent and educational advocate, conduct educational research to determine relief available to the parent and student in the event of noncompliance by DCPS, draft and file administrative due process complaint notice. | 2.00<br>365.00/hr | 730.00 |
| 3/3/2007 | DH | Draft and send letter to the special education specialist for the City Lights Public Charter School, Dr. Peggy Peagler, of DCPS providing a copy of the student's audiological evaluation and request for additional assessments after speaking with student and parent. | 0.25<br>365.00/hr | 91.25 |
| | DH | Draft and send letter to the special education specialist for the City Lights Public Charter School, Dr. Peggy Peagler, of DCPS providing a copy of the student's audiological evaluation and request for additional assessments after speaking with student and parent. | 0.25<br>365.00/hr | 91.25 |

Canty, Darryl                                                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/7/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 3-3-07 Ltr to DCPS with eval reports/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 4/4/2007 | DH | Review the student's educational file to determine compliance with the recommendations that the student receive an auditory processing evaluation and DCPS' compliance with the order of the impartial due process hearing officer, conduct educational research regarding remedies available to the parent, draft and file administrative due process complaint notice. | 3.50 365.00/hr | 1,277.50 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.58 405.00/hr | 234.90 |
|  | KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes/posted same to Desk Calendar | 0.42 115.00/hr | 48.30 |
| 4/9/2007 | KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 4/15/2007 | DH | Draft and send letter to Ms. Rasheed, special education coordinator, at City Lights PCS, responding to previous correspondence. | 0.33 365.00/hr | 120.45 |
| 4/16/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 4-15-07 Ltr to City Lights with mtng dates/copy to advc and file/added to case notes | 0.42 115.00/hr | 48.30 |
| 4/17/2007 | KD | Assist attorney to prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.00 115.00/hr | 115.00 |
|  | DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing and give to paralegal for her completion. | 1.00 365.00/hr | 365.00 |
| 4/23/2007 | DH | Conduct preparation for the student's administrative due process hearing be reviewing the student's educational file, conducting educational research regarding issues contained in the complaint, conduct a review of the parent's and DCPS' five-day disclosures, prepare questions for direct examination of the parent's witnesses, and for possible cross examination of DCPS witnesses, prepare opening and closing statements, and conduct witness preparation for the student's administrative due process complaint notice hearing. | 3.00 365.00/hr | 1,095.00 |
| 4/24/2007 | KC | Reviewed client file in preparation for due process hearing. | 0.75 185.00/hr | 138.75 |
|  | KC | Appearance to 825 North Capital for due process hearing. | 1.00 185.00/hr | 185.00 |
|  | DH | Conduct last minute preparation for the student's administrative due process hearing be reviewing the student's educational file, conducting last minute educational research, conducting review of the parent's and | 3.00 365.00/hr | 1,095.00 |

Canty, Darryl                                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | DCPS' five-day disclosures, review questions for direct examination of the parent's witnesses, and for possible cross examination of DCPS witnesses, review opening and closing statements, and appearance at the student's administrative due process hearing. |  |  |
| 4/26/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 405.00/hr | 133.65 |
| 5/1/2007 | KD | Drafted letter to parent/enclosed copy of IEP Cnfrmtn/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
|  | KD | Drafted letter to parent/enclosed copy of Complaint Disposition/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
|  | KD | Drafted letter to parent/enclosed copy of the 4-26-07 HOD/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/2/2007 | KD | Reviewed case file for most current HR-Complaint Notice and made a copy for Michele Torry/re-filed original and added to case notes | 0.17 115.00/hr | 19.55 |
| 5/9/2007 | BC | File Review and sent letter to parent/student | 0.17 130.00/hr | 22.10 |
|  |  | For professional services rendered | 35.41 | $8,847.30 |

Additional Charges :

| | | |
|---|---|---|
| 9/15/2006 | Copied; Independant eval request w/letter to parent and advocate. | 2.00 |
| | Postage; letter to parent | 0.39 |
| 9/18/2006 | Facsimile to Interdynamics for independent evaluations referral | 52.00 |
| 10/18/2006 | Postage; Letter to parent. | 0.39 |
| 10/25/2006 | Rec'd fax from Interdynamics; vocational assessment | 8.00 |
| 11/1/2006 | Postage; Letter to parent re: Vocational evaluation. | 0.63 |
| | Copied; Vocational evaluation w/letter for parent. | 2.25 |
| 11/7/2006 | Copied; Complaint disposition for parent and advocate | 2.00 |
| 11/13/2006 | Fax; Psychoeducational from Interdynamics. | 9.00 |
| 12/1/2006 | Postage; letter to parent. | 0.87 |
| 1/19/2007 | Postage; Independent evaluation request to parent. | 0.39 |

Canty, Darryl

| | | Amount |
|---|---|---|
| 1/19/2007 | Postage; Independent evaluation request to Dr. Lucker @ NFTA. | 3.27 |
| | copied letter to parent re: indep. eval. request | 2.00 |
| | copied independent eval request packet to Dr. Lucker | 17.50 |
| | Fax independent eval. request with consent to OSE, Med & Compliance | 9.00 |
| 1/31/2007 | Postage; letter to parent with IEP | 0.63 |
| | copied letter | 0.75 |
| | Fax letter to City Lights | 3.00 |
| 2/9/2007 | Fax letter to City Lights (Rashid) | 20.00 |
| 3/3/2007 | Fax letter/evals/HOD to OSE | 31.00 |
| 3/7/2007 | Copied; Letter to parent and advocates re: attorney's letter. | 24.00 |
| | Postage; Placement package to Attorney's letter. | 1.83 |
| 4/4/2007 | Faxed doc to SHO  re: HR | 10.00 |
| | postage hn to parent | 0.39 |
| | copied hn and letter for parent and advs | 1.50 |
| 4/9/2007 | copied letter to parent and advocate re: HR | 5.50 |
| | postage: letter to parent with HR | 0.63 |
| 4/16/2007 | Postage; Letter to parent re: Attorney's letter. | 0.63 |
| | copied letter to parent | 1.50 |
| 4/17/2007 | Rec'd faxed disclosures from OGC | 2.00 |
| | copied disclosures | 32.50 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 4/23/2007 | Copied; Disclosure for Advocate. | 16.75 |
| 4/24/2007 | Taxi service to DCPS for hearing | 6.50 |
| | taxi to DCPS | 8.00 |
| 4/26/2007 | Rec'd faxed HOD from SHO | 8.00 |

Canty, Darryl                                                                        Page      7

|  |  | Amount |
|---|---|---|
| 4/26/2007 | copied HOD | 10.00 |
| 5/1/2007 | Postage; Letter to parent. | 1.11 |
|  | Copied; Letter for parent re: IEP meeting confirmation. | 0.75 |
|  | Copied; Letter for parent re: HOD. | 2.25 |
|  | Copied; Letter for parent re: Complaint disposition. | 1.50 |
| 5/2/2007 | copied HR | 1.75 |
| 5/10/2007 | File review preparation of bill and invoice audit | 96.88 |
|  | Postage; Letter to parent re: Case status. | 0.39 |
|  | Total additional charges | $419.43 |
|  | Total amount of this bill | $9,266.73 |

### User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.17 | 130.00 | $22.10 |
| Blanca De La Sancha, Paralegal | 0.50 | 115.00 | $57.50 |
| Domiento Hill, Attorney | 14.42 | 365.00 | $5,263.30 |
| James E. Brown, Attorney | 0.91 | 405.00 | $368.55 |
| Kelly Dau, Paralegal | 4.75 | 115.00 | $546.25 |
| Kevin Carter, Advocate | 12.91 | 185.00 | $2,388.35 |
| Williams Bautista, Paralegal | 1.75 | 115.00 | $201.25 |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (**called a "Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.   <u>INFORMATION ABOUT THE STUDENT:</u>

Name of the Student:   <u>Darryl Canty</u>   Date of Birth:  <u>May 6th, 1988</u>

Address: <u>1436 Ives Place, SE, Washington, DC 20003</u>

Present School of Attendance: <u>City Lights Public Charter School</u>

Parent/Guardian of the Student:   <u>Adult Student</u>

**B.**   **Legal Representative/Attorney (if applicable):**

Name: _Domiento C.R. Hill, Esq._

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐Charter school (name of the charter school if different from page one)_____

☐Non-public school or residential treatment facility (name)_____

☐Parent

**D.**   **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

**F.**   **Facts and Reasons for the Complaint:**

### I.   Background Information and Case History.

1. The student's name is Darryl Canty (hereinafter "Student").

2. The student's date of birth is May 6, 1988

3. The student's home address is 1436 Ives Place, SE, Washington, DC 20003.

4. The student currently attends City Lights Public Charter School.

5. Ms. Annette Hagens is the parent of Darryl.

6. The student and parent reside at the same address.

7. An administrative due process hearing was held for the student on or about August 1, 2006.

8. As a result of that hearing, the impartial due process hearing officer, on or about August 11, 2006, issued a Confidential Hearing Officer's Determination in which DCPS was ordered to do, inter alia, "DCPS shall, within thirty (30) calendar days of this Order, conduct the following evaluations: psycho-educational, audiological, and vocational. *See* Order issued August 11, 2006. The Order went on to provide that DCPS, in the event it failed to complete the evaluations within that timeframe, would fund the parent's independent evaluations. *Id.*

9. DCPS failed to complete the assessments, and as a result, the parent, pursuant to the Order began the process of securing independent evaluations at DCPS' expense.

10. The student's independent psycho-educational evaluation was completed on October 11, 2006. See Psycho-educational evaluation dated October 11, 2006.

11. According to the evaluation, the student demonstrated below grade-level equivalents in all academic areas. Specifically, the student's cognitive functioning ranged from a First grade to a Fifth Grade Level. *Id.*

12. The student's vocational assessment was completed on or about October 20, 2006. *See* Vocational Assessment dated October 20, 2006.

13. The student, according to the vocational assessment, required counseling services, occupational therapy goals, and hands on vocational training. *Id.*

14. The student's audiological evaluation was completed on or about February 23, 2007. *See* Audiological Assessment dated February 23, 2007.

15. The student, according to the audiological evaluation noted that the student may suffer from a severe hearing loss that is impacting his educational performance and further that the student required a comprehensive auditory processing assessment to determine the status of his auditory processing abilities.

16. Copies of the evaluations were provided to DCPS, on or about March 3, 2007. *See* Correspondence dated March 3, 2007. Counsel for the student, in that same letter, requested that the student's evaluations be reviewed by DCPS, as the public agency, and that the student's MDT/IEP Meeting be reconvened. *Id.* Counsel for the student also requested that the student receive the recommended comprehensive auditory processing assessment. DCPS never responded.

3

12. The student, according to the social work evaluation was recommended to receive individual counseling to address his problems dealing with authority and his peers, group counseling to address his anger management issues, and a neuropsychological assessment to address any head trauma from his sports related injuries.

13. As of today, DCPS has yet to review any of the student's evaluations, determine the student's eligibility for special education, discuss and determine placement, and discuss or determine compensatory education.

## II. Nature of the Problem.

### A. DCPS denied the student a free and appropriate public education by failing to review the student's independent psycho-educational, vocational and audiological evaluations.

14. The student re-alleges paragraphs 1-14.

15. Pursuant to 34 C.F.R. § 300.502(c)(1) , "if the parent obtains an independent educational evaluation at public expense or shares with the public agency an evaluation obtained at private expense, the results of the evaluation must be considered by the public agency…in any decision made with respect to the provision of FAPE to the child." In the instant matter, it is clear DCPS failed to comply with the requirements of the statute.

16. Here, on March 3, 2007, counsel for the parent provided DCPS with a copy of the student's independent psycho-educational, vocational, and audiololgical.

17. To date, DCPS has yet to make any attempt to review the student's independent assessments/evaluations as the IDEIA requires.

### B. DCPS denied the student with a by Failing to Conduct the Student's comprehensive auditory processing assessment.

18. The student re-alleges paragraphs 1-17.

19. Pursuant to 34 C.F.R. § 300.304(c)(4) and (6), DCPS shall ensure that "the child is assessed in all areas related to the suspected disability…[and] in evaluating each child with a disability…the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified." Pursuant to 34 C.F.R. § 300.303(a)(2), DCPS shall ensure "a reevaluation of each child with a disability is conducted…if the child's *parent or teacher* requests a reevaluation. [emphasis added]"

4

20. An audiological evaluation was completed on the student on or about February 23, 2007. In the audiological evaluation, the student was recommended to receive, among other things, a comprehensive auditory processing assessment. See Audiological Evaluation.

21. Counsel for the student, on or about March 3, 2007, provided DCPS with a copy of the audiological evaluation and further requested that DCPS conduct the recommended comprehensive auditory processing assessment. See Correspondence dated March 3, 2007.

22. DCPS did not respond. To date, to the best of the student's knowledge and belief, DCPS has yet to conduct the evaluation.

**C. DCPS failed to provide a free and appropriate public education by failing to provide an IEP that is reasonably calculated to provide a FAPE.**

23. The student re-alleges paragraphs 1-22.

24. As stated in the above, the parent, by and through counsel, provided DCPS with copies of the parent's independent vocational assessment, psycho-educational, and audiological evaluations.

25. The student, according to the evaluations is eligible to receive special education and its related services as a result of his being, inter alia, learning disabled, and needed various accommodations to his IEP as a result of the findings of the assessments. To date, DCPS has yet to incorporate the findings and recommendations of the evaluations into an IEP for the student.

26. DCPS' failure to incorporate the findings of the assessment into the student's IEP, amounts to a denial of a free and appropriate public education.

**D. DCPS denied the student a free and appropriate public education by failing to comply with the August 11, 2006 Order of the impartial due process hearing officer.**

27. The student re-alleges paragraphs 1-26.

28. An administrative due process hearing was held for the student on or about August 1, 2006.

29. As a result of that hearing, the impartial due process hearing officer, on or about August 11, 2006, issued a Confidential Hearing Officer's Determination in which DCPS was ordered to do, inter alia, "DCPS shall, within thirty (30) calendar days of this Order, conduct the following evaluations: psycho-educational, audiological, and vocational. *See* Order issued August 11, 2006. The Order went

on to provide that DCPS, in the event it failed to complete the evaluations within that timeframe, would fund the parent's independent evaluations. *Id.*

30. DCPS failed to complete the assessments, and as a result, the parent, pursuant to the Order began the process of securing independent evaluations at DCPS' expense.

31. Copies of the evaluations were provided to DCPS, on or about March 3, 2007. *See* Correspondence dated March 3, 2007. Counsel for the student, in that same letter, requested that the student's evaluations be reviewed by DCPS, as the public agency, and that the student's MDT/IEP Meeting be reconvened. *Id.* Counsel for the student also requested that the student receive the recommended comprehensive auditory processing assessment. DCPS never responded. To date, DCPS has yet to comply with the Order.

## II. Issues presented.

1. DCPS denied the student FAPE by failing to comply with 34 C.F.R. § 300.502(c)(1) of the IDEIA and review the parents' independent evaluations/assessments;

2. DCPS denied the student FAPE by failing to evaluate the student in all areas of his suspected disabilities;

3. DCPS denied the student FAPE by failing to provide the student with an appropriate IEP; and

4. DCPS denied the student FAPE by failing to comply with the August 11, 2006 Order of the impartial due process hearing officer.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A finding that DCPS denied the student FAPE by failing to comply with 34 C.F.R. § 300.502(c)(1) of the IDEIA and review the parents' independent evaluations/assessments;

2. A finding that DCPS denied the student FAPE by failing to evaluate the student in all areas of his suspected disabilities;

3. A finding that DCPS denied the student FAPE by failing to provide the student with an appropriate IEP;

6

4. A finding that DCPS denied the student FAPE by failing to comply with the August 11, 2006 Order of the impartial due process hearing officer.

5. DCPS agrees to place and fund the student, on an interim basis, at Wilson SHS, with transportation, or other appropriate program the parent locates;

6. DCPS agrees to fund the student's comprehensive auditory processing assessment;

7. DCPS shall convene an IEP team meeting within 5 days to review the assessments and determine whether the student is a student with a disability under the IDEIA. If the team determines that the student is a student with a disability under the IDEIA, the team must develop an IEP consistent with the assessments. All issues with respect to compensatory services are reserved.

8. DCPS agrees to pay counsel for the complainant reasonable attorney's fees and related costs incurred in the matter.

9. All meetings shall be scheduled through counsel for the complainant in writing, via facsimile, at 202-742-2098.

10. DCPS shall provide counsel for the student with copies, pursuant to D.C. MUN. REGS. tit. 5, § 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting.

11. DCPS send all notices to counsel for the parent with copies of such to the parent and in the student's native language.

12. DCPS within ten (10) calendar days of the filing of this complaint, pursuant to 34 C.F.R. § 300.508(e), shall provide the complainant's representative, through Domiento C.R. Hill, via facsimile, at 202-742-2098, the following:   i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action.

13. In the event DCPS fails to answer/respond to the issues alleged in the complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the complainant will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA.

7

14. DCPS, within fifteen (15) calendar days of receiving the complainant's complaint, pursuant to 34 C.F.R. § 300.508(d), shall respond to the complainant's request alleging any insufficiency of notice.

15. DCPS' failure to comply with 34 C.F.R. § 300.508(d), and allege any insufficiency of the complainant's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. DCPS, pursuant to 34 C.F.R. § 300.510(a), within fifteen (15) calendar days of receiving the complainant's administrative due process complaint, shall contact the complainant's representative, in writing, via facsimile, at 202-742-2098, to schedule and convene a Resolution Session Meeting.

17. DCPS, pursuant to 34 C.F.R. § 300.510(a), shall convene the Resolution Session Meeting, with the complainant, the complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. The relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

18. DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the 34 C.F.R. § 300.510(a) shall constitute joint waiver between DCPS and the complainant to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the complainant's counsel.

19. D.C. MUN. REGS. tit. 5 § 3030.1 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. Should the hearing for this student take place 45 days after the date of this hearing request, DCPS shall be found to have violated the 45-day time line. DCPS shall provide the parent with a due process hearing within 15 calendar days of a request on any issue arising out of the noncompliance with DCPS' obligations hereunder, or any disagreement that the parent may have with the assessments, programming or placement. Such issue will be raised at the hearing with or without an amended hearing request.

20. Pursuant to D.C. MUN. REGS. tit. 5 § 3000 et. seq., DCPS shall ensure that JD's rights and his complainant's rights are protected, and consistent with the Hearing Officer's preamble to all due process hearing that, "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child," and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

21. The hearing officer shall find that the complainant is the prevailing party in this action.

## G.  <u>Accommodations and Assistance Needed</u>:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter              (please              specify              the type)_____
- Special        Communication        (please        describe        the type)_____
- Special      Accommodations      for      Disability      (please      be specific)_____
- Other_____

## H.  <u>Signature</u>:

Legal Representative / Advocate (if applicable)          4|4|07
                                                          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

9

```
**********************
***  TX REPORT  ***
**********************


TRANSMISSION OK

TX/RX NO            3832
RECIPIENT ADDRESS   92024425556
DESTINATION ID
ST. TIME            04/04 15:09
TIME USE            01'31
PAGES SENT          10
RESULT              OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Christie Fontaine-Covington |
| John A. Straus | Facsimile: (202) 742-2098 | Jani Tillery |
| | e-mail: Admin@Jeblaw.biz | |

! DC Bar Special Legal Consultant
+ Admitted in Bolivia

# FAX COVER SHEET

DATE:           **April 4, 2007**

TO:             **Office of Student Hearings, DCPS**

FAX NO.:        **202-442-5556**

FROM:           **Domiento C.R. Hill, Esq.**

SUBJECT:        **D. Canty, DOB: 5/6/88**

NUMBER OF PAGES INCLUDING COVER SHEET: 10

COMMENTS: Administrative due process complaint notice. Thank you for your assistance with this matter.

# Exhibit N

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9ᵗʰ Floor
Washington, D.C. 20002-4232
202-442-5000        Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  Attorney Information
    Law Firm:                           James Brown & Assoc., PLLC
    Attorney:                           James Brown
    Federal Tax ID No:                  52-1500760
    D.C. Bar No:                        61622

2.  Student Information
    Name:                               Barnes, Octavius
    DOB:                                12/4/87
    Date Hearing Request Filed:         1/10/07
    Date(s) of Hearing:                 3/9/07 & 4/9/07
    Date of Determination (HOD/SA)      5/11/07
    Parent/Guardian Name:               Darrell Stevens
    Parent/Guardian Address:            4609 Grant St., NE
                                        Washington, DC 20019

3.  Invoice Information
    Invoice Number:                     07-137
    Date Request Submitted:             5/31/07
    Date(s) of Services Rendered:       12/7/06 to 5/16/07
    Attorney Hourly Rate:               $    365.00
    Total Attorney Fees:                $  8,144.95
    Total Attorney Costs:               $    529.66
    Total Expens:                       $    693.75
    Total Invoice:                      $  9,368.36

4.  Certification (must be signed by principal attorney)

    I certify that all of the following statements are true and correct:

    •  All services listed on the enclosed invoices were actually performed;
    •  The entire amount requested on the enclosed invoice for payment of costs and expenses represents
       the actual amount of costs and expenses incurred;
    •  The District of Columbia Public Schools is the sole entity from which payment of the fees, costs,
       and expenses itemized on the enclosed invoice is requested;
    •  No attorney or law firm who either (1) provides services listed on the enclosed invoice; or (2) will
       benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary
       interest, either through an attorney, officer, or employee of the firm, in any special education
       diagnostic services, schools, or other special education service providers;
    •  I understand that the making of a false statement to an agency of the D.C. Government is
       punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          5/31/07
    Signature                                   Date

                                                *Revised Nov. 2004*

# District of Columbia Public Schools

## Office of Management Services

**Tonya M. Butler-Truesdale, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| **OCTAVIOUS BARNES, STUDENT** | ) |
| | ) |
| Date of Birth:  December 4, 1987 | ) |
| | ) |
| **Petitioner,** | )  Hearing Date: March 9, 2007 |
| | )                        April 9, 2007 |
| **v.** | ) |
| | ) |
| **THE DISTRICT OF COLUMBIA** | ) |
| **PUBLIC SCHOOLS** | ) |
| | )  Held at: 825 North Capitol Street. N.E. |
| **Respondent.** | )          8th Floor |
| | )          Washington, D.C. 20002 |

### AMENDED HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Mr. Darrell Stevens |
| | 4609 Grant Street, NE |
| | Washington, D.C. 20019 |
| | |
| **Counsel for Petitioner:** | Domienito C. R. Hill, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Karen Herbert, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

2007 MAY 11 PM 2 24
DC PUBLIC SCHOOL SYSTEM

*In the Matter of O.B.*

**I.    JURISDICTION**

The Due Process Hearing was convened and this Order is written pursuant to Public Law 105-17, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

**II.    DUE PROCESS RIGHTS**

Parent's counsel waived a formal reading of the due process rights.

**III.    FIVE-DAY DISCLOSURE**

Petitioner: Presented the mother, Wanda Ashford as a witness and the educational advocate, Kevin Carter as witnesses without objection. Petitioner submitted disclosures labeled OB1-OB29 without objection.

Respondent: No witnesses were present or called to testify. Petitioner did not submit any disclosures and did not motion for the record to remain open in the event of a continuance.

**IV.    STATEMENT OF THE CASE**

On January 11, 2007 a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to comply with an October 13, 2006 Hearing Officer's Determination which required that the Respondent complete a vocational evaluation level III within forty five calendar days of the Order.

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for March 9, 2007 at 9:00am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002.    The matter was reconvened on April 9, 2007 for a hearing on the merits. Attorney Advisor Daniel McCall appeared in person for DCPS.    Attorney Domiento Hill appeared in person on behalf of Petitioner.

The administrative record does not contain a Response but does contain a Motion to Dismiss the Petitioner's Administrative Due Process Complaint.    The written DCPS motion argues that several decisions rendered from the 8th, 4th and 9th Circuit disprove any assumption that an "expansive interpretation" of the Blackman Jones Consent Decree creates jurisdiction for the Hearing Officer to determine that there has been a denial of FAPE pursuant to an HOD violation and issue a subsequent HOD pursuant to any resulting denial of FAPE due to the HOD violation.

*In the Matter of O.B.*

Respondent's motion is dismissed since DCPS regulations permit, "a parent of a LEA child or the LEA...to initiate a hearing, when there is a dispute about the eligibility, identification, evaluation, educational placement, or **the provision of FAPE to a child with a disability, in accordance with 20 U.S.C. § 1415 (f)."[1]** [Emphasis Added]

Moreover, 20 U.S.C. § 1415 (f) refers back to 20 U.S.C. § 1415 (b)(6), which requires school districts to provide "An opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child..." Thus, a party may seek compliance of a previous HOD in the District by filing a new IDEIA complaint when the non-compliance of DCPS constitutes a denial of FAPE.

Finally, when DCPS entered into a Consent Decree in *Blackman v. District of Columbia* on July 26, 2006 which the court approved on August 24, 2006, DCPS agreed to the establishment of a subclass referred to as the "Jones class," which was created to include,

All children, now [as of January 1, 1995] *and in the future,* who are entitled to have DCPS provide them with a free appropriate public education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with child's parent or education advocate.[2]

Hence, DCPS has agreed that the failure timely to implement an HOD constitutes a denial of FAPE, and that any student, "now and in the future," who's HOD has not been timely implemented, is a member of the class entitled to relief. DCPS also agreed that its failure timely to comply with an HOD creates a rebuttable presumption of harm to the affected Petitioner.

At the hearing, DCPS made a Motion to Dismiss and argued that the Petitioner was precluded from pleading a claim related to the violation of a Hearing Officer's Determination for lack of jurisdiction. Petitioner asserted that *Cox v. DCPS* 878 F2nd 412 required the Petitioner to exhaust its administrative remedies in the due process hearing forum and that Hearing Officer Determinations are properly plead in an administrative due process hearing. The motion was held in abeyance in order to take testimony in the event the motion was overruled.

---

[1] 5 D.C.M.R. §3029.1.

[2] Decree p. 10

3

*In the Matter of O.B.*

## V.        FINDINGS OF FACT AND CONCLUSIONS OF LAW

Respondent DCPS's argument that the Hearing Officer does not have jurisdiction to hear a case for which the Petitioner seeks relief for failure to comply with a previous Hearing Officer's Determination is less than persuasive given the Blackman-Jones Consent Decree. DCPS failed to respond to the Petitioner's complaint. Further, on the day the matter was reconvened for a hearing on the merits of the claim, the DCPS attorney was unavailable to provide further representation/defense due to the fact that an earlier hearing on his calendar adjourned more than thirty-five minutes after the instant hearing was convened. Hence, in the absence of representation from DCPS, Petitioner successfully motioned for a Directed Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the November 13, 2006 Order of the impartial due process hearing officer and complete the student's vocational level III evaluation.

Respondent's motion is dismissed since DCPS regulations permit, "a parent of a LEA child or the LEA…to initiate a hearing, when there is a dispute about the eligibility, identification, evaluation, educational placement, or **the provision of FAPE to a child with a disability, in accordance with 20 U.S.C. § 1415 (f)."[3]** [Emphasis Added]

Moreover, 20 U.S.C. § 1415 (f) refers back to 20 U.S.C. § 1415 (b)(6), which requires school districts to provide "An opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child…" Thus, a party may seek compliance of a previous HOD in the District by filing a new IDEIA complaint when the non-compliance of DCPS constitutes a denial of FAPE.

Finally, when DCPS entered into a Consent Decree in *Blackman v. District of Columbia* on July 26, 2006 which the court approved on August 24, 2006, DCPS agreed to the establishment of a subclass referred to as the "Jones class," which was created to include,

All children, *now* [as of January 1, 1995] *and in the future*, who are entitled to have DCPS provide them with a free appropriate public education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with child's parent or education advocate.[4]

---

[3] 5 D.C.M.R. §3029.1.

[4] Decree p. 10

4

*In the Matter of O.B.*

Hence, DCPS has agreed that the failure timely to implement an HOD constitutes a denial of FAPE, and that any student, "now and in the future," who's HOD has not been timely implemented, is a member of the class entitled to relief. DCPS also agreed that its failure timely to comply with an HOD creates a rebuttable presumption of harm to the affected Petitioner.

## VI.    ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 10th day of May 2007, it is hereby

**ORDERED,** that within ten (10) school days, shall fund the parent's independent vocational evaluation pursuant to the Superintendent's cost guidelines.

**IT IS FURTHER ORDERED,** that within DCPS five (5) school days of the completion of the vocational evaluation, DCPS shall reconvene the student's MDT/IEP Meeting to review the vocational evaluation, revise and update the student's IEP as necessary, discuss placement, and discuss what amount of compensatory education, if any, the student may be owed, and develop a compensatory education program;

**IT IS FURTHER ORDERED,** if a change in placement to a vocational program is recommended, DCPS shall have five (5) school days to issue a Prior Notice of Placement if placement is to a public school, and thirty (30) calendar days to issue a Prior Notice of Placemen if placement is to a nonpublic or private school;

**IT IS FURTHER ORDERED,** that in the event of any disagreements regarding the student's right to compensatory education, the parent has the right to request an administrative due process hearing, which shall be heard before this hearing officer who shall retain jurisdiction over this matter,

**IT IS FURTHER ORDERED,** that all meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098.

It is further ordered that DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate.

This is the **FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

_____
Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Issued:  5/11/07

May 10, 2007
Date

Student Hearing Office, DCPS

Copies to:

Domiento C. R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Daniel McCall, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: May 11, 2007

TO: Domiento C. R. Hill

FROM: STUDENT HEARING OFFICE

RE: Barnes, Octavious

TOTAL NUMBER OF PAGES, INCLUDING COVER: 7


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| JF | Juan Fernandez, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |
| TG | Tilman Gerald, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| CH | Corey Hamilton, MA |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/23/2007

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Octavius Barnes

May 22, 2007

In Reference To:   Octavius Barnes
Invoice #12521

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 12/7/2006 DH | Draft and send letter to DCPS regarding DCPS compliance with the order. | 0.25<br>365.00/hr | 91.25 |
| 12/20/2006 KD | Drafted letter to parent/enclosed copy of Atty's 12-7-06 Ltr to DCPS accptng mtng date/copy to advc and file/added to case notes | 0.25<br>115.00/hr | 28.75 |
| 12/21/2006 KD | Drafted case status letter to parent/copy to file/added to case notes | 0.25<br>115.00/hr | 28.75 |
| 1/10/2007 DH | Prepared and file due process hearing request to address DCPS' failure to comply with the 11/13/06 order | 2.00<br>365.00/hr | 730.00 |
| JEB | Examined and certified hearing request filed by attorney | 0.42<br>405.00/hr | 170.10 |
| 1/11/2007 KD | Drafted letter to parent/enclosed copy of HR-Complaint Notice/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 2/16/2007 KD | Drafted letter to parent/enclosed copy of Hearing Notice/copy to advc and file/added to case notes | 0.33<br>115.00/hr | 37.95 |
| 3/1/2007 DH | Review the student's educational file, prepare five-day disclosures for the student's upcoming administrative due process hearing, give to paralegal for her completion. | 1.50<br>365.00/hr | 547.50 |
| KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 2.00<br>115.00/hr | 230.00 |

Octavius Barnes                                                                                    Page    2

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 3/3/2007 DH | Conduct educational research, draft and file petitioner's opposition to DCPS' motion to dismiss. | 1.50 365.00/hr | 547.50 |
| 3/8/2007 DH | Conduct preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting educational issues in the case regarding, inter alia, DCPS' noncompliance with the most recent hearing officer's determination, prepare questions for direct of parent witnesses, prepare questions for possible cross examination of DCPS witnesses, review parent's and DCPS' five-day disclosures, conduct witness preparation for the student's hearing, and prepare opening and closing statements for the student's administrative due process hearing. | 2.00 365.00/hr | 730.00 |
| 3/9/2007 KC | Appearance to 825 North Capital for due process hearing | 1.50 185.00/hr | 277.50 |
| DH | Conduct final preparation of the student's administrative due process hearing by reviewing the student's educational file, conducting final educational issues in the case regarding DCPS' noncompliance with the hearing officer's decision and DCPS' failure to conduct the student's psychiatric evaluation, review opening and closing statements for the student's administrative hearing, review questions for direct of parent witnesses, review questions for possible redirect of DCPS witnesses, review parent's and DCPS' five-day disclosures, and appearance at the student's administrative due process hearing. The hearing was not completed and was continued. | 4.00 365.00/hr | 1,460.00 |
| 3/22/2007 KD | Drafted letter to parent/enclosed copy of Interim Order granting continuance of hearing/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 4/2/2007 KD | Assist attorney prepare disclosure to DCPS (includes research for addresses and telephone numbers of witnesses; making copies of exhibits, tabbing, and binding for hand delivery to the SHO and OGC)/added to case notes | 1.75 115.00/hr | 201.25 |
| DH | Prepare disclosure to DCPS | 1.00 365.00/hr | 365.00 |
| 4/8/2007 DH | Prepare for the student's continued due process hearing by reviewing the student's educational file, conducting educational research, prepare opening and closing statements, prepare questions for direct examination of the parent and the educational advocate, as well as the student, and conduct educational research regarding remedies available to the parent and the student. | 3.00 365.00/hr | 1,095.00 |
| 4/9/2007 KC | Appearance to 825 North Capital for due process hearing | 1.50 185.00/hr | 277.50 |
| KC | Prepared for Due Process Hearing | 0.75 185.00/hr | 138.75 |

Octavius Barnes                                                                                          Page    3

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/9/2007 | DH | Conduct final preparation for the student's continued due process hearing by reviewing the student's educational file, conducting educational research, review opening and closing statements, review questions for direct examination of the parent and the educational advocate, as well as the student, and conduct educational research regarding remedies available to the parent and the student, and appearance at the student's administrative due process hearing. | 4.00 365.00/hr | 1,460.00 |
| 4/16/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 4-12-07 Ltr to DCPS re evals prior to IEP Mtng/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 4/23/2007 | KD | Drafted letter to parent/enclosed copy of Atty's 4-17-07 Ltr to SunRise with mtng dates/copy to file/added to case notes | 0.33 115.00/hr | 37.95 |
| 4/24/2007 | KD | Drafted letter to parent/enclosed copy of IEP Mtng Cnfrmtn/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/11/2007 | JEB | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.17 405.00/hr | 68.85 |
| 5/15/2007 | KD | Requested independent evaluation (Vocational) to Conaboy & Assoc (includes reviewing case file and pulling most current IEP, evaluations, funding order, and Consent Form) faxed copy of Rqst to OSE and Office of Mediation and Compliance at DCPS/added to case notes | 0.67 115.00/hr | 77.05 |
|  | KD | Drafted letter to parent/enclosed copy of Indpndt Eval Rqst/copy to advc and file/added to case notes | 0.33 115.00/hr | 37.95 |
| 5/16/2007 | KD | Drafted letter to parent re: HOD | 0.42 115.00/hr | 48.30 |
|  |  | For professional services rendered | 31.24 | $8,838.70 |
|  |  | Additional Charges : |  |  |
| 12/7/2006 | | Faxed doc to OSE re: ltr |  | 2.00 |
| 12/20/2006 | | Copied; Letter for parent and advocates re: attorney's letter. |  | 3.75 |
| 12/21/2006 | | Copied; Case status letter for file. |  | 0.25 |
|  | | Postage; Letter to parent re: Attorney's letter. |  | 0.39 |
|  | | Postage; Letter to parent re: Case status. |  | 0.39 |
| 1/10/2007 | | Faxed doc to OGC re: HR |  | 7.00 |
|  | | Faxed doc to SHO re: HR |  | 7.00 |

Octavius Barnes                                                                  Page    4

|  |  | Amount |
|---|---|---|
| 1/11/2007 | Copied; HR-Complaint Notice for parent and advocate. | 4.00 |
|  | Postage; HR-Complaint Notice to parent. | 0.63 |
| 1/12/2007 | Received fax from DCPS re: sch memo | 3.00 |
| 2/16/2007 | Postage; Letter to parent re: HN | 0.39 |
|  | Copied doc for parent re: HN | 0.50 |
|  | Copied doc for adv re: HN | 0.50 |
| 3/1/2007 | copied disclosures | 137.00 |
| 3/2/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
| 3/3/2007 | Fax opposition motion to SHO/OGC | 24.00 |
| 3/9/2007 | Taxi Service to and from DCPS (hearing) | 16.00 |
| 3/22/2007 | copied letter and IO to parent and advocates | 1.50 |
|  | postage interim order granting continuance to parent. | 0.39 |
| 4/2/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
|  | copied disclosures | 106.50 |
| 4/9/2007 | Copied documents disclosures | 12.25 |
| 4/16/2007 | Postage; Letter for parent re: attorney's letter. | 0.39 |
|  | copied letter to parent | 1.25 |
| 4/23/2007 | copied letter to parent re: atty's ltr to SunRise | 1.75 |
|  | Postage; Letter to parent re: Attorney's letter. | 0.63 |
| 4/24/2007 | copied letter to parent re: IEP confirmation | 0.75 |
|  | Postage; Letter to parent re: IEP confirmation | 0.39 |
| 5/11/2007 | Rec'd faxed HOD from SHO | 7.00 |
|  | copied HOD | 7.00 |
| 5/15/2007 | Postage; Independent evaluation request to Conaboy & Associates. | 4.60 |
|  | Facsimile; Letter to Independent evaluation request to OSE and Med. & Compliance. | 6.00 |

Octavius Barnes                                                                 Page    5

|  |  | Amount |
|---|---|---|
| 5/15/2007 | copied independent eval. request packet to Conaboy & Assoc. | 30.50 |
|  | copied letter to parent re:  independent eval. request packet to Conaboy & Assoc. | 2.75 |
| 5/16/2007 | Postage; Letter to parent re: HOD. | 0.58 |
|  | copied HR complaint | 1.75 |
|  | File review preparation of bill and invoice audit | 96.88 |
|  | Total additional charges | $529.66 |
|  | Total amount of this bill | $9,368.36 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Domiento Hill, Attorney | 19.25 | 365.00 | $7,026.25 |
| James E. Brown, Attorney | 0.59 | 405.00 | $238.95 |
| Kelly Dau, Paralegal | 7.65 | 115.00 | $879.75 |
| Kevin Carter, Advocate | 3.75 | 185.00 | $693.75 |

EXHIBIT

**DB-4**

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    **INFORMATION ABOUT THE STUDENT:**

Name of the Student: __Octavius Barnes__   Date of Birth: __December 4th, 1987__

Address: __4609 Grant Street, NE, Washington, DC 20019__

Present School of Attendance: __The Sunrise Academy__

Is this a charter school? ___No___          (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ____Mr. Darrell Stevens____

## B.  Legal Representative/Attorney (if applicable):

Name: __Domiento C.R. Hill, Esq.__

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes          ☐ No

## C.  Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name)_____

_____

☐ Parent

## D.  Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.  Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u> at this time.**

## F.  Facts and Reasons for the Complaint:

### I.  Nature of the Problem.

1.  <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Impartial Due Process Hearing Officer's Decision of November 13, 2006, and do, Inter Alia, Complete a Vocational Level III Evaluation of the Student.</u> An administrative due process hearing was held for the

2

student on or about October 12, 2006. As a result of that hearing, the impartial due process hearing officer presiding over the matter issued a decision, on or about June 26th, 2006, in which the District of Columbia Public Schools ("DCPS") was ordered to do, complete a vocational level III evaluation on the student within forty-five (45) calendar days. See Impartial Due Process Hearing Officer's Decision dated November 13, 2006. To date, over forty-five (45) days have passed and DCPS has yet to conduct the student's psychiatric evaluation or make any other attempts to comply with the order of November 13, 2006, and do, inter alia, complete the student's vocational assessment.

## II. Issues presented.

1. DCPS Denied the Student with a Free and Appropriate Public Education by failing to comply with the impartial due process hearing officer's decision and order of October 13, 2006, and do, inter alia, complete the student's vocational level III evaluation within forty-five (45) calendar days.

## III.    Relief Sought.

   **WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the November 13, 2006 Order of the impartial due process hearing officer and complete the student's vocational level III evaluation;

2. DCPS, within ten (10) school days, agrees to fund the parent's independent vocational level III evaluation;

3. DCPS, within five (5) school days upon completion of the vocational level III evaluation, agrees to reconvene the student's MDT/IEP Meeting;

4. DCPS agrees to fund 1,000 hours of individualized tutoring;

5. All meetings shall be scheduled through counsel for the parent, Domiento C.R. Hill, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. DCPS will be given a day for day extension for any delay caused by the parent, the student, counsel for the parent, or the parent's educational advocate;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

10. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Domiento C.R. Hill, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution

4

Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G.   Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter                    (please              specify                    the type)_____
- Special            Communication           (please          describe           the type)_____
- Special         Accommodations         for        Disability        (please         be specific)_____
- Other _____

## H.   Signature:

Legal Representative / Advocate (if applicable)             Date  1/10/07

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            1245
RECIPIENT ADDRESS   92024425556
DESTINATION ID
ST. TIME            01/10 19:06
TIME USE            00'52
PAGES SENT          6
RESULT              OK
```

# James E. Brown & Associates, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Covington |

e-mail: Admin@Jcblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

**To:**    Office of Student Hearings, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  January 10, 2007

**FAX NO:** 202-442-5556

**SUBJECT:** O. Barnes, DOB: 12/4/87

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 6

**COMMENTS:** Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

```
*****************************
***   ERROR TX REPORT   ***
*****************************


TX FUNCTION WAS NOT COMPLETED

TX/RX NO                1244
RECIPIENT ADDRESS       92024425097
DESTINATION ID
ST. TIME                01/10 19:08
TIME USE                00'00
PAGES SENT              0
RESULT                  NG          #0018 BUSY/NO SIGNAL
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Roxanne D. Neloms |
| Christopher L. West | Telephone: (202) 742-2000 | Omar Karram |
| | Facsimile: (202) 742-2098 | Christie Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# FAX COVER SHEET

**To:**    Office of General Counsel, DCPS

**FROM:** Domiento C.R. Hill, Esq.

**DATE:**  January 10, 2007

**FAX NO:** 202-442-5097/5098

**SUBJECT:** O. Barnes, DOB: 12/4/87

**NUMBER OF PAGES, INCLUDING FAX COVER SHEET:** 6

**COMMENTS:**  Administrative due process complaint notice. Thank you for your assistance in this matter.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

# Exhibit O



# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:              JAMES E. BROWN
   Federal Tax ID No.:    52-1500760
   D.C. Bar No.:          61622

2. **Student Information**
   Name:                          Kevin Benbow
   DOB:                           1/26/94
   Date of Determination (HOD/SA): 4/10/06
   Parent/Guardian Name:          Gloria Benbow
   Parent/Guardian Address:       2830 Robinson Pl., SE, #2020
   Current School:                Turner ES
   Home School:

3. **Invoice Information**
   Invoice Number:          06-0184
   Date Request Submitted:  4/28/06
   Date(s) Services Rendered: 9/15/05 to 4/17/06
   Amount of Payment Request  $ 8,800.33

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          April 28, 2006
Signature                                 Date

(In the Matter of KB DOB: 1/26/94 HOD April 10, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Kevin Benbow ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  January 26, 1994 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner, ) | Hearing Date: March 31, 2006 |
| ) | |
| v.                              ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District")          ) | |
| Attending School: Turner ES     ) | |
| Respondent.            ) | |
| _____) | |

Counsel for Student:                    Christopher West, Esq.
                                        1220 L Street NW #700
                                        Washington, DC 20005

Counsel for DCPS:                       Tiffany Puckett, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on March 31, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed January 11, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

(In the Matter of KB   DOB: 1/26/94   HOD April 10, 2006)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (KB 1-21 and DCPS 1-9) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student attends Turner Elementary School (Turner) and was initially found eligible for special education in May 2003 with a disability classification of learning disabled (LD). The student's most recent individualized educational program (IEP) was developed February 16, 2005, and prescribed the following weekly services: 20 hours of specialized instruction and 30 minutes of psychological counseling. (KB 18)

The student had evaluations completed by DCPS in 2003 including a psycho-educational, speech/language and social history. (KB 15, 16, 17)

On September 19, 2005, the parent through counsel made a written request to Turner's principal that the student be evaluated for special education services. The request indicated a desire for "initial evaluations" and listed the evaluations desired which included a clinical psychological, psycho-educational, speech/language, social history, formal classroom observation and vision and hearing screenings. (KB 3)

On December 20, 2005, parent's counsel sent a written request to Turner's special education coordinator requesting "reevaluations" which included psycho-educational, speech/language, functional behavior assessment and clinical psychological. (KB 5)

On January 11, 2006, parent's counsel filed the current due process complaint alleging DCPS did not timely evaluate the student. (KB 2)

DCPS convened a resolution meeting on January 24, 2006, in which DCPS agreed to conduct re-evaluations and convene a multidisciplinary team (MDT)/IEP meeting to update the student's IEP by February 16, 2006, the student's annual IEP date. (DCPS 1)

DCPS and the parent's counsel agreed to convene the MDT meeting on February 24, 2006. On that date DCPS was ready to convene the meeting; however, the parent did not attend the meeting because all the evaluations had not been provided to the parent's counsel. The social history was completed on February 23, 2006, the psycho-educational evaluation on February 24, 2006. The speech/language evaluation was completed on March 7, 2006. (KB 10, 11, DCPS 8)

By the date of the due process hearing the parent was only awaiting a classroom observation. There had been no new date scheduled for the MDT/IEP meeting.

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of KB  DOB: 1/26/94  HOD April 10, 2006)

**ISSUE(S):**

Did DCPS deny the student FAPE by failing to conduct timely reevaluations of the student following the parent's request in September 2005 and convene a MDT meeting?

**CONTENTIONS OF THE PARTIES:[2]**

DCPS counsel asserted the following:

1. At the time the complaint was filed the student's IEP was current.
2. All the evaluations were also current; only the speech/language would have been outdated and not until March 5, 2006.
3. There was no allegation that the prior evaluations were inappropriate.
4. The consent to evaluate sent with the September 2005 evaluation request did not indicate the parent was requesting reevaluations.
5. The first consent by the parent for revaluation was signed on January 24, 2006.
6. The social history and psycho-educational evaluation were completed by February 24, 2006, the date of the scheduled MDT/IEP meeting.
7. The parent did not show for the meeting and did not call.
8. The special education coordinator sent a correspondence to parent's counsel indicating she was ready to proceed with the MDT/IEP meeting and requesting clarification as to the classroom observation. She has not yet heard from the parent's counsel.
9. There has been no harm to the student and no denial of FAPE.

The parent's counsel asserted the following:

1. IDEA requires DCPS reevaluate the student if the parent request reevaluation.
2. The request was made in September 2005 and the evaluations were not completed until March 2006.
3. The student's reevaluations indicate the student has regressed.
4. He was harmed and denied FAPE.

**CONCLUSIONS OF LAW:**

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [3]

Did DCPS deny the student FAPE by failing to conduct timely reevaluations of the student following the parent's request in September 2005 and convene a MDT meeting?

---

[2] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

[3] Although the DC Board of Education has proposed the burden of proof be on the individual filing the complaint and seeking relief, that rule making has not yet become effective.

(In the Matter of KB   DOB: 1/26/94   HOD April 10, 2006)

Conclusion:  DCPS sustained its burden of proof.

The initial request made by parent's counsel in September 2005 did not clarify that the parent was requesting reevaluations. The student's evaluations were still current and the student had a current IEP. The attached parental consent form sent with that request did not indicate that re-evaluations were being requested. On December 20, 2005, the parent's counsel clarified in a subsequent request that revaluations were being requested. The complaint was filed on January 11, 2006. The time between December 20, 2005, and January 11, 2006, was too short a time for DCPS to be found in violation. Once DCPS was aware that re-evaluations were being requested DCPS acted promptly to conduct the evaluations even though all the evaluations were completed by the target date February 24, 2006. The Hearing Officer concludes there was no violation and no denial of FAPE.

**ORDER:**

1.  DCPS is the prevailing party in this matter.
2.  DCPS shall, within fifteen (15) school days of the issuance of this Order, conduct a classroom observation of the student.
3.  DCPS shall on or before April 25, 2006, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan if warranted for any services the student missed from the time his IEP expired – February 16, 2006.
4.  If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
5.  Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
6.  DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

4

(In the Matter of KB   DOB: 1/26/94   HOD: April 10, 2006)

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: April 10, 2006**

Issued: 4/10/06

## In the MATTER OF Kevin Benbow V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| KB 1-21 | Parent's Disclosures | Yes |
| DCPS 1-9 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6

(In the Matter of KB   DOB: 1/26/94   HOD April 10, 2006)

## In the MATTER OF Kevin Benbow V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/11/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 2/10/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of KB   DOB: 1/26/94   HOD April 10, 2006)

# INDEX OF NAMES

## In the MATTER OF Kevin Benbow V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Christopher West, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Parent's Educational Advocate | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 10, 2006

TO: Christopher L. West

FROM: STUDENT HEARING OFFICE

RE: Benbow, Kevin

TOTAL NUMBER OF PAGES, INCLUDING COVER: 9

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Kevin Benbow
Gloria Benboe
2830 Robinson Place
Washignton DC 20020

April 18, 2006
In Reference To:     Kevin Benbow
                     DOB: 1/26/94
                     School: Turner ES

Invoice #11386

        Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/15/2005 | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
|  | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 9/16/2005 | AAG | Drafted letter to parent and prepared new file jacket | 0.60 115.00/hr | 69.00 |
|  | CM | Reviewed 2/16/05 IEP | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed school records | 0.33 185.00/hr | 61.05 |
| 9/19/2005 | WB | Telephone call to DCPS school staff @ Turner ES for records and initial evaluations inquiries | 0.33 115.00/hr | 37.95 |
|  | WB | Drafted letter requesting records from Turner ES and DCPS | 0.50 115.00/hr | 57.50 |
|  | WB | Requested evaluations from Turner ES and DCPS | 0.50 115.00/hr | 57.50 |
|  | WB | Drafted letter to parent re: case status, records and initial evaluations requests from Turner ES and DCPS | 0.50 115.00/hr | 57.50 |
| 10/11/2005 | CM | Conference with parent re status of evaluations; case status | 0.33 185.00/hr | 61.05 |

Kevin Benbow                                                                    Page    2

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/21/2005 | CW | Conference with parent and discussed status of DCPS evaluating student | 0.50<br>365.00/hr | 182.50 |
| 11/29/2005 | HR | File Review and sent letter to parent/student | 0.17<br>115.00/hr | 19.55 |
| 12/20/2005 | BDL | Drafted letter to parent with copy of letter sent to the Special Education Coordinator fromTurner ES. | 0.42<br>115.00/hr | 48.30 |
|  | CW | Reviewed case file and report cards; drafted letter to Turner Elementary School requesting copies of completed evaluations; conference with paralegal re: letters to DCPS | 1.00<br>365.00/hr | 365.00 |
| 12/22/2005 | CW | Conference with parent and reviewed student's report cards, IEP, teacher reports, and clinical evaluation | 1.17<br>365.00/hr | 427.05 |
| 12/27/2005 | CW | Reviewed IEP; teleconference with parent and discussed report card | 0.17<br>365.00/hr | 62.05 |
|  | CM | Reviewed file correspondence for case update | 0.50<br>185.00/hr | 92.50 |
| 1/3/2006 | BDL | Research and review case with attorney. | 0.33<br>115.00/hr | 37.95 |
|  | CW | Reviewed case file with paralegal re: status of DCPS conducting IEP meeting | 0.33<br>365.00/hr | 120.45 |
| 1/11/2006 | CW | Prepared and filed request for due process hearing to address DCPS' failure to conduct the requested evaluations; DCPS' failrue to draft an appropriate IEP, and DCPS' failure to provide compensatory education services; conference with paralegal re: filing request for hearing; teleconference with parent and discussed filing request for hearing | 2.33<br>365.00/hr | 850.45 |
|  | BDL | Drafted letter to parent with copy of HR. | 0.50<br>115.00/hr | 57.50 |
|  | BDL | Assisted attorney with sending HR to SHO. | 0.25<br>115.00/hr | 28.75 |
| 1/12/2006 | JEB | Examined and certified hearing request filed by attorney | 0.58<br>385.00/hr | 223.30 |
| 1/13/2006 | BDL | Received call from parent re: Resolution Meeting and discussed with Mr. West. | 0.25<br>115.00/hr | 28.75 |
| 1/17/2006 | BDL | Assisted attorney with sending letter to the Special Education Coordinator @ Turner ES. | 0.25<br>115.00/hr | 28.75 |
|  | BDL | Drafted letter to the parent with copy of letter sent to the Special Education Coordinator @ Turner Elementary School. | 0.50<br>115.00/hr | 57.50 |

Kevin Benbow

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/17/2006 | CM | Reviewed Psychological evaluation report by Colom | 0.50 185.00/hr | 92.50 |
| | CM | Reviewed social history by Coates | 0.50 185.00/hr | 92.50 |
| 1/18/2006 | CM | Reviewed speech and language evaluation report by Saxton | 0.50 185.00/hr | 92.50 |
| 1/23/2006 | CW | Reviewed request for hearing in preparation for resolution meeting | 0.75 365.00/hr | 273.75 |
| 1/24/2006 | CW | Appearance to Turner ES to convene resolution session meeting to review issues in request for hearing | 2.25 365.00/hr | 821.25 |
| 2/13/2006 | BDL | Drafted letter to parent with copy of HN. | 0.50 115.00/hr | 57.50 |
| 2/22/2006 | CW | Reviewed MDT and IEP meeting notes with parent | 0.33 365.00/hr | 120.45 |
| 2/28/2006 | CM | Prepared for Due Process Hearing; reviewed file correspondence, 7/5/05 IEP, psychological evaluations by Miller, Kelley, Plowden, OT evaluation by Ellis, Speech and Language Evaluation by Khabo, school records | 1.50 185.00/hr | 277.50 |
| 3/1/2006 | BDL | Assisted attorney to prepare disclosure to DCPS. | 1.00 115.00/hr | 115.00 |
| | CW | Prepare disclosure documents for SHO and OGC in preparation for hearing; conference with paralegal re: filing  disclosure documents | 1.33 365.00/hr | 485.45 |
| 3/8/2006 | CW | Conference with parent and discussed hearing rescheduled to 3/31/06 | 0.33 365.00/hr | 120.45 |
| 3/24/2006 | CW | Reviewed request for hearing, psychoeducational evaluation, resolution meeting session notes, IEP and MDT meeting notes in preparation for hearing | 1.77 365.00/hr | 646.05 |
| 3/28/2006 | CW | Reviewed request for hearing, psychoeducational evaluation and speech/language evaluation in preparation for hearing; reviewed witness questions in preparation for hearing | 1.55 365.00/hr | 565.75 |
| 3/31/2006 | CW | Appearance to 825 North Capital for due process hearing | 2.17 365.00/hr | 792.05 |
| 4/10/2006 | MT | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 130.00/hr | 42.90 |
| 4/13/2006 | CMM | Drafted letter to parent re: HOD | 0.42 115.00/hr | 48.30 |

Kevin Benbow                                                                                     Page    4

|  |  | Hours | Amount |
|---|---|---|---|
|  | For professional services rendered | 31.57 | $8,488.30 |
|  | Additional Charges : |  |  |
| 9/15/2005 | Made Photocopies<br>intake package plus parents documents provided to the office |  | 15.00 |
| 9/16/2005 | Copied documents |  | 0.50 |
|  | Postage; letter to parent |  | 0.37 |
| 9/19/2005 | Facsimile(Turner Es-records-Initial evals request) |  | 7.00 |
|  | Facsimile(Office of special education-records Intial evals request) |  | 7.00 |
|  | Facsimile(OGC-records Intial evals request) |  | 7.00 |
| 11/29/2005 | Postage; letter to parent |  | 0.37 |
| 12/20/2005 | Postage; letter to parent |  | 0.37 |
|  | Copied correspondence for parent. |  | 1.00 |
| 1/6/2006 | Facsimile Received from DCPS re: evals. |  | 27.00 |
| 1/11/2006 | Postage: letter to parent. |  | 0.63 |
|  | Copied: HR letter for parent. |  | 2.25 |
|  | Facsimile: HR to SHO. |  | 7.00 |
|  | Copied documents: HR |  | 3.50 |
| 1/13/2006 | Facsimile Received from DCPS re: res. mtg. notes. |  | 4.00 |
| 1/17/2006 | Facsimile: letter to Turner ES. |  | 4.00 |
|  | Copied: letter for parent. |  | 1.00 |
| 1/18/2006 | Postage; letter to parent. |  | 0.39 |
| 1/24/2006 | Sedan taxi service to and from resolution meeting at DCPS.(attny.) |  | 16.00 |
| 2/13/2006 | Postage; letter to parent re: HN. |  | 0.39 |
|  | Facsimile Received from DCPS re: NOH. |  | 1.00 |
|  | Copied HN for parent. |  | 0.50 |
| 3/1/2006 | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |

Kevin Benbow                                                          Page    5

                                                                        <u>Amount</u>

| | | |
|---|---|---:|
| 3/1/2006 | Copied 5 day disc. for OGC/SHO. | 49.50 |
| 3/9/2006 | Facsimile Received from DCPS re: health notice from turner ES. | 2.00 |
| 3/31/2006 | Sedan taxi service to and from  DCPS for hearing.(attny.) | 16.00 |
| 4/10/2006 | Copied: HOD letter for file. | 11.25 |
| | Facsimile Received from DCPS; HOD | 9.00 |
| 4/13/2006 | Postage; letter to parent re: HOD. | 0.63 |
| | Copied documents; letter to parent | 0.50 |
| 4/17/2006 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $312.03 |
| | Total amount of this bill | $8,800.33 |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Kevin Benbow
Gloria Benboe
2830 Robinson Place
Washignton DC 20020


May 04, 2007
In Reference To:     Kevin Benbow
                     DOB: 1/26/94
                     School: Turner ES

Invoice # 10000

    Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/15/2005 | AAG | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
|  | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50 360.00/hr | 540.00 |
| 9/16/2005 | AAG | Drafted letter to parent and prepared new file jacket | 0.60 115.00/hr | 69.00 |
|  | CM | Reviewed 2/16/05 IEP | 0.50 185.00/hr | 92.50 |
|  | CM | Reviewed school records | 0.33 185.00/hr | 61.05 |
| 9/19/2005 | WB | Telephone call to DCPS school staff @ Turner ES for records and initial evaluations inquiries | 0.33 115.00/hr | 37.95 |
|  | WB | Drafted letter requesting records from Turner ES and DCPS | 0.50 115.00/hr | 57.50 |
|  | WB | Requested evaluations from Turner ES and DCPS | 0.50 115.00/hr | 57.50 |
|  | WB | Drafted letter to parent re: case status, records and initial evaluations requests from Turner ES and DCPS | 0.50 115.00/hr | 57.50 |
| 10/11/2005 | CM | Conference with parent re status of evaluations; case status | 0.33 185.00/hr | 61.05 |

Kevin Benbow                                                                                    Page    2

|            |     |                                                                                                                                                                                                                                          | Hrs/Rate         | Amount |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------|--------|
| 11/21/2005 | CW  | Conference with parent and discussed status of DCPS evaluating student                                                                                                                                                                              | 0.50<br>360.00/hr | 180.00 |
| 11/29/2005 | HR  | File Review and sent letter to parent/student                                                                                                                                                                                                      | 0.17<br>115.00/hr | 19.55  |
| 12/20/2005 | BDL | Drafted letter to parent with copy of letter sent to the Special Education Coordinator fromTurner ES.                                                                                                                                               | 0.42<br>115.00/hr | 48.30  |
|            | CW  | Reviewed case file and report cards; drafted letter to Turner Elementary School requesting copies of completed evaluations; conference with paralegal re: letters to DCPS                                                                            | 1.00<br>360.00/hr | 360.00 |
| 12/22/2005 | CW  | Conference with parent and reviewed student's report cards, IEP, teacher reports, and clinical evaluation                                                                                                                                           | 1.17<br>360.00/hr | 421.20 |
| 12/27/2005 | CW  | Reviewed IEP; teleconference with parent and discussed report card                                                                                                                                                                                 | 0.17<br>360.00/hr | 61.20  |
|            | CM  | Reviewed file correspondence for case update                                                                                                                                                                                                       | 0.50<br>185.00/hr | 92.50  |
| 1/3/2006   | BDL | Research and review case with attorney.                                                                                                                                                                                                            | 0.33<br>115.00/hr | 37.95  |
|            | CW  | Reviewed case file with paralegal re: status of DCPS conducting IEP meeting                                                                                                                                                                         | 0.33<br>360.00/hr | 118.80 |
| 1/11/2006  | CW  | Prepared and filed request for due process hearing to address DCPS' failure to conduct the requested evaluations; DCPS' failrue to draft an appropriate IEP, and DCPS' failure to provide compensatory education services; conference with paralegal re: filing request for hearing; teleconference with parent and discussed filing request for hearing | 2.33<br>360.00/hr | 838.80 |
|            | BDL | Drafted letter to parent with copy of HR.                                                                                                                                                                                                          | 0.50<br>115.00/hr | 57.50  |
|            | BDL | Assisted attorney with sending HR to SHO.                                                                                                                                                                                                          | 0.25<br>115.00/hr | 28.75  |
| 1/12/2006  | JEB | Examined and certified hearing request filed by attorney                                                                                                                                                                                           | 0.58<br>385.00/hr | 223.30 |
| 1/13/2006  | BDL | Received call from parent re: Resolution Meeting and discussed with Mr. West.                                                                                                                                                                       | 0.25<br>115.00/hr | 28.75  |
| 1/17/2006  | BDL | Assisted attorney with sending letter to the Special Education Coordinator @ Turner ES.                                                                                                                                                             | 0.25<br>115.00/hr | 28.75  |
|            | BDL | Drafted letter to the parent with copy of letter sent to the Special Education Coordinator @ Turner Elementary School.                                                                                                                              | 0.50<br>115.00/hr | 57.50  |

Kevin Benbow                                                                    Page     3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 1/17/2006 CM | Reviewed Psychological evaluation report by Colom | 0.50 185.00/hr | 92.50 |
| CM | Reviewed social history by Coates | 0.50 185.00/hr | 92.50 |
| 1/18/2006 CM | Reviewed speech and language evaluation report by Saxton | 0.50 185.00/hr | 92.50 |
| 1/23/2006 CW | Reviewed request for hearing in preparation for resolution meeting | 0.75 360.00/hr | 270.00 |
| 1/24/2006 CW | Appearance to Turner ES to convene resolution session meeting to review issues in request for hearing | 2.25 360.00/hr | 810.00 |
| 2/13/2006 BDL | Drafted letter to parent with copy of HN. | 0.50 115.00/hr | 57.50 |
| 2/22/2006 CW | Reviewed MDT and IEP meeting notes with parent | 0.33 360.00/hr | 118.80 |
| 2/28/2006 CM | Prepared for Due Process Hearing; reviewed file correspondence, 7/5/05 IEP, psychological evaluations by Miller, Kelley, Plowden, OT evaluation by Ellis, Speech and Language Evaluation by Khabo, school records | 1.50 185.00/hr | 277.50 |
| 3/1/2006 BDL | Assisted attorney to prepare disclosure to DCPS. | 1.00 115.00/hr | 115.00 |
| CW | Prepare disclosure documents for SHO and OGC in preparation for hearing; conference with paralegal re: filing disclosure documents | 1.33 360.00/hr | 478.80 |
| 3/8/2006 CW | Conference with parent and discussed hearing rescheduled to 3/31/06 | 0.33 360.00/hr | 118.80 |
| 3/24/2006 CW | Reviewed request for hearing, psychoeducational evaluation, resolution meeting session notes, IEP and MDT meeting notes in preparation for hearing | 1.77 360.00/hr | 637.20 |
| 3/28/2006 CW | Reviewed request for hearing, psychoeducational evaluation and speech/language evaluation in preparation for hearing; reviewed witness questions in preparation for hearing | 1.55 360.00/hr | 558.00 |
| 3/31/2006 CW | Appearance to 825 North Capital for due process hearing | 2.17 360.00/hr | 781.20 |
| 4/10/2006 MT | Examined HOD; contacted parent; instructed paralegal to send to parent | 0.33 115.00/hr | 37.95 |
| 4/13/2006 CMM | Drafted letter to parent re: HOD | 0.42 115.00/hr | 48.30 |

Kevin Benbow                                                                    Page    4

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 31.57 | $8,395.95 |
| | Additional Charges : | | |
| 9/15/2005 | Made Photocopies<br>intake package plus parents documents provided to the office | | 15.00 |
| 9/16/2005 | Copied documents | | 0.50 |
| | Postage; letter to parent | | 0.37 |
| 9/19/2005 | Facsimile(Turner Es-records-Initial evals request) | | 7.00 |
| | Facsimile(Office of special education-records Intial evals request) | | 7.00 |
| | Facsimile(OGC-records Intial evals request) | | 7.00 |
| 11/29/2005 | Postage; letter to parent | | 0.37 |
| 12/20/2005 | Postage; letter to parent | | 0.37 |
| | Copied correspondence for parent. | | 1.00 |
| 1/6/2006 | Facsimile Received from DCPS re: evals. | | 27.00 |
| 1/11/2006 | Postage: letter to parent. | | 0.63 |
| | Copied: HR letter for parent. | | 2.25 |
| | Facsimile: HR to SHO. | | 7.00 |
| | Copied documents: HR | | 3.50 |
| 1/13/2006 | Facsimile Received from DCPS re: res. mtg. notes. | | 4.00 |
| 1/17/2006 | Facsimile: letter to Turner ES. | | 4.00 |
| | Copied: letter for parent. | | 1.00 |
| 1/18/2006 | Postage; letter to parent. | | 0.39 |
| 1/24/2006 | Sedan taxi service to and from resolution meeting at DCPS.(attny.) | | 16.00 |
| 2/13/2006 | Postage; letter to parent re: HN. | | 0.39 |
| | Facsimile Received from DCPS re: NOH. | | 1.00 |
| | Copied HN for parent. | | 0.50 |
| 3/1/2006 | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |

Kevin Benbow                                                          Page      5

                                                                         Amount

3/1/2006  Copied 5 day disc. for OGC/SHO.                                  49.50

3/9/2006  Facsimile Received from DCPS re: health notice from turner ES.    2.00

3/31/2006  Sedan taxi service to and from  DCPS for hearing.(attny.)       16.00

4/10/2006  Copied: HOD letter for file.                                    11.25

          Facsimile Received from DCPS; HOD                                 9.00

4/13/2006  Postage; letter to parent re: HOD.                               0.63

          Copied documents; letter to parent                               0.50

4/17/2006  File review preparation of bill and invoice audit              96.88
                                                                    _____

          Total costs                                                  $312.03
                                                                    _____

          Total amount of this bill                                  $8,707.98

# Exhibit P



# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm:          JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney:          JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.:      61622

2. **Student Information**
   Name:                           Vanessa Tucker
   DOB:                            9/15/99
   Date of Determination (HOD/SA): 6/15/06
   Parent/Guardian Name:           Crystal Taylor
   Parent/Guardian Address:        567  23rd Pl., NE, WDC 20002
   Current School:                 Gibbs ES
   Home School:

3. **Invoice Information**
   Invoice Number:          06-293
   Date Request Submitted:  6/30/06
   Date(s) Services Rendered 2/16/06 to 6/1/06
   Amount of Payment Request $ 7,393.99

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          June 30, 2006
Signature                                   Date

(In the Matter of VT   DOB: 9/15/99   HOD: June 12, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Vanessa Tucker ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: September 15, 1999 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner (Student), ) | Hearing Date:  June 1, 2006 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Gibbs ES ) | |
| Respondent. ) | |
| _____) | |

Hearing Participants:
Counsel for Student:                     Roberta Gambale, Esq.
                                         1220 L Street NW  #700
                                         Washington DC  20002

Counsel for DCPS:                        Tiffany Puckett, Esq.
                                         Office of General Counsel
                                         825 North Capitol St. NE
                                         Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on June 1, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a due process complaint submitted by the counsel for the student filed March 29, 2006.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

(In the Matter of VT    DOB: 9/15/99    HOD: June 12, 2006)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (VT 1-19 and DCPS 1-6) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student is currently age six and attends Gibbs Elementary School (Gibbs).

In October 2005, the student received a diagnostic evaluation at the Washington Foundation for Family Life, Inc. That evaluation diagnosed the student with Oppositional Defiance Disorder (ODD) and recommended, among other things, the student be evaluated for academic and behavior concerns. (VT 18)

The student was referred for evaluation for special education services with DCPS on November 14, 2005. DCPS conducted a psycho-educational evaluation in January 2006 and completed a social work evaluation on February 13, 2006. (DCPS 2, 3)

The psycho-educational evaluation recommended the student receive special education services and suggested the student might be coping with an organic neurological impairment. The evaluator also recommended a speech/language evaluation be conducted. (DCPS 2)

The student was admitted to the Psychiatric Institute of Washington (PIW) on February 8, 2006, because of severe temper tantrums. She was discharged February 17, 2006, and returned to school. (Parent's testimony, VT 15, 16)

On February 23, 2006, the parent's educational advocate, Ms. Michelle Moody, sent a request to Mr. Aaron Terry, Gibb's special education coordinator, for a speech/language evaluation to be conducted. DCPS completed the speech/language evaluation on March 30, 2006. VT 4, DCPS 4)

On March 10, 2006, Ms. Moody sent Mr. Terry proposed dates for the eligibility meeting to be held. They eventually agreed to convene the meeting on March 30, 2006. (Mr. Terry's testimony, VT 6)

The current complaint was filed on March 29, 2006. (VT 2)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of VT   DOB: 9/15/99   HOD: June 12, 2006)

On March 30, 2006, DCPS attempted to convene the multi-disciplinary team (MDT) meeting to determine the student's eligibility. The parent came to the Gibbs that day and informed Mr. Terry that Ms. Moody had informed the parent the MDT meeting had been cancelled. Consequently, although the DCPS MDT members were ready and available to convene the eligibility meeting the meeting was not held because the parent and her advocate were not available. (DCPS 1)

On March 30, 2006, parent's counsel sent Mr. Terry a letter requesting an immediate eligibility meeting. (VT 5)

On March 31, 2006, Mr. Terry sent an email to Ms. Moody proposing a new date for the eligibility meeting. He proposed a meeting date on any day convenient to Ms. Moody following Spring break - after April 20, 2006. Ms. Moody sent Mr. Terry proposed meeting dates. On April 13, 2006, Mr. Terry sent another email to Ms. Moody indicating the dates Ms. Moody proposed were not available because all the MDT members were not available. He proposed alternative dates for the meeting. The parent, thereafter, was assigned a different educational advocate by her counsel. However, Mr. Terry was not aware Ms. Moody was no longer the advocate. Ms. Moody and Mr. Terry did not agree on a meeting date prior to Ms. Moody's departure from the case. Consequently, the eligibility meeting was not held prior to a resolution meeting on the complaint. (Mr. Terry's testimony, DCPS 5)

On May 25, 2006, DCPS convened a resolution meeting. At the conclusion of the meeting Mr. Terry was under the impression that the complaint was resolved because the parent and the student's new educational advocate, Mr. Corey Hamilton, agreed to immediately convene the eligibility meeting. There was, however, a disagreement between the parties as to whether the matter was resolved such that the complaint was being withdrawn. (Mr. Hamilton's testimony, DCPS 6)

The MDT concluded the student was eligible for special education services with a disability classification of emotional disturbance (ED). The MDT developed an IEP but the social/emotional goals and the academic reading and writing goals were not completed on that date. Mr. Terry explained to Mr. Hamilton the goals would be developed and the MDT meeting would be reconvened. The MDT determined that general education setting was not appropriate for the student. There was a prior notice of placement issued but no specific location for the placement was determined. (Mr. Terry's testimony)

ISSUE(S):[2]

Did DCPS deny the student FAPE by failing to timely evaluate the student for special education after referral in November 14, 2005?

---

[2] Although parent's counsel made reference to a "child find" violation the clarification on the record is that the allegation against DCPS was a failure to timely evaluate the student and make an eligibility determination within 120 days of the referral.

(In the Matter of VT DOB: 9/15/99 HOD: June 12, 2006)

## CONTENTIONS OF THE PARTIES:[3]

DCPS counsel asserted the following:

1. The matter should be dismissed because it was resolved at the resolution session.
2. DCPS completed the evaluation process within the required time frame after the student was referred for evaluation.
3. DCPS attempted to timely convene the eligibility meeting on a date agreed to by the educational advocate; the advocate cancelled the meeting.
4. The delay in the eligibility meeting being held was not due to DCPS.
5. There has been no denial of FAPE.

The parent's counsel asserted the following:

1. The parent and her advocate participated in the resolution meeting and to their knowledge the matter was not resolved.
2. Although there was an IEP meeting all the evaluations were not completed and the IEP was not finalized.
3. The student is in need of a full time therapeutic placement until the process is completed.
4. The student could have and should have been found eligible earlier than May 25, 2006.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [4]

The Hearing Officer concludes the matter was not resolved during the resolution session. There was no agreement at the resolution session that the complaint would be withdrawn.

Did DCPS deny the student FAPE by failing to timely evaluate the student for special education after referral in November 14, 2005? Conclusion: DPCS sustained its burden of proof.

The evidence is clear the student was referred by DCPS for special education evaluation on November 14, 2006. Ordinarily, the evaluation and eligibility determination should have been completed by March 14, 2006. On February 23, 2005, the parent's advocate requested that a speech/language evaluation be conducted. DCPS took immediate action to complete the additional evaluation and agreed with the parent's advocate on a date –

---

[3] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

[4] Although the DC Board of Education has proposed the burden of proof be on the individual filing the complaint and seeking relief, that rule making has not yet become effective.

4

(In the Matter of VT   DOB: 9/15/99   HOD: June 12, 2006)

March 30, 2006 - for the eligibility meeting to be held. Nonetheless, the parent's counsel filed the current complaint on March 29, 2006, a day prior to the scheduled eligibility meeting.

On the agreed upon meeting date DCPS convened its MDT and the parent was present in the school but informed DCPS that the meeting was cancelled. There was no evidence that DCPS cancelled the meeting. On the contrary, the evidence indicates DCPS was ready and available to convene the eligibility meeting on March 30, 2006. The meeting and the student's ultimate eligibility determination was delayed not because of any action or inaction by DCPS. DCPS thereafter made good faith efforts to reconvene the eligibility meeting. The difficulty in arriving at a date agreeable to the parties was further complicated by a change in the parent's educational advocate. The Hearing Officer concludes that DCPS did not deny the student FAPE by reason of any delay in her eligibility determination.

**ORDER:**

1. DCPS is the prevailing party is this matter.

2. DCPS shall, within fifteen (15) business days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting complete the student's IEP, discuss and determine placement, and determine if additional evaluations are warranted.

3. DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

5

(In the Matter of VT   DOB: 9/15/99   HOD: June 11, 2006)

**APPEAL PROCESS:**

    This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: June 11, 2006**

Issued: ___6|15|06___

(In the Matter of VT   DOB: 9/15/99   HOD: June 12, 2006)

## In the MATTER of Vanessa Tucker V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| VT 1-19 | Parent's Disclosures | Yes |
| DCPS 1-5 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

7

(In the Matter of VT   DOB: 9/15/99   HOD: June 12, 2006)

## In the MATTER OF Vanessa Tucker V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 3/29/06 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 5/4/06 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

8

(In the Matter of VT   DOB: 9/15/99   HOD: June 12, 2006)

## INDEX OF NAMES

### In the MATTER OF Vanessa Tucker V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Mr. Aaron Terry  * |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Crystal Taylor (Mother) |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Tiffany Puckett, Esq. |
| Educational Advocate | Mr. Corey Hamilton  * |
| | |
| | * Testified by Telephone |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

9

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: June 15, 2006

TO:   Roberta Gambale

FROM: STUDENT HEARING OFFICE

RE:   Tucker, Vanessa

TOTAL NUMBER OF PAGES, INCLUDING COVER: 10


COMMENTS:


*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
Vanessa Tucker
DOB: 9/15/99
567 23rd Place NE
Washington DC 20002


June 27, 2006
In Reference To:  RE: Vanessa Tucker
                  DOB: 9/15/99

Invoice #11545


        Professional Services

|            |    |                                                                                                             | Hrs/Rate          | Amount  |
|------------|----|-------------------------------------------------------------------------------------------------------------|-------------------|---------|
| 2/16/2006  | RG | Consultation with parent and legal assistant, research and case preparation.                                 | 1.50 365.00/hr    | 547.50  |
|            | BC | Drafted letter to parent; prepared file jacket                                                               | 0.42 130.00/hr    | 54.60   |
|            | BC | Conference with parent to discuss opening case and child's educational needs.                                | 1.50 130.00/hr    | 195.00  |
| 2/17/2006  | MM | Reviewed Psychological evaluation report dated 2/1/06                                                        | 0.75 185.00/hr    | 138.75  |
| 2/27/2006  | RG | Reviewed request for evals and records to be sent                                                            | 0.17 365.00/hr    | 62.05   |
|            | YA | Research educational needs regarding the current school information and create a new folder                  | 0.25 115.00/hr    | 28.75   |
|            | YA | Drafted letter requesting records to Gibbs Elementary school, Office of General Counsel and Office of Special Education | 0.67 115.00/hr | 77.05 |
|            | YA | Draft letter to Gibbs Elementary School to follow up on evaluations requested by parent                      | 0.58 115.00/hr    | 66.70   |
| 2/28/2006  | RG | Conference with parent                                                                                       | 0.33 365.00/hr    | 120.45  |
| 3/7/2006   | RG | Reviewed and drafted memo to advocate w questions                                                            | 0.42 365.00/hr    | 153.30  |

Vanessa Tucker                                                                                         Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/10/2006 | MM | Reviewed revriewed letter atty sent to school | 0.25<br>185.00/hr | 46.25 |
|  | MM | File review and developed  monthly case status report | 0.42<br>185.00/hr | 77.70 |
| 3/20/2006 | YA | Discussion with advocate regarding the meeting | 0.25<br>115.00/hr | 28.75 |
|  | YA | Phone call to parent regarding meeting | 0.17<br>115.00/hr | 19.55 |
|  | YA | Research educational needs regarding the contact information | 0.33<br>115.00/hr | 37.95 |
|  | MM | Discussion with yami | 0.25<br>185.00/hr | 46.25 |
|  | MM | Conference with parent | 0.33<br>185.00/hr | 61.05 |
| 3/28/2006 | RG | Reviewed | 0.42<br>365.00/hr | 153.30 |
| 3/29/2006 | RG | Conference with parent in office | 0.58<br>365.00/hr | 211.70 |
|  | RG | Prepared and file due process hearing request to DCPS | 2.00<br>365.00/hr | 730.00 |
| 3/31/2006 | YA | Drafted letter to parent regarding the detailed due process complaint | 0.58<br>115.00/hr | 66.70 |
|  | YA | Tickled meeting resolution in calendar | 0.17<br>115.00/hr | 19.55 |
|  | RG | Conference with parent in office re: recent incident at school; letter to SEC re: situation | 1.00<br>365.00/hr | 365.00 |
|  | JEB | Examined and certified hearing request filed by attorney | 0.25<br>385.00/hr | 96.25 |
| 4/6/2006 | MM | File review and developed  monthly case status report and documented most recent developments and my communications with the parent and school. | 0.42<br>185.00/hr | 77.70 |
| 4/10/2006 | MM | Drafted letter to school | 0.50<br>185.00/hr | 92.50 |
| 4/12/2006 | MM | File review and developed  monthly case status report | 0.58<br>185.00/hr | 107.30 |

Vanessa Tucker                                                                                    Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/4/2006 | YA | Discussion with the child's attorney and photocopy letter of invitation for advocate | 0.17 115.00/hr | 19.55 |
|  | MM | Conference with parent | 0.33 185.00/hr | 61.05 |
| 5/5/2006 | YA | Tickled Calendar | 0.17 115.00/hr | 19.55 |
|  | YA | Drafted letter to parent regarding the Hearing Date Notice | 0.58 115.00/hr | 66.70 |
| 5/11/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 5/12/2006 | RG | Conference with parent ( telephone calls 2)  calls to DCPS ( 3) | 0.67 365.00/hr | 244.55 |
| 5/15/2006 | RG | Telephone call from DCPS staff/ to DCPS Staff- SEC re: mtg | 0.25 365.00/hr | 91.25 |
|  | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 5/24/2006 | MM | Conference with attorney | 0.50 185.00/hr | 92.50 |
|  | YA | Assist attorney prepare disclosure to DCPS, student hearing office and office of general counsel and tab disclosure for Hearing Officer | 1.50 115.00/hr | 172.50 |
|  | RG | Prepare disclosure to DCPS | 1.00 365.00/hr | 365.00 |
|  | RG | Discussion with Advocate re: meeting | 0.50 365.00/hr | 182.50 |
| 5/25/2006 | RG | Prepared and file response to motion | 0.50 365.00/hr | 182.50 |
| 5/31/2006 | YA | Prepared and sent placement packages to Accotink Academy | 1.00 115.00/hr | 115.00 |
|  | YA | Prepared and sent placement packages to Episcopal Center | 1.00 115.00/hr | 115.00 |
|  | YA | Prepared and sent placement packages to Reginald Lourie | 1.00 115.00/hr | 115.00 |
|  | RG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |

Vanessa Tucker                                                                    Page    4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 6/1/2006 RG | Appearance to 825 North Capital for due process hearing | 2.00 365.00/hr | 730.00 |
|  | For professional services rendered | 28.42 | $7,042.70 |
|  | Additional Charges : |  |  |
| 2/16/2006 | Postage; letter to parent |  | 0.39 |
|  | Copied documents letter |  | 0.50 |
|  | Copied documents ; intake documents |  | 6.00 |
| 2/27/2006 | Facsimile: records request to Gibbs ES, OGC, Office of special ed. Follow up on evals letter to Gibbs ES. |  | 18.00 |
| 3/31/2006 | Copied: HR for parent and advocate. |  | 3.50 |
|  | Copied: HR deadline letter for parent. |  | 0.25 |
|  | Copied: scheduling memo for parent. |  | 0.75 |
| 4/3/2006 | Postage; letter to parent re: HR deadline. |  | 0.63 |
| 4/28/2006 | Facsimile Received from Gibbs ES re: notice. |  | 2.00 |
| 5/4/2006 | Copied: LOI letter for adv. |  | 0.50 |
| 5/5/2006 | Copied: HND letter for parent. |  | 0.25 |
|  | Postage; letter to parent. |  | 0.39 |
| 5/16/2006 | Facsimile Received from Gibbs ES re: ltr. |  | 2.00 |
| 5/24/2006 | Copied: disclosure for DCPS. |  | 68.25 |
|  | Facsimile Received from DCPS re: motion from OGC. |  | 2.00 |
|  | Facsimile: response to motion to SHO & OGC. |  | 6.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
| 5/31/2006 | Facsimile Received from DCPS re: notice of noncompliance. |  | 2.00 |
|  | Facsimile: referral packages to Accotink, Reginald Lourie, Episcopal. |  | 105.00 |
| 6/1/2006 | Sedan taxi service to and from  DCPS for hearing.(attny.) |  | 16.00 |
|  | File review preparation of bill and invoice audit |  | 96.88 |

Vanessa Tucker

Page     5

| | Amount |
|---|---|
| Total costs | $351.29 |
| Total amount of this bill | $7,393.99 |

# Exhibit Q



# District of Columbia Public Schools

### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1.    Attorney Information**
Law Firm:                        JAMES E. BROWN & ASSOCIATES, PLLC
Attorney:                        JAMES E. BROWN
Federal Tax ID No.:              52-1500760
D.C. Bar No.:                    61622

**2.    Student Information**
Name:                            DeJon Warr
DOB:                             7/27/95
Date of Determination (HOD/SA):  4/18/06
Parent/Guardian Name:            Monique Warr
Parent/Guardian Address:         2104 32nd St., SE, WDC 20020
Current School:                  Washington Academy PCS
Home School:

**3.    Invoice Information**
Invoice Number:                  06-0200
Date Request Submitted:          4/28/06
Date(s) Services Rendered        1/27/06 to 4/24/06
Amount of Payment Request        $ 5,982.61

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either  (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                              April 28, 2006
Signature                                    Date

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Dajon Warr
DOB: 7/27/95
2104 32nd Street SE
Washington DC 20020

May 15, 2007
In Reference To:     Re: Dajon Warr
                     DOB: 7/27/95

Invoice # 10000

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/27/2006 | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 115.00/hr | 172.50 |
| | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50 360.00/hr | 540.00 |
| 1/30/2006 | BC | Drafted letter to parent prepared file jacket | 0.42 115.00/hr | 48.30 |
| 2/1/2006 | BDL | Drafted letter requesting records. | 0.58 115.00/hr | 66.70 |
| | BDL | Requested evaluations. | 0.75 115.00/hr | 86.25 |
| | CW | Reviewed case file; drafted letter to Washington Public Charter School and DCPS requesting copies of all completed evaluations; conference with paralegal re: letters to school system; conference with parent and discussed status of evaluations | 1.17 360.00/hr | 421.20 |
| | CW | Record reviewed and discussion with paralegal | 0.17 360.00/hr | 61.20 |
| | BDL | Record reviewed and discussion with attorney. | 0.17 115.00/hr | 19.55 |
| 2/7/2006 | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |

Dajon Warr                                                                                                  Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/7/2006 | CW | Prepared and filed request for due process hearing to address DCPS' failure to complete the special edcuation eligibility process, failure to provide an IEP, and failure to provide an appropriate educational placement; conference with paralegal re: filing request for hearing; teleconference with parent and discussed filing of hearing request | 2.33 360.00/hr | 838.80 |
|  | BDL | Drafted letter to the parent with copy of HR. | 0.50 115.00/hr | 57.50 |
|  | BDL | Assisted attorney with sending HR to SHO. | 0.25 115.00/hr | 28.75 |
| 2/9/2006 | BDL | Drafted letter to parent with copy of records request. | 0.50 115.00/hr | 57.50 |
|  | CM | Record reviewed and discussion with attorney re case status | 0.25 185.00/hr | 46.25 |
|  | CW | Reviewed request for hearing with advocate in preparation for hearing | 0.25 360.00/hr | 90.00 |
| 3/27/2006 | CW | Conference with parent and reviewed witness questions in preparation for hearing | 1.20 360.00/hr | 432.00 |
|  | CMM | Drafted letter to parent with hearing information | 0.50 115.00/hr | 57.50 |
|  | CMM | Phone call to parent to notify of hearing schedule | 0.17 115.00/hr | 19.55 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50 115.00/hr | 172.50 |
| 3/28/2006 | CW | Prepared and filed disclosure documents to SHO and OGC in preparation for hearing; teleconference with grandmother re: hearing; conference with paralegal re: filing diclsosure doucments | 1.93 360.00/hr | 694.80 |
| 3/30/2006 | CMM | Assisted attorney to prepare supplemental disclosure to DCPS | 0.33 115.00/hr | 37.95 |
| 3/31/2006 | CM | Prepared for Due Process Hearing; reviewed due process hearing complaint, Washington Academy PCS 4th grade report card, speech and language evaluation report by Wright and file correspondence | 0.83 185.00/hr | 153.55 |
| 4/3/2006 | CW | Teleconference with parent and reviewed witness questions in preparation for hearing; reviewed report cards, teacher reports, and suspension reports in preparation for hearing | 1.35 360.00/hr | 486.00 |
| 4/4/2006 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Ruff | 2.20 360.00/hr | 792.00 |

Dajon Warr                                                                                    Page    3

|  |  | Hours | Amount |
|---|---|---|---|
|  | For professional services rendered | 20.93 | $5,603.65 |
|  | Additional Charges : |  |  |
| 1/27/2006 | Copied documents; intake documents |  | 4.50 |
| 1/30/2006 | Postage; letter to parent |  | 0.39 |
|  | Copied documents letter |  | 0.50 |
| 2/2/2006 | Facsimile records and eval req.to WPCS,OGC,Mary Lee Phillips. |  | 18.00 |
| 2/7/2006 | Copied HR for parent. |  | 2.00 |
|  | Postage; letter to parent re: case status. |  | 0.63 |
|  | Facsimile: HR to SHO. |  | 14.00 |
| 2/8/2006 | Facsimile Received from DCPS; scheduled memorandum |  | 3.00 |
| 2/10/2006 | Postage; letter to parent |  | 0.87 |
|  | Copied documents; letter to parent |  | 0.50 |
| 2/15/2006 | Facsimile Received from DCPS re: letter. |  | 2.00 |
| 2/17/2006 | Facsimile Received from DCPS; response to complaint |  | 3.00 |
| 3/1/2006 | Facsimile Received from Washington Academy PCS; records |  | 27.00 |
| 3/9/2006 | Facsimile Received from DCPS re: HN from SHO. |  | 1.00 |
| 3/27/2006 | Copied: disclosure for DCPS. |  | 9.00 |
|  | Copied: HND letter for parent. |  | 0.50 |
|  | Postage; letter to parent re: HND. |  | 0.39 |
| 3/28/2006 | Facsimile Received from DCPS re: disclosure. |  | 3.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) |  | 20.00 |
| 3/30/2006 | Messenger Service to and from DCPS (Supplemental 5-day Disclosures) |  | 20.00 |
|  | Copied documents; disclosures |  | 19.50 |
| 4/3/2006 | Facsimile Received from DCPS; amended disclosures |  | 11.00 |
| 4/4/2006 | Sedan taxi service to and from  DCPS for hearing.(attny.) |  | 16.00 |

Dajon Warr                                                                 Page    · 4

|            |                                              | Amount |
|------------|----------------------------------------------|--------|
| 4/18/2006  | Copied documents; HOD                        | 8.00   |
|            | Facsimile Received from DCPS re: HOD from SHO. | 8.00   |
| 4/24/2006  | File review preparation of bill and invoice audit | 96.88  |
|            | Total costs                                  | $289.66 |
|            | Total amount of this bill                    | $5,893.31 |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Dajon Warr
DOB: 7/27/95
2104 32nd Street SE
Washington DC 20020


April 24, 2006
In Reference To:   Re: Dajon Warr
                   DOB: 7/27/95

Invoice #11400


         Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/27/2006 | BC | Conference with parent to discuss opening case and child's educational needs. | 1.50 130.00/hr | 195.00 |
|  | CW | Consultation with parent and legal assistant, research and case preparation. | 1.50 365.00/hr | 547.50 |
| 1/30/2006 | BC | Drafted letter to parent prepared file jacket | 0.42 130.00/hr | 54.60 |
| 2/1/2006 | BDL | Drafted letter requesting records. | 0.58 115.00/hr | 66.70 |
|  | BDL | Requested evaluations. | 0.75 115.00/hr | 86.25 |
|  | CW | Reviewed case file; drafted letter to Washington Public Charter School and DCPS requesting copies of all completed evaluations; conference with paralegal re: letters to school system; conference with parent and discussed status of evaluations | 1.17 365.00/hr | 427.05 |
|  | CW | Record reviewed and discussion with paralegal | 0.17 365.00/hr | 62.05 |
|  | BDL | Record reviewed and discussion with attorney. | 0.17 115.00/hr | 19.55 |
| 2/7/2006 | JEB | Examined and certified hearing request filed by attorney | 0.58 385.00/hr | 223.30 |

Dajon Warr                                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/7/2006 | CW | Prepared and filed request for due process hearing to address DCPS' failure to complete the special edcuation eligibility process, failure to provide an IEP, and failure to provide an appropriate educational placement; conference with paralegal re: filing request for hearing; teleconference with parent and discussed filing of hearing request | 2.33<br>365.00/hr | 850.45 |
|  | BDL | Drafted letter to the parent with copy of HR. | 0.50<br>115.00/hr | 57.50 |
|  | BDL | Assisted attorney with sending HR to SHO. | 0.25<br>115.00/hr | 28.75 |
| 2/9/2006 | BDL | Drafted letter to parent with copy of records request. | 0.50<br>115.00/hr | 57.50 |
|  | CM | Record reviewed and discussion with attorney re case status | 0.25<br>185.00/hr | 46.25 |
|  | CW | Reviewed request for hearing with advocate in preparation for hearing | 0.25<br>365.00/hr | 91.25 |
| 3/27/2006 | CW | Conference with parent and reviewed witness questions in preparation for hearing | 1.20<br>365.00/hr | 438.00 |
|  | CMM | Drafted letter to parent with hearing information | 0.50<br>115.00/hr | 57.50 |
|  | CMM | Phone call to parent to notify of hearing schedule | 0.17<br>115.00/hr | 19.55 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50<br>115.00/hr | 172.50 |
| 3/28/2006 | CW | Prepared and filed disclosure documents to SHO and OGC in preparation for hearing; teleconference with grandmother re: hearing; conference with paralegal re: filing diclsosure doucments | 1.93<br>365.00/hr | 704.45 |
| 3/30/2006 | CMM | Assisted attorney to prepare supplemental disclosure to DCPS | 0.33<br>115.00/hr | 37.95 |
| 3/31/2006 | CM | Prepared for Due Process Hearing; reviewed due process hearing complaint, Washington Academy PCS 4th grade report card, speech and language evaluation report by Wright and file correspondence | 0.83<br>185.00/hr | 153.55 |
| 4/3/2006 | CW | Teleconference with parent and reviewed witness questions in preparation for hearing; reviewed report cards, teacher reports, and suspension reports in preparation for hearing | 1.35<br>365.00/hr | 492.75 |
| 4/4/2006 | CW | Appearance to 825 North Capital for due process hearing administered by Hearing Officer Ruff | 2.20<br>365.00/hr | 803.00 |

Dajon Warr                                                                                          Page    3

|  |  | Hours | Amount |
|---|---|---|---|
| | For professional services rendered | 20.93 | $5,692.95 |
| | Additional Charges : | | |
| 1/27/2006 | Copied documents; intake documents | | 4.50 |
| 1/30/2006 | Postage; letter to parent | | 0.39 |
| | Copied documents letter | | 0.50 |
| 2/2/2006 | Facsimile records and eval req.to WPCS,OGC,Mary Lee Phillips. | | 18.00 |
| 2/7/2006 | Copied HR for parent. | | 2.00 |
| | Postage; letter to parent re: case status. | | 0.63 |
| | Facsimile: HR to SHO. | | 14.00 |
| 2/8/2006 | Facsimile Received from DCPS; scheduled memorandum | | 3.00 |
| 2/10/2006 | Postage; letter to parent | | 0.87 |
| | Copied documents; letter to parent | | 0.50 |
| 2/15/2006 | Facsimile Received from DCPS re: letter. | | 2.00 |
| 2/17/2006 | Facsimile Received from DCPS; response to complaint | | 3.00 |
| 3/1/2006 | Facsimile Received from Washington Academy PCS; records | | 27.00 |
| 3/9/2006 | Facsimile Received from DCPS re: HN from SHO. | | 1.00 |
| 3/27/2006 | Copied: disclosure for DCPS. | | 9.00 |
| | Copied: HND letter for parent. | | 0.50 |
| | Postage; letter to parent re: HND. | | 0.39 |
| 3/28/2006 | Facsimile Received from DCPS re: disclosure. | | 3.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | | 20.00 |
| 3/30/2006 | Messenger Service to and from DCPS (Supplemental 5-day Disclosures) | | 20.00 |
| | Copied documents; disclosures | | 19.50 |
| 4/3/2006 | Facsimile Received from DCPS; amended disclosures | | 11.00 |
| 4/4/2006 | Sedan taxi service to and from  DCPS for hearing.(attny.) | | 16.00 |
| 4/18/2006 | Copied documents; HOD | | 8.00 |

Dajon Warr                                                                           Page    4

                                                                                          Amount

4/18/2006  Facsimile Received from DCPS re: HOD from SHO.                                    8.00

4/24/2006  File review preparation of bill and invoice audit                               96.88

           Total costs                                                                  $289.66

           Total amount of this bill                                                  $5,982.61

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of DaJon Warr | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: July 27, 1995 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: April 4, 2006 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Washington | ) | |
| Academy PCS | ) | |
| Respondent. | ) | |

Counsel for Student:          Christopher West, Esq.
                             1220 L Street, NW #700
                             Washington, DC 20005

Counsel for DCPS:            Rhondalyn Primes, Esq.
                             Karen Jones Herbert, Esq.
                             Office of General Counsel
                             825 North Capitol St. NE
                             Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on April 4, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed February 7, 2006.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

(In the Matter of DW  DOB: 7/27/95  HOD: April 14, 2006)

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DW 1-9 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student is currently in the fourth grade at Washington Academy Public Charter School (WAPCS) where she has attended since the start of school year (SY) 2005-06. (Parent's testimony)

The student was evaluated for special education when she was in the first or second grade; however, the student was not determined eligible at that time. (Parent's testimony)

When the student registered at WAPCS no indication was given to the school staff that the student was a special education student or needed to be evaluated.  (Ms. Pope's testimony)

On February 1, 2006, a request was made by parent's counsel to WAPCS for the student to be evaluated for special education services.  The request included a consent form signed by the parent.  (DW 5, 8)

Since receiving the written request from parent's counsel in February 2006, WAPCS has taken action to complete the requested evaluations. (Ms. Pope's testimony)

Ms. Lois Minnis, the community liaison with WAPCS, from time to time as a part of her duties speaks with parents regarding parent's concerns about student's behavior and requests for special education services.  In those instances Ms. Minnis refers parents to the Ms. Rose Pope, the schools special education consultant.  Ms. Minnis had conversations with the student's mother and grandmother regarding the student's sibling but never had a conversation with either regarding special education evaluation for the student. The student has demonstrated no behavior issues since attending WAPCS.  (Ms. Minnis' testimony)

The student's grandmother had a conversation with the student classroom teacher regarding the student's academic performance.  In November 2005 or January 2006 the grandparent had a meeting with the Board of the WAPCS regarding an incident with

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

(In the Matter of DW  DOB: 7/27/95  HOD: April 14, 2006)

student's sibling and a complaint about the after-school staff.  There was no discussion at regarding evaluating the student during this meeting. (Grandparent's testimony)

In November 2005, the parent had a conversation with Ms. Minnis regarding the student's academic performance.  The parent requested that she contact the grandparent because the grandparent was the primary care taker as far as the student's educational issues. (Parent's testimony)

**ISSUE(S):**

Did DCPS deny the student FAPE by failing to evaluate the student within 120 days of the verbal request from the parent?

**CONTENTIONS OF THE PARTIES:** [2]

DCPS counsel asserted the following:

1. Ms. Minnis clearly testified that no request was made to her for the student to be evaluated.
2. The first request for evaluation was made in February 2006 and 120 days has yet to expire.
3. There has been no violation and no denial of FAPE.

The parent's counsel asserted the following:

1. The grandparent testified she spoke with Ms. Minnis in September 2005 regarding special education testing for the student and was told the student would be tested.
2. The parent can make a referral for testing and the evaluations were not completed within the 120 days of the request.

**CONCLUSIONS OF LAW:**

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [3]

Did DCPS deny the student FAPE by failing to evaluate the student within 120 days of the verbal request from the parent?  Conclusion:  DCPS sustained its burden of proof.

Although the grandparent testified that she had a conversation with Ms. Minnis near the start of SY 2005-06 and mentioned the student needed to be evaluated for special

---

[2] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

[3] Although the DC Board of Education has proposed the burden of proof be on the individual filing the complaint and seeking relief, that rule making has not yet become effective.

3

education services, the Hearing Officer did not credit this testimony.   The grandparent was not clear in her testimony as to when the conversations occurred and whether there was direct request that the student be evaluated.  There was no indication the student's academic performance or behavior was of the nature to put the school on notice that she should be evaluated.   On the other hand, Ms. Minnis was quite certain and credible that she had conversations regarding the student's sibling but not the student.  Consequently, because there was no clear date when the request was made and because the request was not made in writing, the Hearing Officer concludes that 120 days had passed prior to the filing of the hearing request.  WAPCS acted promptly to evaluate the student once the written request was made.  Therefore, the Hearing Officer concludes there is no violation and no denial of FAPE.

**ORDER:**

1. DCPS is the prevailing party in this matter.
2. DCPS shall, within fifteen (15) school days of the issuance of this Order complete the initial evaluations of the student (including a clinical psychological evaluation if recommended by the psycho-educational evaluation) and shall convene a multi-disciplinary team (MDT) meeting to review the student's evaluations and determine the student's eligibility.
3. If the student is determined eligible the MDT shall develop an individualized educational program (IEP) and discuss and determine placement.
4. If the student is found eligible 's DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.
5. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.
6. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: April 14, 2006**

Issued: _4/18/06_

4

## In the MATTER OF Dajon Warr V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| MH 1-3 | Parent's Disclosures | Yes |
| DCPS 1-4 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5

(In the Matter of DW  DOB: 7/27/95  HOD: April 14, 2006)

## In the MATTER OF Dajon Warr V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 2/7/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 3/8/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of DW   DOB: 7/27/95   HOD: April 14, 2006)

# INDEX OF NAMES

## In the MATTER OF Dajon Warr V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Consultant   WAPCS | Ms. Rose. C. Pope |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Monique Warr (Mother) Mr. Eugenia Warr (Grandmother) |
| Child/Parent's Representative | Christopher West, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Parent's Educational Advocate | |
| Washington Academy PCS (WAPCS) | Ms. Lois Minnis |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 18, 2006

TO: Christopher L. West

FROM: STUDENT HEARING OFFICE

RE:   Warr, DaJon

TOTAL NUMBER OF PAGES, INCLUDING COVER: 8

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW. | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

1/13/2006

# Exhibit R

# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL

825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: <u>JAMES E. BROWN & ASSOCIATES, PLLC</u>
   Attorney: <u>JAMES E. BROWN</u>
   Federal Tax ID No.: <u>52-1500760</u>
   D.C. Bar No.: <u>61622</u>

2. **Student Information**
   Name: Rochelle West
   DOB: 12/19/91
   Date of Determination (HOD/SA): 9/1/06
   Parent/Guardian Name: Terry M. Johnson
   Parent/Guardian Address: 737 Irving St., NW, WDC 20020
   Current School: Shaw JHS
   Home School: Shaw JHS

3. **Invoice Information**
   Invoice Number: 06-458
   Date Request Submitted: 9/29/06
   Date(s) Services Rendered: 2/22/06 to 8/14/06
   Amount of Payment Request $ 14,422.35

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

Signature                          9/29/06
Signature                          Date

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **<u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit</u>**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u>    Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting.   You will be contacted by a representative of the Local Educational Agency to schedule the meeting.  **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: **Rochelle West**    Date of Birth: **December 19, 1991**
Address: **437 Irving Street, NW, Washington DC 20020**[1]
Home School:  **Shaw Junior High School**
Present School of Attendance: **Shaw Junior High School**

       Is this a charter school? <u>No</u>    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Terry Johnson**

---

[1] At the current time, R.W. is residing at a Shelter Home pursuant to court order and/or located at 4400 Eades Street in Washington, D.C.

SEID DPCN Rev'd. 7/01/05

Address (if different from the student's above): <u>same</u>

**B.**   **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>
 Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202) 742-2098</u>    (e-mail) <u>Rgambale@jeblaw.biz</u>
Will attorney / legal representative attend the resolution session?         **X** Yes                    ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X**  DCPS school (name of the school if different from page one)

**D.**   **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose. (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for  this process.

**E.**   **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**   **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I.  <u>Nature of the problem.</u>**

**<u>Background</u>**

 Rochelle West ( Hereafter "R.W.") has resided with her grandmother since birth. R.W. currently attends Shaw Junior High School.  R.W.  has been incarcerated at the Mount Olivet Youth Facility on numerous occasions through-out this school year.

**<u>Issues</u>**

**<u>District of Columbia Public Schools ("DCPS") failed to provide R.W. with an educational placement and/or Denial of FAPE.</u>**

District of Columbia Public Schools ("DCPS")  has failed to provide R.W. with an educational placement and/or denied her access to a Free and Appropriate Public Education ("FAPE") by refusing to allow her to re-enroll at her neighborhood school subsequent to her release from a juvenile facility in March 2006.

On or about March 13, 2006,  R.W. was denied enrollment at her neighborhood school when she attempted to return to school following her release from Mt. Olivet Juvenile Facility.

2

R.W. was accompanied by Ms. Grissom, her case worker from the shelter home where she was placed on an interim basis. Evaluations have been conducted and provided to the school that suggest that R.W. is a student with a disability in need of special education services. While Shaw is not an appropriate placement for R.W. failure to allow her to re-enroll upon her release from the facility has deprived her completely of educational benefit. An interim alternate placement was not provided for R.W. nor was the decision a decision made by an appropriate IEP team.

A comprehensive psychological evaluation was submitted to DCPS on or about March 9, 2006. The evaluation diagnosis R.W. with learning disabilities and emotional disturbance and recommends services. At a minimum R.W. requires a full time therapeutic placement that can address both her social emotional needs and his severe academic deficits. DCPS has yet to provide such a placement for this student. There has been concern raised that a more restrictive educational environment (ie residential placement) may be warranted. A psychiatric evaluation has been ordered by the court and is currently pending.

DCPS had an obligation to provide each disabled student within its jurisdiction in need of special education services with a placement wherein that student's Individualized Educational Program ("IEP") might be implemented. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living"

DCPS has failed to provide an appropriate placement and has failed to address and/or provide for this student's unique needs and he has been denied a Free and Appropriate Public Education ("FAPE"). As a result the funding of a private placement would be appropriate. See: Burlington v. Dept of Educ. 472 U.S. 359, 105 S Ct. 1996. Florence County School District v. Carter 510 U.S. 7,114 S. Ct. 361.

## II. Issues presented.

- Whether District of Columbia Public Schools ("DCPS") denied Rochelle West a free and appropriate public education by refusing to allow her to enroll in her neighborhood school and/or to provide her with an alternate educational placement upon her release from a juvenile facility?

## III. To the extent known to you at this time, how can this problem be resolved?

WHEREFORE, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied R.W. FAPE by denying here access to an educational placement;

2. That DCPS shall provide an interim therapeutic placement for R.W. or fund a private placement of the parent pending the completion of a psychiatric evaluation;

3. That DCPS shall convene an MDT meeting within ten (10) calendars days of completion of the psychiatric evaluation for the purpose of reviewing evaluations; revising and/or

3

completing the IEP; discussing compensatory education; discussing and determining placement;

4. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

5. R.W. shall be entitled to compensatory education for each day she is denied a placement by the public agency;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.

4

No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

G.    **Accommodations and Assistance Needed:**

- N/A

Dated this 13th 'Day of March 2006.

_____
Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021

5

SEID DPCN Rev'd. 7/01/05

Mail, fax or deliver this complaint notices to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

6

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



### *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A.   **INFORMATION ABOUT THE STUDENT:**

Name of the Student: **Rochelle West**     Date of Birth: **12/19/91**
Address: **737 Irving Street N.W., Washington, D.C. 20020**
Home School: **Shaw Junior High School**
Present School of Attendance: **Shaw Junior High School**

1

Is this a charter school? <u>Yes</u>     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: <u>**Ms.**</u>

Address (if different from the student's above): <u>same</u>

**B.    Legal Representative/Attorney:**

Name: <u>**Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**</u>

Address: <u>1220 "L" Street, Suite 700, Washington, DC 20005</u>

Phone: (w) <u>(202)742-2000 (ext. 2021)</u> (Fax) <u>(202)742-2098</u>(e-mail) <u>Rgambale@jeblaw.biz</u>

Will attorney / legal representative attend the resolution session?    **X** Yes             ☐ No

**C.    Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

**D.    Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

**Background**

Rochelle West ( Hereafter "R.W.") has resided with her grandmother since birth. R.W. currently attends Shaw Junior High School. R.W. was incarcerated at the Mount Olivet Youth Facility twice since November 2005. An initial request for evaluations was submitted to District of Columbia Public Schools ("DCPS") on or about August 25, 2005. When DCPS failed to conduct evaluations, a complaint was filed. A settlement of that complaint was executed in February 2006. Since that time, R.W. has been evaluated and determined eligible for services. R.W. was finally identified as a student with a disability, ( Ed/LD) and

2

eligible for special education services and an Individualized Educational Program ("IEP") was drafted on or about April 6, 2006.

A second hearing request was filed on or about March 13, 2006 to address DCPS's refusal to provide R.W. with an appropriate educational placement upon her release from the Mount Olivet Youth Detention Facility. R.W. was initially denied enrollment at Shaw, her neighborhood school. Though Shaw has since allowed R.W. to enroll , they have not allowed her to attend on regular basis. Instead, she has been subject to repeated suspensions.

## Issues

1. **District of Columbia Public Schools ("DCPS") improperly suspended the student for more than ten (10) days, failed to convene a Manifestation Determination Review Meeting and/or failed to conduct a functional behavioral assessment and develop a behavior plan and as a result this student has been denied a FAPE**

District of Columbia Public Schools ("DCPS") improperly suspended the student for more than ten (10) days, failed to convene a Manifestation Determination Review Meeting and/or failed to conduct a functional behavioral assessment and develop a behavior plan for R.W. As a result, this student has been denied a FAPE.

In the past six months alone, R.W. has been suspended for forty-four (44 days) without an alternate placement being provided. [1] Suspensions in excess of the ten(10) days allowed by law, absent exigent circumstances clearly specified in the IDEIA and which do not apply in this case, constitute an impermissible change of placement and/or a denial of FAPE. [2] A pattern of suspensions has developed since R.W. was released from Mt. Olivet Youth Facility and attempted to returned to Shaw Junior High School, her neighborhood school.[3] R.W. was suspended for an eight (8) day period beginning March 20, 2006, a fifteen (15) day period immediately after the day she was allowed to return, on April 24, 2006 for an unspecified duration, and again on May 9th through the 15th.

Furthermore, DCPS failed to convene Manifestation Determination Review Meetings following the suspensions to determine whether or not the behavior exhibited by the student was a manifestation of her disability. While DCPS acknowledged this error at the eligibility meeting for R.W.- they continued to suspend R.W. with complete disregard for the requirements of the law. Parent has contends that there is a direct and substantial relationship between the student's disability and suspensions .

---

[1] This number does not include partial day suspensions when administrators have sent R.W. home without documentation before the conclusion of the school day .
[2] See 20 U.S.C. Section 1412 (a)(1)(A)
[3] Initially DCPS denied R.W. re-enrollment at Shaw JHS after her release from Mt. Olivet and removed her from the attendance rolls following her Jan 06 incarceration.

3

In addition, a functional behavioral assessment should have been conducted and a behavior plan developed for this student. [4]

DCPS had an obligation to provide a free and appropriate public education to all children residing in the State between the ages of 3 and 21, inclusive, including children who have been suspended or expelled from school.[5] As a result of this pattern of suspension, she has been denied a FAPE and she has been harmed. She has missed a significant amount of school this year and will almost certainly be retained in her current grade.[6] According to the Woodcock-Johnson III Achievement test conducted for R.W. this year as part of a comprehensive psychological assessment, *"Rochelle's scores reflect academic performance below her expected age and grade level"* but that *"Rochelle should be able to achieve her goal of going to college if she receives educational services that address her deficits in reading and math"* [7]

2.    <u>District of Columbia Public Schools (DCPS") failed to Develop an Appropriate Individualized Educational Program ("IEP") on or about April 6, 2006 and/or has failed to provide R.W. with an appropriate placement where her IEP might be implemented.</u>

District of Columbia Public Schools ("DCPS") failed to develop an appropriate Individualized Educational Program ("IEP") for R.W. and/or failed to provide a placement where her IEP might be implemented. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), DCPS, the local and state education agency, is required to make certain that each IEP for each child contains: 1) a statement of the child's present level of academic achievement and functional performance, 2) a statement of the student's measurable annual goals, 3) a description of how the child's progress toward meeting the annual goals described in paragraph (2) of this subsection will be measured, and 4) any statement of the special education needs and related services and supplementary aides for a student. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A), as well as, D.C. MUN. REGS. tit. 5, § 3011 (2003). Because the IEP is the mechanism through which a free and appropriate public education ("FAPE") is delivered to disabled students, failure to develop an appropriate IEP amounts to a denial of FAPE. See <u>Board of Education of the Hendrick Hudson Central School District v. Westchester County, et al v. Rowley,</u> 458 U.S. 276,102S.Ct.3034 (1982) [8]

---

[4] See U.S.C. Section 1415(k)(1)(G)
[5] See 20 U.S.C. Section 1412(a)(1)(A)
[6] In addition, it will be unlikely that an FBA can be completed until the 2006/2007 school year so her program will remain deficient.
[7] See pg 8 of the psychological assessment dated 3/2/06
[8] Id at 182 " *"The free appropriate public education required by the Act is tailored to the unique needs of the handicapped child by means of an Individualized Educational Program ("IEP")* "

4

In the instant matter, DCPS has failed to comply with the requirements of the IDEIA in that the program fails to include a behavior plan and/or adequately address this student's significant emotional concerns.

According to the comprehensive psychological assessment conducted for this student, as well as, the psychiatric evaluation conducted by the courts, a residential placement may be appropriate for R.W. Shaw Junior High School has clearly been unable to implement this students IEP and/or provide the type of setting that R.W. needs to access her education. The team was supposed to reconvene to redress issue of placement but has not done so. As a result, R.W. has been denied a Free and Appropriate Public Education ("FAPE").

The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(1)(A). The Individuals with Disabilities Education Improvement Act of 2004 was promulgated for the purpose of ensuring :

> "[T]hat all children with disabilities have available to them a free
> and appropriate public education that emphasizes special education
> and related services designed to meet their unique needs and
> prepare them for further education, employment, and independent
> living"

DCPS has failed to provide an appropriate placement and has failed to address and/or provide for this student's unique needs and he has been denied a Free and Appropriate Public Education ("FAPE"). As a result the funding of a private placement would be appropriate. See: Burlington v. Dept of Educ. 472 U.S. 359, 105 S Ct. 1996. Florence County School District v. Carter 510 U.S. 7,114 S. Ct. 361. As a result, R.W. has been denied a FAPE and should be entitled to an equitable remedy relief such as a private placement and/or the funding of independent services and if a suitable placement has not been located prior to the date of the hearing, the parent's private placement should be funded.

## II. Issues presented.

1. Whether District of Columbia Public Schools ("DCPS") denied R.W.. a free and appropriate public education by failing to provide an alternate educational placement when suspension exceeded ten (10) days?

2. Whether District of Columbia Public Schools ("DCPS") failed to convene a Manifestation Determination Review Meeting?

3. Whether District of Columbia Public Schools ("DCPS") failed to conduct an FBA and or develop a behavior plan for R.W..?

4. Whether R.W. has been denied a Free and Appropriate Public Education ("FAPE")?

5. Whether District of Columbia Public Schools ("DCPS") failed to provide RW. with an appropriate educational placement for the 2005/2006 school year?

6. Whether District of Columbia Public Schools ("DCPS") failed to  develop an appropriate Individualized Educational Program ("IEP") for R.W. on or about 4/06/06?

### III. <u>To the extent known to you at this time, how can this problem be resolved</u>?

**WHEREFORE**, the guardian, by and through counsel, requests the following relief:

1. A finding that DCPS denied R.W. a  free and appropriate public education;

2. That DCPS shall fund the private placement of the student with transportation for the 2006/2007 school year;

3. That DCPS shall  a summer program for the student for the 2006 summer;

4. That DCPS shall fund an independent FBA for the student;

5. That DCPS shall fund an  indpendent tutor for the student for the 2006/2007 school year;

6. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

7. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

8. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

9. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

10. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

11. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet

6

this student's unique needs and preparation for employment and independent living;

12. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

13. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

14. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

15. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

17. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

7

18. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

19. A finding that the parent is the prevailing party in this action.

**G.    Accommodations and Assistance Needed:**

- N/A

Dated this 18th Day of May, 2006

_____
Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

8

(In the Matter of RW  DOB: 1/21/91  HOD: August 31, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Rochelle West ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth:  January 21, 1991 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| ) | |
| Petitioner, ) | Hearing Date: August 14, 2006 |
| ) | Record Closed:  August 21, 2006 |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Shaw JHS ) | |
| Respondent. ) | |

Counsel for Student:

Roberta Gambale, Esq.
1220 L Street NW #700
Washington, DC  20005

Counsel for DCPS:

Quinne Harris Lindsey, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on August 14, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed May 18, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998. The record remained open until August 21, 2006, for the parties to submit written closing arguments. However, neither party submitted a written argument.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of RW   DOB: 1/21/91   HOD: August 31, 2006)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (RW 1-23 and DCPS 1-9) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student attended Shaw Junior High School (Shaw) during school year (SY) 2005-06. (Grandmother's testimony)

The student was incarcerated in a DC juvenile detention facility on September 18, 2005, for approximately one month. Following her release the student was placed in a group home for an additional two months. The student returned to Shaw when she was released from detention. (Grandmother's testimony)

Once she returned to Shaw the student was suspended from school on the following dates and for the following durations:
- December 20, 2005, - December 23, 2006, for 3 days
- January 13, 2006, – January 19, 2006, for 3 days
- January 26, 2006, - January 31, 2006, for 3 days
- January 31, 2006, - February 2, 2006, for 3 days
- February 1, 2006, - February 15, 2006, for 10 days     (RW 22)

On December 27, 2005, parent's counsel filed a due process complaint which resulted in parent's counsel and DCPS entering into a settlement agreement dated February 27, 2006. DCPS agreed the parent could obtain independent evaluations after which DCPS was to convene a meeting to determine the student's eligibility for special education services. (RW 14)

DCPS did not convene any manifestation review meetings for any of the student's suspensions prior to the settlement agreement, as the student was not eligible for special education services. (Ms. Smalls' testimony)

The student was again incarcerated on January 31, 2006, and apparently remained incarcerated until sometime in March 2006. The student attempted to return to Shaw upon her release from the juvenile facility. On March 15, 2006, the parent's counsel filed a due process complaint alleging DCPS would not allow the student to enroll at Shaw or did not provide her an alternative educational placement. That complaint was dismissed based upon a Hearing Officer's Determination (HOD), issued May 11, 2006, which concluded the student was enrolled at Shaw. (RG 16, DCPS 8)

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

DCPS convened a multi-disciplinary team eligibility meeting at Shaw on April 6, 2006, in which the student was determined eligible for special education and related services with disability classifications of emotional disturbance (ED) and learning disability (LD). The student's initial IEP prescribed the following weekly services: 10 hours of specialized instruction and 30 minutes of psychological counseling. The IEP did not prescribed extended school year (ESY) services. (DCPS 2)

The student was on suspension at the time of the April 6, 2006, eligibility meeting. At that meeting the MDT determined that once the student returned to school from suspension and completed thirty days of school a functional behavior assessment (FBA) and a behavior intervention plan (BIP) would be developed. The MDT also noted a DC Superior Court ordered psychiatric evaluation was pending. The MDT agreed it would reconvene to review the psychiatric evaluation and reassess the student's placement. The MDT also noted that the student's behaviors for which she had been previously suspended were possibly manifestations of her disability and at the next meeting a compensatory education plan could be discussed and developed to address the suspensions. (DCPS 2 – MDT Notes)

A prior notice of placement was issued for the student to be in a combination setting at Shaw. (DCPS 3)

The MDT, in developing the student's IEP and determining her placement, considered the student's February 2006 psycho-educational evaluation[2] which diagnosed the student with a learning disability, Dysthymic Disorder, and Oppositional Defiant Disorder. The evaluator recommended the student continue to live in a "well structured setting in the community" for six to eighteen months with an intense level of supervision through Juvenile Intensive Supervision Program until her school attendance and grades stabilized. The evaluator also suggested, inter alia, counseling and additional evaluations, and recommended that the student be considered for residential placement if the other recommendations contained in the evaluation report proved to be unsuccessful within six to twelve months of implementation. (RW 16)

After considering that recommendation, the MDT determined the student was not in need of a residential placement, determined the services prescribed in the IEP were appropriate and the student's least restrictive environment (LRE) was a combination setting. (Ms. Smalls' testimony, RW 15)

Also at the April 6, 2006, meeting the MDT proposed a compensatory education plan for missed services due to the student's suspensions during SY 2005-06, which totaled 54 days of suspension.[3] (DCPS 5)

---

[2] This evaluation was conducted while the student was detained in a juvenile facility and prior to her returning to Shaw.

[3] The parent's counsel did not dispute the student missed a total of 54 days of school due to suspensions.

The student was also suspended on the following dates after her eligibility determination:

- April 20, 2006, - April 25, 2006, for 3 days    (RW 22)

On April 28, 2006, DCPS conducted a manifestation review meeting and determined the student's infraction was a manifestation of her disability.  The suspension was rescinded. The MDT also approved the student's prior suspensions were manifestations of her disability and agreed the student would be provided 52 hours of compensatory education[4] during the summer 2006.  The parent's counsel participated in the meeting and requested the student be provided compensatory services for her general education services that were also missed as a result of her suspensions.[5]  (Ms. Smalls' testimony, DCPS 6)

The student was again suspended from April 27, 2006, - May 4, 2006, for 5 days On May 10, 2006, a manifestation meeting convened for this infraction.  The MDT determined the infraction was a manifestation of the student's disability.  The suspension was rescinded.  (DCPS 7, RW 22)

DCPS received the student's recent psychiatric evaluation after the May 10, 2006, manifestation review meeting and after the current due process complaint was filed.  That evaluation has not yet been reviewed by a MDT.  (Ms. Smalls' testimony)

ISSUE(S):

Did DCPS deny the student FAPE by:

1. Failing to provide the student with an alternative placement upon her suspension?
2. Failing to conduct a manifestation determination review meeting upon her suspension?
3. Failing to conduct a FBA and BIP following the student's suspension?
4. Failing to provide the student an appropriate IEP?
5. Failing provide the student an appropriate placement at Shaw?

CONTENTIONS OF THE PARTIES:[6]

DCPS counsel asserted the following:

---

[4] Ms. Linda Smalls testified that the 52 hours mentioned in the manifestation determination review notes was a misstatement of what the MDT agreed to as compensatory education.  Ms. Small indicated the team agreed the student was due 54 days of compensatory education.

[5] It was represented by DCPS during the hearing that during some of the time the student was suspended she attended Choice Academy; however, it is not apparent from the record when those time were and what services were provided.

[6] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

(In the Matter of RW  DOB: 1/21/91  HOD: August 31, 2006)

1. Two manifestation review meetings were held; the MDT considered all the student's prior suspensions and made provision to compensate the student for missed services.
2. The evaluations reviewed by the MDT support the MDT's conclusion regarding the student's IEP and placement.
3. The student's IEP does not support a full time special education placement.
4. The MDT did not have the benefit of the remaining evaluation and the MDT needs to have an opportunity to review all the evaluations before placement is reconsidered.

The parent's counsel asserted the following:

1. The student was repeatedly suspended without regard for the requirements for manifestation review meetings, an alternative placement or a FBA and BIP.
2. The student's evaluations recommend a full time therapeutic placement.
3. The student's needs are not being met at Shaw as evidenced the repeated suspensions.
4. The student does not have an appropriate placement for the start of SY 2006-07.
5. The student has been accepted to High Road School and should be placed there.

**CONCLUSIONS OF LAW:**

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [7]

1. Did DCPS deny the student FAPE by failing to provide the student with an alternative placement upon her suspension? Conclusion: DCPS sustained its burden of proof.

IDEIA Section 1415 (k) requires that when a student is suspended for more that ten consecutive days in a school year the student must be provided an alternative placement. The evidence reflects the student reached a level of ten days of suspension in late January/early February 2006. [8] A due process complaint had been filed for the student in December 2006. Although the student had not yet been found eligible DCPS was on notice the student might be a student with a disability. She was, therefore, entitled to

---

[7] Although the DC Board of Education has finalized rulemaking placing the burden of proof on the individual/entity filing the complaint and seeking relief, that rulemaking was not in effect at the time this complaint was filed.

[8] Although it was alluded to by parent's counsel that the student was suspended during the first semester of SY 2005-06, the first suspension for which there is documentation in the record is December 20 – 23, 2005.

rights under IDEIA Section 1415 (k)(5) as a student with a suspected disability even prior to a finding of eligibility. However, the evidence indicates the student was incarcerated on January 31, 2006, that when the ten days of suspension were reached. Although she was suspended until February 15, 2006, the student was detained in a juvenile facility and not attending Shaw. Therefore, the Hearing Officer concludes the student was not denied FAPE by not being provided an alternative placement. The student was not available at the time to attend any placement.

2. Did DCPS deny the student FAPE by failing to conduct a manifestation meeting upon her suspension? Conclusion: DCPS sustained its burden of proof.

As noted in the previous discussion at the time the student reached a level of suspensions to warrant the protections of Section 1415 (k) she was incarcerated. Therefore, DCPS did not deny the student FAPE by not providing the student a manifestation review hearing. Once DCPS conducted the student's eligibility determination on April 6, 2006, DCPS acknowledged the student's previous suspensions were probably a manifestation of her disability and acknowledged the student was due compensatory services for the suspensions.

When the student was suspended following the eligibility determination DCPS conducted manifestation review meetings as required on April 28, 2006, and on May 10, 2006. In both these instances DCPS determined the student's behavior that resulted in the suspensions was a manifestation of her disability and the suspension were rescinded. The Hearing Officer concludes that although DCPS was required to conduct manifestation reviews once the student reached ten cumulative days of suspension, under these circumstances there was no denial of FAPE in DCPS not conducting the manifestation review. Soon after the student was released from detention the eligibility meeting was held and the MDT acknowledged the student would be compensated for all her previous suspensions.

3. Did DCPS deny the student FAPE by failing to conduct a FBA and BIP following the student's suspension? Conclusion: DCPS sustained its burden of proof.

Although Section 1415 requires that DCPS conduct a FBA and BIP when a student suspected to be a child with a disability is suspended for more than ten days. Again, based on the fact the student was incarcerated at the time she reached the requisite level of days of suspension there was no denial of FAPE to the student because the FBA and BIP were not developed. The MDT once it found the student eligible determined that a FBA and BIP would be developed once the student returned to school and attended for 30 days. It does not appear unreasonable given the fact that the student was returning to school from an incarceration for the MDT to determine the FBA and BIP would be conducted once the student attended school for a reasonable period.

4. Did DCPS deny the student FAPE by failing to provide the student an appropriate IEP? Conclusion: DCPS sustained its burden proof.

6

(In the Matter of RW  DOB: 1/21/91  HOD: August 31, 2006)

There was sufficient evidence based on the evaluations reviewed by the MDT at the time of the student's eligibility determination that the student was in need of a part time special education program and placement in a combination general education/special education setting. Although the psychological evaluation recommended the student be considered for residential placement, the evaluation conditioned that recommendation on a six to twelve month review period of the student being placed in less restrictive environment and only if the less restrictive environment proved unsuccessful. Based upon the evaluations, the MDT notes and Ms. Smalls' testimony, the Hearing Officer concludes the student IEP was appropriate. However, the Hearing Officer notes that at the time the MDT met it did not have the benefit of the student's recent psychiatric evaluation which provided later.

5. Did DCPS deny the student FAPE by ailing provide the student an appropriate placement at Shaw? Conclusion: DCPS sustained its burden of proof.

As noted in the discussion immediately above, there was sufficient evidence based on the evaluations reviewed by the MDT at the time of the student's eligibility determination that the student was in need of a part time special education program and placement in a combination general education/special education setting. Shaw is a combination setting and can apparently implement the student's current IEP. Although, it is the student may be in need of a more restrictive setting which may be supported by the student's recent psychiatric evaluation, the Hearing Officer concludes because the psychiatric evaluation was not provided until after the complaint was filed, because the student was not provided ESY services in her IEP and because the 2006-07 school year had not yet started, there was no denial of FAPE in the student's placement not yet being reconsidered based upon the recent evaluation. The Hearing Officer directed at the hearing that DCPS reconvene the MDT prior to the start of SY 2006-07 to reconsider the student's IEP and placement. [9]

**ORDER:**

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, if it has not already done so, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan for the services the student missed during SY 2005-06 when the student was suspended and the infractions for those suspensions were determined to be manifestations of her disability.

[9] The parent's counsel sought to have the student placed at High Road School for SY 2006-07. The Hearing Officer concluded that even with a demonstration that High Road could provide the student with educational benefit, because the school year had not yet started there was sufficient time for DCPS to convene a MDT and reconsider the student's placement.

(In the Matter of RW  DOB: 1/21/91  HOD: August 31, 2006)

2. If the parties are unable to reach agreement as to compensatory education the parties shall petition the Hearing Officer for a hearing and determination on that sole issue.

3. DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

4. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

5. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: August 31, 2006**

Issued: _9/1/06_

8

(In the Matter of RW  DOB: 1/21/91  HOD: August 31, 2006)

## In the MATTER OF Rochelle West V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| RW 1-23 | Parent's Disclosures | Yes |
| DCPS 1-9 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

9

(In the Matter of RW   DOB: 1/21/91   HOD: August 31, 2006)

In the MATTER OF Rochelle West V. DCPS

RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6/14/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 6/15/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

10

(In the Matter of RW   DOB: 1/21/91   HOD: August 31, 2006)

# INDEX OF NAMES

## In the MATTER OF Rochelle West V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Quinne Harris Lindsey, Esq. |
| Parent's Educational Advocate | |
| DCPS Compliance Specialist | Linda Smalls, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## *State Enforcement Investigative Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: September 1, 2006

TO: Roberta Gambale

FROM: STUDENT HEARING OFFICE

RE: West, Rochelle

TOTAL NUMBER OF PAGES, INCLUDING COVER: 12

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BÀ, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

6/28/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Rochelle West

September 11, 2006
In Reference To:        Rochelle West

Invoice #11759

Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/22/2006 RG | Conference with parent | 0.33￼365.00/hr | 120.45 |
| 2/22/2006-RG | Prepared and file due process hearing request to DCPS | 2.00￼365.00/hr | 730.00 |
| 3/10/2006 MM | File review and developed  monthly case status report respond to atty memo | 0.58￼185.00/hr | 107.30 |
| MM | Reviewed s/a dated 2/27/06. | 0.25￼185.00/hr | 46.25 |
| 3/13/2006 RG | Conference with parent & discussion with probation officer re: status (2 calls) | 0.50￼365.00/hr | 182.50 |
| 3/14/2006 RG | Prepared and file due process hearing request to DCPS; telephone conference with mom and group home and letter to private placements | 2.00￼365.00/hr | 730.00 |
| 3/15/2006 YA | Prepared and sent placement packages to Accontink Academy | 1.00￼115.00/hr | 115.00 |
| YA | Prepared and sent placement packages to Pathway School | 1.00￼115.00/hr | 115.00 |
| YA | Tickled deadline | 0.17￼115.00/hr | 19.55 |
| MM | Reviewed Psychological evaluation report dated 2/22/06 | 0.33￼185.00/hr | 61.05 |

Rochelle West                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/15/2006 | YA | Drafted letter to parent regarding the detailed due process complaint and meeting deadline | 0.67 115.00/hr | 77.05 |
|  | YA | Prepared and sent placement packages to High Road Upper School | 1.00 115.00/hr | 115.00 |
| 3/16/2006 | MM | Reviewed letter dated 3/15/06 | 0.25 185.00/hr | 46.25 |
| 3/21/2006 | RG | Conference with parent and letter to DCPS | 0.75 365.00/hr | 273.75 |
|  | MM | Discussion with school re meeting | 0.25 185.00/hr | 46.25 |
| 3/22/2006 | MM | Drafted letter to private school | 0.50 185.00/hr | 92.50 |
|  | RG | Conference with parent; letter to school and discussion with advocate re: meeting to determine elgibility | 0.67 365.00/hr | 244.55 |
| 3/23/2006 | YA | Conference with Carol Papaginnis, Pathways regarding referral documents needed | 0.33 115.00/hr | 37.95 |
|  | RG | Conference with parent and reviewed status | 0.33 365.00/hr | 120.45 |
| 3/24/2006 | RG | Discussion with court attorney re: status | 0.25 365.00/hr | 91.25 |
| 3/27/2006 | RG | Discussion with court attorney re: status of psychiatric and follow up w YA re: referral for indep assessments to be sent | 0.50 365.00/hr | 182.50 |
| 3/28/2006 | YA | Draft letter to Shaw JHS to secure independent evaluations and Mediation and Compliance | 0.75 115.00/hr | 86.25 |
|  | YA | Prepared and sent referral for independent evaluationsto Interdynamics | 1.00 115.00/hr | 115.00 |
| 3/29/2006 | YA | Conference with evaluation coordinator regarding the referral | 0.25 115.00/hr | 28.75 |
| 3/31/2006 | RG | Discussion with Attorney; discussion with parent; letter to school to follow up on suspension | 1.00 365.00/hr | 365.00 |
| 4/3/2006 | RG | Discussion with SEC; parent and Advocate | 0.25 365.00/hr | 91.25 |
| 4/4/2006 | YA | phone call Interdynamics,Inc re; referral | 0.17 115.00/hr | 19.55 |

Rochelle West

Page    3

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/4/2006 | YA | Re-send referral to Interdynamics, inc | 0.33 115.00/hr | 37.95 |
| 4/5/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 4/6/2006 | MM | Reviewed information for mdt | 0.50 185.00/hr | 92.50 |
| | MM | Attended MDT/IEP @ school | 3.00 185.00/hr | 555.00 |
| 4/11/2006 | YA | Drafted letter to parent regarding the response from Pathways School | 0.58 115.00/hr | 66.70 |
| 4/14/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 4/17/2006 | YA | Drafted letter to parent regarding the hearing date | 0.58 115.00/hr | 66.70 |
| 4/18/2006 | YA | tickled hearing date notice in calendar | 0.17 115.00/hr | 19.55 |
| 4/21/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 4/24/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 4/25/2006 | RG | Discussion with probation officer and social worker re: eval status and drafted letter to DCPS | 0.75 365.00/hr | 273.75 |
| 4/27/2006 | RG | Discussion with advocate and follow up call to parent | 0.25 365.00/hr | 91.25 |
| | RG | Drafted letter to DCPS / Attorney- drafted memo to file re: MDR and research re: possible HR request | 1.00 365.00/hr | 365.00 |
| | RG | Telephone call from DCPS staff | 0.33 365.00/hr | 120.45 |
| | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 4/28/2006 | YA | Conference with parent regarding the suspension and interview to High Road | 0.42 115.00/hr | 48.30 |
| | MM | Attended MDT/IEP @ school | 5.00 185.00/hr | 925.00 |

Rochelle West                                                                          Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/2/2006 | YA | Draft letter to attorney and advocate regarding the suspension from school | 0.33 115.00/hr | 37.95 |
| 5/5/2006 | RG | Reviewed | 0.25 365.00/hr | 91.25 |
| 5/9/2006 | YA | Prepare disclosure to DCPS, Student Hearing Office and Office of General Counsel and tab disclosures for heairng officer | 1.50 115.00/hr | 172.50 |
| 5/10/2006 | RG | Prepared and filed response to motion | 1.00 365.00/hr | 365.00 |
| 5/11/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 5/15/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 5/19/2006 | YA | Discussion with the child's attorney | 0.17 115.00/hr | 19.55 |
|  | YA | Draft letter to Shaw Junior High School with copy of the psychiatric evaluation | 0.42 115.00/hr | 48.30 |
|  | YA | Drafted letter to parent regarding the detailed Hearing Request and copy of the psychiatric evaluation | 0.75 115.00/hr | 86.25 |
| 5/23/2006 | YA | Draft letter to Shaw Junior High School | 0.42 115.00/hr | 48.30 |
|  | YA | Ticked resolution meeting deadline | 0.17 115.00/hr | 19.55 |
|  | RG | Reviewed SH eval | 0.33 365.00/hr | 120.45 |
| 5/24/2006 | YA | Drafted letter to parent regarding the Social Work Evaluation | 0.58 115.00/hr | 66.70 |
| 5/30/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
|  | RG | Telephone call from DCPS staff re: meeting | 0.25 365.00/hr | 91.25 |
| 6/1/2006 | YA | phone call from parent to confirm meeting | 0.17 115.00/hr | 19.55 |
| 6/6/2006 | RG | Reviewed response- legal research re: discpline | 1.00 365.00/hr | 365.00 |

Rochelle West                                                                    Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/7/2006 | YA | Discussion with the child's attorney | 0.17 115.00/hr | 19.55 |
|  | RG | Reviewed file; legal research re: pattern of suspensions; letter to school | 1.00 365.00/hr | 365.00 |
| 6/14/2006 | RG | Reviewed | 0.17 365.00/hr | 62.05 |
| 6/15/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |
| 6/22/2006 | YA | Drafted letter to parent regarding the hearing date notice | 0.58 115.00/hr | 66.70 |
| 6/23/2006 | CH | Reviewed hearing request | 0.42 185.00/hr | 77.70 |
| 6/30/2006 | CH | Reviewed classroom observation | 0.42 185.00/hr | 77.70 |
| 7/5/2006 | RG | Reviewed FBA | 0.42 365.00/hr | 153.30 |
|  | YA | Drafted letter to parent regarding classroom observation | 0.58 115.00/hr | 66.70 |
|  | YA | Draft letter to Mediation and Compliance regarding the completed Classroom Observation | 0.42 115.00/hr | 48.30 |
|  | YA | Draft letter to Shaw Junior High School regarding the completed Classroom Observation | 0.42 115.00/hr | 48.30 |
|  | YA | Draft letter to Mediation and Compliance regarding the completed Classroom Observation | 0.42 115.00/hr | 48.30 |
| 7/12/2006 | RG | Prepare disclosure to DCPS | 1.00 365.00/hr | 365.00 |
|  | YA | Assist attorney prepare disclosure to DCPS, to the student hearing office and office of general counsel | 2.00 115.00/hr | 230.00 |
|  | CH | Reviewed five day disclosure from attorney | 0.67 185.00/hr | 123.95 |
| 7/18/2006 | RG | Prepared for Due Process Hearing | 1.50 365.00/hr | 547.50 |
| 7/19/2006 | RG | Conference with parent | 0.33 365.00/hr | 120.45 |

Rochelle West

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/19/2006 | CSH | Obtained case report for the parent | 0.25<br>130.00/hr | 32.50 |
| 7/24/2006 | YA | Drafted letter to parent regarding hearing date notice | 0.58<br>115.00/hr | 66.70 |
| 7/27/2006 | CSH | Filing for parent | 0.08<br>130.00/hr | 10.40 |
| 7/31/2006 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 8/7/2006 | YA | Discussion with the child's attorney regarding continued hearing and disclosures | 0.17<br>115.00/hr | 19.55 |
| | YA | Assist attorney prepare  amend disclosure coversheet to DCPS, to the student hearing office and  office of general counsel | 1.00<br>115.00/hr | 115.00 |
| 8/11/2006 | RG | Prepared for Due Process Hearing | 0.75<br>365.00/hr | 273.75 |
| | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 8/14/2006 | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| | RG | Appearance to 825 North Capital for due process hearing | 2.50<br>365.00/hr | 912.50 |
| | CH | Phone call from attorney to set meeting | 0.17<br>185.00/hr | 31.45 |
| | CSH | Obtained case report for the parent | 0.25<br>130.00/hr | 32.50 |
| | | For professional services rendered | 57.56 | $13,834.40 |

Additional Charges :

| | | |
|---|---|---|
| 3/14/2006 | Facsimile Received from DCPS re: scheduling memo. | 3.00 |
| | Copied HR for parent/Adv. | 3.50 |
| | Facsimile HR to SHO. | 7.00 |
| 3/15/2006 | Copied schedule memo for parent/Adv. | 1.50 |
| | Postage; letter to parent re: HR & mtg. request. | 0.63 |

Rochelle West                                                                     Page     7

| | | Amount |
|---|---|---|
| 3/15/2006 | Facsimile: Referral package to High Rd., Accotink & Pathways. | 48.00 |
| 3/21/2006 | Received fax from Shaw JHS - Psychological Eval | 5.00 |
| | Received fax from Shaw JHS - letter of invite | 5.00 |
| | Facsimile: DRS to Shaw JHS. | 2.00 |
| 3/28/2006 | Facsimile ltr to secure independent to Shaw JHS. | 2.00 |
| | Facsimile ltr to secure independent to OMC. | 2.00 |
| | Facsimile referral for independant to Interdynamics,inc. | 16.00 |
| 4/3/2006 | Facsimile Received from DCPS re: notice from Shaw JHS. | 2.00 |
| 4/4/2006 | Facsimile: SA letter to Interdynamics. | 3.00 |
| 4/11/2006 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent re: response from Pathways. | 0.39 |
| 4/17/2006 | Copied: HDN letter for parent and adv. | 1.00 |
| 4/18/2006 | Postage; letter to parent re: HDN. | 0.39 |
| 4/25/2006 | Facsimile: letter to Shaw JHS. | 1.00 |
| 4/27/2006 | Facsimile Received from High Road re:ltr. | 2.00 |
| 5/9/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for DCPS. | 83.75 |
| | Facsimile Received from DCPS re: disclosure from OGC. | 3.00 |
| 5/19/2006 | Copied ltr re: req. HR with psychiatric for parent. | 0.25 |
| | Facsimile: psychiatric to Shaw JHS. HR to SHO. | 13.00 |
| | Copied: psychiatric eval for parent. | 1.00 |
| | Postage; letter to parent re: HR and psychiatric eval | 0.87 |
| | Copied: HR for parent & adv. | 5.00 |
| 5/22/2006 | Facsimile Received from DCPS re: SH from Interdynamics. | 5.00 |
| 5/23/2006 | Copied: social history for parent & adv. | 2.50 |
| 5/24/2006 | Facsimile: social history to mediatiion/compliance & Shaw JHS. | 10.00 |

07-1110
RMU

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOYCELYNN BUSH, et al. | DISTRICT OF COLUMBIA, et al. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Tilman L. Gerald
James E. Brown & Associates, PLLC
1220 L Street, NW 7th Floor
Washington, DC 20005
202-742-2000

Case: 1:07-cv-01110
Assigned To : Urbina, Ricardo M.
Assign. Date : 06/20/2007
Description: Admn Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
O 2 U.S. Government Defendant
O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)     OR     O F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 6/20/07    SIGNATURE OF ATTORNEY OF RECORD _Tilman L. Gerald_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.