# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOYCELYNN BUSH, , <u>et al</u>** )<br><br>)<br><br>)<br>**Plaintiffs,** )<br><br>)<br>**v.** )<br><br>)<br>**DISTRICT OF COLUMBIA** )<br>**Defendants.** )<br>_____ ) | **Civil Action No:07-1110 (RMU)** |

## <u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW, the Plaintiffs, by and through counsel, and hereby submits their Motion for

Summary Judgment for the reasons that are more specifically set forth in the attached Memorandum

of Point and Authorities Submitted in Support of Their Motion for Summary Judgment, filed

contemporaneously and incorporate herewith and though set forth in its entirety.

Respectfully Submitted,

_____/s/_____
Roxanne D. Neloms[#478157]
Domeinto C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOYCELYNN BUSH, , <u>et al</u>** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No:07-1110 (RMU)** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF**</u>
<u>**THE PLAINTIFFS' MOTION FOR SUMMERY JUDGMENT.**</u>

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms and

Domiento C.R. Hill of James E. Brown & Associates, PLLC, in their Memorandum of Points and

Authorities Submitted in Support of Their Motion for Summary Judgment, represent unto this

Honorable Court as follows:

<u>**RELEVANT BACKGROUND**</u>

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C

§§1400-1461 (hereinafter IDEIA), plaintiffs sought reimbursement of reasonable attorneys' fees in

eighteen (18) claims. ***See June 2007 Complaint***. Each of the claims were submitted in conformity

with the Defendant's November 2004 Guidelines. ***Id.*** These self-imposed guidelines detailed the

payment method that special education counsel are to utilize when seeking reimbursement for

reasonable attorneys fees. ***Id.*** The Defendant claimed that after attorneys submitted Hearing

Officer's Determination or executed settlement agreements, that it would attempt to address all

invoices within sixty (60) days and if it failed to acknowledge receipt the of invoices submitted, then

an attorney should consider his/her invoices denied. ***Id.*** On March 30, 2006, counsel for Plaintiff's

filed a complaint in the United States District for the District of Columbia seeking reimbursement for reasonable attorney fees. In denying the claims submitted by the Plaintiffs, the Defendants denials ranged from no substantive change in the HOD to no denial of FAPE.

Joycelynn Bush, as parent and next friend of A.H., requested an administrative due process hearing, alleging that DCPS failed to comply with a December 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to review/revise A.H.'s IEP as appropriate. *See Plaintiff's Statement of Material Facts ¶ 1 .* The hearing officer found that pursuant to the Blackman/Jones Consent Decree, A.H. had been denied access to a free and appropriate education and ordered , among other things, that DCPS to convene an MDT/IEP meeting within twenty (20) calendar days of the issuance of the HOD. *See Plaintiff's Statement of Material Facts ¶ 1.*

Julia Hunter, as parent and next friend of J.H., requested an administrative due process hearing, alleging that DCPS failed to comply with a November 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to review/revise J.H.'s IEP as appropriate. *See Plaintiff's Statement of Material Facts ¶ 2.* The hearing officer found that pursuant to the Blackman/Jones Consent Decree, J.H. had been denied access to a free and appropriate education and ordered DCPS, among other things, to convene an MDT/IEP meeting within twenty (20) calendar days of the issuance of the HOD. *See Plaintiff's Statement of Material Facts ¶ 2.*

Carol Coleman, as parent and next friend of T.M., requested an administrative due process hearing, alleging that DCPS failed to comply with a June 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to review evaluations within fifteen (15) schools days of receipt of completed evaluations. The parent provided the evaluations

to DCPS and DCPS failed to comply and convene the meeting. ***See Plaintiff's Statement of Material Facts ¶ 3.*** The hearing officer found that DCPS failed to comply with the June 2006 HOD and as a result ordered DCPS to convene an MDT/IEP meeting within ten (10) school days of April 11, 2007 to review all evaluations and determine eligibility. ***See Plaintiff's Statement of Material Facts ¶ 3.***

Gracie McMillian, as parent and next friend of C.M., requested an administrative due process hearing, alleging that DCPS failed to comply with a November 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to discuss and determine placement. ***See Plaintiff's Statement of Material Facts ¶ 4.*** The hearing officer found that C.M. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) calendar days of the issuance of the HOD. ***See Plaintiff's Statement of Material Facts ¶ 4.***

Shelia Washington, as parent and next friend of M.W., requested an administrative due process hearing, alleging that DCPS failed to convene a MDT/IEP meeting to determine an appropriate step-down placement for M.W. ***See Plaintiff's Statement of Material Facts ¶ 5.*** The hearing officer ordered the funding and placement of M.W. at High Road Middle School along with transportation. ***See Plaintiff's Statement of Material Facts ¶ 5.***

Kathleen Wright, as parent and next friend of M.W., requested an administrative due process hearing, alleging that DCPS failed evaluate and determine eligibility on behalf of M.W. in a timely manner. ***See Plaintiff's Statement of Material Facts ¶ 6.*** The hearing officer found that DCPS failed to timely evaluate and, among other things, as relief ordered DCPS to complete a psycho-educational, clinical psychological, social history and classroom observation. If DCPS failed to

complete those evaluations within thirty(30) days, the parent was authorized to obtain independent evaluations.  *See Plaintiff's Statement of Material Facts ¶ 6.*

Brenda Gaskins, as parent and next friend of J.H., defended an action initiated by DCPS.  In its administrative due process hearing request DCPS alleging that J.H. had not made himself available for special education services due to truancy.  *See Plaintiff's Statement of Material Facts ¶ 7.*   On May 23, 2006, counsel for J.H (respondent). filed a motion to dismiss on the grounds that the issues described in the complaint were resolved.  *See Plaintiff's Statement of Material Facts ¶ 7.*  The hearing officer granted the respondent's motion to dismiss after finding that the parties had resolved their issues at the March 2, 2006 resolution meeting. *See Plaintiff's Statement of Material Facts ¶ 7.*

Melodia and Terrell Phillips, as parents and next friend s of T.P., defended an action initiated by DCPS.  In its administrative due process hearing request DCPS sought to terminate T.P.'s funding to Katherine Thomas. *See Plaintiff's Statement of Material Facts ¶ 8*.  In the December 2006 HOD the hearing officer determined that he could not terminate T.P.'s placement because the Katherine Thomas school became his "stay-put" placement and that based on the issues alleged in DCPS' complaint, he could not find that the parent violated IDEIA 2004.  *See Plaintiff's Statement of Material Facts ¶ 8 .*

Carleen Chalmers and Antonio Bailey, as parents and next friends of A.N., requested an administrative due process hearing, alleging that DCPS denied A.N. access to a free and appropriate education when it failed to comply with a January 2007 settlement agreement whereby DCPS agreed to review a vocational evaluation. *See Plaintiff's Statement of Material Facts ¶9 .*  The hearing officer found that A.N. had been denied access to a free and appropriate education because DCPS

and ordered DCPS to convene an MDT/IEP meeting within fifteen (15) calendar days of the issuance of the HOD. *See Plaintiff's Statement of Material Facts ¶ 9.*

Althea Scott, as parent and next friend of C.S., requested an administrative due process hearing alleging that failed to complete evaluations in a timely manner. *See Plaintiff's Statement of Material Facts ¶ 10.* The hearing officer found that C.M. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) calendar days of the issuance of the HOD. *See Plaintiff's Statement of Material Facts ¶ 10.*

Margaret Hines, as parent and next friend of J.H., requested an administrative due process hearing, alleging that DCPS failed to comply with an October 2006 Hearing Officer's Determination that ordered DCPS to convene a MDT/IEP meeting to review completed evaluations. *See Plaintiff's Statement of Material Facts ¶ 11.* The hearing officer found that J.H. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting on or before May 25, 2007. *See Plaintiff's Statement of Material Facts ¶ 11.*

Annette Hagens, as parent and next friend of M.C., requested an administrative due process hearing, alleging that DCPS failed to comply with a December 2006 Hearing Officer's Determination that ordered DCPS to convene a MDT/IEP meeting to review a vocational evaluation, review and revise M.C.'s IEP and discuss compensatory education. *See Plaintiff's Statement of Material Facts ¶ 12.* The hearing officer found that M.C. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's

determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within thirty (30) days. ***See Plaintiff's Statement of Material Facts ¶ 12.***

Darryl Canty, as parent and next friend of D.C., requested an administrative due process hearing in April 2007, alleging that DCPS denied D.C. access to a free and appropriate public education when it failed to comply with an August 2006 HOD and further failed to review independent evaluations, failed to conduct a comprehensive auditory processing assessment, and failed to develop an appropriate IEP. ***See Plaintiff's Statement of Material Facts ¶ 13.*** The hearing officer found that D.C. had been denied access to a free and appropriate education, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) school days of the issuance of the HOD. ***See Plaintiff's Statement of Material Facts ¶ 13.***

Darrell Stevens, as parent and next friend of O.B., requested an administrative due process hearing, alleging that DCPS denied O.B. access to a free and appropriate public education when it failed to comply with a November 2006 HOD that ordered DCPS to complete a vocational level III assessment. ***See Plaintiff's Statement of Material Facts ¶ 14..*** The hearing officer found that O.B. had been denied access to a free and appropriate education, whereby she ordered, among other things, that DCPS independently fund the vocational level III assessment and upon receipt review within five (5) school days. ***See Plaintiff's Statement of Material Facts ¶ 14.***

Gloria Benbow, as parent and next friend of K.B., requested an administrative due process hearing, alleging that DCPS denied K.B. access to a free and appropriate public education when it failed to timely reevaluate K.B. and convene a MDT meeting to review and revise K.B.'s IEP. ***See Plaintiff's Statement of Material Facts ¶ 15.*** The hearing officer ordered, among other things, that DCPS to conduct a classroom observation within fifteen (15) school days of the issuance of the

HOD and convene a MDT meeting by April 25, 2006. *See Plaintiff's Statement of Material Facts ¶ 15.*

Crystal Taylor, as parent and next friend of V.T., requested an administrative due process hearing, alleging that DCPS denied V.T. access to a free and appropriate public education when it failed to timely evaluate V.T. for special education services after being referred in November 2005. *See Plaintiff's Statement of Material Facts ¶ 16.* The hearing officer ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) school days of the issuance of the HOD, to complete V.T.'s IEP, discuss and determine placement and determine if additional evaluations are waranted. *See Plaintiff's Statement of Material Facts ¶ 16.*

Monique Warr, as parent and next friend of D.W., requested an administrative due process hearing, alleging that DCPS denied D.W. access to a free and appropriate public education when it failed to timely evaluate D.W. and determine eligibility for special education services. *See Plaintiff's Statement of Material Facts ¶ 17..* The hearing officer ordered DCPS to complete several initial evaluations and upon said completion convene a MDT/IEP meeting to determine eligibility. *See Plaintiff's Statement of Material Facts ¶ 17.*

Terry Johnson, as parent and next friend of R.W., requested an administrative due process hearing, alleging that DCPS among other things, improperly suspended R.W., failed to convene a manifestation determination review and/or further failed to conduct a functional behavioral assessment and behavioral implementation plan. *See Plaintiff's Statement of Material Facts ¶ 18.* The hearing officer ordered DCPS to convene a MDT meeting within fifteen (15) school days to review evaluations, review/revise IEP, discuss and determine placement, and discuss compensatory education. *See Plaintiff's Statement of Material Facts ¶ 18.*

**B.  PLAINTIFFS ARE PREVAILING PARTIES AND ARE
ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES**.

This Honorable Court has the authority to award the Plaintiffs in this matter attorneys' fees under the 20 U.S.C. §1415(i)(3)[1] of the IDEA.  Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees.  This statutory right to seek fees is a well settled principle in special education law.  In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia held that the courts may award parents attorney fees upon prevailing in administrative matters.  See *Moore v. District of Columbia*, 907 F.2d 165 (1990).  The IDEIA states that "[t]he court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."  *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B).  "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court."  *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).  In each of the eighteen claims presented in this action, the Plaintiffs prevailed in each of their respective administrative claims and are entitled to reimbursement for reasonable attorney fees.  ***See Plaintiff's Statement of Material Facts ¶ 1-18.*** In order to qualify as a prevailing party, it is not necessary for parents to obtain all the relief that they initially sought. However, "there must be an 'alteration in the legal relationship of the parties' that has been given some judicial *imprimatur* ···" in order for a court to award attorneys' fees. *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V.*

---

[1]20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

*West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

### 1. Independent Hearing Officers Determined that DCPS Failed to Timely Implement HOD's thereby resulting in "prevailing party" status.

In ten of the eighteen claims, District of Columbia Public Schools refused reimbursement on the grounds that there were no substantive changes in the previous hearing officer's determination. In each of those matters DCPS failed to comply with previous hearing officer's determinations that ordered DCPS to undertake an action it refused to undertake.  Based on the holding in *Cox et al v. Jenkins*, whereby the Court held "that any alleged noncompliance with the impartial due process hearing officer's previous determination was an issue that '. . . could have and should have been addressed through the administrative process. . .'" See *Cox et al v. Jenkins et al*, 878 F.2d 414 (D.C .Cir. 1989).  Moreover, each of the affected plaintiffs filed administrative due process hearing request alleging DCPS' failure to comply with the *Blackman/Jones Consent Decree*.   In July 2006 DCPS entered into a consent decree in *Blackman/Jones v. District of Columbia*, whereby DCPS agree that:

> "All children, now [as of January 1, 1995] and in the future, who are entitled to have DCPS provide them with a free and appropriate education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with the child's parent or education advocate."

*See Blackman /Jones Consent Decree* at 10.

Furthermore,

> the Consent Decree establishes a rebutable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HOD's and SA's. . . ."

10

Each plaintiffs' HOD has/had not been timely complied or implemented pursuant to the Hearing Officer's orders and prior to the filing of the respective claims. As a result of the foregoing, "prevailing party" status is conferred upon each of the Plaintiffs because a change in the legal relationship occurred between the Plaintiffs and the Defendant. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

### 2. Defendants J.H. and T.P. are prevailing parties and are entitled to attorneys fees in accordance with the IDEA.

DCPS lodged administrative due process complaints against the parent in the matter of J.H in February 2006. DCPS alleged that the student was not eligible for special education services. ***See Exhibit G***. Brenda Latimer, a representative for DCPS filed an administrative due process complaint against J.H., alleging that DCPS could not address J.H.'s special education services due to his truancy. The parties attended the resolution meeting on March 2, 2006 and after settling, DCPS agreed to withdraw the administrative due process hearing request. ***See Exhibit 2***. However, DCPS failed to withdraw the hearing and in response to the hearing date notice, parent's counsel filed a Motion to Dismiss the February 15, 2006 administrative due process hearing request. ***Id.*** Based on the hearing officer failing to handle the matter appropriately, parent's counsel had to prepare for the hearing request and defend the matter on May 25, 2006. ***Id.*** In a May 31, 2006 Hearing Officer Determination, the hearing officer found that the issue contained in the February 2006 hearing request were resolved and dismissed DCPS' complaint. ***See Exhibit G***. The parent prevailed in this matter and is entitled to reimbursement of attorney fees for work done between March 2006 and May 2006, which totaled ***$2,389.50***.

In the matter of T.P., the special master, Elise Baach, placed T.P. at Katherine Thomas. Katherine Thomas is school for multiple disabled students. As a result of that placement, DCPS filed a due process hearing request against the parent. *See Exhibit 1.* In that hearing request, the Defendant sought T.P.'s removal from the school. *Id.* A hearing officer denied that request and dismissed with prejudice, noting that he could not remove the student from Katherine Thomas, as Katherine Thomas became T.P.'s "stay-put" placement. The parent prevailed in this mater and is entitled to the reimbursement of fees for the work performed in connection with defending the hearing request brought against the parent. *See Exhibit G.*

### 3. Defendant D.C. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.

In an April 4, 2007 hearing request, the parent alleged that DCPS denied D.C. access to FAPE, when DCPS failed to review independent evaluations, evaluate in all areas of suspected disabilities, provide an appropriate IEP, and failed to comply with an August 2006 HOD. As relief, the April 2007 HOD ordered DCPS to convene an MDT within fifteen (15) school days to review the student's evaluations, review the student's disability classification, review and revise the student's IEP as appropriate and discuss and determine placement. *See Exhibit M.* The April 2007 HOD ordered DCPS to undertake an matter it would otherwise not have done. Based on the foregoing, the parent prevailed at the administrative level and is entitled to reimbursement of attorney fees. *See Exhibit M.*

### 4. A Hearing Officer's Specific Finding on Which Party Prevailed is Not a Requirement.

In the matters regarding K.B., V.T. and D.W., the hearing officer determined that DCPS was the prevailing party in the matters. This finding is meritless, as noted in *Medford v. District of Columbia*, 691 F. Supp. 1473, (D.D.C 1988), where the "school district argued that the plaintiff disabled students could not be accorded prevailing party status. . .even though they succeeded in

12

obtaining the relief they requested in administrative due-process hearings, because the hearing officers did not make an express finding that they were prevailing parties." See *Medford v. District of Columbia*, 691 F. Supp. 1473, (D.D.C 1988).   The Court found that the school district's contention held no ground and found " that a specific finding by a hearing officer on th issue of prevailing party status is not a prerequisite to an award of attorney's fees under the statute, since what is required is success on the merits–that is, achievement of the plaintiff's objectives." *Id.*   In the matters regarding K.B., V.T., and D.W., each obtained the relief they sought in the administrative due process hearing request.   Thus, based on that revelation alone, prevailing party status must be conferred upon each of the Plaintiffs. ***See Exhibits O, P, & Q.***

### 5. *M.C., D.C., and R.W. Obtained Some or All Relief Sought Thereby Achieving Prevailing Party Status.*

In the remaining matters, M.C., D.C., and R.W. each of the matters, each Plaintiff alleged that the Defendants have violated one or more provisions of the IDEIA and in each instance, the Plaintiff obtained some or all the relief requested in his/her administrative due process hearing request and as a result, "prevailing party" status was conferred upon each Plaintiff.

In the each of the eighteen challenged claims, the Plaintiffs each received some or all of the relief initially sought by way of a Hearing Officer's Determination (HOD)***. See Complaint Exhibits A-R***.   See *Alegria v. Dist. of Columbia*, U.S. Dist. LEXIS 16898 (D.D.C. 2002)(in order to be a "prevailing party entitled to attorneys' fees and costs under the IDEIA, [one] must demonstrate that [it] received a favorable decision on the merits of their administrative or judicial action).

To demonstrate that it obtain a favorable decision on the merits, a prevailing party must comply with the clear and defined criteria are set forth in *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005).   Corresponding with the principles of the *Buckhannon* three prong test, Judge Edwards, articulated that "1) in order to be a prevailing party, a claimant must show that

there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)). Thus, "prevailing party" status will be conferred upon each of the Plaintiffs if a change in the legal relationship occurred between the Plaintiff and the Defendant. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

Furthermore, it isn't  necessary for a Plaintiff to obtain all the relief initially sought at the administrative level, it is only necessary that a "material alteration of the legal relationship of the parties [occur] to permit an award of attorney's fees."  *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004)(quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).

In addition, a hearing officer's finding on an issue or lack thereof is not controlling on the issue of whether a party prevailed for purpose of reasonable attorney fees.  See *T.S v. District of Columbia*, Civil Action No. 05-00861 (HHK) (finding that prevailing party status can still be achieved in circumstances where a hearing officer orders the relief sought by a plaintiff and then decides there has been no denial of FAPE); see *Medford, v. Dist of Columbia*, 691 F. Supp. at 1479.

Thus, for purposes of awarding attorney fees the focus of the prevailing party inquiry is whether the relief obtained by the Plaintiff materially altered the legal relationship of the parties by modifying the defendant's behavior in a way the directly benefits the plaintiff. See *Bridgeforth v. Dist of Columbia*, 933 F. Supp.  That is to say, was the Defendant ordered to undertake a position it had otherwise refused to do that benefitted the student.  See *P.N., an infant, individually and by its parent and legal guardian; M.W., Appellants v. Clementon Board of Education*, 45 IDELR 148, (3rd Cir. 2006).

Each Plaintiff has successfully met the criteria set forth and achieved prevailing party status within in the realms of the applicable case law and statutes.

## **CONCLUSION**

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to grant the Plaintiffs Motion for Summary Judgment and award the reimbursement of reasonable attorney fees.  *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

Respectfully Submitted,

_/s/_____
Roxanne D. Neloms[#478157]
Domeinto C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
***Attorneys for the Plaintiffs***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**JOYCELYNN BUSH,** <u>et al</u>          )
                                          )
                                          )
                    **Plaintiffs,**       )
                                          )          **Civil Action No:07-1110(RMU)**
        **v.**                            )
                                          )
**DISTRICT OF COLUMBIA**                  )
                    **Defendants.**       )
_____)

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

1.    Joycelynn Bush, as parent and next friend of A.H., requested an administrative due process hearing, alleging that DCPS failed to comply with a December 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to review/revise A.H.'s IEP as appropriate.  ***See Complaint Exhibit A.***  The hearing officer found that pursuant to the Blackman/Jones Consent Decree, A.H. had been denied access to a free and appropriate education and ordered , among other things, that DCPS to convene an MDT/IEP meeting within twenty (20) calendar days of the issuance of the HOD.  ***See Complaint Exhibit A.***

2.    Julia Hunter, as parent and next friend of J.H., requested an administrative due process hearing, alleging that DCPS failed to comply with a November 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to review/revise J.H.'s IEP as appropriate.  ***See Complaint Exhibit B .***  The hearing officer found that pursuant to the Blackman/Jones Consent

1

Decree, J.H. had been denied access to a free and appropriate education and ordered DCPS, among other things, to convene an MDT/IEP meeting within twenty (20) calendar days of the issuance of the HOD. *See Complaint Exhibit B.*

3. Carol Coleman, as parent and next friend of T.M., requested an administrative due process hearing, alleging that DCPS failed to comply with a June 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to review evaluations within fifteen (15) schools days of receipt of completed evaluations. The parent provided the evaluations to DCPS and DCPS failed to comply and convene the meeting. *See Complaint Exhibit C.* The hearing officer found that DCPS failed to comply with the June 2006 HOD and as a result ordered DCPS to convene an MDT/IEP meeting within ten (10) school days of April 11, 2007 to review all evaluations and determine eligibility. *See Complaint Exhibit C.*

4. Gracie McMillian, as parent and next friend of C.M., requested an administrative due process hearing, alleging that DCPS failed to comply with a November 2006 Hearing Officer's Determination that ordered DCPS, among other things, to convene a MDT/IEP meeting to discuss and determine placement. *See Complaint Exhibit D.* . The hearing officer found that C.M. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) calendar days of the issuance of the HOD. *See Complaint Exhibit D.*

2

5.     Shelia Washington, as parent and next friend of M.W., requested an administrative due process hearing, alleging that DCPS failed to convene a MDT/IEP meeting to determine an appropriate step-down placement for M.W. *See Complaint Exhibit E.* The hearing officer ordered the funding and placement of M.W. at High Road Middle School along with transportation. *See Complaint Exhibit E.*

6.     Kathleen Wright, as parent and next friend of M.W., requested an administrative due process hearing, alleging that DCPS failed evaluate and determine eligibility on behalf of M.W. in a timely manner. *See Complaint Exhibit F.* The hearing officer found that DCPS failed to timely evaluate and, among other things, as relief ordered DCPS to complete a psycho-educational, clinical psychological, social history and classroom observation. If DCPS failed to complete those evaluations within thirty(30) days, the parent was authorized to obtain independent evaluations. *See Complaint Exhibit F.*

7.     Brenda Gaskins, as parent and next friend of J.H., defended an action initiated by DCPS. In its administrative due process hearing request DCPS alleging that J.H. had not made himself available for special education services due to truancy. *See Complaint Exhibit G.* On May 23, 2006, counsel for J.H (respondent) filed a motion to dismiss on the grounds that the issues described in the complaint were resolved. *See Complaint Exhibit G.* The hearing officer granted the respondent's motion to dismiss after finding that the parties had resolved their issues at the March 2, 2006 resolution meeting. *See Complaint Exhibit G.*

8.     Melodia and Terrell Phillips, as parents and next friend s of T.P., defended an action

initiated by DCPS.  In its administrative due process hearing request DCPS sought to terminate T.P.'s funding to Katherine Thomas.  ***See Complaint Exhibit H.***   In the December 2006 HOD the hearing officer determined that he could not terminate T.P.'s placement because the Katherine Thomas school became his "stay-put" placement and that based on the issues alleged in DCPS' complaint, he could not find that the parent violated IDEIA 2004.  ***See Complaint Exhibit H.***

9.    Carleen Chalmers and Antonio Bailey, as parents and next friends of A.N., requested an administrative due process hearing, alleging that DCPS denied A.N. access to a free and appropriate education when it failed to comply with a January 2007 settlement agreement whereby DCPS agreed to review a vocational evaluation.  ***See Complaint Exhibit I.***  The hearing officer found that A.N. had been denied access to a free and appropriate education because DCPS and ordered DCPS to convene an MDT/IEP meeting within fifteen (15) calendar days of the issuance of the HOD. ***See Complaint Exhibit I.***

10.    Althea Scott, as parent and next friend of C.S., requested an administrative due process hearing alleging that failed to complete evaluations in a timely manner.  ***See Complaint Exhibit J.***   The hearing officer found that C.M. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) calendar days of the issuance of the HOD. ***See Complaint Exhibit J.***

11.    Margaret Hines, as parent and next friend of J.H., requested an administrative due

process hearing, alleging that DCPS failed to comply with an October 2006 Hearing Officer's Determination that ordered DCPS to convene a MDT/IEP meeting to review completed evaluations. ***See Complaint Exhibit K.*** The hearing officer found that J.H. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting on or before May 25,2007. ***See Complaint Exhibit K.***

12.   Annette Hagens, as parent and next friend of M.C., requested an administrative due process hearing, alleging that DCPS failed to comply with a December 2006 Hearing Officer's Determination that ordered DCPS to convene a MDT/IEP meeting to review a vocational  evaluation, review and revise M.C.'s IEP and discuss compensatory education. ***See Complaint Exhibit L.*** The hearing officer found that M.C. had been denied access to a free and appropriate education due to DCPS' failure to comply with the previous hearing officer's determination, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within thirty (30) days. ***See Complaint Exhibit L.***

13.   Darryl Canty, as parent and next friend of D.C., requested an administrative due process hearing in April 2007, alleging that DCPS denied D.C. access to a free and appropriate public education when it failed to comply with an August 2006 HOD and further failed to review  independent evaluations, failed to conduct a comprehensive auditory processing assessment, and failed to develop an appropriate IEP. ***See Complaint Exhibit M.*** The hearing officer found that D.C. had been denied access

5

to a free and appropriate education, whereby he ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) school days of the issuance of the HOD.  ***See Complaint Exhibit M.***

14.    Darrell Stevens, as parent and next friend of O.B., requested an administrative due process hearing, alleging that DCPS denied O.B. access to a free and appropriate public education when it failed to comply with a November 2006 HOD that ordered DCPS to complete a vocational level III assessment. ***See Complaint Exhibit N.***  The hearing officer found that O.B. had been denied access to a free and appropriate education, whereby she ordered, among other things, that DCPS independently fund the vocational level III assessment and upon receipt review within five (5) school days. ***See Complaint Exhibit N.***

15.    Gloria Benbow, as parent and next friend of K.B., requested an administrative due process hearing, alleging that DCPS denied K.B. access to a free and appropriate public education when it failed to timely reevaluate K.B. and convene a MDT meeting to review and revise K.B.'s IEP.  ***See Complaint Exhibit O .***   The hearing officer ordered, among other things, that DCPS to conduct a classroom observation within fifteen (15) school days of the issuance of the HOD and convene a MDT meeting by April 25, 2006. ***See Complaint Exhibit O.***

16.    Crystal Taylor, as parent and next friend of V.T., requested an administrative due process hearing, alleging that DCPS denied V.T. access to a free and appropriate public education when it failed to timely evaluate V.T. for special education services after being referred in November  2005. ***See Complaint Exhibit P.***  The hearing

6

officer ordered, among other things, that DCPS to convene an MDT/IEP meeting within fifteen (15) school days of the issuance of the HOD, to complete V.T.'s IEP, discuss and determine placement and determine if additional evaluations are warranted. ***See Complaint Exhibit P.***

17. Monique Warr, as parent and next friend of D.W., requested an administrative due process hearing, alleging that DCPS denied D.W. access to a free and appropriate public education when it failed to timely evaluate D.W. and determine eligibility for special education services. ***See Complaint Exhibit Q.*** The hearing officer ordered DCPS to complete several initial evaluations and upon said completion convene a MDT/IEP meeting to determine eligibility. ***See Complaint Exhibit Q.***

18. Terry Johnson, as parent and next friend of R.W., requested an administrative due process hearing, alleging that DCPS among other things, improperly suspended R.W., failed to convene a manifestation determination review and/or further failed to conduct a functional behavioral assessment and behavioral implementation plan. ***See Complaint Exhibit R.*** The hearing officer ordered DCPS to convene a MDT meeting within fifteen (15) school days to review evaluations, review/revise IEP, discuss and determine placement, and discuss compensatory education. ***See Complaint Exhibit R.***

19. That all Plaintiffs obtained prevailing party status and that the Defendant refused to reimburse parents for their reasonable attorneys fees.

Respectfully submitted,


/s/ _____
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C.  20005
(202) 742-2000
(202) 742-2098 (fax)
***Attorney for Plaintiffs***

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- **Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.** Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Student Name: Terrell Phillips_____    Birth Date: ____January 6, 2001_____

Address: __1333 Queen Street, NE, Washington, DC 20002_____

Home School:    Webb Elementary School_____

Present School of Attendance: __Katherine Thomas School_____

      Is this a charter school? _____    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: _Melodia Phillips_____

Address (if different from the student's above): _____

Phone/Contact Number: _____ Fax Number (if applicable): _____

*SEID DPCN Rev'd. 7/12/05*

**B.** **Individual Making the Complaint/Request for Due Process Hearing:**

Name: _District of Columbia Public Schools/CARE Center_____

Complete Address: __925 Rhode Island Ave, NW_____

_____Washington, DC 20001_____

Phone: (h) _____ (w) 202-671-0882_____ (Fax) _____ (e-mail)

Relationship to the Student:

☐   Parent          ☐   Legal Guardian          ☐   Parent Surrogate

☐   Self/Student    X   Local Education Agency (LEA)   ☐   Parent Advocate

**C.** **Legal Representative/Attorney (if applicable):**

Name: __DCPS Office of the General Counsel_____

Address: ___825 North Capitol, NE, 9th Floor, Washington, DC 20002_____

_____

Phone: (w) _202-442-5000_____ (Fax) 202-442-5184 _____   (e-mail) _____

Will attorney / legal representative attend the resolution session?   X Yes   ☐ No

**D.** **Complaint Made Against (check all that apply):**

☐ DCPS school (name of the school if different from page one)_____
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
X Parent

**E.** **Resolution Session Meeting Between Parent and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

☐ I wish to waive the Resolution Session Meeting

**F.** **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

☐   I am requesting mediation as an alternative to the resolution session meeting.
X   I am requesting mediation and a due process hearing.
☐   I am requesting mediation only at this time.

2

SEID DPCN Rev'd. 7/12/05

**G.**    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1.    What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

Terrell Phillips is currently a student attending Katherine Thomas School.    DCPS is funding the placement at Katherine Thomas. The student was placed at Katherine Thomas by Special Master Baach on December 19, 2005 at a Preliminary Injunction Hearing. At the hearing, the student was found to be a member of the Blackman class due to a prior Hearing Request being filed on July 8, 2005 and a decision was not issued in a timely manner. The Special Master indicated that the student will remain in the placement until DCPS files for a due process hearing. On December 21, 2005, there was a MDT meeting held at Kennedy Institute in which the student was found ineligible for special education. At the meeting the team members reviewed the evaluations and determined that the student does not meet the criteria as a special education student in need of specialized services. The team determined that the student's academic needs can be met in the regular education classroom with 504 services. The student is currently receiving special education services from Katherine Thomas School. The student does not require special education services and DCPS should not be required to continue to fund the placement. DCPS has appropriate placements available that can provide the student with a general education setting and 504 services.

2.    To the extent known to you at this time, how can this problem be resolved?

DCPS is requesting the following:

1. A finding that the student is not eligible for special education services;
2. A finding that DCPS is no longer required to fund the student's placement at Katherine Thomas School.

3.    Issues presented:

1. Whether the student is eligible for special education?
2. Whether DCPS is required to continue to fund the student's placement at Katherine Thomas School?

**H.**    **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

3

**I.** **Waiver of Procedural Safeguards:**

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**J.** **Parent Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

_____          _____
Signature of Parent or Guardian                               Date

**K.** **Signature of Attorney/ Legal Representative:**

_____          _____
Legal Representative / Advocate                               Date

**L.** **Signature of LEA Representative (if hearing requested by LEA):**

_Blarea T. Everett_          _2/14/06_
Representative of LEA                               Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

4

SEID DPCN Rev'd, 7/12/05



EXHIBIT
TP-1B

Office of the

**825 North Capitol St., NE**
**Washington, DC 20002**
**(202) 442-5000**
**Fax (202) 442-5098**

# FACSIMILE

**Date:**     02-14-06

**TO:** Domiento Hill, Esq.            **Fax No.:**   202/742-2098
      James E. Brown & Associates

**RE:** Terrell Phillips                  **Tele. No.:** 202/742-2000
      Due Process Complaint Notice

**FROM:**   Tiffany Puckett, Esq.        **Tele. No.:** 202/442-5000
      Attorney Advisor

### No. Pages, Including Cover Sheet:

**COMMENTS:**

_____

_____

*CONFIDENTIALITY NOTICE*

*The information contained in this telefacsimile has been transmitted by an attorney. It is
privileged and confidential, intended only for the use of the individual or entity named above. If
the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copy of this communication is strictly prohibited. If this
communication has been received in error, please notify us immediately by telephone, and
return the original message to us at the above address via first class prepaid US postage.
Thank you.*

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | | |
|---|---|---|
| Brenda Gaskin | ) | |
| On behalf of Jerrell Humpries | ) | Hearing Officer David Smith, Esq. |
| | ) | Hearing Set for May 25, 2006 |
| Vs | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Parent's Motion to Dismiss District of Columbia Public Schools' Complaint dated February 15, 2006

COMES NOW Brenda Gaskin, parent of the above-referenced student, through counsel, and respectfully requests that the Due Process Complaint filed by District of Columbia Public Schools' ("DCPS'") against the parent on February 15, 2006 and set for hearing on May 25, 2006, be dismissed with prejudice because the matter was resolved during a Resolution Session on March 2, 2006 and because neither party voided the agreement resolving the matter within the three-day period for doing so.

In support of this Motion, the parent calls attention to the attached exhibit that DCPS itself disclosed as possible evidence for the May 25th hearing. DCPS-6, consists of two separate documents: the first document is the Resolution Meeting Notes that clearly indicate that the matter was resolved; the second document is the Due Process Complaint Disposition that was signed by the parent on March 2, 2006, and indicates that on that day, the matter was resolved. On that same document, there is also a mark indicting that the matter was not resolved and that a hearing should be scheduled. However, immediately next to that mark, appears the date "3/8/06", indicating that six days after the parent signed the document agreeing that the matter was resolved, another person, inappropriately altered the document to

1

indicate that the matter was not resolved.  There is not indication that the parent was privy to this alteration that took place on March 8, 2006.  Moreover, although the law clearly allows three days for any party to void an agreement reached during a resolution conference, that mechanism for voiding such an agreement does not apply here since the effort to void this agreement apparently did not take place until March 8, 2006, more than three days after the signing of the agreement on March 2, 2006.  See  Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 615 (f) (1) (B) (iv) (parties have three days to void agreement reached during resolution session).  Accordingly, the agreement is binding and thus disposes of the matters currently set for hearing.[1]

## Conclusion

The Due Process Complaint filed by DCPS against the parent on February 15, 2006, and set for hearing on May 25, 2006, should be dismissed with prejudice because the matter was resolved during a Resolution Session on March 2, 2006 and because neither party voided the agreement resolving the matter within the three-day period for doing so.

Respectfully submitted,

_____
Miguel Hull, Esq.

## Certificate of Service

I HEREBY CERTIFY that on this 23rd day of May of 2006, a copy of the forgoing Motion to Dismiss was delivered via facsimile to Stephanie Ramjohn-Moore, Esq., DCPS Office of the General Counsel 202 442-5098/97.

_____
Miguel Hull

---

[1] Of note, any assertion by DCPS that the parent has not complied with the agreement signed on March 2, 2006, needs to be raised through a separate complaint that specifically asserts that violation.  Therefore, it would be legally incorrect for DCPS to argue that the current hearing should proceed so that DCPS can now allege a violation of the agreement executed as part of the Resolution Session on March 2, 2006.

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: _Dajon Warr_____ Date of Birth: _July 27, 1995_

Address: ___2104 32nd Street, SE  Washington, DC 20020_

Present School of Attendance: __Washington Academy Public Charter School_

Is this a charter school? _Yes_         (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Monique Warr

Address (if different from the student's above): _____

## B.  Legal Representative/Attorney:

1

Name:  Christopher West, ~

Address:  1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003    (Fax) 202-742-2098  (e-mail) _____

Will attorney / legal representative attend the resolution session?  **X** Yes           ☐ No

## C.    **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

X Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

## D.    **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

**I am requesting an administrative due process hearing <u>only</u>.**

## F.    **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

> **Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L.  No. 108-446, Sec. 101, § 614(a) and D.C. Municipal Code § 38-2501(a)**
> According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a), the local and state education agency,  shall conduct a full and individual initial evaluation.  Under D.C. Municipal Code § 38-2501(a), the school system, upon its referral for special education eligibility, has 120 days to conduct all necessary assessments, review the assessments, develop an appropriate IEP, if the student is found eligible, and place the student in an appropriate educational program/school.
>
> In September 2005, Ms. Warr consulted with Ms. Minnis, Washington Public Charter School, and requested that Dajon be fully evaluated for special education services.  On February 1, 2006, Ms. Warr, through counsel, submitted correspondence which inquired about the status of the evaluations and requested copies of all completed evaluations.  To date, over 120 days have passed, and  the school system has yet to provide Ms. Warr copies of completed assessment.

2

DCPS/Washington PCS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 and D.C. Municipal Code § 38-2501(a) and fully assess Dajon in all suspected disability areas, determine eligibility for special education services, draft an IEP, and provide an appropriate educational placement amounts to a denial of a Free and Appropriate Public Education.

## II Issues presented

1. Whether DCPS/Washington PCS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and assess Dajon for special education services, determine eligibility for special education services, draft an IEP, and provide an appropriate educational placement?

2. Whether DCPS/Washington Academy PCS failed to comply with D.C. Municipal Code § 38-2501(a) and failed to complete the special education eligibility process?

3. Whether DCPS/Washington Academy PCS shall provide the student with compensatory education?

4. Whether the parent is the prevailing party in this matter?

## III. To the extent known to you at this time, how can this problem be resolved?

1. Issue a finding DCPS/Washington Academy PCS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and assess Ahmad for special education services, determine eligibility for special education services, draft an IEP, and provide an appropriate educational placement;

2. Issue a finding DCPS/Washington Academy PCS failed to comply with the D.C. Municipal Code § 38-2501(a);

3. That DCPS/Washington Academy PCS fund the following independent assessments: psychoeducational evaluation, speech/language evaluation, social history, formal classroom observation report, and clinical psychological evaluation;

4. That within fifteen (15) business days of receipt of the last independent assessment, DCPS/Washington Academy PCS shall convene a MDT/Eligibility meeting, review all assessments, and draft an appropriate IEP;

5. That DCPS/Washington Academy PCS provide Dajon with three hours of tutoring per week for the remainder of the 2005-2006 and entire 2006-2007 school year for violating the IDEIA and denial of a free and appropriate public education;

6. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

3

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS/Washington Academy PCS obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

8. In the event that the DCPS/ Washington Academy PCS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS/ Friendship Edison PCS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS/Washington Academy PCS can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS/ Washington Academy PCS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

10. That DCPS/ Washington Academy PCS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS/ Washington Academy PCS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS/ Washington Academy PCS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS/ Washington Academy PCS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS/ Washington Academy PCS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

13. That DCPS/ Washington Academy PCS failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due

4

process complaint, v\_\_\_ \_nstitute waiver on the part of Wasl\_ \_ \_n Academy PCS to make such argument at any later date and time;

14. That DCPS/ Washington Academy PCS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS/ Washington Academy PCS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

16. That DCPS/ Washington Academy PCS failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

17. Issue a finding that the Parent is the prevailing party in this action.

## G.   **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H.   **Signature:**

_____                    February 7, 2006
Legal Representative / Advocate (if applicable)       Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**

5

SEID DPCN Rev'd. 7/01/05

ᴇᴢᴛ North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

6

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              0635
CONNECTION TEL                    95832235
CONNECTION ID
ST. TIME              02/07 15:58
USAGE T               01'05
PGS. SENT                7
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◦
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:       February 7, 2006

TO:         Glennis Powell Gills, Principal
            Washington Public Charter School

FAX NO:     202-583-2235

FROM:       Blanca De La Sancha, Paralegal for Christopher West, Esq.

SUBJECT:    Dajon Warr DOB: 7-27-95

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0634
CONNECTION TEL                    94425556
CONNECTION ID
ST. TIME             02/07 15:56
USAGE T              01'03
PGS. SENT                7
RESULT               OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Ann Kreske* |
| Christopher L. West | Telephone: (202) 742-2000 | |
| | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

TO:   Sharon Newsome, Hearing Coordinator
        Student Hearing Office

FROM: Blanca De La Sancha, Paralegal for Christopher West

DATE:   February 27 2006

FAX NO: 202-442-5556

SUBJECT: Dajon Warr/ DOB: 7-27-95

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

*State Edu___n Agency for the District of C___mbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  **INFORMATION ABOUT THE STUDENT:**

Name of the Student:  Kevin Benbow          Date of Birth: January 26, 1994

Address:     2830 Robinson Place, SE  Washington, DC 20020

Home School:   Turner Elementary School

Present School of Attendance:   Turner Elementary School

Is this a charter school? No      (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Gloria Benbow

Address (if different from the student's above): _____

1

**B.**    <u>Legal Representative/~~Attorney~~:</u>

Name:  <u>Christopher West, Esq.</u>

Address:  <u>1220 L Street, NW, Suite 700, Washington DC, 20005</u>

Phone: (w) <u>202-742-2003</u>    (Fax) <u>202-742-2098</u>  (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes        ☐ No

**C.**    <u>Complaint Made Against (check all that apply):</u>

**X**  DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.**    <u>Resolution Session Meeting Between Parent/Representative and LEA:</u>

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

**E.**    <u>Mediation Process:</u>

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing.  Please check all that apply:

**I am requesting an administrative due process hearing <u>only</u>.**

**F.**    <u>Facts and Reasons for the Complaint:</u>

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

<u>Nature of the problem.</u>

A.    <u>Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2)</u>

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2), DCPS, as the local and state education agency, shall conduct reevaluations if the LEA determines the child warrants an evaluation, or if the child's parents or teacher request a reevaluation.

2

Kevin Benbow's most curr____P, dated February 16, 2005, classifi____n learning disabled and recommends he receive 20.5 hours of related services in specialized instruction and psychological services. According to Ms. Benbow, Kevin has made academic progress or met his IEP goals. Therefore, on or about September 19, 2005, Ms. Benbow, through counsel, submitted written correspondence requesting that the District of Columbia Public Schools (DCPS) evaluated Kevin. Specifically, Ms. Benbow requested that DCPS conducted the following evaluations: clinical psychological evaluation, psychoeducational evaluation, speech/language evaluation, vision/hearing assessment and formal classroom observation. On December 20, 2005, the parent, through counsel, submitted a written inquire about the status of the evaluations. DCPS responded by providing copies of the psychoeducational evaluation, dated April 3, 2003, social history, 2003, and speech/language evaluation, dated March 5, 2003.

DCPS' failure to conduct the reevaluations and reconvene the IEP meeting, in accordance with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2) amounts to a denial of FAPE.

## II  Issues presented

1. Whether DCPS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614(a) and conduct reevaluations?

2. Whether DCPS' failed to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and reconvene the IEP meeting?

3. Whether DCPS shall provide the student with compensatory education?

4. Whether the parent is the prevailing party in this matter?

## III.  To the extent known to you at this time, how can this problem be resolved?

1. Issue a finding DCPS failed to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and conduct reevaluations;

2. That DCPS fund the following independent evaluations: clinical psychological evaluation, psychoeducational evaluation, speech/language evaluation, vision/hearing assessment and formal classroom observation;

3. That within fifteen (15) business days of receipt of the completed independents, DCPS shall reconvene a MDT/IEP meeting, review all assessments, draft an appropriate IEP and determine an appropriate educational placement;

4. That DCPS shall provide Kevin Benbow with compensatory education services in the form of one on one tutoring, three (3) hours per week for the remainder of the 2005-2006 school year, and the entire 2006-2007 school year;

3

5. All meetings shall b̶e̶ ̶scheduled through counsel for the Par̶e̶n̶t̶s̶ Christopher L. West, Esq, in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

11. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will

4

constitute waiver on ⸺ part of DCPS to make such argum⸺ any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

16. Issue a finding that the Parent is the prevailing party in this action.

## G.  **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.  **Signature:**

_____          January 11, 2006
Legal Representative / Advocate (if applicable)       Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**

SEID DPCN Rev'd. 7/01/05

orth Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

6