UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOCELYNN BUSH, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civ. No. 07-1110 (RMU) |
| DISTRICT OF COLUMBIA, et al. | ) | |
| Defendants. | ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
### FOR ATTORNEY'S FEES

Come now defendants, by counsel, and respectfully oppose plaintiffs' Motion for Attorneys' Fees and Costs, filed January 15, 2008, ("Motion") pursuant to the Individuals with Disabilities Education Improvement Act of 2004, ("IDEIA") 20 U.S.C. Sections 1400 *et seq.* While plaintiffs' Motion fails to specify an amount sought, the Complaint seeks $179, 961.62 in fees and costs. (Complaint at unnumbered page 17) Plaintiffs' Motion fails to provide any evidence of the reasonableness of the amount sought or that the hourly rates charged, as shown in their attachments to the Complaint, are prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Further, plaintiffs' submissions, attached to the Complaint, include bills for work performed where they were not a prevailing party, and for impermissible fees.

**ARGUMENT**

**I.    Plaintiffs are Only Entitled to Those Fees and Costs Where They Were the Prevailing Party.**

The IDEIA grants authority to courts to award reasonable attorney's fees as part of the costs to parents or guardians of a child with a disability, who are prevailing parties in statutory attorney's fees provisions. 20 U.S.C. Sec. 1415(I)(3)(B). That section provides as follows: "in any action or proceeding brought under this section, the court in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is a prevailing party." Plaintiffs are not entitled to attorneys' fees unless they are prevailing parties under the IDEIA. *Shaw v. District of Columbia,* 238 F. Supp. 2d 127 (D.D.C. 2002).

To obtain "prevailing party" status, the plaintiff must show first that there was a court-ordered change in the legal relationship between the plaintiff and the defendant; second, that the judgment was rendered in the claimant's favor; and third, that the claimant was not a prevailing party merely by virtue of having acquired a judicial pronouncement rather than judicial relief. *Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603-604 (2001). Further, there must be an "alteration in the legal relationship of the parties" that has been given some judicial *imprimatur* in order to qualify as a "prevailing party" under fee-shifting statutes. *Armstrong v. Vance,* 328 F. Supp. 2d 50, 57 (D.D.C. 2004) (quoting *Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, (2001). This approach has been endorsed by other courts despite the silence of a definition of "prevailing party" in the IDEIA. *See e.g. T.S. ex rel*

*Skrine v. D.C.,* 2007 WL 915227 (D.D.C., 2007); *Abraham v. D.C.,* 338 F.Supp. 2d 113 (D.D.C. 2004).

The instant case is an aggregation of 18 separate claims by 18 different plaintiffs. It is asserted that each individual plaintiff was a "prevailing party" in an administrative proceeding under IDEIA, and that reimbursement of related attorneys' fees and costs is required. However, defendants here dispute plaintiffs' contention that they were the "prevailing party" in all claims, and, where they were not, they are not entitled to attorneys' fees and costs.

### A.    The Claim of Sheila Washington

Plaintiffs claim $12,589.62 as fees and costs for work allegedly performed in an administrative hearing on behalf of M.W. held on April 11, 2007. (Complaint at Ex. E). However, plaintiffs were not the prevailing party in that case. At the hearing, plaintiffs claimed that M.W. had been denied a free appropriate public education ("FAPE") because DCPS had not convened a step-down individual education plan ("IEP") meeting or identified an alternative full-time day therapeutic program to the private full-time therapeutic residential special education program she was attending at public expense. (Id). While DCPS agreed at the resolution meeting prior to the due process hearing, that they were willing to convene an MDT meeting within 20 school days for a step down IEP meeting and identify a full-time therapeutic program upon release from the residential treatment placement, counsel for the student did not accept this resolution. (Complaint at Ex. E).

At the due process hearing the Hearing Officer ("HO") concluded that "[t]he failure of DCPS to identify a day therapeutic placement has not resulted in a denial of a

3

FAPE to this date since the student continues to receive educational benefit at North Spring." (Id.) While the HO ordered the student placed at a day therapeutic placement, this is no more than what had been offered by DCPS at the resolution session. Accordingly, since plaintiffs did not receive a favorable decision on the merits of their administrative action and because the HO found no denial of FAPE, plaintiffs were not the prevailing party and are not entitled to fees and costs on behalf of this student. *Alegria v. District of Columbia,* U.S Dist. LEXIS 16898 (D.D.C. 2002), aff'd, 391 F. 3d 262, 265 (2004), citing *Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources,* 532 U.S. 598 (2001); *Robinson v. D.C.* (Civ. No. 06-1253) (Memorandum Opinion August 2, 2007).

### B.  The Claim of Brenda Gaskins

Plaintiffs claim $7,594.80 as fees and costs for work allegedly performed in an administrative hearing held on behalf of J.H. on May 25, 2006. (Complaint at Ex. F). The HO found that an agreement was reached at a Resolution meeting, prior to the administrative hearing, wherein the parent agreed *inter alia,* that the student, who had been truant from school, would report to school on March 6, 2006. (*Id.*) However, when the student failed to report to school on that date, "DCPS completed a Due Process Complaint Disposition indicating that the matter had not been resolved at the Resolution Session meeting." (Id.) Because DCPS' attempt to void the prior agreement was submitted one day late, the HO dismissed the Complaint. However, no hearing was conducted and the settlement previously agreed to was found enforceable. Accordingly, as there was no material "alter[ation of] the parties' legal relationship in a 'real and substantial manner,'" plaintiffs cannot be considered prevailing parties and are not

4

entitled to attorneys' fees and costs in this claim.  *See Abraham v. District of Columbia,* 338 F. Supp 2d 113, 120 (D.D.C. 2004).

### C.     The Claim of Terrell Phillips

Plaintiffs claim $44,138.95 as fees and costs for work allegedly performed for a November 22, 2006, administrative hearing on behalf of J.H.  (Complaint at Ex. H).  In that case both DCPS and the parents filed a due process Complaint.  The HO dismissed **both** complaints with prejudice.  Accordingly, as there was no material "alter[ation of] the parties' legal relationship in a 'real and substantial manner,'" plaintiffs cannot be considered prevailing parties and are not entitled to attorneys' fees and costs in this claim.  *See Abraham v. District of Columbia,* 338 F. Supp 2d 113, 120 (D.D.C. 2004).

### D.  The Claim of Althea Scott

Plaintiffs claim $6,491.63 as fees and costs for work allegedly performed for a May 4, 2007, administrative hearing on behalf of C.S.  (Complaint at Ex. J).  At the hearing "DCPS [] presented a Motion to take the case of the calendar because a Resolution Session meeting had not been held."  (Id.)  DCPS further informed the HO that all evaluations to determine the student's eligibility for special education had been completed.  As a result, the HO did not proceed with the hearing but ordered a Resolution Meeting to be held and ordered DCPS to provide the plaintiff with a copy of all completed evaluations.  Accordingly, as there was no material "alter[ation of] the parties' legal relationship in a 'real and substantial manner,'" plaintiffs cannot be considered prevailing parties and are not entitled to attorneys' fees and costs in this claim.  *See Abraham v. District of Columbia,* 338 F. Supp 2d 113, 120 (D.D.C. 2004).

### E. The Claim of Gloria Benbow

Plaintiffs claim $8,800.33 as fees and costs for work allegedly performed for a March 31, 2006, administrative hearing on behalf of K.B. (Complaint at Ex. O). The issue presented at the hearing was whether DCPS denied the student FAPE by failing to conduct timely reevaluations of the student. (Complaint at Ex. O) At the hearing the HO determined that the plaintiff's request for reevaluations of the student was unclear, as the student had evaluations which were still current and also had a current IEP. (Pl's Ex. at O) The HO further determined that the plaintiff did not clarify her request until less than a month before she filed a due process complaint, "too short a time for DCPS to be found in violation." (*Id.*) The HO further concluded that "once DCPS was aware that re-evaluations were being requested, DCPS acted promptly to conduct the evaluations" and that they were completed by the target date. (*Id.*) Thus at the end of the hearing the HO concluded that "there was **no violation and no denial of FAPE**." (Complaint at Ex. O). (Emphasis added) The HO further found that **"DCPS is the prevailing party in this matter."** (Complaint at Ex. O) (Emphasis added) While the HO ordered a classroom observation of the student and the convening of an IEP/MDT meeting, this was no more than that required by the IDEIA. Accordingly, as there was no material "alter[ation of] the parties' legal relationship in a 'real and substantial manner,'" plaintiffs cannot be considered prevailing parties and are not entitled to attorneys' fees and costs in this claim. *See Abraham v. District of Columbia,* 338 F. Supp 2d 113, 120 (D.D.C. 2004).

### F. The Claim of Crystal Taylor

Plaintiffs claim $7,393.99 as fees and costs for work allegedly performed for a June 1, 2006, administrative hearing on behalf of V.T. (Complaint at Ex. P) At the

6

hearing, the issue presented to the HO was whether DCPS denied the student FAPE by failing to timely evaluate the student for special education. (Complaint at Ex. P). The HO found that the parent and DCPS agreed to a particular date for the child's evaluation meeting to be held – March 30 2006 – but that the parent filed a due process complaint the day before the due date – March 29, 2006. The HO further found that "[o]n the agreed upon meeting date DCPS convened its MDT and the parent was present in the school but informed DCPS that the meeting was cancelled. There was no evidence that DCPS cancelled the meeting. On the contrary, the evidence indicates DCPS was ready and available to convene the eligibility meeting on March 30, 2006." (Complaint at Ex. P) Accordingly, the HO "conclude[d] that **DCPS did not deny the student FAPE** by reason of any delay in her eligibility determination. (Complaint at Ex. P.) (Emphasis added) The HO further found the "**DCPS is the prevailing party in this matter**." (Complaint at Ex. P.) (Emphasis added) Thus, while the HO ordered DCPS to convene an MDT/IEP meeting within 15 days of his order, this is no more than DCPS had been willing to do prior to the hearing, but was prevented from so doing by the plaintiff. Accordingly, as there was no material "alter[ation of] the parties' legal relationship in a 'real and substantial manner,'" plaintiffs cannot be considered prevailing parties and are not entitled to attorneys' fees and costs in this claim. *See Abraham v. District of Columbia,* 338 F. Supp 2d 113, 120 (D.D.C. 2004).

### G.     The Claim of Monique Warr

Plaintiffs claim $5,982.61 as fees and costs for work allegedly performed for an April 4, 2006, administrative hearing on behalf of D.W. (Complaint at Ex. Q) The issue presented at the hearing was whether DCPS denied the student FAPE by failing to

7

evaluate the student within 120 days of a verbal request from the parent. (Complaint at Ex. Q) The HO, in finding on behalf of DCPS, made a finding of credibility, concluding that the testimony proffered on behalf of the parent was not credible, while that of the DCPS witness was. Accordingly, the HOD concluded that DCPS acted promptly to evaluate the student once a written request to evaluate the student was made and that there was **no violation and no denial of FAPE**. (Complaint at Ex. Q) The HO further found that "**DCPS is the prevailing party in this matter.**" (Complaint at Ex. Q) Accordingly, plaintiffs are not entitled to attorneys' fees and costs for this matter.

      H.      <u>The Claim of Terry Johnson</u>

Plaintiffs claim $14,422.35 as fees and costs for work allegedly performed for an August 14, 2006, administrative hearing on behalf of D.W. (Complaint at Ex. R) At the hearing the HO was asked to determine whether DCPS had denied the student FAPE by failing to provide her with an alternative placement upon her suspension from school; by failing to conduct a manifestation determination review meeting, a functional behavioral assessment and a behavioral intervention plan upon her suspension, and by failing to provide her with an appropriate IEP and placement. (Complaint at R) The HO found in favor of DCPS, concluding that there was no denial of FAPE. Accordingly, plaintiffs are not entitled to attorneys' fees and costs for this matter.

      II.      <u>**Even if Prevailing Party Status is Established, Expert Costs are Not Compensable Under the IDEIA.**</u>

Plaintiffs seek to be reimbursed for the professional services of their educational advocates, which is precluded under case law disallowing reimbursement of "expert witness fees." The Supreme Court has held that the IDEIA does not authorize prevailing parties to recover fees for services rendered by experts in IDEIA actions. <u>Arlington Cent.</u>

8

Sch. Dist. Bd. of Educ. v. Murphy, 126 S. Ct. 2455 (2006); Goldring v. District of Columbia, 416 F.3d 70 (D.C. Cir. 2005), cert. denied, 126 S. Ct. 2985 (2006).  Thus, the following amounts may not be included in any potential overall award:

| | |
|---|---|
| The claim of Jocelyn Bush | $2,142.30 - for Kevin Carter, M.A. |
| The claim of Julia Hunter | 370.00 - for Kevin Carter, M.A. |
| The claim of Carol Coleman | 1,914.75 - for Carolyn Monford, M.A. |
| The claim of Gracie McMillian | 277.50 - for Donte Davis |
| The claim of Kathleen Wright | 1,542.90 - for Garield M. Hohman, M.A. |
| The claim of Margaret Hines | 185.00 - for Donte Davis |
| The claim of Annette Hagens | 462.50 - for Kevin Carter, M.A. |
| The claim of Darryl Canty | 2,388.35 – for Kevin Carter, M.A. |
| The claim of Darrell Stevens | 639.75 – for Kevin Carter, M.A. |

Total =   $9923.05

**III.    The Plaintiffs fail to Meet Their Burden of Proof That They Are Entitled to any Award of Attorneys' Fees.**

Even if plaintiffs establish they were prevailing parties under IDEIA, Shaw v. District of Columbia, 238 F. Supp. 2d 127 (D.D.C. 2002), they further carry the burden of establishing all elements of the requested fee award, including the documentation of appropriate hours and justification of the reasonableness of their rates.  See Blum v. Stenson, 465 U.S. 866, 896 n. 11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995), cert. denied, 516 U.S. 1115 (1996); Smith v. District of Columbia, Civ. No. 02-0373 (D.D.C.), Memorandum Opinion issued June 24, 2003, at 8-9.  "The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request." Smith v. Roher, 954 F. Supp. 359, 365 (D.D.C. 1997) (citing In re North, 303 U.S. App. D.C. 443, 8 F.3rd 852 (1993)).  "Supporting documentation 'must be of sufficient detail and probative value to enable the court to determine *with a high degree of certainty* that such

9

hours were actually and *reasonably expended...*'." In re Olson, 280 U.S. App. D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting United Slate, Tile & Composition v. G&M Roofing, 732 F.2d 495, 502, n. 2 (6th Cir. 1984)) (emphasis in original).  And the Court must exclude from the fee award any hours that were not "reasonably expended."  Smith v. Roher, supra, 954 F. Supp. at 365 (citing Hensley v. Eckerhart, supra, 461 U.S. at 434).

A court must assess an appropriate fee by calculating the "number of hours *reasonably expended* on the litigation multiplied by a *reasonable hourly rate*."  Hensley v. Eckerhart, supra, 461 U.S. at 433 (emphasis added).

As to the latter, the fee applicant must demonstrate the reasonableness of the hourly rates utilized.  See Blum v. Stenson, supra, 465 U.S. at 896 n. 11; Hensley v. Eckerhart, supra, 461 U.S. at 437; Covington v. District of Columbia, supra, 57 F.3d at 1107.  To do so, he must show at least three elements: (1) the attorney's billing practices; (2) the attorney's skill and/or reputation; and (3) the prevailing market rates in the relevant community.  See Blum, 465 U.S. at 896; Covington, 57 F.3d at 1107.  *See also* National Ass'n of Concerned Veterans v. Dep't of Commerce, 675 F.2d 1319, 1325-26 (D.C. Cir. 1982):

> An applicant is required to provide specific evidence of the prevailing community rate for the type of work for which he seeks an award. For example, affidavits reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases provide prevailing community rate information. . . .  Recent fees awarded by the courts or through settlement to attorneys of comparable reputation and experience performing similar work are also useful guides in setting an appropriate rate.
>
> In addition, counsel for applicants should submit specific evidence of his or her actual billing practice during the relevant time period. . . [T]he level of skill necessary to conduct the case and the attorney's reputation . . . , of course, are also factors that tend to determine the rate that the attorney is able to command in the marketplace for similar work. Accordingly, the actual rate that applicant's

10

>counsel can command in the market is itself highly relevant proof of the prevailing community rate.
>
>. . . A fee applicant should be required to state the rate at which he actually billed his time in other cases during the period he was performing the services for which he seeks compensation from defendant. This rate is not what he would have liked to receive, or what the client paid in a single fortunate case, but what on average counsel has in fact received. It is obvious that where counsel customarily exercises billing judgment by not billing for the full amount of time expended this fact must be considered in calculating counsel's true billing rate. Unless the applicant wishes the District Court to assume that applicant's individual rate claimed includes an allowance for the contingent nature of the suit, the applicant should supply data showing fees earned both in cases in which counsel prevailed and in which he lost. [Footnotes and citations omitted.] (Emphasis added)

Here, plaintiffs have failed to meet their burden. There is no "specific evidence of [any of the attorneys'][1] actual billing practice during the relevant time period." There is no evidence of what was specified in the retainer agreement each attorney had with his plaintiff-clients. There is also no evidence of what the attorneys charged any other clients during the periods in question. Further, there are no affidavits attesting to the actual rates charged by lawyers who do similar work, the nature or complexity of IDEIA work, or the reputation of plaintiffs' counsel. Nor does any one attest separately to the work of plaintiffs' counsel, or to having observed any of them in court or at an administrative hearing under IDEIA. In fact, plaintiffs have failed to attach any documentation to support the rates for which they seek reimbursement.

Because plaintiffs bear the burden of establishing all elements of the requested fee award, including an entitlement to the award, and the justification for the reasonableness of the rates, in light of plaintiffs' complete failure to provide any supporting documentation in the instant case, this Court must determine that there is insufficient

---

[1] Several different attorneys from the law firm of James E. Brown & Associates represented the named plaintiffs here.

11

evidence to support any award. *See Agapito v. District of Columbia,* Civ. No. 05-1935 (D.D.C., Nov. 30, 2007)

### IV. The District's Liability For Payment of Attorneys' Fees is Limited by a Statutory Fee Cap.

Should the Court determine that plaintiffs are entitled to some award of attorneys' fees the amount that DCPS would be permitted to pay is strictly limited by law. While the courts' authority to <u>award</u> attorney fees under 20 U.S.C. Sec. 1415 (i) (3) (B) is not limited, Congress, since 1999, has imposed a cap of the amount of attorneys' fees the District of Columbia may <u>pay</u> under the IDEIA. *See Calloway v. District of Columbia,* 216 F.3d 1, 9 (D.C. Cir. 2000). Most recently, the 2007 version of the fee cap prohibits the District of Columbia from paying attorneys' fees in excess of $4,000.00 in IDEIA cases. *See* section 819 (a) of the District of Columbia Appropriations Act, 2007, Pub. Law No. 110-161, 121 Stat. 2764 (2007).

### CONCLUSION

Accordingly, for the reasons stated above, plaintiffs are not entitled to any award of attorneys' fees and their Motion for Attorneys' Fees should be denied and their Complaint should be dismissed with prejudice.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        <u>/s/ Edward P. Taptich</u>
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Litigation Counsel
        441 4th Street, N.W.
        Sixth Floor South
        Washington, DC 20001
        (202) 442-9842
        E-mail – maria.merkowitz@dc.gov

February 19, 2008