UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOYCELYNN BUSH, , et al** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA** )<br>**Defendants.** )<br>_____ ) | Civil Action No:07-1110 (RMU) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANTS' OPPOSITION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiffs, by and through counsel, and hereby submits their Opposition to the Defendants' Motion for Summary Judgment and their reply to the Defendants' Opposition to the Plaintiffs' Motion for Summary Judgment for the reasons that are more specifically set forth in the attached memorandum of point and authorities, filed contemporaneously and incorporate herewith and though set forth in its entirety.

Respectfully Submitted,

__/s/_____
Roxanne D. Neloms[#478157]
Domeinto C.R. Hill [MD 14793]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098 (fax)
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCELYNN BUSH, , <u>et al</u>   ) | |
| ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | Civil Action No:07-1110 (RMU) |
| v.   ) | |
| ) | |
| DISTRICT OF COLUMBIA   ) | |
| Defendants.   ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANTS' OPPOSITION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

In June 2007, counsel for Plaintiff's filed a complaint in the United States District for the District of Columbia seeking reimbursement for reasonable attorney fees. In denying the claims submitted by the Plaintiffs, the Defendants denials ranged from no substantive change in the HOD to no denial of FAPE. On January 15, 2008, a motion for summary judgment was filed and in that motion argued that each of the eighteen (18) plaintiffs prevailed in accordance with current law.

In their cross motion and opposition, the Defendants' failed to specifically challenge the prevailing party status of ten (10) plaintiffs, but rather made a blanket statement that the "defendants here dispute plaintiffs' contention that they were the 'prevailing party' in all claims." ***See Defendants Motion at page 3***. Thus, the Plaintiffs contend that the Defendants' failure to specifically discuss why the ten (10) uncontested Plaintiffs failed to attain prevailing party status, the Court should consider that point conceded and deem each of the ten (10) Plaintiffs as prevailing parties. Plaintiffs have further submitted a motion to dismiss the matters of C.S. and T.P. and will

respond in the six (6) remaining matters. The Defendants further failed to respond to Plaintiffs' Statement of Material of Facts, as required by the federal and local rules and as such, this Court should deem them as true.

## II. ARGUMENT

The Defendants confusingly argue that Plaintiffs failed to advance "any evidence of the reasonableness of the amount sought or that hourly rates charged, as shown in their attachments to the Complaint, are prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." As statutes and case law indicate, only the Court has the authority to award attorneys' fees to parties who prevail at the administrative level in securing special education rights for their children. Thus, the Plaintiffs would not have advanced any evidence regarding the reasonableness of fees because the Defendants contested whether the parties prevailed at an administrative due process hearing.

As previously mentioned, the Defendants failed to specifically address ten (10) of the Plaintiffs claims and as such the Plaintiffs rely on the arguments previously submitted in their Motion for Summary Judgement. Plaintiffs have withdrawn two claims (C.S. and T.P), so as to the remaining six (6) claims the Plaintiffs believed that each one prevailed at the administrative level and should be accorded "prevailing party" status.

In several remaining claims, the Defendants either argue that the hearing officer failed to determine a denial of FAPE or that the Plaintiff did not obtain all the relief sought. As Plaintiffs consistently argue, it isn't necessary to obtain all the relief initially sought at the administrative level, it is only necessary that a "material alteration of the legal relationship of the parties [occur] to permit an award of attorney's fees." *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*,

532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); see *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005). In addition, a hearing officer's finding on an issue or lack thereof is not controlling on the issue of whether a party prevailed for purpose of reasonable attorney fees. See *T.S v. District of Columbia*, Civil Action No. 05-00861 (HHK) (finding that prevailing party status can still be achieved in circumstances where a hearing officer orders the relief sought by a plaintiff and then decides there has been no denial of FAPE); see also *Medford, v. Dist of Columbia*, 691 F. Supp. at 1479.

For purposes of awarding attorney fees the Court's inquiry should focus on whether the relief obtained by the Plaintiff materially altered the legal relationship of the parties by modifying the Defendant's behavior in a way the directly benefits the Plaintiff, meaning was the Defendant ordered to undertake a position it had otherwise refused to do that benefitted the student. See *Bridgeforth v. Dist of Columbia*, 933 F. Supp ; P.N., an infant, individually and by its parent and legal guardian; *M.W., Appellants v. Clementon Board of Education*, 45 IDELR 148, (3rd Cir. 2006).

### a. Claim of Shelia Washington

In M.W., the Defendants argue that the Plaintiff did not receive a favorable decision on the merits of their administrative action because the hearing officer found no denial of FAPE. As relief, the hearing officer ordered M.W.'s placement at High Roads, a non public day school. This relief resulted in a material alteration between the parties and thus resulted in prevailing party status among the Plaintiff.

### b. Claims of Gloria Benbow, Crystal Taylor and Monique Warr

In the matters regarding K.B., V.T. and D.W., the Defendant argues that because the hearing officer determined DCPS was the prevailing party, the Plaintiffs did not prevail. In *Medford v.*

4

*District of Columbia*, 691 F. Supp. 1473, (D.D.C 1988), the Court held " that a specific finding by a hearing officer on the issue of "prevailing party status" is not a prerequisite to an award of attorney's fees under the statute, since what is required is success on the merits–that is, achievement of the plaintiff's objectives." *Id.* In the matters regarding K.B., V.T., and D.W., each obtained the relief they sought in the administrative due process hearing request. Thus, based on that revelation alone, prevailing party status must be conferred upon each of the Plaintiffs. ***See Exhibits O, P, & Q.***

  *c. Claim of Terry Johnson*

In the matter of R.W., the Defendants argue that because the hearing officer's determination found in favor of DCPS, therefore, the Plaintiff did not prevail. Here, the hearing officer, among other things, ordered a MDT meeting within "fifteen (15) school days of the issuance of this Order. . . [to] convene a [MDT] meeting to review the student's evaluations, review and revise the student's IEP, discuss and determine placement, and discuss compensatory education and develop a compensatory education plan for the services missed during SY 2005-06. . . ." DCPS was ordered to undertake an action that it would not have otherwise taken without being ordered to so. Again, each Plaintiff alleged that the Defendants have violated one or more provisions of the IDEIA and in each instance, the Plaintiff obtained some or all the relief requested in his/her administrative due process hearing request and as a result, "prevailing party" status was conferred upon each Plaintiff. Upon a finding that each Plaintiff prevailed, the Plaintiffs will submit a fee application in accordance with the applicable case law and statutes.

  *d. Claim of Brenda Gaskins*

With respects to the claim of J.H., the Defendants failed to recognized that DCPS that filed administrative due process complaint against the parents. As argued in the Plaintiffs' Motion for

Summary Judgment, counsel successfully defended the claim brought against the parents and in the matter of both J.H., the parties prevailed are entitled to reimbursement of attorney fees for work done to defend those matters.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment and deny the Defendants' Motion.  *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii).

                                    Respectfully Submitted,

                                    /s/
                                  Roxanne D. Neloms[#478157]
                                  Domeinto C.R. Hill [MD 14793]
                                  James E. Brown & Associates, PLLC
                                  1220 L Street, N.W., Suite 700
                                  Washington, D.C. 20005
                                  (202)742-2000
                                  (202)742-2098 (fax)
                                  ***Attorneys for the Plaintiffs***