***State Edu...on Agency for the District of C...mbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***




# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: Kevin Benbow Date of Birth: January 26, 1994

Address: 2830 Robinson Place, SE Washington, DC 20020

Home School: Turner Elementary School

Present School of Attendance: Turner Elementary School

Is this a charter school? No (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Gloria Benbow

Address (if different from the student's above): ____________________

## B. Legal Representative/Attorney:

Name: Christopher West, Esq.

Address: 1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003 (Fax) 202-742-2098 (e-mail) ____________________

Will attorney / legal representative attend the resolution session? X Yes ☐ No

## C. Complaint Made Against (check all that apply):

X DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)____________________

☐ Non-public school or residential treatment facility (name) ____________________

☐ Parent

## D. Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

## E. Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

## F. Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

**A. Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2)**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2), DCPS, as the local and state education agency, shall conduct reevaluations if the LEA determines the child warrants an evaluation, or if the child's parents or teacher request a reevaluation.

Kevin Benbow's most curr P, dated February 16, 2005, classifi n learning disabled and recommends he receive 20.5 hours of related services in specialized instruction and psychological services. According to Ms. Benbow, Kevin has made academic progress or met his IEP goals. Therefore, on or about September 19, 2005, Ms. Benbow, through counsel, submitted written correspondence requesting that the District of Columbia Public Schools (DCPS) evaluated Kevin. Specifically, Ms. Benbow requested that DCPS conducted the following evaluations: clinical psychological evaluation, psychoeducational evaluation, speech/language evaluation, vision/hearing assessment and formal classroom observation. On December 20, 2005, the parent, through counsel, submitted a written inquire about the status of the evaluations. DCPS responded by providing copies of the psychoeducational evaluation, dated April 3, 2003, social history, 2003, and speech/language evaluation, dated March 5, 2003.

DCPS' failure to conduct the reevaluations and reconvene the IEP meeting, in accordance with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a)(2) amounts to a denial of FAPE.

**II Issues presented**

1. Whether DCPS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614(a) and conduct reevaluations?

2. Whether DCPS' failed to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and reconvene the IEP meeting?

3. Whether DCPS shall provide the student with compensatory education?

4. Whether the parent is the prevailing party in this matter?

**III. To the extent known to you at this time, how can this problem be resolved?**

1. Issue a finding DCPS failed to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and conduct reevaluations;

2. That DCPS fund the following independent evaluations: clinical psychological evaluation, psychoeducational evaluation, speech/language evaluation, vision/hearing assessment and formal classroom observation;

3. That within fifteen (15) business days of receipt of the completed independents, DCPS shall reconvene a MDT/IEP meeting, review all assessments, draft an appropriate IEP and determine an appropriate educational placement;

4. That DCPS shall provide Kevin Benbow with compensatory education services in the form of one on one tutoring, three (3) hours per week for the remainder of the 2005-2006 school year, and the entire 2006-2007 school year;

5. All meetings shall b[illegible]eduled through counsel for the Pare[illegible]hristopher L. West, Esq, in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

9. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

10. That DCPS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

11. That DCPS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

12. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due process complaint, will

constitute waiver o[illegible] part of DCPS to make such argum[illegible] any later date and time;

13. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

15. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

16. Issue a finding that the Parent is the prevailing party in this action.

## G. Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)__________
- Special Communication (please describe the type)__________
- Special Accommodations for Disability (please be specific)__________
- Other__________

## H. Signature:

[signature]
Legal Representative / Advocate (if applicable)

January 11, 2006
Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**

orth Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

*State Edu :on Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



## ***Due Process Complaint Notice***

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**
- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.
- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.
- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.
- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.
- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: **Vanessa Tucker** Date of Birth: **September 15, 1999**
Address: **567 23rd Place NE, Washington, DC 20002**
Home School: **Gibbs Elementary School**
Present School of Attendance: **Same**

Is this a charter school? No (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: **Ms. Crystal Taylor**
Address (if different from the student's above): same

B. **Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098 (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session? **X** Yes ☐ No

C. **Complaint Made Against (check all that apply):**

X DCPS school (name of the school if different from page one)

D. **Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

E. **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

F. **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

**Background**

Vanessa Taylor ( Hereinafter referred to as "V.T.") , DOB: 9/15/99, is a first grade student at Gibbs Elementary School. She was recently hospitalized at the Psychiatric Institute of Washington ("PIW") from February 8 through February 17, 2006 and has been diagnosed with Attention Deficit Hyperactive Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD") as well as a Mood Disorder.

**Issues**

1. **District of Columbia Public Schools ("DCPS") failed to identify V. T as a disabled student in need of Special Education Services pursuant to its' "child find" obligation**

The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, at Sec. 101, § 612(3)(A), requires DCPS, as the Local Education Agency and State Education Agency to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private

schools, rega ss of the severity of their disabilities, a. ho are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

The public agency's child find obligation is an affirmative one. Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003). Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a) The severity of the disability;
(b) Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;
(c) Whether the child has never attended or will never attend public school; and
(d) Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B.

In the case at hand, DCPS clearly failed to meet its child find obligation for V.T.. This is ample evidence that should have alerted DCPS to the fact that V.T. is a student with a disability in need of services:

- DCPS conducted a psycho-educational assessment in January 2006 which diagnosed V.T. with both a learning disability and an emotional disturbance and recommended Special Education Services[1]. [2]

- V.T. has a history of behavior problems at school including but not limited to temper tantrums and emotional outbursts and has been experiencing these behaviors since pre-kindergarten. She becomes physically aggressive and verbally aggressive and has history of suspensions[3].

- She was recently hospitalized at the Psychiatric Institute of Washington ("PIW") from February 8 through February 17, 2006 and has been diagnosed with Attention Deficit Hyperactive Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD") as well as a Mood Disorder.

---

[1] Pg 12 of the psycho-educational completed by Andrew Johnson- DCPS School Psychologist states: " Vanessa qualifies for the District of Columbia Public School's Special Education program as a "*Learning Disabled" student because of how she thinks, reasons and solves problems....*"

[2] Pg 13 of the psycho-educational assessment states: "*she also meets the criteria for a child who could be classified as "Emotionally Disturber"*."

[3] In Oct 2005 V.T. was suspended at school for having a tantrum that included kicking a peer. ( See 10/05 Diagnostic Evaluation)

- On or about October 7, 2005 a diagnostic evaluation was completed through Washington Foundation for Family Life Inc. which diagnosed V.T. with ODD and a learning disorder.

Since her hospitalization, V.T. has continued to experience difficulties in the classroom and is prone to emotional outburst at school. Because she has never been determined to be eligible for services, she does not have an Individualized Educational Program ("IEP") and/or is not receiving services. The parent strongly feels that a therapeutic environment is needed for her daughter at this time.

As a result of DCPS failure to meet their obligations under "Child Find" V.T. has been denied a Free and Appropriate Public Education ("FAPE") and should be entitled to compensatory relief to help remediate the harm caused by DCPS's failure to identify and/or program for this student. See School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991).

## II. Issues presented.[4]

- Whether District of Columbia Public Schools ("DCPS") denied V.T. a free and appropriate public education by failing to meet their child find obligation under either the IDEA and/or IDEIA?

- Whether V.T. has been denied a Free and Appropriate Education ("FAPE").

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

1. A finding that DCPS denied V.T. FAPE by failing to identify her pursuant to their Child Find Obligations;

2. That DCPS shall convene an BLMDT meeting within ten (10) calendars days of reviewing existing evaluations; developing an interim IEP; discussing compensatory education; discussing and determining an interim placement where therapeutic services might be provided to V.T. ;

3. That at the afore mentioned meeting, DCPS shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child;

4. Parent reserves the right address compensatory education for denials of FAPE that have occurred and the student shall be entitled to receive compensatory education from the commencement of the 2005/2006 school year to date that the IEP is developed and implemented and a plan shall be developed within ten calendar days after the IEP is

[4] This hearing request does not address the issue of evaluations recommended and/or still in the process of completion. Parent reserves the right to proceed on this issue at a later date should said additional evaluations not be conducted in a timely manner.

drafted or DCPS shall and up to five hours of independent tutoring per week and one hour of counseling;

5. That DCPS agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

6. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

8. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

10. 19.. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

11. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

12. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

13. That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

14. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

16. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

17. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

18. A finding that the parent is the prevailing party in this action.

## G. <u>Accommodations and Assistance Needed</u>:

- N/A

Dated this 29th day of March 2006

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                  3072
RECIPIENT ADDRESS         94425556
DESTINATION ID
ST. TIME                  03/29 11:45
TIME USE                  00'59
PAGES SENT                  7
RESULT                    OK
```

**James E. Brown & Associates, PLLC**

*A Professional Limited Liability Company*


James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

! Admitted in Bolivia Only


# FAX COVER SHEET

TO: Kathy Rodi Esq. Ms. Sharon Newsome, DCPS Hearing Coordinator

FROM: R. Gambale, Esq.

DATE: 3/29/06

FAX NO: (202)442-5556

Re: Due Process Hearing Request for Vanessa Tucker, DOB: 9/15/99

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 7

COMMENTS :

**James E. Brown & Associates, PLLC**
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

! Admitted in Bolivia Only

# FAX COVER SHEET

TO: Kathy Rodi Esq. Ms. Sharon Newsome, DCPS Hearing Coordinator

FROM: R. Gambale, Esq.

DATE: 3/29/06

FAX NO: (202)442-5556

Re: Due Process Hearing Request for Vanessa Tucker, DOB: 9/15/99

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 7

COMMENTS :

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

** Admitted Only in Virginia. Practicing Pursuant to Rule 49(c) (8); Supervision by Tilman L. Gerald and John Straus, Members of the D.C. Bar.*

*State Educ[illegible]n Agency for the District of Co[illegible]bia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*




# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: Dajon Warr Date of Birth: July 27, 1995

Address: 2104 32nd Street, SE Washington, DC 20020

Present School of Attendance: Washington Academy Public Charter School

Is this a charter school? Yes (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: Ms. Monique Warr

Address (if different from the student's above): ______

## B. Legal Representative/Attorney:

Name: Christopher West, Esq.

Address: 1220 L Street, NW, Suite 700, Washington DC, 20005

Phone: (w) 202-742-2003 (Fax) 202-742-2098 (e-mail) ____________________

Will attorney / legal representative attend the resolution session? **X** Yes ☐ No

## C. Complaint Made Against (check all that apply):

**X** DCPS school (name of the school if different from page one)

X Charter school (name of the charter school if different from page one)____________________

☐ Non-public school or residential treatment facility (name) ____________________

☐ Parent

## D. Resolution Session Meeting Between Parent/Representative and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting.

**I am requesting an administrative due process hearing only.**

## F. Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**Nature of the problem.**

**Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a) and D.C. Municipal Code § 38-2501(a)**

According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(a), the local and state education agency, shall conduct a full and individual initial evaluation. Under D.C. Municipal Code § 38-2501(a), the school system, upon its referral for special education eligibility, has 120 days to conduct all necessary assessments, review the assessments, develop an appropriate IEP, if the student is found eligible, and place the student in an appropriate educational program/school.

In September 2005, Ms. Warr consulted with Ms. Minnis, Washington Public Charter School, and requested that Dajon be fully evaluated for special education services. On February 1, 2006, Ms. Warr, through counsel, submitted correspondence which inquired about the status of the evaluations and requested copies of all completed evaluations. To date, over 120 days have passed, and the school system has yet to provide Ms. Warr copies of completed assessment.

DCPS/Washington PCS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 and D.C. Municipal Code § 38-2501(a) and fully assess Dajon in all suspected disability areas, determine eligibility for special education services, draft an IEP, and provide an appropriate educational placement amounts to a denial of a Free and Appropriate Public Education.

**II Issues presented**

1. Whether DCPS/Washington PCS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and assess Dajon for special education services, determine eligibility for special education services, draft an IEP, and provide an appropriate educational placement?

2. Whether DCPS/Washington Academy PCS failed to comply with D.C. Municipal Code § 38-2501(a) and failed to complete the special education eligibility process?

3. Whether DCPS/Washington Academy PCS shall provide the student with compensatory education?

4. Whether the parent is the prevailing party in this matter?

**III. To the extent known to you at this time, how can this problem be resolved?**

1. Issue a finding DCPS/Washington Academy PCS failed to comply with Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No.108-446, Sec. 101, § 614 and assess Ahmad for special education services, determine eligibility for special education services, draft an IEP, and provide an appropriate educational placement;

2. Issue a finding DCPS/Washington Academy PCS failed to comply with the D.C. Municipal Code § 38-2501(a);

3. That DCPS/Washington Academy PCS fund the following independent assessments: psychoeducational evaluation, speech/language evaluation, social history, formal classroom observation report, and clinical psychological evaluation;

4. That within fifteen (15) business days of receipt of the last independent assessment, DCPS/Washington Academy PCS shall convene a MDT/Eligibility meeting, review all assessments, and draft an appropriate IEP;

5. That DCPS/Washington Academy PCS provide Dajon with three hours of tutoring per week for the remainder of the 2005-2006 and entire 2006-2007 school year for violating the IDEIA and denial of a free and appropriate public education;

6. All meetings shall be scheduled through counsel for the Parent, Christopher L. West, Esq.., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

7. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS/Washington Academy PCS obligation hereunder, or any disagreement with the assessment, programming or placement the Parents may have;

8. In the event that the DCPS/ Washington Academy PCS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS/ Friendship Edison PCS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS/Washington Academy PCS can come into compliance and properly assess, program and/or participate;

9. Provide counsel for the Parents with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting. The DCPS/ Washington Academy PCS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and other related services as designed to meet this student's unique needs and preparation for employment and independent living;

10. That DCPS/ Washington Academy PCS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Complainant's representative, Christopher L. West, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS/ Washington Academy PCS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS/ Washington Academy PCS, in the event they fail to answer/respond to the issues alleged in the Complainant's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parents will be deemed true and accurate and act as a waiver, on the part of DCPS/ Washington Academy PCS, for their desire to have a Resolution Session Meeting, and the Complainant's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12. That DCPS/ Washington Academy PCS, within fifteen (15) calendar days of receiving the Complainant's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Complainant's request alleging any insufficiency of notice;

13. That DCPS/ Washington Academy PCS failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Complainant's administrative due

process complaint, w[illegible]onstitute waiver on the part of Wash[illegible]n Academy PCS to make such argument at any later date and time;

14. That DCPS/ Washington Academy PCS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Complainant's administrative due process complaint, shall contact the Complainant's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS/ Washington Academy PCS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Complainant, the Complainant's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

16. That DCPS/ Washington Academy PCS failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parents to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Complainant's counsel; and

17. Issue a finding that the Parent is the prevailing party in this action.

## G. Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

## H. Signature:

Legal Representative / Advocate (if applicable)

February 7, 2006
Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**

**8__ North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO            0635
CONNECTION TEL                     95832235
CONNECTION ID
ST. TIME            02/07 15:58
USAGE T             01'05
PGS. SENT             7
RESULT              OK
```

**James E. Brown & Associates, PLLC**
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE: February 7, 2006

TO: Glennis Powell Gills, Principal
Washington Public Charter School

FAX NO: 202-583-2235

FROM: Blanca De La Sancha, Paralegal for Christopher West, Esq.

SUBJECT: Dajon Warr DOB: 7-27-95

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | | |
|---|---|---|
| TX/RX NO | 0634 | |
| CONNECTION TEL | | 94425556 |
| CONNECTION ID | | |
| ST. TIME | 02/07 15:56 | |
| USAGE T | 01'03 | |
| PGS. SENT | 7 | |
| RESULT | OK | |

**James E. Brown & Associates, PLLC**
*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*

! Admitted in Bolivia Only

# FAX COVER SHEET

TO: Sharon Newsome, Hearing Coordinator
Student Hearing Office

FROM: Blanca De La Sancha, Paralegal for Christopher West

DATE: February 27 2006

FAX NO: 202-442-5556

SUBJECT: Dajon Warr/ DOB: 7-27-95

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS: